**MCDERMOTT WILL & EMERY LLP**

Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
Grayson Williams (TX 24124561)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        mhelt@mwe.com
              jhaake@mwe.com
              gwilliams@mwe.com

**MCDERMOTT WILL & EMERY LLP**

Daniel M. Simon (*pro hac vice* pending)
Emily C. Keil (*pro hac vice* pending)
William A. Guerrieri (*pro hac vice* pending)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        dsimon@mwe.com
              ekeil@mwe.com
              wguerrieri@mwe.com

*Proposed Counsel for the Debtors and
Debtors-in-Possession*

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) | Case No. 25-80185 (SGJ) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | (Emergency Hearing Requested) |

## DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF
## ORDER AUTHORIZING DEBTORS TO (I) MAINTAIN EXISTING
## INSURANCE POLICIES, SURETY BONDS, AND LETTERS OF CREDIT AND
## PAY ALL OBLIGATIONS ARISING THEREUNDER; (II) RENEW, REVISE, EXTEND,
## SUPPLEMENT, CHANGE, OR ENTER INTO NEW INSURANCE POLICIES, SURETY
## <u>BONDS, AND LETTERS OF CREDIT; AND (III) GRANTING RELATED RELIEF</u>

---

[1]    The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755.  There are 299 Debtors in these chapter 11 cases, for which the Debtors have requested joint administration.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Genesis.  The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. (CT) ON JULY 11, 2025.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A VIRTUAL HEARING WILL BE CONDUCTED ON THIS MATTER ON JULY 11, 2025 AT 9:30 A.M. (CT) AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TEXAS, 75242.**

**YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1-650-479-3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE JERNIGAN'S HOME PAGE. THE MEETING CODE IS 2304 154 2638. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JERNIGAN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Genesis Healthcare, Inc. ("Genesis") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors rely upon the *Declaration of Louis E. Robichaux IV in Support of Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration"),[2] filed contemporaneously herewith. In further support of the Motion, the Debtors respectfully represent as follows:

---

[2]    Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

## RELIEF REQUESTED

1.      By the Motion, the Debtors respectfully request entry of the Proposed Order, (a) authorizing, but not directing, the Debtors to (i) maintain coverage under the existing Insurance Policies (as defined below) and maintain the existing Premium Financing Agreements, Letters of Credit, and Surety Bonds (each as defined below) and pay on an uninterrupted basis all premiums, fees, deductibles, administration costs, and claims arising thereunder or in connection therewith that are paid for by the Debtors in the ordinary course of business (collectively, the "Insurance Obligations"); and (ii) honor, renew, revise, extend, supplement, change, or enter into new insurance policies, premium financing agreements, surety bonds, letters of credit, and insurance brokerage arrangements as needed in their business judgment without further order of this Court; and (b) granting related relief.

2.      The Debtors also request that the Proposed Order authorize the Debtors' banks and other financial institutions (collectively, the "Banks") to receive, process, honor, and pay any and all checks and other forms of payment drawn on the Debtors' bank accounts, including fund transfers and electronic payment requests, to the extent they relate to any of the foregoing and to rely on the Debtors' direction to pay amounts authorized under the Motion, provided that sufficient funds are available in the applicable accounts to make such payments.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

4.     The legal predicates for the relief requested herein are sections 105(a), 363, 1107(a), and 1108 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Section B.8(b) of the *Procedures for Complex Cases in the Northern District of Texas*, effective February 6, 2023 (the "Complex Case Procedures").

## BACKGROUND

### I.     The Chapter 11 Cases

5.     On July 9, 2025 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court").  Contemporaneously herewith, the Debtors have requested procedural consolidation and joint administration of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

6.     To date, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") has not appointed an official committee in these Chapter 11 Cases, nor has any trustee or examiner been appointed.

7.     Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the First Day Declaration.

## II.     The Insurance Policies, Surety Bonds, Letters of Credit, and Related Obligations

### A.     The Insurance Policies

8.      In the ordinary course of business, the Debtors maintain insurance policies for, among other things, the Debtors' property and property excess, general liability, professional liability, automobile liability, boiler and machinery liability, travel and accident liability, flood, pollution, cyber liability, crime liability, terrorism liability, workers' compensation, employment practices liability insurance, physicians' malpractice, employed lawyers' liability, errors and omissions liability, directors' and officers' liability, fiduciary liability and excess, and tax liability (collectively, the "Insurance Policies"),[3] which are administered by various third-party insurance carriers (collectively, the "Insurance Carriers").

9.      The Insurance Policies are typically one year in length and renew on an annual basis at various times during the year.[4]  The Debtors estimate that amounts paid to finance the Insurance Policies, including premiums, broker and premium financing agreement obligations, and other related fees, total approximately $40.0 million per year.  Such amounts are typically paid in one of three ways, each of which is discussed below: (a) through the Debtors' insurance brokers, who then pay the applicable Insurance Carrier, (b) through the Debtors' premium financing agreements (each, a "Premium Financing Agreement" and collectively, the "Premium Financing Agreements"), or (c) directly to the Insurance Carriers or certain state workers' compensation

---

[3]     A list of the Insurance Policies, corresponding Insurance Carriers, policy periods, and annual premiums as of the Petition Date is attached hereto as **Exhibit B**.  To the extent that any Insurance Policy has been inadvertently omitted from that list, the Debtors request that the order granting the relief sought herein apply to any and all of the Debtors' Insurance Policies, whether or not they are specifically enumerated on **Exhibit B**.

[4]     General liability, property, pollution, automobile liability, boiler and machinery liability, terrorism liability, and travel and accident liability policies typically renew in December; workers' compensation and cyber liability typically renew in September; crime liability, fiduciary liability, employment practices liability insurance, directors' and officers' liability, and physicians' malpractice, and employed lawyers' liability typically renew in April; errors and omissions liability renews in January; and tax liability renews in August.  The various flood policies are renewed throughout the year.

programs (the "Self-Insured States", as discussed in the Employee Motion (as defined herein)), as

applicable, by the Debtors through installments or as a single lump sum, as applicable.

### i.    Insurance Brokers

10.    The Debtors obtain many of their Insurance Policies through their insurance

brokers, which consist of P&G Brokerage ("P&G"), Cobbs Allen Capital LLC ("CAC"), GNP

Brokerage ("GNP"), and USI Insurance Services LLC ("USI" and collectively, the "Insurance

Brokers"). The Insurance Brokers assist the Debtors with the procurement and negotiation of the

Insurance Policies, enabling the Debtors to obtain Insurance Policies at competitive rates and in a

cost-effective manner. Specifically, the Debtors employ CAC and GNP to obtain Insurance

Policies relating to directors' and officers' liability, boiler and machinery liability, terrorism

liability, flood, and property and excess property, respectively, and employ P&G to obtain all other

Insurance Policies, except for workers' compensation for which the Debtors recently engaged USI.

In exchange for such services, the Insurance Brokers are compensated through commissions from

the Insurance Carriers (collectively, the "Brokerage Fees") rather than the Debtors. As such, the

Debtors do not believe that they owe any Brokerage Fees to the Insurance Carriers as of the Petition

Date.

11.    In addition to their policy procurement services, the Insurance Brokers facilitate

direct payment of premium amounts for certain Insurance Policies (the "Broker Direct Pay

Obligations"). In the ordinary course of business, the Debtors pay the applicable premium

amounts to the Insurance Brokers, who will then pay such premiums to the Insurance Carriers. In

some instances, a down payment is paid by the Debtors to the Insurance Broker for Broker Direct

Pay Amounts when the Insurance Policy is bound. As of the Petition Date, the Debtors do not

believe there are any amounts outstanding on account of the Broker Direct Pay Obligations.

### ii.    Premium Finance Obligations

12.    Approximately \$10.4 million[5] in aggregate annual premiums for the Insurance Policies is financed pursuant to five Premium Financing Agreements with various third-party lenders: First Insurance Funding, Agile Premium Finance, and Rapid Premium, LLC, National Partners (collectively, the "Premium Financing Providers").  Pursuant to the Premium Financing Agreements, the Premium Financing Provider pays the full yearly premium to the Insurance Carriers at the time the Insurance Policies are bound, minus the amount of any down payments received from the Insurance Brokers.  The Debtors in turn each pay their *pro rata* share of the financing premiums directly to the Premium Financing Provider (collectively, the "PFA Premium Obligations") in installment payments pursuant to the applicable installment schedule, depending on the Insurance Policy.  In exchange for their services, the Debtors pay certain fees to the Premium Financing Providers (collectively, the "Premium Financing Fees"), which total approximately \$230,000 on an annual basis.  As of the Petition Date, the Debtors believe there is approximately \$125,000 remaining in outstanding prepetition liabilities under the Premium Financing Agreements.

