| | |
|---|---|
| Suzanne K. Rosen<br>State Bar No. 00798518<br>Emily Chou<br>State Bar No. 24006997<br>Mary Taylor Stanberry<br>State Bar No. 24143781<br>**VARTABEDIAN, HESTER & HAYNES, LLP**<br>301 Commerce Sreet, Suite 3635<br>Fort Worth, TX 76012<br>Tel: 817-214-4990<br>Email: suki.rosen@vhh.law<br>      emily.chou@vhh.law<br>      mary.stanberry@vhh.law<br><br>*Local Counsel for the Tyrko Objectors* | Matthew A. Hamermesh (*pro hac vice* pending)<br>Pennsylvania Bar No. 82313<br>**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**<br>One Logan Square, 27th Floor<br>Philadelphia, PA 19103-6933<br>(215) 568-6200<br>(215) 568-0300 (facsimile)<br>Email: mhamermesh@hangley.com<br><br>*Counsel for the Tryko Objectors* |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | : | Case No. 25-80185 (SGJ) |
| | : | |
| *Debtors*. | : | Joint Administration Requested |

**LIMITED INTERIM OBJECTION OF TRYKO HOLDINGS LLC, GRADUATE OPERATOR LLC, WILLOW GROVE OPERATOR LLC, AND EXTON OPERATOR LLC TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE TO OPERATE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN EXISTING BANK ACCOUNTS ETC.**

Tryko Holdings LLC ("Tryko"), Graduate Operator LLC d/b/a Graduate Post Acute, Willow Grove Operator LLC d/b/a Willow Grove Post Acute, and Exton Operator LLC d/b/a Exton Post Acute (collectively, "New Operators," and, with Tryko, the "Tryko

---

[1] This Complaint seeks relief against lead Debtor Genesis Healthcare, Inc. (Case No. 25-801-85) and certain affiliated Debtors, including 3485 Davisville Road Operations II LLC (Case No. 25-80201), 501 Thomas Jones Way Operations LLC (Case No. 25-80313), and GHC TX Operations LLC (Case No. 25-80184), as successor to 1526 Lombard Street SNF Operations II LLC.

Objectors") object in part to Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related to the Use Thereof, (C) Maintain Purchasing Card Programs and Honor Prepetition Obligations Related Thereto, and (D) Continue to Perform Intercompany Transactions; (II) Extending the Time for the Debtors to Comply with 11 U.S.C. § 345(b) Deposit and Investment Requirements; and (III) Granting Related Relief [Docket No. 11] (the "Cash Management Motion" or "Motion"). In support of this objection, the Tryko Objectors state as follows:

## LIMITED OBJECTION TO INTERIM RELIEF

1. The Tryko Objectors object to the Cash Management Motion because it does not sufficiently protect their Post-Closing Receivables. The Tryko Objectors own and are entitled to receive certain Medicare reimbursement funds that were received by or will be received by the Debtors and held in trust, and seek to prevent those funds from being used by the Debtors or disseminated to any third-parties. Debtors do not hold an equitable interest in these funds; they are being held for the benefit of the Tryko Objectors. Accordingly, these funds are not property of the Debtors' Chapter 11 estates. *See* 11 U.S.C. § 541(d); *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 n.10 (1983) ("Congress plainly excluded [from property of the estate] property of others held by the debtor in trust at the time of the filing of the petition"); *Evans Fur Co. of Houston, Inc. v. Chase Manhattan Bank, N.A. (In re Sakowitz, Inc.),* 949 F.2d 178, 181 (5th Cir. 1991) ("[P]roperty held in trust for another is not property of the estate under 11 U.S.C. § 541 in the event of the trustee's bankruptcy.").

2. Pursuant to an Operations Transfer Agreement dated December 31, 2024 (the "OTA"), certain of the Debtors[2] transferred the right to operate three Skilled Nursing Facilities ("SNFs") in the Philadelphia area to the New Operators. Under the agreement, the parties recognized that, after the closing and until the New Operators obtain Medicare billing authorizations from the federal government, the Debtors would receive reimbursements from the U.S. Department of Health and Human Services' Centers for Medicare & Medicaid Services for services provided by the New Operators ("Post-Closing Medicare Funds"). The OTA expressly provides that these Post-Closing Medicare Funds belong to the New Operators, and that the Debtors must hold these funds in trust and pay them to the New Operators.

3. While the Debtors have paid certain Post-Closing Medicare Funds to the New Operators, as of the Petition Date the Debtors had received but not remitted to the New Operators almost a million dollars in Post-Closing Medicare Funds belonging to the Tryko Objectors. In addition there are further reimbursements of millions of dollars that will be transmitted to the Debtors as reimbursement of the New Operators for Medicare-eligible services they have provided or will provide in the near future. The Debtors do not – and cannot – dispute that such sums belong to, and are held in trust for and owed to, the Tryko Objectors. *See In re Dameron*, 155 F.3d 718, 722 (4th Cir. 1998) (finding express trust where "[t]he language of the parties' agreements and the circumstances under which the Lenders advanced their funds to Dameron leave no doubt that the parties intended

---

[2] The transferees, referred to as the "Existing Operators" in the OTA, are Debtor GHC TX Operations LLC (as successor by merger to 1526 Lombard Operations LLC), 3485 Davisville Road Operations II LLC, and 501 Thomas Jones Way Operations LLC.

