John F. Higgins (TX Bar No. 09597500)
Eric M. English (TX Bar No. 24062714)
**PORTER HEDGES LLP**
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone:  (713) 226-6000
Facsimile:  (713) 228-1331
Email:    jhiggins@porterhedges.com
          eenglish@porterhedges.com

Steven N. Serajeddini (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:    steven.serajeddini@kirkland.com

-and-

William E. Arnault, P.C. (*pro hac vice* pending)
Casey McGushin (*pro hac vice* pending)
Connor K. Casas (*pro hac vice* pending)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:    william.arnault@kirkland.com
          casey.mcgushin@kirkland.com
          connor.casas@kirkland.com

*Co-Counsel for Seafire NEMA Holdings, LLC*    *Co-Counsel for Seafire NEMA Holdings, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| GENESIS HEALTHCARE, INC., *et al.*, | ) ) | Case No. 25-80185 (SGJ) |
| Debtors. | ) ) ) | |

**SEAFIRE NEMA HOLDINGS, LLC'S OBJECTION**
**TO DEBTORS' <u>EMERGENCY</u> MOTION FOR ENTRY OF ORDER**
**(I) RESTATING AND ENFORCING THE AUTOMATIC STAY, (II) APPROVING**
**THE FORM AND MANNER OF NOTICE, AND (III) GRANTING RELATED RELIEF**

Seafire NEMA Holdings, LLC ("<u>Seafire</u>") hereby submits this objection (this "<u>Objection</u>")

to the *Debtors' Emergency Motion for Entry of Order (I) Restating and Enforcing the Automatic*

*Stay, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief* [Docket

4855-7051-0546

No. 15] (the "Motion") and the proposed order attached thereto (the "Proposed Order"). In support of this Objection, Seafire respectfully states as follows:

**Preliminary Statement**

1.    On its face, the Debtors' Motion claims to seek nothing more than an order restating and enforcing the automatic stay. Were that so, Seafire would have no objection to the Motion. But, as a review of the Proposed Order reveals, the Debtors are seeking relief that goes well beyond the mere affirmation of the automatic stay. In fact, the Proposed Order (as drafted) would prohibit non-Debtors from enforcing their agreements with other non-Debtors regarding non-estate property, including agreements where no Debtor is even a party. Such an injunction plainly exceeds the scope of section 362 of the Bankruptcy Code. And while parties occasionally request an extension of the automatic stay in extraordinary circumstances, the Debtors expressly disclaim that they are making such a request with the Motion.[1] Despite the multiple representations by the Debtors that they are not seeking to expand or enlarge the scope of the automatic stay, the Proposed Order would do just that, which is particularly problematic for Seafire.

2.    Seafire is the majority owner of non-Debtor Seafire NEMA Investment, LLC (the "Non-Debtor JV"), a Delaware limited liability company whose numerous non-Debtor subsidiaries own and manage complex real estate operations, including pursuant to a variety of contracts between themselves and other non-Debtors. Debtor GEN SF JV Holdings, LLC (the "Debtor Shareholder") is a passive, minority owner in the Non-Debtor JV. Neither Seafire nor the Non-Debtor JV are Debtors in these bankruptcy proceedings; and none of their assets or

---

[1] *See, e.g.*, Motion at 6 n.6 ("For the avoidance of doubt, the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code with this Motion."). Notably, however, the Debtors did separately request an extension of the stay for the limited purpose of protecting certain non-Debtor professional corporations. *See* Docket No. 14 (requesting an order "extending the automatic stay to the [non-Debtor] Professional Corporations under the limited circumstances discussed herein").

4855-7051-0546

contracts constitute property of the estate. Nevertheless, the Debtors seek a first-day order purportedly enjoining Seafire, its non-Debtor subsidiaries, and countless affiliates and counterparties from preserving their rights vis-à-vis the Non-Debtor JV—including via contracts to which no Debtor is even a party (*e.g.*, service agreements between non-Debtor third parties and the Non-Debtor JV).[2]

3. In an attempt to resolve these issues, Seafire reached out to Debtors' counsel and explained how the language in the Proposed Order was overbroad and problematic. Seafire has since made several proposals intended to limit the Proposed Order to the confines of section 362 but, as of the filing of this Objection, the parties have not reached a resolution. Accordingly, Seafire requests that the Court either deny the Motion or modify the Debtors' Proposed Order to conform to the modified form of order attached hereto as **Exhibit A** (the "Modified Order").

