

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed July 11, 2025

_____
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) Case No. 25-80185 (SGJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) Related to Docket No. 7 |

**ORDER (I) AUTHORIZING DEBTORS TO (I) MAINTAIN EXISTING
INSURANCE POLICIES, SURETY BONDS, AND LETTERS OF CREDIT AND
PAY ALL OBLIGATIONS ARISING THEREUNDER; (II) RENEW, REVISE, EXTEND,
SUPPLEMENT, CHANGE, OR ENTER INTO NEW INSURANCE POLICIES, SURETY
BONDS, AND LETTERS OF CREDIT; AND (III) GRANTING RELATED RELIEF**

---

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

DM_US 213167200-4.113513.0014

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an order (this "<u>Order</u>"), authorizing, but not directing, the Debtors to (i) maintain coverage under the existing Insurance Policies and Surety Bonds and maintain the existing Premium Financing Agreements and Letters of Credit and pay on an uninterrupted basis in their discretion all premiums, fees, deductibles, administration costs, self-insurance costs, and claims arising thereunder or in connection therewith (collectively, the "<u>Insurance Obligations</u>"); (ii) honor, renew, revise, extend, supplement, change, or enter into new insurance policies, premium financing agreements, surety bonds, letters of credit, and insurance brokerage arrangements as needed in their business judgment without further order of this Court; and (iii) granting related relief, in each case as more fully set forth in the Motion and subject to the terms of this Order; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors,

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is GRANTED on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to in the ordinary course of business and consistent with past practice, maintain the Insurance Policies, the Premium Financing Agreements, the Surety Bonds, the Letters of Credit and any related agreements, and to pay the Insurance Obligations as they become due, including any prepetition amounts owed to the Insurance Carriers, the Sureties, the Surety Bond Broker, the Premium Financing Providers, the Insurance Brokers, and the issuers of the Letters of Credit.

3. Without further order of this Court, the Debtors are authorized, but not directed, in the ordinary course of business and consistent with past practice, to renew, revise, extend, supplement, change, or enter into new insurance policies, premium financing agreements, surety bonds, letters of credit, insurance brokerage arrangements, and any related agreements as needed in their business judgment and in accordance with the Approved DIP Budget.

4. The banks and financial institutions on which checks were drawn or electronic payment requests made for payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

5.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

6.     Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

**7.**     Notwithstanding anything to the contrary contained herein or in any other interim or final orders entered in these Chapter 11 Cases, including, without limitation, any DIP Order, (i) any authorization of the use of cash collateral shall not apply to any cash now or in the future (a) collateralizing any Letters of Credit issued by Capital One, National Association ("Capital One"), on the application of the Debtors and/or collateralizing the repayment of the reimbursement obligations of the Debtors to Capital One under, as to or in connection with such Letters of Credit (the "Capital One LC Cash Collateral") or (b) on deposit in the Capital One Purchasing Card Account[3] collateralizing the Debtors' obligations with respect to the Capital One Purchasing Cards and/or the Capital One Purchasing Card Program pursuant to the Pledge Agreement (the "Capital

---

[3] Each of the capitalized terms "Capital One Purchasing Card Account", "Capital One Purchasing Card Program", "Capital One Purchasing Cards" and "Pledge Agreement" shall have the meaning ascribed thereto in the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Continue to Operate Their Existing Cash Management System, (B) Maintain Existing Bank Accounts and Business Forms and Honor Certain Prepetition Obligations Related to the Use Thereof, (C) Maintain Purchasing Card Programs and Honor Prepetition Obligations Related Thereto, and (D) Continue to Perform Intercompany Transactions; (II) Extending the Time for the Debtors to Comply with 11 U.S.C. § 345(b) Deposit and Investment Requirements; and (III) Granting Related Relief* [Docket No. 11].

4

One P-Card Cash Collateral"), (ii) the Debtors shall be authorized to use (a) the Capital One LC Cash Collateral solely for the purposes of collateralizing the Letters of Credit issued by Capital One on the application of the Debtors and/or collateralizing the repayment of (and/or repaying) the reimbursement obligations of the Debtors to Capital One under, as to or in connection with such Letters of Credit and (b) the Capital One P-Card Cash Collateral solely for the purposes of collateralizing and/or collateralizing the repayment of (and/or repaying) the obligations of the Debtors to Capital One with respect to the Capital One Purchasing Cards and/or the Capital One Purchasing Card Program, and (iii) any security interest in or lien on any interest the Debtors may have in the Capital One LC Cash Collateral or the Capital One P-Card Cash Collateral that may be granted pursuant to any order entered in these Chapter 11 Cases, including, without limitation, any DIP Order, shall be subject, subordinate, and junior to Capital One's security interests in and liens on the Capital One LC Cash Collateral and the Capital One P-Card Cash Collateral, as applicable.

8. Nothing contained in the Motion or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in the Motion, or in this Order granting the relief requested by the Motion, or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or

5

authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

9. The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

### # # # END OF ORDER # # #

Prepared and presented by:

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
Grayson Williams (TX 24124561)
**MCDERMOTT WILL & EMERY LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:        mhelt@mwe.com
              jhaake@mwe.com
              gwilliams@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:        dsimon@mwe.com
              ekeil@mwe.com
              wguerrieri@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*