

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed July 11, 2025**

_____
United States Bankruptcy Judge
_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) | Case No. 25-80185 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Related to Docket No. 14 |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) HONOR AND INCUR OBLIGATIONS TO
PROFESSIONAL CORPORATIONS AND (B) OBTAIN NEW PROFESSIONAL
CORPORATIONS CONTRACTS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the Debtors for entry of an interim order (this "Order")

and a final order (the "Final Order") (i) authorizing, but not directing, the Debtors to (a) honor,

---

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pay, or otherwise satisfy any and all prepetition and postpetition obligations incurred in relation to the Professional Corporations,[3] including obligations pursuant to this Existing PC Contracts and (b) enter into and honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations related to attracting, seeking, entering into, and maintaining New PC Contracts, (ii) extending the automatic stay to the Professional Corporations, and (iii) granting related relief, in each case as more fully set forth in the Motion and this Order; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the

---

[3] The "Professional Corporations" include AlignMed Medical Group, P.C.; AlignMed Medical Group IL SC; AlignMed Medical Group MA, P.C.; AlignMed Medical Group NC, P.C.; AlignMed Medical Group NJ, PC (f/k/a PAI Participant 26, P.C.); AlignMed Medical Group WV, Professional Corporation; AlignMed Partners, P.C. (f/k/a GPS Physician Group, P.C.); Enjati/Johnson Occupational and Physical Therapy, PS; GEPS Physician Group of New Jersey, P.C.; GEPS Physician Group of New Mexico, P.C.; GEPS Physician Group of North Carolina, P.C.; GEPS Physician Group of Pennsylvania, P.C.; GEPS Physician Group of West Virginia, Professional Corporation; GPS Physician Group of New Jersey, P.C.; GPS Physician Group of Rhode Island, P.C.; GPS Physician Group of Texas, PLLC; Leland Wheeler Speech and Language P.A.; Nancy Johnson Speech & Language, PS; NV LTC Physicians - Shariff, P.C.; NY Long-Term Care Physician Services, P.C.; PAI Participant 6, P.C.; PAI Participant 8, P.C.; PAI Participant 10, P.A.; PAI Participant 11, P.C.; PAI Participant 12, P.C.; PAI Participant 13, P.C.; PAI Participant 15, P.A.; PAI Participant 18, P.C.; PAI Participant 23, S.C.; PAI Participant 25, P.C.; PAI Participant 27, P.C.; PAI Participant 29, P.C.; PAI Participant 5, P.C.; PAI Participant 7, P.C.; PAI Participant 9, P.A.; PAI Participant MA, PC; Powerback Rehabilitation of MA, PC (f/k/a Genesis Rehab Services, PC); and Tidd/Krafft Occupational and Physical Therapy, P.A.

Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on August 5, 2025, at 9:30 a.m. (prevailing Central Time). Any objections or responses to the entry of the proposed Final Order shall be filed with the Court and served on the following no later 4:00 p.m. (prevailing Central Time) on July 29, 2025: (a) Genesis Healthcare, Inc., c/o Ankura Consulting Group, LLC, 2021 McKinney Ave. Suite 340, Dallas, TX 75201 (Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Russell A. Perry (russell.perry@ankura.com)); (b) proposed counsel to the Debtors, McDermott Will & Emery LLP, 2501 North Harwood Street, Suite 1900, Dallas, TX 75201 (Attn: Marcus A. Helt (mhelt@mwe.com) and Jack G. Haake (jhaake@mwe.com)), and 1180 Peachtree St. NE, Suite 3350, Atlanta, GA 30309 (Attn: Daniel M. Simon (dsimon@mwe.com)), and 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: William A. Guerrieri (wguerrieri@mwe.com) and Emily C. Keil (ekeil@mwe.com)); (c) counsel to OHI Mezz Lender LLC, Ferguson Braswell Fraser Kubasta PC, 2500 Dallas Parkway, Suite 600, Plano, TX 75093 (Attn: Leighton Aiken (laiken@fbfk.law)) and Goodwin Proctor LLP, The New York Times Building, 620 Eighth Avenue, New York, NY 10018 (Attn: Robert J. Lemons (rlemons@goodwinlaw.com)); (d) counsel to White Oak Healthcare Finance, LLC, Blank Rome LLP, 444 West Lake Street, Suite 4000, Chicago, IL 60606 (Attn: Kenneth J. Ottaviano (ken.ottaviano@blankrome.com) and Paige Barr Tinkham (paige.tinkham@blankrome.com));

