**FILED**

JUL 14 2025  TDG

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

In re:                                                    Case No. 25-80185-sgj11
Genesis Healthcare Inc., et al.                           Chapter 11

Debtors.

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PERMIT CONTINUATION OF PENDING ADVERSARY PROCEEDING IN THE DISTRICT OF NEW HAMPSHIRE

COMES NOW, Leslie Kulas Burke, and Jaclyn Rohr, Co-Guardians of John J.W. Kulas, appearing pro se, and respectfully move this Court, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay to permit the continuation of a pending adversary proceeding in the District of New Hampshire. In support thereof, Movants state as follows:

### I. PRELIMINARY STATEMENT

On July 11, 2025, this Court entered a temporary order granting the Debtors' Motion to Extend the Automatic Stay to certain non-debtor affiliates [Docket No. 14], which may encompass one or more parties to the adversary proceeding pending in New Hampshire. Movants had prepared and served a Limited Objection to Docket No. 14, which had not yet been docketed at the time the temporary order entered. This Motion for Relief from the Automatic Stay is filed in light of that development and incorporates the substance of Movants' prior Limited Objection, which remains pending for full consideration.

Movants respectfully seek narrowly tailored relief to permit continued prosecution of the adversary proceeding *Kulas v. Langdon Place of Dover, et al.*, Adv. Proc. No. 25-1002-KPB, currently pending in the U.S. Bankruptcy Court for the District of New Hampshire. The proceeding addresses primarily post-discharge violations of 11 U.S.C. § 524, and concerns misconduct that occurred well after Genesis had actual notice of the prior bankruptcy and discharge.

Critically, **on July 2, 2025, during a hearing before the U.S. Bankruptcy Court for the District of New Hampshire, counsel for Genesis Healthcare, Inc. admitted on the record to willful violations of both the automatic stay and the discharge injunction** as they pertain to John J.W. Kulas. These admissions occurred just days before the Debtors filed their Chapter 11 petitions and now seek protection under the same provisions they openly acknowledged having

violated. Genesis made no attempt to contest the factual record and even offered to satisfy any resulting judgment to avoid further discovery, underscoring the credibility and seriousness of the violations. (Previously filed Limited Objection to Debtors' Motion to Enforce Automatic Stay to Non-Debtors and exhibits should be docketed and referenced for the record.)

Movants do not seek relief to enforce monetary claims against the estate, nor to interfere with core Chapter 11 administration. This Motion is filed solely **to preserve access to the existing judicial forum, enforce rights under §§ 524 and 105, and prevent irreparable harm arising from duplicative or fragmented litigation**.

Given the upcoming **status hearing in the New Hampshire adversary scheduled for August 6, 2025, Movants respectfully request expedited consideration of this Motion to ensure the integrity and continuity of those proceedings.**

## II. BASIS FOR RELIEF FROM STAY

Section 362(d)(1) permits relief from the automatic stay "for cause." The term "cause" is not defined in the Bankruptcy Code and is determined on a case-by-case basis.

The adversary proceeding in New Hampshire is based on post-discharge misconduct, which falls outside the scope of § 362(a) and instead implicates § 524(a) and the Court's inherent authority under § 105(a).

As established by the First Circuit in *In re Pratt*, 462 F.3d 14 (1st Cir. 2006), and supported by *In re Paul*, 534 F.3d 1303 (10th Cir. 2008), the automatic stay does not bar litigation regarding violations of the discharge injunction, and such matters are appropriately addressed in the forum where the violation occurred.

Judicial economy strongly favors continuation in New Hampshire, where the adversary is well underway, the facts are specific to that jurisdiction, and where the parties (including local Genesis counsel) have already appeared and participated.

The Debtors will suffer no prejudice from allowing the NH adversary to proceed, especially since the claims are not claims against estate property or core bankruptcy matters involving Texas jurisdiction.

To the extent Genesis seeks global protections for affiliates and non-debtors, the relief requested here is narrowly tailored to exclude only the NH adversary and prevent double-track litigation.

## III. PRAYER FOR RELIEF

**WHEREFORE,** Movants respectfully request that the Court:

1. Grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) to allow *Kulas v. Langdon Place of Dover et al.*, Adv. Proc. No. 25-1002-KPB, to proceed in the U.S. Bankruptcy Court for the District of New Hampshire;

2. Clarify that such relief shall apply to all parties in that adversary who are subject to the Debtors' Motion for Stay Extension;

3. Deny or limit any application of the stay to **claims arising from post-discharge violations of § 524 and improper post-discharge collections and guardianship abuse**;

4. **Consider this Motion on an expedited basis** in light of the upcoming **August 6, 2025 status hearing** in the New Hampshire adversary proceeding; and

5. Grant such other and further relief as the Court deems just and proper.

Dated: July 11, 2025

Respectfully submitted,

| | |
|---|---|
| Leslie Kulas Burke | Jaclyn Rohr |
| Co-Guardian for John J.W. Kulas | Co-Guardian for John J.W. Kulas |
| Appearing *Pro Se* | Appearing *Pro Se* |
| PO BOX 512 | 62 Ledgeview Dr |
| Plaistow, NH 03865 | Rochester, NH 03839 |
| Signature: /s/ Leslie Kulas Burke | Signature: /s/ Jaclyn Rohr |