### iii.    Direct Payment Obligations

13.    Finally, the premiums owed under the Debtors' remaining Insurance Policies are paid directly to the Insurance Carriers or the Self-Insured States, as applicable, by the Debtors in installments or in a single, lump-sum payment at or before the beginning of the annual policy period (the "Direct Pay Premium Obligations").  The aggregate annual premiums for the Insurance Policies paid directly to the Insurance Carriers by the Debtors are approximately \$700,000.  As of

---

[5]    This amount reflects the portion of annual premiums paid by the Debtors only and does not include amounts attributable to non-Debtor entities.

the Petition Date, the Debtors do not believe there are any amounts outstanding with respect to the Direct Pay Premium Obligations.

14.    Continuation and renewal of the Insurance Policies and entry into new Insurance Policies is essential to protecting the value of the Debtors' businesses.  Not only are some of the Insurance Policies required by various regulations, laws, and contracts that govern the Debtors' commercial activities, but Bankruptcy Code section 1112(b)(4)(C) provides that "failure to maintain appropriate insurance that poses a risk to the estate or to the public" is "cause" for mandatory conversion or dismissal of a chapter 11 case.  11 U.S.C. § 1112(b)(4)(C).  Moreover, the *Guidelines for Chapter 11 Cases: Operating Instructions and Reporting Requirements* (the "U.S. Trustee Guidelines") issued by the Office of the U.S. Trustee require that a debtor maintain adequate insurance coverage.  *See* U.S. Trustee Guidelines, at 6–7.

15.    Similarly, continuing to perform under the Premium Financing Agreements is in the best interests of the Debtors' estates, as the Debtors' failure to perform would give the Premium Financing Providers the right under the applicable Premium Financing Agreement to cancel the Insurance Policies.  Given their financial circumstances, alternative premium finance companies may not be willing to provide comparable premium financing to the Debtors on a postpetition basis.  As a result, it is critical for the Debtors to continue to make disbursements on account of amounts arising under the Premium Financing Agreements and otherwise perform under the same.

16.    Accordingly, the Debtors seek authority, but not direction, to pay any prepetition PFA Premium Obligations, Premium Financing Fees, Direct Pay Premium Obligations, Broker Direct Pay Obligations, and Brokerage Fees and otherwise maintain and perform under their existing Insurance Policies and Premium Financing Agreements on a postpetition basis in the ordinary course consistent with prepetition practice.

B.    **Self-Insurance Programs**

17.    As discussed below, the Debtors are self-insured for certain insurable risks, including general and professional liabilities ("PLGL") and workers' compensation liabilities prior to September 27, 2024.

i.    **PLGL**

18.    The Debtors maintain a PLGL insurance policy with Notting Hill (the "PLGL Policy"); however, the terms of the PLGL Policy provide coverage on a reimbursement basis only, meaning that all costs and expenses under the PLGL Policy are borne by the Debtors.  In the ordinary course of business, the Debtors settle PLGL claims in the ordinary course of business and historically pay between $6 to $8 million per month in connection with such settlements and defense costs with respect to the same.  Typically, the monthly payments made by the Debtors for general and professional liability claims relate to settlements reached at least two years prior.

ii.    **Workers' Compensation**

19.    Under the laws of the various jurisdictions in which they operate, the Debtors are required to maintain policies and programs to provide employees with workers' compensation benefits.  The Debtors seek authorization to pay certain amounts relating to their current and legacy workers' compensation programs pursuant to the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing Debtors to (A) Pay Prepetition Wages, Compensation, and Employee Benefits and (B) Continue Certain Employee Benefit Programs in the Ordinary Course, and (II) Granting Related Relief* (the "Employee Motion"), filed contemporaneously herewith. Further details regarding workers' compensation benefits, the related policies, and the Debtors' requested relief with respect thereto can be found in the Employee Motion.

C.        **Surety Bonds and Letters of Credit**

i.        **Surety Bonds**

20.        In the ordinary course of business, the Debtors also maintain surety bonds (collectively, the "Surety Bonds") issued by RLI Insurance Company, Liberty Mutual Insurance Company, Westchester Fire Insurance Company, and Arch Insurance Company (collectively, the "Sureties") and placed by Marsh USA Inc. ("Marsh") (the "Surety Bond Broker"), each of which is listed in **Exhibit C** attached hereto.[6]  As of the Petition Date, the Debtors have approximately 240 Surety Bonds outstanding totaling approximately $36 million.  The majority of the Surety Bonds, issued in favor of certain of the Debtors, guarantee such Debtors' obligations under their respective resident trust accounts[7] and the remaining Surety Bonds guarantee the Debtors' various obligations to Medicaid, the Department of Veterans' Affairs, utilities or other entities.  The Surety Bonds are currently set to expire at various dates over the course of the next year.  The premiums charged for issuance of the Surety Bonds (the "Surety Bond Premiums") are paid on an annual basis by the Debtors, subject to supplement adjustments paid throughout the year on account of regulatory changes.  As of the Petition Date, there is approximately $350,000 in Surety Bond Premiums outstanding on account of the Surety Bonds, all of which is currently outstanding.

---

[6]    A list of the Surety Bonds as of the Petition Date is attached hereto as **Exhibit C**.  To the extent that any Surety Bond has been inadvertently omitted from that list, however, the Debtors request that the order granting the relief sought herein apply to any and all of the Debtors' Surety Bonds, regardless of whether or not they are specifically enumerated on **Exhibit C**.

[7]    The Surety Bonds that guarantee resident trust accounts make up more than 90% of the number of Surety Bonds. The resident trust accounts are described in further detail in the *Debtors' Emergency Motion for Entry of Order (I) Authorizing the Debtors to (A) Maintain, Administer, and Modify Their Refund Programs and Practices and (B) Honor Prepetition Obligations Related Thereto; and (II) Granting Related Relief* and in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related to the Use Thereof, (C) Maintain Purchasing Card Programs and Honor Prepetition Obligations Related Thereto, and (D) Continue to Perform Intercompany Transactions; (II) Extending the Time for the Debtors to Comply with 11 U.S.C. § 345(b) Deposit and Investment Requirements; and (III) Granting Related Relief,* filed contemporaneously herewith.

### ii.    Letters of Credit

21.    In the ordinary course of business, the Debtors also issue letters of credit (collectively, the "<u>Letters of Credit</u>") to assure counterparties of their performance to certain transactions.  In particular, the Debtors have issued Letters of Credit to guarantee their obligations to certain Insurance Carriers, as well as obligations owed to various of their landlords (typically issued in lieu of a security deposit).   As of the Petition Date, the Debtors have issued Letters of Credit in the approximate aggregate amount of $45 million, the majority of which have been issued by Capital One and are collateralized by the Debtors' restricted cash held by Capital One.

22.    Failing to provide, maintain, back, or timely replace the Surety Bonds and Letters of Credit will prevent the Debtors from, among other things, complying with their federal law obligations and maintaining insurance coverage, which, in turn, would prevent the Debtors from undertaking essential functions related to their operations.   Accordingly, the Debtors seek authority, but not direction, to pay any prepetition amounts associated with the Surety Bonds and Letters of Credit and otherwise maintain and perform under their existing Surety Bonds and Letters of Credit on a postpetition basis in the ordinary course consistent with prepetition practice.

### D.    The Debtors' Insurance Obligations

23.    Given the foregoing, the Debtors seek authority, but not direction, to pay any amounts, including prepetition obligations, that may become due in the ordinary course of business on a postpetition basis in their discretion in connection with the Insurance Policies, the Premium Financing Agreements, the Surety Bonds, the Letters of Credit, and the Brokerage Fees, without further Court approval.  The Debtors further seek authority, but not direction, to enter into new insurance policies, surety bonds, letters of credit, or premium financing agreements (directly with a premium financing provider or through a non-Debtor entity acting as borrower), or otherwise

renew, modify, or cancel their existing Insurance Policies, Premium Financing Agreements, Surety

Bonds, and Letters of Credit in the ordinary course of business without further Court approval.

## BASIS FOR RELIEF REQUESTED

**I.    The Debtors are Authorized to Maintain Insurance Policies, Surety Bonds, and Letters of Credit and Honor Insurance Obligations in the Ordinary Course.**

24.    The maintenance of the Insurance Policies, Surety Bonds, and Letters of Credit and

payment of postpetition Insurance Obligations, including undertaking the renewal or replacement

of Insurance Policies as they expire or entering into new arrangements, constitute transactions in

the ordinary course of business within the meaning of Bankruptcy Code section 363(c)(1) that do

not require prior bankruptcy court approval.  *See* 11 U.S.C. § 363(c)(1).