Dameron to act merely as an intermediary."). Indeed, the Debtors essentially admit this is the case in the Cash Management, ECF 11, ¶ 15.

4. Nonetheless, the Cash Management Motion and accompanying proposed orders do not sufficiently protect the Tryko Objectors in three ways and should be modified appropriately to remedy those problems.

5. *First,* any order resolving the Cash Management Motion should direct Genesis to remit all Post-Closing Medicare Funds to the New Operators. The Motion and the proposed orders seek only to give the Debtors authority and discretion to do so. But these funds belong to the New Operators and not the Debtors. There is no reason for the Debtors to withhold any Post-Closing Medicare Funds it has. This Court should direct the Debtors to remit all funds promptly.

6. *Second,* the Cash Management Motion and proposed orders do not clearly address what will happen with Post-Closing Medicare Funds that the Debtor received before the Petition Date. Nearly a million dollars of those funds belongs to the Tryko Objectors. Any order should make clear that all such funds that the Debtor received before the Petition Date – but did not remit to the New Operators – must be remitted to them promptly. In addition, the Debtors should be required to provide an accounting of such funds promptly, to ensure that all amounts belonging to the New Operators are delivered to them.

7. *Third,* although the Cash Management Motion does not discuss the potential liability of White Oak (one of the Debtors' lenders), the proposed orders purport to release White Oak from liability for Post-Closing Medicare Funds to third-party operators that took over facilities from the Debtors, such as the Tryko Objectors. This sort of third-party release is completely inappropriate in a bankruptcy case. *See Harrington*

4

*v. Purdue Pharma LP,* 603 US 204 (2024) (Bankruptcy Code provides no basis for releases of third parties in Chapter 11 bankruptcy cases). And, even worse, this third-party release is sought in an interim order on twenty-four hours' notice, contrary to any proper conception of Due Process.

8. Accordingly, the Tryko Objectors request that the Court revise paragraph 5 of the proposed Interim Order (and the corresponding paragraph 4 of the Final Order) as follows:

> 5. The Debtors are authorized <ins>and directed</ins> to continue to maintain the Divested Facilities Accounts and remit accounts receivable arising on or after the applicable operations transfer date of the Divested Facility <ins>("Post-Closing Receivables")</ins> from the applicable Divested Facilities Account to the Third-Party Operators <del>in the ordinary course of business. To the extent any funds owed to the Third-Party Operators are first paid to White Oak prior to the discontinuation of the sweep from the Concentration Accounts to White Oak, White Oak shall have no liability to any Third-Party Operator</del><ins>.</ins>
> 
> - <ins>To the extent the Debtor received Post-Closing Receivables prior to the Petition Date but did not remit such funds to the applicable Third-Party Operator, the Debtor shall immediately – and at all events no later than twenty-four hours after the entry of this Order – remit such funds to the applicable Third-Party Operator. Within seven days of the entry of this Order, the Debtor shall provide a full accounting of all Post-Closing Receivables.</ins>
> - <del>on account of receiving funds owed to such</del><ins>To the extent the Debtor receives any Post-Closing Receivables on or after the Petition Date, the</ins>

5

Debtor shall immediately: (1) maintain such funds in the Divested Facilities Account until they are remitted to the applicable Third-Party Operator~~,~~; and ~~White Oak is authorized to~~(2) remit any such funds to the ~~Debtors. The Debtors are authorized to remit any such funds received from White Oak to the~~ applicable Third-Party Operator no later than the later of twenty-four hours after this Order is entered or twenty-four hours after the Debtor receives such funds.

## RESERVATION OF RIGHTS

9. Notwithstanding the foregoing, the Tryko Objectors reserve all rights to object to and otherwise oppose any claim or contention of the Debtor or any other person in these Chapter 11 proceedings, including, without limitation, the right to assert any objections to the Court's considering granting the Cash Management Motion on a final basis.

WHEREFORE, the Tryko Objectors respectfully request that the Court sustain their Limited Objection and only enter an order concerning the Cash Management Motion if it is modified as proposed above.

Dated: July 10, 2025

Respectfully Submitted,

By: /s/ Suzanne K. Rosen
Suzanne K. Rosen
State Bar No. 00798518
Emily Chou
State Bar No. 24006997
Mary Taylor Stanberry
State Bar No. 24143781
**VARTABEDIAN, HESTER & HAYNES, LLP**
301 Commerce Sreet, Suite 3635
Fort Worth, TX 76012
Tel: 817-214-4990
Email: suki.rosen@vhh.law

emily.chou@vhh.law
mary.stanberry@vhh.law

*Local Counsel for the Tryko Objectors*

and

Matthew A. Hamermesh (*pro hac vice* pending)
Pennsylvania Bar No. 82313
**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200
(215) 568-0300 (facsimile)
Email: mhamermesh@hangley.com

*Counsel for the Tryko Objectors*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via the Court's ECF electronic notification system on July 10, 2025.

*/s/ Suzanne K. Rosen*
Suzanne K. Rosen