## Objection

### I. The Scope of the Relief Requested by the Debtors Is Impermissibly Broad.

4. As drafted, the Proposed Order enforces an injunction that far exceeds the text of section 362 and any reasonable interpretation of its terms. In fact, the Proposed Order conceivably enjoins the enforcement or modification of contracts that are exclusively between *non*-Debtors, as well as the exercise of any remedies against *non*-Debtors (or against *non*-estate property owned and held by *non*-Debtors) based on circumstances entirely unrelated to the Debtors. The Proposed Order provides as follows:

> [S]ubject to Bankruptcy Code section 362, **all persons** . . . **are hereby** stayed, restrained, and **enjoined from**: (a) terminating, **modifying**, or otherwise **exercising remedies with respect to any** and all operating agreements, contracts, leases, financing agreements, or other **agreements to which** the Genesis JV Members and

---

[2] *See* Proposed Order, ¶ 3 (declaring that "all persons . . . are hereby stayed, restrained, and enjoined from . . . terminating, modifying, or otherwise exercising remedies with respect to any and all . . . agreements to which . . . the [Non-Debtor] JV Entities[] are a party or signatory").

3

4855-7051-0546

> the [**non-Debtor**] **JV Entities are party or signatory** at any time after the commencement of the Chapter 11 Cases; **and** (b) continuing, commencing, or **employing any** judicial, administrative, or other **action or proceeding against** the Genesis JV Members and **the** [**non-Debtor**] **JV Entities** that asserts allegations or causes of action **relating to any** and all **contracts** and leases **to which** the Genesis JV Members and **the** [**non-Debtor**] **JV Entities are party or signatory**.[3]

5. The breadth of this injunction is stunning. A handful of hypotheticals helps illustrate the problem, since each of the following ordinary-course activities would conceivably be enjoined by the Proposed Order:

- **ALL contractual modifications** – all parties would be prohibited from amending or otherwise "modifying" "any and all" contracts with the Non-Debtor JV, regardless of the subject matter entailed, the value created, or the reason for modification.[4] Salaries could not be raised or lowered. Loans could not be refinanced. Leases could not be extended. People could not be replaced.

- **Third-party payables** – the Non-Debtor JV's contractual counterparties (*e.g.*, asset managers, service providers, employees, etc.) would be prohibited from enforcing their contractual rights to collect payment from the Non-Debtor JV in the ordinary course.[5]

- **Law firm engagements** – a law firm would be prohibited from drawing on its retainer pursuant to its engagement letter with the Non-Debtor JV. The same law firm would also be prohibited from "terminating" its engagement with the Non-Debtor JV. *See id.*

- **D&O protections** – directors and officers of the Non-Debtor JV would be prohibited from seeking indemnification from the Non-Debtor JV and/or accessing insurance coverage under any insurance policies to which the Non-Debtor JV is a "party or signatory." *See id.*

6. The Debtors cannot credibly contend that the foregoing actions are stayed by section 362 of the Bankruptcy Code, yet that is precisely what the Proposed Order seems to

---

[3] Proposed Order at ¶ 3 (emphasis added). Notably, the Motion and the Proposed Order define the term "JV Entities" to include the Non-Debtor JV as well as other entities which appear to be non-Debtors.

[4] "[A]ll persons . . . are hereby . . . enjoined from . . . modifying . . . any and all operating agreements, contracts, leases, financing agreements, or other agreements to which . . . the [non-Debtor] JV Entities are party . . . ." *Id.*

[5] "[A]ll persons . . . are hereby . . . enjoined from . . . exercising remedies with respect to . . . any and all . . . contracts . . . or other agreements to which . . . the [non-Debtor] JV Entities are party . . . ." *Id.*

4

4855-7051-0546

suggest. Even assuming this Court has jurisdiction to issue such an injunction,[6] doing so would fly in the face of black-letter bankruptcy law regarding the scope and application of sections 541(a) and 362(a) of the Bankruptcy Code.