3

(e) counsel to Welltower, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Jeffrey C. Krause (jkrause@gibsondunn.com), Francis Petrie (fpetrie@gibsondunn.com), and Michael G. Farag (mfarag@gibsondunn.com)); (f) counsel to ReGen Healthcare LLC, DLA Piper LLP, 1900 N. Pearl St., Suite 2200, Dallas, TX 75201 (Attn: James Muenker (james.muenker@us.dlapiper.com)); (g) the Office of the United States Trustee for Region 6, 1100 Commerce Street, Room 976, Dallas, TX 75242 (Attn: Meredyth Kippes (meredyth.kippes@usdoj.gov); (h) counsel to the official committee of unsecured creditors (if any) appointed in these Chapter 11 Cases; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002.  If no objections to entry of the Final Order are filed and served, the Court may enter such Final Order without further notice or hearing.

3. The Debtors are authorized to honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations incurred in relation to the Professional Corporations, including obligations pursuant to the Existing PC Contracts in the ordinary course of business consistent with historical practice.  The Debtors are authorized to enter into New PC Contracts in the ordinary course of business consistent with historical practice, without further order of the Court and without notice or hearing; *provided*, *however*, the Debtors shall provide counsel to the DIP Lenders at least three (3) business days' advance notice prior to entering into any New PC Contract.

4. The Debtors' contractual relationships with and ownership interests in, as applicable, the Professional Corporations and the PC Physicians, as described in the Motion, are entitled to the protections set forth in Bankruptcy Code sections 365(e) and 541(c) to the maximum extent permitted by law.

Document      Page 5 of 9

5. Subject to entry of the Final Order, pursuant to Bankruptcy Code sections 105 and 362, the automatic stay is hereby extended to apply to the Professional Corporations and shall continue to apply until the earlier of conversion or dismissal of the Chapter 11 Cases or confirmation of any chapter 11 plan proposed by the Debtors.

6. Subject to entry of the Final Order, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from (a) terminating or modifying any and all contracts and leases to which the Professional Corporations or the PC Physicians are party or signatory, at any time after the commencement of the Chapter 11 Cases because of a provision in such contract or lease that is conditioned on such commencement; and (b) continuing, commencing, or employing any judicial, administrative, or other action or proceeding against the Professional Corporations, the PC Physicians, and the PC Employees that asserts allegations or causes of action relating to any and all contracts and leases to which the Professional Corporations or the PC Physicians are party or signatory. Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

7. Subject to entry of the Final Order, pursuant to Bankruptcy Code section 525, all governmental units and other regulatory authorities are prohibited and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the Professional Corporations; (b) placing conditions upon such a grant to the Professional Corporations; or (c) discriminating against the Professional Corporations with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made for payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtors' instructions.

9. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of the Chapter 11 Cases with respect to the relief granted herein.

10. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral and/or the Debtors' entry into any postpetition financing facilities or credit agreements, and any budgets in connection therewith governing any such postpetition financing and/or use of cash collateral (each such order, a "DIP Order"). To the extent there is any inconsistency between the terms of the DIP Order and any action taken or proposed to be taken hereunder, the terms of the DIP Order shall control.

11. Nothing contained in the Motion or this Order nor any actions taken pursuant to the relief granted herein is intended or shall be construed as: (a) an implication or admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable non-bankruptcy law; (b) an impairment or waiver of the Debtors' or any other party in interest's rights to dispute the amount of, basis for, or validity of any claim against, or interest in, any Debtor, its property, or its estate on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type specified or defined in

the Motion, or in this Order granting the relief requested by the Motion, or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a waiver of any claim or cause of action that may exist against any creditor or interest holder; (f) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code or otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract or unexpired lease; (g) a waiver or limitation of the Debtors', or any other party in interest's, rights under the Bankruptcy Code or any other applicable law; (h) an implication or admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance of property of the Debtors' estates; or (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to this Order are valid and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) an impairment or waiver of any claims or causes of action that may exist against any entity under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Order is not intended and should not be construed as an admission as to the validity or priority of any claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute the extent, perfection, priority, validity, or amount of such claim.

12.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

14. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

17. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #

Prepared and presented by:

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
Grayson Williams (TX 24124561)
**MCDERMOTT WILL & EMERY LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone: (214) 295-8000
Facsimile: (972) 232-3098
Email: mhelt@mwe.com
jhaake@mwe.com
gwilliams@mwe.com

- and -

Daniel M. Simon (*pro hac vice* pending)
Emily C. Keil (*pro hac vice* pending)
William A. Guerrieri (*pro hac vice* pending)
**MCDERMOTT WILL & EMERY LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
Email: dsimon@mwe.com
ekeil@mwe.com
wguerrieri@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*