25.    Bankruptcy Code section 363(c) provides, in pertinent part:

> If the business of the debtor is authorized to be operated under
> section . . . 1108 of this title and unless the court orders otherwise,
> the trustee may enter into transactions . . . in the ordinary course of
> business, without notice or a hearing, and may use property of the
> estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).  The purpose of section 363(c)(1) is to provide a debtor in possession with

the flexibility to engage in the ordinary course transactions vital to the operation of its business

without unnecessary oversight by its creditors or the court.  *See Med. Malpractice Ins. Ass'n v.

Hirsch (In re Lavigne)*, 114 F.3d 379, 384 (2d Cir. 1997); *Chaney v. Off. Comm. of Unsecured

Creditors of Crystal Apparel, Inc. (In re Crystal Apparel, Inc.)*, 207 B.R. 406, 409 (S.D.N.Y.

1997); *In re Patriot Place, Ltd.*, 486 B.R. 773, 792 (Bankr. W.D. Tex. 2013); *In re Mr. Gatti's*,

164 B.R. 929, 941 (Bankr. W.D. Tex. 1994).   In the present case, maintaining the Insurance

Policies, Premium Financing Agreements, Surety Bonds, and Letters of Credit, and honoring

certain obligations arising thereunder, are the kinds of ordinary course transactions contemplated

by section 363(c)(1).   Nevertheless, this Motion seeks the relief set forth herein out of an abundance of caution.

26.     In authorizing payments of certain insurance obligations, courts have relied on Bankruptcy Code sections 105(a), 363(b), 503, 1107(a), and 1108.   Pursuant to the foregoing sections, the Court may authorize the Debtors to maintain the Insurance Policies, Surety Bonds, Premium Financing Agreements, and Letters of Credit, and honor certain obligations arising thereunder—including renewing or entering into new policies on a postpetition basis and satisfying any prepetition obligations—because the relief requested aligns with the value preservation policy purpose of chapter 11 of the Bankruptcy Code.   Courts in the Fifth Circuit have recognized that authorizing payment of prepetition obligations is appropriate when necessary to protect and preserve the estate's value, including the going-concern value of an operating business.   *See, e.g.*, *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002).

27.     Bankruptcy Code section 363(b)(1) authorizes a debtor-in-possession to use property of the estate other than in the ordinary course of business after notice and a hearing.   *See* 11 U.S.C. § 363(b)(1).   Courts have authorized payment of prepetition obligations under Bankruptcy Code section 363(b) when a sound business purpose exists for doing so.   *See, e.g.*, *Cadle Co. v. Mims (In re Moore)*, 608 F.3d 253, 262 (5th Cir. 2010) ("Courts will look to the trustee's articulated business justification or sound business reasons for the proposed sale [under section 363]."); *In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) ("[T]here must be some articulated business justification for using, selling, or leasing the property outside the ordinary course of business."); *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989) (finding a sound business reason to pay prepetition wages but denying creditor's request to order payment).

28.    Additionally, Bankruptcy Code section 105(a) codifies the bankruptcy court's inherent, equitable powers, allowing it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code.  11 U.S.C. § 105(a).  This provision enables courts to authorize payments of prepetition obligations when essential to the continued operation of a debtor's business.  This "necessity of payment" or "doctrine of necessity" principle has been recognized in the Fifth Circuit. *See, e.g., In re CoServ, L.L.C.*, 273 B.R. at 496–97.  Debtors-in-possession are fiduciaries under Bankruptcy Code sections 1107(a) and 1108 "holding the bankruptcy estate[s] and operating the business[es] for the benefit of [their] creditors and (if the value justifies) equity owners." *Id.* at 497.  Accordingly, the debtor in possession has the obligation to "protect and preserve the estate, including an operating business's going concern value." *Id.*  Further, Bankruptcy Code section 503(b)(1)(A) provides, "[a]fter notice and a hearing, here shall be allowed, administrative expenses[,] including . . . the actual, necessary costs and expenses of preserving the estate."  11 U.S.C. § 503(b)(1)(A).  The Court may authorize the Debtors to use estate funds to pay any Insurance Obligations arising during or relating to the postpetition period.

29.    Here, the Debtors believe that they have the authority to pay their Insurance Obligations and honor, renew, revise, extend, supplement, change, or enter into new Insurance Policies, Premium Financing Agreements, Surety Bonds, and Letters of Credit in the ordinary course of business and without the Court's approval, as these are the types of transactions contemplated by Bankruptcy Code section 363(c)(1).  Out of an abundance of caution, however, the Debtors are seeking authorization, but not direction, to (a) maintain the existing Insurance Policies, Premium Financing Agreements, Surety Bonds, and Letters of Credit and honor the Insurance Obligations described herein, including utilizing the services of any insurance agents,

premium financing providers, or brokers that the Debtors employ in the ordinary course of maintaining the Insurance Policies, Premium Financing Agreements, Surety Bonds, and Letters of Credit and making any payments required by the same; and (b) renew or replace Insurance Policies, Premium Financing Agreements, Surety Bonds, and Letters of Credit or enter into new arrangements as may be required in the Debtors' business judgment as existing arrangements expire, in each case in the ordinary course of business, without further order of the Court.

30.     As described above, maintenance of the Insurance Policies, including the Debtors' workers' compensation programs and policies, is required under the U.S. Trustee Guidelines, the laws of various states in which the Debtors operate, and various contractual agreements.  Thus, the maintenance of the Insurance Policies is necessary and essential to the care of the Debtors' residents as well as achieving the Debtors' chapter 11 objectives, and the failure to do so may result in the Debtors being unable to find alternative insurance coverage at comparable cost, if at all, or may prohibit the Debtors from operating their businesses.  Given the importance of maintaining insurance coverage with respect to their business activities, the Debtors believe it is in the best interests of their estates to receive Court approval to honor their obligations under the Insurance Policies, Premium Financing Agreements, Surety Bonds, and Letters of Credit and, as necessary, renew, or enter into new such agreements.

31.     Courts in this district have routinely granted relief similar to the relief requested herein.  *See, e.g.*, *In re Prospect Medical Holdings*, Case No. 25-80002 (SGJ) (Bankr. N.D. Tex. Jan. 14, 2025) [Docket No. 96]; *In re TGI Friday's Inc.*, Case No. 24-80069 (SGJ) (Bankr. N.D. Tex. Nov. 4, 2024) [Docket No. 68]; *In re Eiger Biopharmaceutical*, Case No. 24-80040 (SGJ) (Bankr. N.D. Tex. Apr. 5, 2024) [Docket No. 90]; *In re Christian Care Ctrs., Inc.*, Case No. 22-80000 (SGJ) (Bankr. N.D. Tex. June 15, 2022) [Docket No. 147]; *In re Northwest Senior Housing*

*Corp.*, Case No. 22-30659 (MVL) (Bankr. N.D. Tex. May 15, 2022) [Docket No. 221]; *In re Studio Movie Grill Holdings, LLC*, Case No. 20-32633 (SGJ) (Bankr. N.D. Tex. Oct. 29, 2020) [Docket No. 85].

32.     Given the foregoing, the Debtors seek authority, but not direction, to pay any amounts, including prepetition obligations, that may become due in the ordinary course of business on a postpetition basis in their discretion in connection with the Insurance Policies, the Premium Financing Agreements, the Surety Bonds, the Letters of Credit, and the Brokerage Fees, without further Court approval.  The Debtors further seek authority, but not direction, to enter into new insurance policies, surety bonds, letters of credit, or premium financing agreements (directly with a premium financing provider or through a non-Debtor entity acting as borrower), or otherwise renew, modify, or cancel their existing Insurance Policies, Premium Financing Agreements, Surety Bonds, and Letters of Credit in the ordinary course of business without further Court approval.

## II.     The Proposed Payment Processing Procedures Are Appropriate.

33.     As set forth above, the Debtors request that all Banks be authorized and directed to honor and process payments on account of the Insurance Obligations as directed by the Debtors. The Debtors have sufficient liquidity to pay the amounts delineated in this Motion in the ordinary course of business and have implemented controls to ensure that prepetition claims will not be paid except as authorized by this Court.  The Debtors therefore submit that the payment-processing procedures described in the Motion are appropriate.

## III.     Cause Exists to Authorize the Debtors' Financial Institutions to Honor Checks and Electronic Fund Transfers.

34.     The Debtors also request that all applicable banks and other financial institutions be authorized to receive, process, honor, and pay all checks presented for payment, and to honor all electronic payment requests made by the Debtors, related to the obligations described herein,

whether such checks were presented or electronic requests were submitted prior to or after the Petition Date. The Debtors further request that all such banks and financial institutions be authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved pursuant to the Motion. The Debtors represent that they have sufficient availability of funds to pay any amounts described herein.