7. Section 541(a) creates a bankruptcy estate which, for purposes of the Genesis JV Members, includes the rights they possess in their own contracts and the stock they own in the non-Debtor JV Entities, but the bankruptcy estate goes no further.[7] Similarly, section 362(a) protects debtors and any property included in the estate under section 541(a), but the stay's protections do not apply to non-debtors or non-estate property—and certainly not to contracts between the non-Debtor JV and other non-Debtors. *See* 11 U.S.C. § 362(a). In other words, the "automatic stay does not extend to the assets of a corporation in which the debtor has an interest, even if the interest is 100% of the corporate stock," *In re Furlong*, 660 F.3d 81, 89–90 (1st Cir. 2011) (quotations and citations omitted). "This proposition is well-settled."[8]

---

[6] *But see In re Tower Auto., Inc.*, 356 B.R. 598, 601 (Bankr. S.D.N.Y. 2006) ("In [*Beck*], the Second Circuit held that bankruptcy jurisdiction did not extend so far as to permit [enjoining] proceedings against a wholly-owned subsidiary of the debtor, even though the value of the debtor's stock holdings in the subsidiary would be directly impacted by the results of the [proceedings]. . . . Since 1978, several courts in this circuit have expressly held that [*Beck* is good law]." (citing *In re Beck Indus.*, 479 F.2d 410 (2d Cir. 1973))); *In re Winstar Commc'ns, Inc.*, 284 B.R. 40, 51 (Bankr. D. Del. 2002) (concluding that "the ownership of all of the outstanding stock of [non-debtor] by the [debtor] does not confer jurisdiction on the Bankruptcy Court to decide disputes involving [non-debtor's] assets," regardless of the fact that such disputes "may have an effect on the ultimate value [that] the estate receives for the stock it owns").

[7] *See* 11 U.S.C. § 541(a); *see also In re Johnson*, 608 B.R. 784, 788–90 (Bankr. S.D. Ga. 2019) (collecting cases).

[8] 660 F.3d at 90 n.9 (citing *Kreisler v. Goldberg*, 478 F.3d 209, 214–15 (4th Cir. 2007) (shareholder's interest in corporation, which was a part of the bankruptcy estate, did not give that shareholder any direct interest in assets of corporation, which were outside of the bankruptcy estate and not subject to the automatic stay, ***even where actions regarding that asset might affect the value of the stock***); *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205–06 (3d Cir. 1991) (formal distinctions between debtor and non-bankrupt corporation are maintained for purposes of the automatic stay); *In re Winer*, 158 B.R. 736, 743 (N.D. Ill. 1993) (regardless of a "close nexus" between debtors and non-debtor entity, non-debtor entity is not subject to automatic stay); *Pers. Designs, Inc. v. Guymar, Inc.*, 80 B.R. 29, 30 (E.D. Pa. 1987) (even where bankruptcy debtor is 100% stockholder in non-bankrupt corporation, automatic stay does not apply to corporation)).

4855-7051-0546

8. While the Debtors apparently disagree with this proposition, they cite no authority to actually support their novel interpretation of section 362(a). Instead, the Motion asserts that "courts in this circuit and others have entered similar orders restating and enforcing the protections [of] section 362 under comparable circumstances," Motion at ¶ 20, but then fails to cite a single case where a court actually did so. Rather, the four "similar" cases cited by the Debtors consist of three standard "stay enforcement" motions and one "stay extension" motion—all of which are substantially narrower than the Proposed Order. Those "similar" orders are attached as exhibits hereto (with relevant passages highlighted) and consist of the following:

- *Accuride* (Bankr. D. Del. 2024) – standard "stay enforcement" order, which merely mimics the text of section 362(a) and appropriately limits its application to debtors and property of the estates.[9]

- *Digital Media* (S.D. Tex. 2024) – same.[10]

- *Venator* (S.D. Tex. 2023) – same.[11]

- *Envision* – less common "stay extension" motion, which was granted (a) on an **uncontested basis**, (b) following satisfaction of the stringent standard for "extending" the stay, and (c) solely to enjoin termination of non-debtor contracts based on *ipso facto* termination clauses.[12]

9. As explained above, the Proposed Order lacks any of the limiting principles contained in the three "stay enforcement" orders it cites and is even broader than the "stay extension" order obtained in *Envision*. To rectify these issues, the Proposed Order should be

---

[9] *See In re Accuride Corp.*, Case No. 24-12289 (JKS) (Bankr. D. Del. Oct. 11, 2024) [Docket No. 95] (attached hereto as **Exhibit B**).