## EMERGENCY CONSIDERATION

35.    The Debtors respectfully request emergency consideration of this Motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first 21 days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm." Fed. R. Bankr. P. 6003. Here, the Debtors believe an immediate and orderly transition into chapter 11 is critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief during the first 21 days of these Chapter 11 Cases would severely disrupt the Debtors' operations at this critical juncture. Accordingly, the Debtors submit that they have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and, therefore, respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## WAIVER OF ANY APPLICABLE STAY

36.    The Debtors seek a waiver of any stay of the effectiveness of the order granting this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h). The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for

Case 25-80185-sgj11    Doc 7    Filed 07/10/25    Entered 07/10/25 03:08:20    Desc Main
Document    Page 18 of 45

the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

## **RESERVATION OF RIGHTS**

37.     Nothing contained in this Motion nor any actions taken pursuant to the relief requested herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Motion are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment

or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law.  If the Court grants the relief sought herein, any payment made pursuant to an order of the Court is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

## **NOTICE**

38.     The Debtors will provide notice of the Motion to: (a) the U.S. Trustee; (b) the Internal Revenue Service; (c) the United States Attorney for the Northern District of Texas; (d) the Attorney General for the State of Texas; (e) State Comptroller of Public Accounts; (f) the Centers for Medicare and Medicaid Services; (g) the Attorneys General for the states in which the Debtors conduct business; (h) the parties included on the Debtors' list of their 30 largest unsecured creditors; (i) counsel to the Debtors' prepetition lenders; (j) counsel to the DIP Lenders; (k) the Insurance Carriers; (l) the Premium Financing Providers; (m) the Insurance Brokers; (n) the Surety Bond Broker; (o) the Sureties; (p) the issuers of the Letters of Credit; and (q) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that no other or further notice is required.

## **NO PRIOR REQUEST**

39.     No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated: July 10, 2025
      Dallas, Texas

**MCDERMOTT WILL & EMERY LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
Grayson Williams (TX 24124561)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:    mhelt@mwe.com
        jhaake@mwe.com
        gwilliams@mwe.com

- and -

Daniel M. Simon (*pro hac vice* pending)
Emily C. Keil (*pro hac vice* pending)
William A. Guerrieri (*pro hac vice* pending)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:    dsimon@mwe.com
        ekeil@mwe.com
        wguerrieri@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Motion was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF.  Subject to the Court's approval of their retention and access to filing privileges, the Debtors' proposed claims and noticing agent will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing Motion.

Dated: July 10, 2025
       Dallas, Texas

**MCDERMOTT WILL & EMERY LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
Grayson Williams (TX 24124561)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        mhelt@mwe.com
              jhaake@mwe.com
              gwilliams@mwe.com

- and -

Daniel M. Simon (*pro hac vice* pending)
Emily C. Keil (*pro hac vice* pending)
William A. Guerrieri (*pro hac vice* pending)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        dsimon@mwe.com
              ekeil@mwe.com
              wguerrieri@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

**EXHIBIT A**

**<u>Proposed Order</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) Case No. 25-80185 (SGJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related to Docket No. ___** |

**ORDER (I) AUTHORIZING DEBTORS TO (I) MAINTAIN EXISTING
INSURANCE POLICIES, SURETY BONDS, AND LETTERS OF CREDIT AND
PAY ALL OBLIGATIONS ARISING THEREUNDER; (II) RENEW, REVISE, EXTEND,
SUPPLEMENT, CHANGE, OR ENTER INTO NEW INSURANCE POLICIES, SURETY
BONDS, AND LETTERS OF CREDIT; AND (III) GRANTING RELATED RELIEF**

---

[1]     The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755.  There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only.  A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein.  A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis.  The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), authorizing, but not directing, the Debtors to (i) maintain coverage under the existing Insurance Policies, including workers' compensation policies and programs, and Surety Bonds and maintain the existing Premium Financing Agreements and Letters of Credit and pay on an uninterrupted basis in their discretion all premiums, fees, deductibles, administration costs, self-insurance costs, and claims arising thereunder or in connection therewith (collectively, the "Insurance Obligations"); (ii) honor, renew, revise, extend, supplement, change, or enter into new insurance policies, premium financing agreements, surety bonds, letters of credit, and insurance brokerage arrangements as needed in their business judgment without further order of this Court; and (iii) granting related relief, in each case as more fully set forth in the Motion and subject to the terms of this Order; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief

---

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and

other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing

therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1.      The Motion is GRANTED on a final basis as set forth herein.

2.      The Debtors are authorized, but not directed, to in the ordinary course of business

and consistent with past practice, maintain the Insurance Policies, including their current GLPL

and workers' compensation programs and policies, the Premium Financing Agreements, the Surety

Bonds, the Letters of Credit and any related agreements, and to pay the Insurance Obligations as

they become due, including any prepetition amounts owed to the Insurance Carriers, the Sureties,

the Surety Bond Broker, the Premium Financing Providers, the Insurance Brokers, and the issuers

of the Letters of Credit.

3.      Without further order of this Court, the Debtors are authorized, but not directed, in

the ordinary course of business and consistent with past practice, to renew, revise, extend,

supplement, change, or enter into new insurance policies, premium financing agreements, surety

bonds, letters of credit, insurance brokerage arrangements, and any related agreements as needed

in their business judgment and in consultation with the DIP Lenders.

4.      The banks and financial institutions on which checks were drawn or electronic

payment requests made for payment of the prepetition obligations approved herein are authorized

to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, and all such banks and financial institutions are authorized to rely on the Debtors'

designation of any particular check or electronic payment request as approved by this Order

without any duty of further inquiry and without liability for following the Debtors' instructions.

5.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

6.      Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

7.      Nothing contained in the Motion or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion, or in this Order granting the relief requested by the Motion, or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or

4

limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

8.      The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

10.     Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

11.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

5

12.     The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

13.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### # # # END OF ORDER # # #

Prepared and presented by:

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
Grayson Williams (TX 24124561)
**MCDERMOTT WILL & EMERY LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com
               jhaake@mwe.com
               gwilliams@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         dsimon@mwe.com
               ekeil@mwe.com
               wguerrieri@mwe.com

*Proposed Counsel for the Debtors and*
*Debtors-in-Possession*

**EXHIBIT B**

**Insurance Policies**

| # | Carrier | Policy Type | Policy No. | Coverage Start | Coverage End |
|---|---------|-------------|-----------|----------------|--------------|
| 1. | Wesco Insurance Company | Auto | WPP2052746 | 12/1/2024 | 12/1/2025 |
| 2. | Wesco Insurance Company | Auto | WPP2052747 | 12/1/2024 | 12/1/2025 |
| 3. | Liberty Mutual Fire Insurance Company | Boiler and Machinery | YB2-L9L-471374-034 | 12/1/2024 | 12/1/2025 |
| 4. | AXIS Insurance Company | Crime | P-001-000326057-06 | 4/1/2025 | 4/1/2026 |
| 5. | Endurance American Specialty Insurance Company (Sompo International) | Crime | CRX30084071700 | 4/1/2025 | 4/1/2026 |
| 6. | Underwriters at Lloyd's of London | Cyber | B0621PGENE017924 | 9/15/2024 | 9/15/2025 |
| 7. | ACE American Insurance Company | D&O | DOX G26815149 008 | 4/1/2025 | 4/1/2026 |
| 8. | Associated Industries Insurance Company Inc. | D&O | ANV160699A | 4/1/2025 | 4/1/2026 |
| 9. | Houston Specialty Insurance Company | D&O | ADIC-0000006-01 | 4/1/2025 | 4/1/2026 |
| 10. | National Union Fire Insurance Company of Pittsburgh, PA | D&O | 02-880-24-28 | 4/1/2025 | 4/1/2026 |
| 11. | U.S. Specialty Insurance Company | D&O | 14-MGU-24-A58282 | 4/1/2025 | 4/1/2026 |
| 12. | Zurich American Insurance Company | Employed Lawyers Liability | EOC 8682772-05 | 4/1/2025 | 4/1/2026 |
| 13. | American International Reinsurance Company, Ltd. (AIG) | EPLI | 67334571 | 4/1/2025 | 4/1/2026 |
| 14. | Capitol Specialty Insurance Corporation | Errors and Omissions | MC20251001-01 | 1/1/2025 | 1/1/2026 |
| 15. | Fair American Insurance and Reinsurance Company | Fiduciary Excess | MLX-1001564-03 | 4/1/2025 | 4/1/2026 |
| 16. | Hudson Insurance Company | Fiduciary Liability | SFD31211997-03 | 4/1/2025 | 4/1/2026 |