[10] *See In re Digital Media Solutions, Inc.*, Case No. 24-90468 (ARP) (Bankr. S.D. Tex. Sept. 12, 2024) [Docket No. 50] (attached hereto as **Exhibit C**).

[11] *See In re Venator Materials PLC*, Case No. 23-90301 (DRJ) (Bankr. S.D. Tex. May 16, 2023) [Docket No. 107] (attached hereto as **Exhibit D**).

[12] *In re Envision Healthcare Corp.*, Case No. 23-90342 (CML) (Bankr. S.D. Tex. May 15, 2023) [Docket No. 106] (attached hereto as **Exhibit E**).

4855-7051-0546

modified to either (a) remove the term "JV Entities" or (b) amend paragraph 4 to state as follows (with conforming edits to the proposed form of notice):

> For the avoidance of doubt and notwithstanding paragraph 3 of this Order or anything else contained herein, this Order: (a) does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code; (b) remains subject to Bankruptcy Code section 362 (including its exceptions); and (c) does not enjoin, prohibit, or otherwise affect the ability of any entity to exercise, assert, or enforce any rights or remedies against, or take any action with respect to, (i) any entity that is not a Debtor in these chapter 11 cases or (ii) any property that is not owned by a Debtor.

**II.     To the Extent the Debtors Wish to Extend the Automatic Stay to Non-Debtors, the Debtors Must Follow the Proper Procedures to Request Such Relief.**

10.     The Motion expressly states that "the Debtors do not seek to expand or enlarge the rights afforded to them under the Bankruptcy Code with this Motion." Motion, p. 6. The Proposed Order contains a similar disclaimer. *See* Proposed Order, ¶ 4 (claiming it "does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code"). As explained above, that assertion is either incorrect or materially misleading, as the plain text of the Proposed Order enjoins actions far outside the scope of the automatic stay's typical application.

11.     To the extent the Debtors actually intend to extend the automatic stay to the non Debtor JV Entities (or otherwise enjoin actions against such entities), the Debtors must adhere to the appropriate procedures—including a formal request, notice and an opportunity to object, evidence, and a hearing, all of which should technically be via an adversary proceeding. The Debtors have done none of that for this Motion.[13]

---

[13] Notably, the Debtors did file a separate motion seeking to extend the automatic stay. But that motion is limited to an extension for certain "professional corporation" entities, not the JV Entities, and is based on different facts and circumstances. *See* Docket No. 14.

7

4855-7051-0546

## Conclusion

12. As explained herein, the scope of the Debtors' Proposed Order is overly broad. Entering that order without modification would run contrary to the principles underlying the Bankruptcy Code. Accordingly, Seafire respectfully requests that the Court either deny the Motion or enter the Modified Order attached hereto as **Exhibit A**.

[*Remainder of page intentionally left blank*]

4855-7051-0546

WHEREFORE, for the foregoing reasons, the Debtors respectfully request that the Court enter the Modified Order.

Dated: July 11, 2025
Dallas, Texas

*/s/ John F. Higgins*

| | |
|---|---|
| **PORTER HEDGES LLP** | **KIRKLAND & ELLIS LLP** |
| John F. Higgins (TX Bar No. 09597500) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Eric M. English (TX Bar No. 24062714) | Steven N. Serajeddini (*pro hac vice* pending) |
| 1000 Main St., 36th Floor | 601 Lexington Avenue |
| Houston, Texas 77002 | New York, New York 10022 |
| Telephone: (713) 226-6000 | Telephone: (212) 446-4800 |
| Facsimile: (713) 228-1331 | Facsimile: (212) 446-4900 |
| Email: eenglish@porterhedges.com | Email: steven.serajeddini@kirkland.com |
| jhiggins@porterhedges.com | |
| | -and- |
| | William E. Arnault, P.C. (*pro hac vice* pending) |
| | Casey McGushin (*pro hac vice* pending) |
| | Connor K. Casas (*pro hac vice* pending) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile (312) 862-2200 |
| | Email william.arnault@kirkland.com |
| | casey.mcgushin@kirkland.com |
| | connor.casas@kirkland.com |
| *Counsel for Seafire NEMA Holdings, LLC* | *Counsel for Seafire NEMA Holdings, LLC* |

4855-7051-0546

## Certificate of Service

I certify that on July 11, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Northern District of Texas.

                                       */s/ John F. Higgins*
                                       John F. Higgins