| # | Carrier | Policy Type | Policy No. | Coverage Start | Coverage End |
|---|---|---|---|---|---|
| 17. | American Bankers Insurance Company of Florida | Flood | 6946033800 | 11/7/2024 | 11/7/2025 |
| 18. | American Bankers Insurance Company of Florida | Flood | 6900245125 | 11/7/2024 | 11/7/2025 |
| 19. | American Bankers Insurance Company of Florida | Flood | 6900245181 | 11/7/2024 | 11/7/2025 |
| 20. | American Bankers Insurance Company of Florida | Flood | 6906022636 | 11/7/2024 | 11/7/2025 |
| 21. | American Bankers Insurance Company of Florida | Flood | 6900048034 | 11/7/2024 | 11/7/2025 |
| 22. | American Bankers Insurance Company of Florida | Flood | 69000521452023 | 2/5/2025 | 2/5/2026 |
| 23. | American Bankers Insurance Company of Florida | Flood | 6900053444 | 2/19/2025 | 2/19/2026 |
| 24. | American Bankers Insurance Company of Florida | Flood | 69111091772022 | 9/23/2024 | 9/23/2025 |
| 25. | Selective Insurance Company | Flood | FLD1385691 | 8/28/2024 | 8/29/2025 |
| 26. | Wright National Flood Insurance Company | Flood | 28 1150893990 12 | 3/13/2025 | 3/13/2026 |
| 27. | Wright National Flood Insurance Company | Flood | 37 1151393575 07 | 10/14/2024 | 10/14/2025 |
| 28. | Wright National Flood Insurance Company | Flood | Various | 10/14/2024 | 10/14/2025 |
| 29. | Wright National Flood Insurance Company | Flood | 44 1151451310 08 | 4/5/2025 | 4/5/2026 |
| 30. | Wright National Flood Insurance Company | Flood | 47 1151451416 08 | 4/5/2025 | 4/5/2026 |
| 31. | Notting Hill Risk Retention Group, LLC | GLPL | ANH0000212-00 | 12/1/2024 | 12/1/2025 |
| 32. | Coverys Specialty Insurance Company | Physician Malpractice | 002NM000049275 | 1/1/2025 | 1/1/2026 |

| # | Carrier | Policy Type | Policy No. | Coverage Start | Coverage End |
|---|---------|-------------|------------|----------------|--------------|
| 33. | Coverys Specialty Insurance Company | Physician Malpractice | 005PA000043994 | 4/18/2025 | 4/18/2026 |
| 34. | Lloyds of London | Pollution | PEN4940024AA | 12/18/2024 | 12/18/2025 |
| 35. | AXIS Surplus Insurance Company | Property | AXIS P-001-001471831-01 | 12/1/2024 | 12/1/2025 |
| 36. | CNA Insurance | Property | PSR-7092932959 | 12/1/2024 | 12/1/2025 |
| 37. | Endurance American Specialty Insurance Company (Sompo International) | Property | ESP30074220500 | 12/1/2024 | 12/1/2025 |
| 38. | Kinsale Insurance Company | Property | 0100338339-0 | 12/1/2024 | 12/1/2025 |
| 39. | Lancashire Insurance Company (UK) Limited | Property | PPR100117360-00124 | 12/1/2024 | 12/1/2025 |
| 40. | Lexington Insurance Company | Property | 61385433 | 12/1/2024 | 12/1/2025 |
| 41. | Liberty Mutual Fire Insurance | Property | N/A | 12/1/2024 | 12/1/2025 |
| 42. | Steadfast Insurance Company (Zurich North America Commercial) | Property | CPP-3194638-00 | 12/1/2024 | 12/1/2025 |
| 43. | Velocity Specialty Insurance Company | Property | 2024-9006955-01 | 12/1/2024 | 12/1/2025 |
| 44. | Arch Specialty Insurance Company | Property Excess | ESP1055096-00 | 12/1/2024 | 12/1/2025 |
| 45. | Crum & Forster Specialty Insurance Company | Property Excess | PPP-912142 | 12/1/2024 | 12/1/2025 |
| 46. | Evanston Insurance Company | Property Excess | MKLV3XPR001116 | 12/1/2024 | 12/1/2025 |
| 47. | Ironshore | Property Excess | 1000698849-01 | 12/1/2024 | 12/1/2025 |
| 48. | Landmark American Insurance Company | Property Excess | LHD947788 | 12/1/2024 | 12/1/2025 |
| 49. | Mitsui Sumitomo Insurance USA | Property Excess | EXP7001534 | 12/1/2024 | 12/1/2025 |
| 50. | Starr Surplus Lines Insurance Company | Property Excess | 24SLCFM12185101 | 12/1/2024 | 12/1/2025 |
| 51. | Trisura Specialty Insurance Company (Ricksmith) | Property Excess | 24-XSP-1126 | 12/1/2024 | 12/1/2025 |

| # | Carrier | Policy Type | Policy No. | Coverage Start | Coverage End |
|---|---------|-------------|------------|----------------|--------------|
| 52. | Balance Partners, LLC (Archer) | Tax Liability | ATTI-000005 | 8/18/2023 | 8/18/2030 |
| 53. | Everest Indemnity Insurance Company | Tax Liability | TAXX000124 | 8/18/2023 | 8/18/2030 |
| 54. | QBE Specialty Insurance Co. | Tax Liability | 140001091 | 8/18/2023 | 8/18/2030 |
| 55. | Hiscox Inc. | Terrorism | UTS2565268.24 | 12/1/2024 | 12/1/2025 |
| 56. | Federal Insurance Company (Chubb) | Travel/Accident | 9907-46-14 | 12/9/2022 | 12/9/2025 |
| 57. | Ohio Bureau of Workers' Compensation | Workers' Compensation | 1339799 | 7/1/2025 | 7/1/2026 |
| 58. | Technology Insurance Company, Inc. | Workers' Compensation | TWC4501685 | 9/27/2024 | 9/27/2025 |

**EXHIBIT C**

**Surety Bonds**

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 1. | 867 York Road Operations LLC | RLI Insurance Company | CMS0272149 | 08/05/2025 |
| 2. | 462 Main Street Operations LLC | RLI Insurance Company | CMS0290292 | 08/08/2025 |
| 3. | St. Catherine Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0277023 | 08/12/2025 |
| 4. | Albuquerque Heights Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0287875 | 08/13/2025 |
| 5. | St. John Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0287876 | 08/13/2025 |
| 6. | The Rehabilitation Center of Albuquerque, LLC | RLI Insurance Company | CMS0287877 | 08/13/2025 |
| 7. | St. Theresa Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0287878 | 08/16/2025 |
| 8. | Nine Haywood Avenue Operations LLC | RLI Insurance Company | CMS0272155 | 08/18/2025 |
| 9. | 1100 Norman Eskridge Highway Operations LLC | RLI Insurance Company | CMS0272158 | 08/26/2025 |
| 10. | 515 Brightfield Road Operations LLC | RLI Insurance Company | CMS0272159 | 08/27/2025 |
| 11. | 2 Blackberry Lane Operations LLC | RLI Insurance Company | CMS0290293 | 08/30/2025 |
| 12. | 98 Hospitality Drive Operations LLC | RLI Insurance Company | CMS0290294 | 08/30/2025 |
| 13. | 300 Pearl Street Operations LLC | RLI Insurance Company | CMS0290295 | 08/30/2025 |
| 14. | 1248 Hospital Drive Operations LLC | RLI Insurance Company | CMS0290296 | 08/30/2025 |
| 15. | 105 Chester Road Operations LLC | RLI Insurance Company | CMS0290297 | 08/30/2025 |
| 16. | 211-213 Ana Drive Operations LLC | RLI Insurance Company | CMS0276998 | 08/31/2025 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 17. | Encore Rehabilitation Services, LLC | Arch Insurance Company | SU1190077 | 08/31/2025 |
| 18. | Genesis ElderCare Physician Services, LLC | RLI Insurance Company | CMS0277000 | 09/04/2025 |
| 19. | Harborside Massachusetts Limited Partnership | RLI Insurance Company | CMS0276334 | 09/05/2025 |
| 20. | 500 East Philadelphia Avenue Operations LLC | RLI Insurance Company | CMS0273141 | 09/10/2025 |
| 21. | Harborside Rhode Island Limited Partnership | RLI Insurance Company | CMS0273133 | 09/15/2025 |
| 22. | Harborside Connecticut Limited Partnership | RLI Insurance Company | CMS0272171 | 09/20/2025 |
| 23. | Harborside Danbury Limited Partnership | RLI Insurance Company | CMS0272174 | 09/20/2025 |
| 24. | 3 Industrial Way East Operations LLC | RLI Insurance Company | CMS0273145 | 09/20/2025 |
| 25. | Harborside Connecticut Limited Partnership | RLI Insurance Company | CMS0273150 | 09/20/2025 |
| 26. | Harborside Connecticut Limited Partnership | RLI Insurance Company | CMS0273151 | 09/20/2025 |
| 27. | Harborside Rhode Island Limited Partnership | RLI Insurance Company | CMS0273152 | 09/20/2025 |
| 28. | 8 Snow Road Operations, LLC | RLI Insurance Company | CMS0273162 | 09/20/2025 |
| 29. | Harborside New Hampshire Limited Partnership | RLI Insurance Company | CMS0273163 | 09/20/2025 |
| 30. | 40 Crosby Street Operations, LLC | RLI Insurance Company | CMS0273164 | 09/20/2025 |
| 31. | Harborside New Hampshire Limited Partnership | RLI Insurance Company | CMS0273168 | 09/20/2025 |
| 32. | 54 Sharp Street Operations LLC | RLI Insurance Company | CMS0273143 | 09/21/2025 |
| 33. | N/A | RLI Insurance Company | CMS0273157 | 09/21/2025 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 34. | Harborside New Hampshire Limited Partnership | RLI Insurance Company | CMS0273165 | 09/21/2025 |
| 35. | 292 Applegarth Road Operations LLC | RLI Insurance Company | CMS0273453 | 10/02/2025 |
| 36. | 1245 Church Road Operations LLC | RLI Insurance Company | CMS0273437 | 10/14/2025 |
| 37. | 700 Town Bank Road Operations LLC | RLI Insurance Company | CMS0273445 | 10/14/2025 |
| 38. | 1700 Pine Street Operations LLC | RLI Insurance Company | CMS0273448 | 10/14/2025 |
| 39. | 115 Sunset Road Operations LLC | RLI Insurance Company | CMS0273450 | 10/14/2025 |
| 40. | N/A | RLI Insurance Company | CMS256020 | 10/14/2025 |
| 41. | 390 Red School Lane Operations LLC | RLI Insurance Company | CMS0273443 | 10/15/2025 |
| 42. | 1 Emerson Drive North Operations LLC | RLI Insurance Company | CMS0273451 | 10/23/2025 |
| 43. | 1 Emerson Drive South Operations LLC | RLI Insurance Company | CMS0273452 | 10/23/2025 |
| 44. | Bowie Center Limited Partnership | RLI Insurance Company | CMS0273462 | 10/25/2025 |
| 45. | 803 Hacienda Lane Operations LLC | RLI Insurance Company | CMS0323886 | 10/25/2025 |
| 46. | Genesis ElderCare Physician Services, LLC | RLI Insurance Company | CMS0277004 | 10/29/2025 |
| 47. | N/A | RLI Insurance Company | CMS0277005 | 10/29/2025 |
| 48. | Genesis ElderCare Physician Services, LLC | RLI Insurance Company | CMS0277003 | 10/30/2025 |
| 49. | Genesis ElderCare Physician Services, LLC | RLI Insurance Company | CMS0277006 | 10/30/2025 |
| 50. | 30 West Avenue Operations LLC | RLI Insurance Company | CMS0273753 | 11/01/2025 |
| 51. | 191 Hackett Hill Road Operations LLC | RLI Insurance Company | CMS0277002 | 11/01/2025 |
| 52. | 1650 Galisteo Street Operations LLC | RLI Insurance Company | CMS0323887 | 11/01/2025 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|---|---|---|---|
| 53. | 419 Harding Street Operations LLC | RLI Insurance Company | CMS0323888 | 11/01/2025 |
| 54. | 3720 Church Rock Street Operations LLC | RLI Insurance Company | CMS0323889 | 11/01/2025 |
| 55. | 3514 Fowler Avenue Operations LLC | RLI Insurance Company | CMS0323890 | 11/01/2025 |
| 56. | 400 McKinley Avenue Operations LLC | RLI Insurance Company | CMS0353184 | 11/01/2025 |
| 57. | Sharon Care Center, LLC (DIVESTED) | RLI Insurance Company | CMS0287886 | 11/16/2025 |
| 58. | Alta Care Center, LLC | RLI Insurance Company | CMS0287887 | 11/16/2025 |
| 59. | 24 Old Etna Road Operations LLC | RLI Insurance Company | CMS0273763 | 11/23/2025 |
| 60. | 2101 Fairland Road Operations LLC | RLI Insurance Company | CMS0273758 | 11/30/2025 |
| 61. | 1 Sutphin Drive Operations LLC | RLI Insurance Company | CMS0275899 | 11/30/2025 |
| 62. | 840 Lee Road Operations LLC | RLI Insurance Company | CMS0273768 | 12/01/2025 |
| 63. | 302 Cedar Ridge Road Operations LLC | RLI Insurance Company | CMS0273769 | 12/01/2025 |
| 64. | Route 92 Operations LLC | RLI Insurance Company | CMS0273770 | 12/01/2025 |
| 65. | 200 South Ritchie Avenue Operations LLC | RLI Insurance Company | CMS0273771 | 12/01/2025 |
| 66. | 1631 Ritter Drive Operations LLC | RLI Insurance Company | CMS0273772 | 12/01/2025 |
| 67. | Romney Health Care Center Limited Partnership | RLI Insurance Company | CMS0273773 | 12/01/2025 |
| 68. | 8 Rose Street Operations LLC | RLI Insurance Company | CMS0275877 | 12/01/2025 |
| 69. | 723 Summers Street Operations LLC | RLI Insurance Company | CMS0275879 | 12/01/2025 |
| 70. | 201 Wood Street Operations LLC | RLI Insurance Company | CMS0275880 | 12/01/2025 |
| 71. | 80 Maddex Drive Operations LLC | RLI Insurance Company | CMS0275881 | 12/01/2025 |
| 72. | 825 SUMMIT STREET OPERATIONS LLC | RLI Insurance Company | CMS0275882 | 12/01/2025 |
| 73. | Three Mile Curve Operations LLC | RLI Insurance Company | CMS0275883 | 12/01/2025 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 74. | 1000 Lincoln Drive Operations LLC | RLI Insurance Company | CMS0275884 | 12/01/2025 |
| 75. | 75 Hickle Street Operations LLC | RLI Insurance Company | CMS0275885 | 12/01/2025 |
| 76. | 422 23rd Street Operations LLC | RLI Insurance Company | CMS0275887 | 12/01/2025 |
| 77. | 2720 Charles Town Road Operations LLC | RLI Insurance Company | CMS0275891 | 12/01/2025 |
| 78. | 161 Bakers Ridge Road Operations LLC | RLI Insurance Company | CMS0275893 | 12/01/2025 |
| 79. | 590 North Poplar Fork Road Operations LLC | RLI Insurance Company | CMS0275894 | 12/01/2025 |
| 80. | 23 Fair Street Operations LLC | RLI Insurance Company | CMS0287903 | 12/01/2025 |
| 81. | 120 Murray Street Operations LLC | RLI Insurance Company | CMS0287905 | 12/01/2025 |
| 82. | 40 Whitehall Road Operations LLC | RLI Insurance Company | CMS0287907 | 12/01/2025 |
| 83. | 735 Putnam Pike Operations LLC | RLI Insurance Company | CMS0273766 | 12/10/2025 |
| 84. | 290 Hanover Street Operations LLC | RLI Insurance Company | CMS0275888 | 12/10/2025 |
| 85. | 22 Tuck Road Operations LLC | RLI Insurance Company | CMS0275889 | 12/10/2025 |
| 86. | 642 Metacom Avenue Operations LLC | RLI Insurance Company | CMS0275890 | 12/10/2025 |
| 87. | 10 Woodland Drive Operations LLC | RLI Insurance Company | CMS0275895 | 12/10/2025 |
| 88. | 7 Baldwin Street Operations LLC | RLI Insurance Company | CMS0275892 | 12/16/2025 |
| 89. | 136 Donahoe Manor Road Operations LLC | RLI Insurance Company | CMS0102827 | 12/22/2025 |
| 90. | 60 Highland Road Operations LLC | RLI Insurance Company | CMS0102828 | 12/22/2025 |
| 91. | 2021 Westgate Drive Operations LLC | RLI Insurance Company | CMS0102829 | 12/22/2025 |
| 92. | 1700 Market Street Operations LLC | RLI Insurance Company | CMS0288832 | 12/22/2025 |
| 93. | 940 Walnut Bottom Road Operations LLC | RLI Insurance Company | CMS0288833 | 12/22/2025 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 94. | 1070 Stouffer Avenue Operations LLC | RLI Insurance Company | CMS0288834 | 12/22/2025 |
| 95. | 100 W Queen Street Operations LLC | RLI Insurance Company | CMS0288835 | 12/22/2025 |
| 96. | 2600 Northampton Street Operations LLC | RLI Insurance Company | CMS0288836 | 12/22/2025 |
| 97. | 1848 Greentree Road Operations LLC | RLI Insurance Company | CMS0288837 | 12/22/2025 |
| 98. | 3430 Huntingdon Pike Operations LLC | RLI Insurance Company | CMS0288838 | 12/22/2025 |
| 99. | 1008 Thompson Street Operations LLC | RLI Insurance Company | CMS0288839 | 12/22/2025 |
| 100. | 600 W. Valley Forge Road Operations LLC | RLI Insurance Company | CMS0288840 | 12/22/2025 |
| 101. | 2400 Kingston Court Operations LLC | RLI Insurance Company | CMS0288841 | 12/22/2025 |
| 102. | 100 Abbeyville Road Operations LLC | RLI Insurance Company | CMS0288842 | 12/22/2025 |
| 103. | 900 Tuck Street Operations LLC | RLI Insurance Company | CMS0288843 | 12/22/2025 |
| 104. | 885 MacBeth Drive Operations LLC | RLI Insurance Company | CMS0288844 | 12/22/2025 |
| 105. | 640 Bethlehem Pike Operations LLC | RLI Insurance Company | CMS0288845 | 12/22/2025 |
| 106. | 1105 Perry Highway Operations LLC | RLI Insurance Company | CMS0288846 | 12/22/2025 |
| 107. | 113 W. McMurray Road Operations LLC | RLI Insurance Company | CMS0288847 | 12/22/2025 |
| 108. | 550 South Negley Avenue Operations LLC | RLI Insurance Company | CMS0288848 | 12/22/2025 |
| 109. | 724 N Charlotte Street Operations LLC | RLI Insurance Company | CMS0288849 | 12/22/2025 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|-----------|
| 110. | 5609 Fifth Avenue Operations LLC | RLI Insurance Company | CMS0288850 | 12/22/2025 |
| 111. | 800 Court Street Circle Operations LLC | RLI Insurance Company | CMS0288851 | 12/22/2025 |
| 112. | 115 S Providence Road Operations LLC | RLI Insurance Company | CMS0288852 | 12/22/2025 |
| 113. | 505 Weyman Road Operations LLC | RLI Insurance Company | CMS0288853 | 12/22/2025 |
| 114. | 1770 Barley Road Operations LLC | RLI Insurance Company | CMS0288854 | 12/22/2025 |
| 115. | 200 Pauline Drive Operations LLC | RLI Insurance Company | CMS0288855 | 12/22/2025 |
| 116. | 2029 Westgate Drive Operations LLC | RLI Insurance Company | CMS0288856 | 12/22/2025 |
| 117. | 2125 Elizabeth Avenue Operations LLC | RLI Insurance Company | CMS0288857 | 12/22/2025 |
| 118. | 3000 Windmill Road Operations LLC | RLI Insurance Company | CMS0288858 | 12/22/2025 |
| 119. | 425 Buttonwood Street Operations LLC | RLI Insurance Company | CMS0288859 | 12/22/2025 |
| 120. | 1526 Lombard Street SNF Operations II LLC | RLI Insurance Company | CMS0288860 | 12/22/2025 |
| 121. | 3485 Davisville Road Operations II LLC | RLI Insurance Company | CMS0288861 | 12/22/2025 |
| 122. | 2800 Palo Parkway Operations LLC | RLI Insurance Company | CMS0288863 | 12/22/2025 |
| 123. | 262 Toll Gate Road Operations LLC | RLI Insurance Company | CMS0275900 | 01/01/2026 |
| 124. | Genesis HealthCare LLC | Westchester Fire Insurance Company | K07735819 | 01/01/2026 |
| 125. | 20 Maitland Street Operations LLC | RLI Insurance Company | CMS0275922 | 01/08/2026 |
| 126. | N/A | RLI Insurance Company | CMS0275904 | 01/10/2026 |
| 127. | 1543 Country Club Road Manor Operations LLC | RLI Insurance Company | CMS0275905 | 01/14/2026 |
| 128. | 1539 Country Club Road Operations LLC | RLI Insurance Company | CMS0275906 | 01/14/2026 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 129. | Skowhegan SNF Operations, LLC | RLI Insurance Company | CMS0275907 | 01/16/2026 |
| 130. | Belfast Operations, LLC | RLI Insurance Company | CMS0275908 | 01/16/2026 |
| 131. | Lewiston Operations, LLC | RLI Insurance Company | CMS0275909 | 01/16/2026 |
| 132. | Waterville SNF Operations LLC | RLI Insurance Company | CMS0275910 | 01/16/2026 |
| 133. | Orono Operations, LLC | RLI Insurance Company | CMS0275911 | 01/16/2026 |
| 134. | Scarborough Operations, LLC | RLI Insurance Company | CMS0275912 | 01/16/2026 |
| 135. | Kennebunk Operations, LLC | RLI Insurance Company | CMS0275913 | 01/16/2026 |
| 136. | Farmington Operations, LLC | RLI Insurance Company | CMS0275914 | 01/16/2026 |
| 137. | Falmouth Operations, LLC | RLI Insurance Company | CMS0275915 | 01/16/2026 |
| 138. | Westbrook Operations, LLC | RLI Insurance Company | CMS0275916 | 01/16/2026 |
| 139. | Camden Operations, LLC | RLI Insurance Company | CMS0275917 | 01/16/2026 |
| 140. | Westwood Medical Park Operations LLC | RLI Insurance Company | CMS0275918 | 01/17/2026 |
| 141. | 175 Blueberry Lane Operations LLC | RLI Insurance Company | CMS0275923 | 01/31/2026 |
| 142. | 25 Ridgewood Road Operations LLC | RLI Insurance Company | CMS0276326 | 01/31/2026 |
| 143. | 50 Mulberry Tree Street Operations LLC | RLI Insurance Company | CMS0276331 | 02/08/2026 |
| 144. | 225 Evergreen Road Operations LLC | RLI Insurance Company | CMS0276329 | 02/21/2026 |
| 145. | 279 Cabot Street Operations LLC | RLI Insurance Company | CMS0290265 | 02/23/2026 |
| 146. | Brier Oak on Sunset, LLC | RLI Insurance Company | CMS0290251 | 02/26/2026 |
| 147. | Alexandria Care Center, LLC (DIVESTED) | RLI Insurance Company | CMS0290253 | 02/26/2026 |
| 148. | 125 Holly Road Operations LLC | RLI Insurance Company | CMS0276338 | 02/28/2026 |
| 149. | 22 South Street Operations LLC | RLI Insurance Company | CMS0276339 | 02/28/2026 |
| 150. | 12-15 Saddle River Road Operations LLC | RLI Insurance Company | CMS0276340 | 02/28/2026 |
| 151. | 1361 Route 72 West Operations LLC | RLI Insurance Company | CMS0276342 | 02/28/2026 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 152. | 59 Harrington Court Operations LLC | RLI Insurance Company | CMS0276344 | 02/28/2026 |
| 153. | 200 Reynolds Avenue Operations LLC | RLI Insurance Company | CMS0276349 | 02/28/2026 |
| 154. | Peak Medical New Mexico No. 3, LLC | RLI Insurance Company | CMS0276361 | 02/28/2026 |
| 155. | Peak Medical Roswell, LLC | RLI Insurance Company | CMS0276363 | 02/28/2026 |
| 156. | Peak Medical Las Cruces No. 2, LLC | RLI Insurance Company | CMS0276365 | 02/28/2026 |
| 157. | Peak Medical New Mexico No. 3, LLC | RLI Insurance Company | CMS0276366 | 02/28/2026 |
| 158. | Peak Medical New Mexico No. 3, LLC | RLI Insurance Company | CMS0276368 | 02/28/2026 |
| 159. | Peak Medical Assisted Living, LLC | RLI Insurance Company | CMS0276369 | 02/28/2026 |
| 160. | Skiles Avenue and Sterling Drive Urban Renewal Operations LLC | RLI Insurance Company | CMS0288864 | 03/01/2026 |
| 161. | Genesis Eldercare Network Services, LLC | RLI Insurance Company | CMS0276352 | 03/02/2026 |
| 162. | 100 Chambers Street Operations LLC | RLI Insurance Company | CMS0276353 | 03/02/2026 |
| 163. | 1020 South Main Street Operations LLC | RLI Insurance Company | CMS0276357 | 03/07/2026 |
| 164. | N/A | RLI Insurance Company | CMS256035 | 03/09/2026 |
| 165. | 4140 Old Washington Highway Operations LLC | RLI Insurance Company | CMS0276359 | 03/12/2026 |
| 166. | SunBridge Care Enterprises, LLC | RLI Insurance Company | CMS0203780 | 03/14/2026 |
| 167. | Stillwell Road Operations LLC | RLI Insurance Company | CMS0276358 | 03/22/2026 |
| 168. | 3590 Washington Pike Operations LLC | RLI Insurance Company | CMS0290267 | 03/24/2026 |
| 169. | 613 Hammonds Lane Operations LLC | RLI Insurance Company | CMS0231985 | 04/05/2026 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|---|---|---|---|
| 170. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS0203835 | 04/09/2026 |
| 171. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS0276989 | 04/10/2026 |
| 172. | 677 Court Street Operations LLC | RLI Insurance Company | CMS0231986 | 04/11/2026 |
| 173. | N/A | RLI Insurance Company | CMS256042 | 04/19/2026 |
| 174. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS204304 | 05/14/2026 |
| 175. | 1104 Welsh Road Operations LLC | RLI Insurance Company | CMS0232001 | 05/17/2026 |
| 176. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS0206197 | 05/24/2026 |
| 177. | Belen Meadows Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0277016 | 05/27/2026 |
| 178. | Skies Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0277017 | 05/27/2026 |
| 179. | 333 Green End Avenue Operations LLC | RLI Insurance Company | CMS0232003 | 05/28/2026 |
| 180. | Clovis Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0277018 | 05/29/2026 |
| 181. | St. Anthony Healthcare and Rehabilitation Center, LLC | RLI Insurance Company | CMS0277019 | 05/29/2026 |
| 182. | Canyon Transitional Rehabilitation Center, LLC | RLI Insurance Company | CMS0277020 | 05/29/2026 |
| 183. | Genesis HealthCare LLC / Sun Healthcare Group, Inc. | Liberty Mutual Insurance Company | 019005843 | 05/31/2026 |
| 184. | N/A | RLI Insurance Company | CMS0271678 | 06/02/2026 |
| 185. | 1145 Poquonnock Road Operations LLC d/b/a Groton Regency Center (DIVESTED) | RLI Insurance Company | CMS0271680 | 06/05/2026 |
| 186. | SunBridge Regency-Tennessee, LLC | RLI Insurance Company | CMS0101264 | 06/07/2026 |
| 187. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS206205 | 06/11/2026 |
| 188. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS206206 | 06/11/2026 |
| 189. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS206207 | 06/11/2026 |
| 190. | Saddle Shop Road Operations LLC | RLI Insurance Company | CMS0271684 | 06/13/2026 |

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 191. | Hbr Trumbull, LLC | RLI Insurance Company | CMS260270 | 06/13/2026 |
| 192. | 25 East Lindsley Road Operations LLC | RLI Insurance Company | CMS0271683 | 06/14/2026 |
| 193. | 1400 Woodland Avenue Operations LLC | RLI Insurance Company | CMS0271685 | 06/14/2026 |
| 194. | 8100 Washington Lane Operations LLC | RLI Insurance Company | CMS0271686 | 06/14/2026 |
| 195. | Thirty Five Bel-Aire Drive SNF Operations LLC | RLI Insurance Company | CMS0271687 | 06/14/2026 |
| 196. | 2507 Chestnut Street Operations LLC | RLI Insurance Company | CMS0271688 | 06/14/2026 |
| 197. | 84 Cold Hill Road Operations LLC | RLI Insurance Company | CMS0271690 | 06/14/2026 |
| 198. | 330 Franklin Turnpike Operations LLC | RLI Insurance Company | CMS0271692 | 06/14/2026 |
| 199. | 530 Macoby Street Operations LLC | RLI Insurance Company | CMS0271694 | 06/14/2026 |
| 200. | 106 Tyree Street Operations LLC | RLI Insurance Company | CMS0271696 | 06/17/2026 |
| 201. | 91 Country Village Road Operations LLC | RLI Insurance Company | CMS0271705 | 06/22/2026 |
| 202. | PAI Participant 1, LLC | RLI Insurance Company | CMS256030 | 06/23/2026 |
| 203. | 4 Hazel Avenue Operations LLC | RLI Insurance Company | CMS0272129 | 06/30/2026 |
| 204. | 715 East King Street Operations LLC | RLI Insurance Company | CMS0272130 | 06/30/2026 |
| 205. | 1680 Spring Creek Road Operations LLC | RLI Insurance Company | CMS0272131 | 06/30/2026 |
| 206. | 101 13th Street Operations LLC | RLI Insurance Company | CMS0272137 | 07/02/2026 |
| 207. | SunBridge Regency-Tennessee, LLC | RLI Insurance Company | CMS0101262 | 07/05/2026 |
| 208. | SunBridge Gardendale Health Care Center, LLC | RLI Insurance Company | CMS0101291 | 07/05/2026 |
| 209. | SunBridge Retirement Care Associates, LLC | RLI Insurance Company | CMS0206237 | 07/05/2026 |

11

| # | Debtor | Issuer | Bond No. | Expiration |
|---|---|---|---|---|
| 210. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS204369 | 07/05/2026 |
| 211. | SunBridge Salem Health Care LLC | RLI Insurance Company | CMS206229 | 07/05/2026 |
| 212. | SunBridge Regency-North Carolina, LLC | RLI Insurance Company | CMS206230 | 07/05/2026 |
| 213. | SunBridge Regency-North Carolina, LLC | RLI Insurance Company | CMS206233 | 07/05/2026 |
| 214. | SunBridge Regency-North Carolina, LLC | RLI Insurance Company | CMS206234 | 07/05/2026 |
| 215. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS0101249 | 07/06/2026 |
| 216. | SunBridge Clipper Home of Wolfeboro, LLC | RLI Insurance Company | CMS0101282 | 07/06/2026 |
| 217. | SunBridge Goodwin Nursing Home, LLC | RLI Insurance Company | CMS0101283 | 07/06/2026 |
| 218. | SunBridge Healthcare, LLC (f/k/a SunBridge Healthcare Corporation) | RLI Insurance Company | CMS0101285 | 07/06/2026 |
| 219. | SunBridge Healthcare, LLC (f/k/a SunBridge Healthcare Corporation) | RLI Insurance Company | CMS0101286 | 07/06/2026 |
| 220. | SunBridge Clipper Home of North Conway, LLC | RLI Insurance Company | CMS0101288 | 07/06/2026 |
| 221. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS0206238 | 07/06/2026 |
| 222. | Five Ninety Six Sheldon Road Operations LLC | RLI Insurance Company | CMS0271712 | 07/06/2026 |
| 223. | Forty Six Nichols Street Operations LLC | RLI Insurance Company | CMS0271713 | 07/06/2026 |
| 224. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS204358 | 07/06/2026 |
| 225. | SunBridge Healthcare, LLC | RLI Insurance Company | CMS204359 | 07/06/2026 |
| 226. | SunBridge Beckley Health Care LLC | RLI Insurance Company | CMS206225 | 07/06/2026 |
| 227. | SunBridge Dunbar Health Care LLC | RLI Insurance Company | CMS206226 | 07/06/2026 |

12

| # | Debtor | Issuer | Bond No. | Expiration |
|---|--------|--------|----------|------------|
| 228. | SunBridge Putnam Health Care LLC | RLI Insurance Company | CMS206228 | 07/06/2026 |
| 229. | SunBridge Regency-North Carolina, LLC | RLI Insurance Company | CMS206236 | 07/06/2026 |
| 230. | SunBridge Nursing Home, LLC | RLI Insurance Company | CMS206250 | 07/06/2026 |
| 231. | N/A | RLI Insurance Company | CMS206283 | 07/06/2026 |
| 232. | 700 Marvel Road Operations LLC | RLI Insurance Company | CMS0271715 | 07/14/2026 |
| 233. | Genesis Healthcare, Inc. | RLI Insurance Company | CMS0290273 | 07/14/2026 |
| 234. | 660 Commonwealth Avenue Operations LLC | RLI Insurance Company | CMS0271724 | 07/29/2026 |
| 235. | 11 Dairy Lane Operations LLC | RLI Insurance Company | CMS0272146 | 07/31/2026 |
| 236. | HBR Danbury, LLC | RLI Insurance Company | CMS0272163 | 07/31/2026 |
| 237. | N/A | RLI Insurance Company | CMS0353181 | 06/04/2027 |
| 238. | N/A | RLI Insurance Company | CMS0288866 | 06/11/2027 |