**ANTHONY AND PARTNERS, LLC**
John A. Anthony, Esq.
Nicholas Lafalce, Esq. (pro hac vice pending)
Julia G. Traina, Esq. (pro hac vice pending)
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Tel.: (813) 273 5616
Fax: (813) 221 4113
Email: janthony@anthonyandpartners.com
Email: nlafalce@anthonyandpartners.com
Email: jtraina@anthonyandpartners.com

Counsel for the Settlement Claimants

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

In re:

GENESIS HEALTHCARE INC. et. al.[1],

    Debtors.

_____/

Chapter 11

Case No. 25-80185 (SGJ)

(Jointly Administered)

### HEALTHCARE NEGLIGENCE CLAIMANTS' LIMITED
### OBJECTION TO JEFFERIES' EMPLOYMENT APPLICATION [DOC. 248]

Pursuant to Bankruptcy Code §§ 327(a), 328(a), and Federal Rules of Bankruptcy Procedure 2014(a), 2016, Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas ("Local Rules") 2014-1, 2016-1, and Section F of the Procedures for Complex Cases in the Northern District of Texas, effective February 6, 2023, and other applicable law, a set of 273 healthcare negligence tort claimants[2] (collectively, the "Healthcare Negligence Claimants"), hereby file this qualified objection in response to "Debtors' Application To (I)

---

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] The full list of Healthcare Negligence Claimants appears in the attached Schedule A.

Employ And Retain Jefferies LLC As Investment Banker To The Debtors In Possession Pursuant

To Sections 327(A) And 328 Of The Bankruptcy Code, Effective As Of The Petition Date, (II)

Waiving Certain Time-Keeping Requirements And (III) Granting Related Relief" (the "Jefferies

Employment Application") [Doc 248] filed by Genesis Healthcare, Inc., et al. (collectively, the

"Debtors") on July 29, 2025:

### A.  <u>OVERVIEW OF THE HEALTHCARE NEGLIGENCE CLAIMANTS</u>

1.      On July 9 and 10, 2025 (the "Petition Dates"), each of the Debtors commenced a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (the

"Petitions").  This produced a set of 299 reorganizations (the "Reorganizations"), that have been

jointly administered by order of this Court dated July 11, 2025[3] [Doc. 51 at ¶ 2], and these

Reorganizations have been designated as complex cases under applicable law.[4]  Since the Petition

Dates, the Debtors have continued in the ownership of their assets and the operation of their

business, as debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108, as well as the

orders of this Court.

2.      The Healthcare Negligence Claimants are a set of creditors whose claims are the

result of systemic healthcare negligence by the business entities that have operated under the name

"Genesis Healthcare," or some derivation of the same.  The Healthcare Negligence Claimants

include a set of 138 claimants with claims settled pre-petition with the Debtors, having an

aggregate outstanding liquidated balance of $36,594,555.34.   The Healthcare Negligence

Claimants also include a separate 135 claimant group with unliquidated claims against the Debtors,

---

[3] "Order (I) Directing Joint Administration of Debtors' Chapter 11 Cases and (II) Granting Related Relief" authorized
the Debtors chapter 11 cases to be consolidated for procedural purposes only and jointly administered by the
Bankruptcy Court under Case No. 25-80185 (SGJ).
[4] See "Order Granting Complex Chapter 11 Bankruptcy Case Treatment" ("Complex Case Order") [Doc. 52], dated
July 11, 2025.

with an aggregate claim balance of $110,266,731. A total of $146,861,286.34[5] is due from all or

some combination of the Debtors to the Healthcare Negligence Claimants, based upon a pattern of

systemic negligence for the rights of residents in all 17 states in which the Debtors operate.

3.    In all instances, medical negligence claims against the Debtors arose in connection

with systemic healthcare negligence of one or more of the Debtors at a set of skilled nursing

facilities (collectively, the "Facilities") owned and operated by the Debtors. Although the

conglomerate initially owned and operated 350 Facilities, this number was cut precisely in half

between 2021 and the Petition Dates. The circumstances under which half of the Debtors' facilities

migrated to seemingly related business entities has captured the keen interest of the Healthcare

Negligence Claimants.

4.    The Healthcare Negligence Claimants have been represented in underlying state

court litigation by a set of 61 law firms, and the Debtors rapid efforts to enter chapter 11 and

orchestrate a transfer of operations to related entities has required the Healthcare Negligence

Claimants and their professionals to respond rapidly to this process.

## B.    RELEVANT PROCEDURAL BACKGROUND

5.    On July 10 and 15, 2025, the Debtors filed three (3) interrelated requests for relief

from this Court, including the Stay Motion[6] [Doc. 15], the DIP Finance Motion[7] [Doc. 17], and

the Bidding Procedures Motion [Doc. 117],[8] collectively referred to herein as the "Exit Strategy

---

[5] Additional claimants are anticipated to join as clients of the undersigned in the coming weeks, but have not been logistically incorporated into the claimant consortium. The aggregate sum could approach $150,000,000.
[6] "Debtors' Emergency Motion for Entry of Order (I) Restating and Enforcing the Automatic Stay, (II) Approving the Form and Manner of Notice, and (III) Granting Related Relief" filed on July 10, 2025.
[7] Debtors' Emergency Motion For Entry Of Interim And Final Orders (I) Authorizing The Debtors To (A) Obtain Post-petition Financing And (B) Utilize Cash Collateral, (II) Granting Adequate Protection To Prepetition Secured Parties, (III) Modifying The Automatic Stay, (IV) Scheduling A Final Hearing, And (V) Granting Related Relief" filed on July 10, 2025.
[8] "Debtors' Motion For Entry Of An Order (I) Approving Bidding Procedures And Expense Reimbursement, (II) Approving The Debtors' Entry Into The Stalking Horse Apa, (III) Scheduling Certain Dates And Deadlines, (IV) Approving The Form And Manner Of Notice Thereof, (V) Establishing Notice And Procedures For The Assumption

Motions."  The Healthcare Negligence Claimants have filed a combined limited objection to the

same (the "Omnibus Objections") [Doc. 330], because there can be little doubt that these filings

will render the bankruptcy estates completely insolvent if all relief requested by the Debtors is

granted.

6.      The Healthcare Negligence Claimants were not the only ones to object to one or

more of the Exit Strategy Motions.  There are seven (7) objections to the Stay Motion, five (5)

objections to the DIP Finance Motion, and eight (8) objections to the Bidding Procedures Motion,

all of which are collectively referred to herein as the "Pending Objections."  Among the objections

filed to the Exit Strategy Motions were those filed by the Official Committee of General Unsecured

Creditors (the "Committee") [Docs 412, 413, 414] (collectively, the "Committee Objections").

7.      The Stay Motion proposes to extend the automatic stay arising under Bankruptcy

Code §362(a) to non-debtors that are insiders of the Debtors and its beneficial ownership, even

though the language of this provision is elegant in its simplicity.  The DIP Finance Motion is

intended to saddle the estates with unnecessary debt to the Debtors' existing seemingly insider

creditors in a way that bootstraps them into a superior position than they enjoyed as of the Petition

Dates.   But worst of all, the Bidding Procedures Motion proposes to put in place bidding

procedures for substantially all of the assets of the Debtors, including avoidance actions, in such a

way that only insiders would wish to participate in the process.

8.      The plain language of the Bidding Procedures Motion leaves little doubt that

existing insider debt approaching exceeding $300,000,000 would be assumed by a purchaser, but

only $15,000,000 would be carved out for the estates.  When one considers that the claims

ultimately asserted by the Healthcare Negligence Claimants are ten times the amount of the carve

---

And Assignment Of Contracts And Leases, (VI) Authorizing The Assumption And Assignment Of Assumed
Contracts, And (VII) Authorizing The Sale Of Assets" filed on July 15, 2025.

out that the Debtors propose, the nature of the problem comes into better focus. And, to be sure, it is safe to assume that administrative priority expenses of the estates would consume most of such a pot, if that were in fact the entirety of the sum reserved for creditors.

9.      Another major problem with the Bidding Procedures Motion is that the winning bidder would receive a potpourri of assignments, while insiders would receive releases, all depriving the estate of valuable claims that have not been adequately disclosed, analyzed, pursued, or monetized. The parties to be released under the Bidding Procedures Motion are referenced in a non-exclusive manner.[9] The concept of pardoning crimes not yet defined has recently been criticized in a broad national dialogue, and the concept of releasing claims not yet defined is at least as odious.

10.     The bidding procedures contemplated in the Bidding Procedures Motion almost certainly would lead to the acquisition of assets by an insider of the Debtors. There is no reason to believe that the marketing process would be remotely successful. Experience has shown that national auction procedures under these circumstances produce no bidders whatsoever.[10]

11.     In the foregoing context, the Debtors propose to engage Jefferies LLC ("Jefferies") as investment bankers to basically implement the bidding procedures by which the Debtors would sell all or substantially all of their assets, including causes of action, to insiders. In the Jefferies Employment Application, the Debtors contemplate a cornucopia of compensation including (a) a

---

[9] ReGen Healthcare, LLC, WAX Dynasty Partners LLC, MAO 22322 LLC, Pinta Capital Partners, Perigrove, Integra WIP Tenant LLC, Purchaser, each of their respective present and former parents, subsidiaries and affiliates, and each of their respective officers, directors, partners, equity holders, managers, members, predecessors, successors, assigns, attorneys, agents, employees, managers, and representatives, each solely in such capacity, including, without limitation, Joel Landau and David Gefner. For the avoidance of doubt, the Debtors' current and former directors and officers, shall not be Released Parties, and any such Claims or Causes of Action shall be Excluded Assets, subject to the D&O Limitations.

[10] See In re LaVie Care Centers, LLC et al., Case No. 24-55507 (PMB), in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division. Substantially the same auction procedures produced an abject failure on the day of the auction.

$100,000 monthly fee for services, then increasing to $150,000 per month, (b) a $5,000,000 restructuring fee, (c) an M&A transaction fee equal to the greater of $5,500,000 or 1.35% of the "transaction value," (d) a graduated "financing fee" to finance existing insider debt, and (e) reimbursement of expenses.  Under this enviable package, Jefferies might likely recover more than the carveout reserved for the estates.

12.    The Jefferies Employment Application is supported by the declaration of Jeffery Finger, intended to address all disclosure requirements that must be satisfied under Bankruptcy Code §327(a) and other applicable law.  However, there is no certainty that Jefferies is in fact disinterested, and in fact does not hold any interest adverse to the estates.  The ambiguity as to those receiving releases under the Bidding Procedures Motion creates uncertainty as to whether the disclosures are sufficient.

### C.    **MEMORANDUM OF LAW**

13.    **The Standard**:  Under the Bankruptcy Code §327(a), this Court should authorize employment of attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the Debtors in carrying out their duties under chapter 11.  "A disinterested person, therefore, 'should be divested of any scintilla of personal interest which might be reflected in his decision concerning estate matters.'"  In re C & C Demo, Inc., 273 B.R. 502, 506 (Bankr. E.D. Tex. 2001) (citing In re Martin, 817 F.2d 175, 180–81 (1st Cir.1987)).  "This Court has substantial discretion to grant an application to employ a professional for the estate." In re Bechuck, 472 B.R. 371, 375 (Bankr. S.D. Tex. 2012) (citing In re Bigler, LP, 422 B.R. 638, 643 (Bankr.S.D.Tex.2010)).

14.    **Jefferies is Unnecessary**:  The Bidding Procedures Motion reflects no effort to

6

market the Debtors' assets to any parties other than insiders, and a bidding process that would discourage, rather than encourage, any bidding other than by the stalking horse.  If the Debtors simply propose that Jefferies command a ship that is intended to sink under the Exit Strategy Motions, selling their assets to insiders and granting broad releases to culpable parties, with no distribution to general unsecured creditors, then this sort of service is not needed.  Federal Rule of Bankruptcy Procedure 2014(a)(2)(A) requires that the application establish the need for the employment.  "Absent extraordinary circumstances, bankruptcy estates should not be consumed by the fees and expenses of court-appointed professionals." In re Jackson, 484 B.R. 141, 157 (Bankr. S.D. Tex. 2012) (citing In re Kusler, 224 B.R. 180, 184 (Bankr.N.D.Okla.1998)).  "Rule 2014 therefore requires that the [Debtors] articulate the necessity for employing [Jefferies]; and, in order to control administrative costs, gives this Court the right to approve all requests for employment." Id. (citing In re Sound Radio, Inc., 145 B.R. 193, 202 (Bankr.D.N.J.1992); Official Comm. of Unsecured Creditors v. Harris (In re Southwest Food Distribs., LLC), 561 F.3d 1106, 1112 (10th Cir.2009)).

15.     **Jefferies Has Not Made Adequate Disclosures:**  Although Jefferies may in fact have no connection to the parties whom the Debtors propose to release as part of this process, ambiguity in the disclosures must be addressed.  Federal Rule of Bankruptcy Procedure 2014 requires Jefferies to disclose, inter alia, all connections with the debtor, creditors, any other party in interest, and their respective attorneys and accountants.  "The disclosure requirements of Rule 2014(a) are broader than the rules governing disqualification, and an applicant must disclose all connections regardless of whether they are sufficient to rise to the level of a disqualifying interest under Section 327(a)." In re Am. Intern. Refinery, Inc., 676 F.3d 455, 465 (5th Cir. 2012) (citing In re Cornerstone Prods., Inc., 416 B.R. 591, 608 (Bankr.E.D.Tex.2008) (stating that "all"

7

connections must be disclosed)); <u>In re Leslie Fay Cos.</u>, 175 B.R. 525, 533 (Bankr.S.D.N.Y.1994) (same)).

16.   **<u>Jefferies' Contemplated Compensation is Unreasonable</u>:**  The Debtors have lost half of their 350 Facilities on the way to this Court to commence their reorganization of the remaining 175.  Compensation as planned for Jefferies would be a continuation of profligate practices that this Court should not countenance. See <u>In re Bechuck</u>, 472 B.R. 371, 375 (citing <u>In re Lyons</u>, 439 B.R. 401, 405 (Bankr.S.D.Tex.2010)) ("In evaluating an application, this Court focuses on whether the proposed professional will maximize value for the estate, and the Court exercises its discretion accordingly"); <u>In re Energy Partners, Ltd.</u>, 409 B.R. 211, 216 (Bankr. S.D. Tex. 2009) ("The bankruptcy estate is distinct from all other nonbankruptcy clients. It is not principally to serve as a fund for payment of professional fees.  It is finite, rarely expands over time, possesses limited cash and usually has diminishing prospects despite high expectations.  The estate is not a cash cow to be milked to death by professionals seeking compensation for services rendered to the estate which have not produced a benefit commensurate with the fees sought.").

17.   **<u>Caveats</u>:**  If Jefferies can make adequate disclosures regarding potential conflict issues, if this Court can carefully retain the right to a just compensation to fit results, and if Jefferies can explain exactly what it seeks to accomplish in exchange for several million dollars of services, the Healthcare Negligence Claimants might have their concerns addressed.

WHEREFORE, the Healthcare Negligence Claimants respectfully request the order of this Court that will:

   a.   deny relief requested in the Jefferies Employment Application;

b.  condition granting of the Jefferies Employment Application on a final reckoning, at the conclusion of this process, to determine what, if anything, Jefferies has done to benefit the estate and its creditors;

c.  condition granting of the Jefferies Employment Application on supplemental disclosures by Jefferies to determine what if any business, financial, or legal connections they have to Joel Landau and the other parties intended to receive releases under any order granting the Bidding Procedures Motion; and

d.  provide for such other relief as this Court determines to be necessary and appropriate under the circumstances.

Dated this 18th day of August, 2025.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**NICHOLAS LAFALCE, ESQUIRE**
Florida Bar Number: 0119250
nlafalce@anthonyandpartners.com
**JULIA G. TRAINA, ESQUIRE**
Florida Bar Number: 1042604
jtraina@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Tel.: (813) 273-5616
Fax: (813) 221-4113
Attorneys for the Healthcare Negligence Claimants

## CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2025, a true and correct copy of the foregoing document was electronically filed in the above captioned case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and a copy was served on the parties who receive notice via the Court's ECF notification system.

Marcus A. Helt, Esq.
Jack G. Haake, Esq.
MCDERMOTT WILL & EMERY LLP,
2501 North Harwood Street, Suite 1900,
Dallas, TX 75201
mhelt@mwe.com
jhaake@mwe.com

Daniel M. Simon, Esq.
MCDERMOTT WILL & EMERY LLP,
1180 Peachtree St. NE, Suite 3350,
Atlanta, GA 30309
dsimon@mwe.com

William A. Guerrieri, Esq.
Emily C. Keil, Esq.
MCDERMOTT WILL & EMERY LLP,
444 West Lake Street, Suite 4000,
Chicago, IL 60606
wguerrieri@mwe.com
ekeil@mwe.com
Counsel to the Debtors

Nicholas Zluticky, Esq.
Zachary Hemenway, Esq.
Miranda Swift, Esq.
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com
miranda.swift@stinson.com

Brian S. Rosen, Esq.
Ehud Barak, Esq.
Timothy Q. Karcher, Esq.
Daniel S. Desatnik, Esq.
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
brosen@proskauer.com
ebarak@proskauer.com
tkarcher@proskauer.com
ddesatnik@proskauer.com

W. Grant DuBois, Esq.
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
grant.dubois@stinson.com

Paul V. Possinger, Esq.
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3570
ppossinger@proskauer.com
Counsel to the Committee

Meredyth Kippes, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
Region 6
1100 Commerce Street, Room 976
Dallas, TX 75242
meredyth.kippes@usdoj.gov

Jason S. Brookner, Esq.
Lydia R. Webb, Esq.
GRAY REED
1601 Elm Street, Suite 4600
Dallas, TX 75201
jbrookner@grayreed.com
lwebb@grayreed.com
Counsel to PharMerica Corporation

Leighton Aiken, Esq.
FERGUSON BRASWELL FRASER KUBASTA PC
2500 Dallas Parkway, Suite 600,
Plano, TX 75093
laiken@fbfk.law

and

Robert J. Lemons, Esq.
GOODWIN PROCTOR LLP,
The New York Times Building
620 Eighth Avenue
New York, NY 10018
rlemons@goodwinlaw.com
Counsel to OHI Mezz Lender LLC

Jeffrey C. Krause, Esq.
Francis Petrie, Esq.
Michael G. Farag, Esq.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
jkrause@gibsondunn.com
fpetrie@gibsondunn.com
mfarag@gibsondunn.com
Counsel to Welltower

James Muenker, Esq.
PIPER LLP
1900 N. Pearl St., Suite 2200,
Dallas, TX 75201
james.muenker@us.dlapiper.com
Counsel to ReGen Healthcare LLC DLA

Kenneth J. Ottaviano, Esq.
Paige Barr Tinkham, Esq.
BLANK ROME LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
ken.ottaviano@blankrome.com
paige.tinkham@blankrome.com
Counsel to White Oak Healthcare Finance LLC

/s/ John A. Anthony
**ATTORNEY**

Schedule "A"

Healthcare Negligence Claimants

| # | Claimant |
|---|---|
| 1. | Adam Hoffman, as Power of Attorney of Rita Hoffman |
| 2. | Addie Logan as the Administratrix of the Estate of Cheryl Lynn Logan |
| 3. | Albert Robinson, Individually and as Administrator Ad Prosequendum and General Administrator of the Estate of Mary Robinson |
| 4. | Alice Sultemeier as Power of Attorney for Rita Sultemeier |
| 5. | Amanda Stover, as Administratrix of the Estate of William Dale Stulter |
| 6. | Ameena Collier, on behalf of the Estate of Thurman Kirby |
| 7. | Angela Rivera Cornish, on behalf of the Estate of Nicholas R. Rivera, Sr. |
| 8. | Anita Fay Tekman, as Administratrix of the Estate of Lucy Gail Long |
| 9. | Ann S. Kelley, on behalf of the Estate of Lawrence F. Kelley |
| 10. | Anthony Wilson, on behalf of Jullian Murray |
| 11. | Aretha Caldwell, Administrator Ad Prosequendum of the Estate of Isabel Loatman |
| 12. | Ashley Johnson, on behalf of Virginia Graham |
| 13. | Barbara A. Clark, as Administrator of the Estate of Louise Andrews |
| 14. | Barbara J. Milton, on behalf of the Estate of Abdul Baa'Ith Muwwakkil |
| 15. | Barry Green, as Personal Representative of the Wrongful Death Estate of Lila Gonzales |
| 16. | Barry Green, as the Personal Representative to the Wrongful Death Estate of Urah Lee Hodge |
| 17. | Barry Green, Esq., as Personal Representative of the Wrongful Death Estate of Rosalina Blea |
| 18. | Barry Green, Esq., as Personal Representative of the Wrongful Death Estate of Cordelia Weseman |
| 19. | Barry Green, Esq., as Personal Representative to the Wrongful Death Estate of Edwin Romero |

| 20. | Beverly Reed, as Executrix of the Estate of Thelma Reed, and on behalf of any wrongful death beneficiaries |
|-----|------------------------------------------------------------------------------------------------------------|
| 21. | Brenda Howard, on behalf of the Estate of Mildred Lewis |
| 22. | Bridget Y. Hannibal and Anita Maria Butler, as Co-Executors of the Estate of Jean Butler |
| 23. | Carol McKnight, on behalf of the Estate of Nancy Randall |
| 24. | Carroll Cagle, as Personal Representative of the Wrongful Death Estate of Stephanie La Fortune |
| 25. | Cassandra Williams, Individually and on behalf of the Estate of Linda Williams |
| 26. | Charles V. DiLabbio, Administrator of the Estate of Harry J. DiLabbio |
| 27. | Christina Brown-Hudson, as Administratrix of the Estat of Dell'l Bown |
| 28. | Christina Civils, as Power of Attorney and Next Friend of James Civils, incapacitated |
| 29. | Christine Kattermann, as Executrix of the Estate of Eleanor Bretzger |
| 30. | Contricia Scutching, Individually and as Executrix of the Estate of Willie Triplet, Deceased |
| 31. | Cornelia Joiner, on behalf of the Estate of Christa Bridge and in her own right |
| 32. | Dean McMurphy, Individually and as Administrator of the Estate of Tracey D. McMurphy |
| 33. | Dianne Smith, on behalf of Mary Jane Smith |
| 34. | Dominic Mannella, as Executor for the Estate of Sally Mannella |
| 35. | Donald Berry, Individually |
| 36. | Donna Arera, individually and as Administrator of the Estate of Helen Stalgaitis |
| 37. | Donna Brownstein, on behalf of the Estate of Steven Brownstein |
| 38. | Douglas Cerbie, Executor of the Estate of Mary Ann Cerbie |
| 39. | Edward Clark, Richard Clark, Elizabeth Sparr, Individually, and Edward Clark on behalf of the Estate of Aleene Clark |

| 40. | Erin Pearson, as Personal Representative of the Wrongful Death Estate of James Sanderson |
|---|---|
| 41. | Estate of Barbara Louise Matalucci, through Barbara Schlager, Executrix |
| 42. | Estate of Barbara Sligh |
| 43. | Estate of Jean F. Miller, through Sherrie A. Martinez, Administrator |
| 44. | Estate of Richard Ford |
| 45. | Estate of Roy Gaskins |
| 46. | Estate of Sheila J. Craig Mitchell, through Kimberly Lucky, Administrator |
| 47. | Eunice Fuentes Marquez, as personal representative of the wrongful death estate of Cointa Marquez Aragon |
| 48. | Faith Marietta Boose, as Administratrix of the Estate of Earl Morris |
| 49. | Franchesca Rodriguez, Individually |
| 50. | Frank C. Taylor, Administrator of the Estate of Maria A. Taylor, Deceased |
| 51. | Frank Jordan, Jr., as Administrator of the Estate of Mary Kathleen Jordan |
| 52. | Frauline Wolfe, as Representative of the Estate of Bryan Wolfe |
| 53. | Gabe Betancourt, Individually, and Vanessa Betancourt, as the Personal Representative of the Wrongful Death Estate of Nellie Betancourt |
| 54. | Glenn Howard, as Successor Administrator of the Estate of Joseph T. Bland, deceased |
| 55. | Gloria Cabrera and Francisco Ramirez, Co-Personal Representatives of the Estate of Ramona Ramirez, on behalf of the Estate of Ramona Ramirez |
| 56. | Greg L. Hunt, as Administrator of the Estate of Nancy R. Hunt |
| 57. | Guy Morra, Wayne Morra, Albert Morra, the Estate of Roberta Furnier and Robert C. Collins, II, as Administrator of the Estate of Maryanna Morra |
| 58. | Helen Laura Lopez, as Personal Representative of the Estate of Tom Pearl |
| 59. | Holly Hampton |
| 60. | Jacqueline Redmond |

| 61. | James E. Novak, Individually and as Personal Representative of the Estate of Janice C. Novak |
| 62. | James M. Saxon, Jr., on behalf of the Estate of Joyce Barber |
| 63. | James Williams, as Personal Representative of the Wrongful Death Estate of Josephine Garcia |
| 64. | Janet Katinowsky, Administratrix of the Estate of Jennie A. Katinowsky |
| 65. | Jennifer M. Palumbo and Laura A. Good, on behalf of the Estate of George Ilco |
| 66. | Jessica Hugar, Individually |
| 67. | Jo Harp, Executrix of the Estate of Nona Walker |
| 68. | Joan Birmingham on behalf of the Estate of Melady Siegfried |
| 69. | Joan K. Shayer |
| 70. | Joann Parlett, Individually and as Personal Representative of the Estate of Shirley Boulin, Debbie Durling, Bryan Howlin, and Ronald Howlin |
| 71. | Joe F. Byers, by and through his Successor-in-Interest, Courtland Byers; Courtland Byers, Individually; Armond Byers, Individually; and Joe Byers, Jr., Individually |
| 72. | Joetta McDowney, on behalf of the Estate of Thomasine Jones |
| 73. | Joleen Youngers, as Personal Representative of the Wrongful Death Estate of Presciliana Sanchez |
| 74. | Joseph Y. Sweeney as Administrator DBN/CTA of the Estate of Joseph A. Sweeney |
| 75. | Karen Peterson, as Administratrix of the Estate of Gladys Straight |
| 76. | Kathleen Phipps on behalf of the Estate of Rose Russell |
| 77. | Kathryn Williamson, on behalf of Gina Thiel |
| 78. | Kelvin Arrington, Individually, and as the Personal Representative of the Estate of Alma Page |
| 79. | Larrice Harris, individually |
| 80. | Larry B. Kline, on behalf of the Estate of David W. Kline, Sr. |
| 81. | Laurie Ann Bright on behalf of Kay A. Bright |

| 82. | Lawrence Zukowski, on behalf of the Estate of Frances Zukowski |
| 83. | Louis Rossignol, as Administrator of the Estate of Carlotta W. Elkins, deceased |
| 84. | Maria Dematteo, on behalf of the Estate of Gerard Berrigan |
| 85. | Maria L. Ayala, as Administratrix for the Estate of Oscar Rene Martinez |
| 86. | Mark Moss, Administrator of the Estate of Billy M. Moss |
| 87. | Mark Musso, on behalf of the Estate of Opal O. Musso |
| 88. | Mark Salfi, as Executor of the Estate of Salvatore Salfi |
| 89. | Marleen Chrzanowski, Individually |
| 90. | Martha Bennett-Ryder, Administratrix of the Estate of Virginia Smith |
| 91. | Mary Martinez, as Personal Representative of the Wrongful Death Estate of Candido Martinez |
| 92. | Melissa Devericks, as Personal Representative of the Estate of Charles Everett Devericks, Sr. |
| 93. | Melody Blake, on behalf of Arthur M. Blake |
| 94. | Merla Graves, as Administratrix of the Estate of Christal Graves |
| 95. | Michael Burdine, as Administrator of the Estate of Judy Burdine |
| 96. | Michelle Hoffmaster, on behalf of the Estate of Rita Bommarito |
| 97. | Michelle Sturtz, Individually and as Administratrix of the Estate of Jocelyn L. Wilson |
| 98. | Nicole Abramson, Personal Representative of the Estate of Aery Lawson, on behalf of the Estate of Aery Lawson |
| 99. | Nina Devito, on behalf of the Estate of Vincent Devito |
| 100. | Patricia A. Clifford, as Administratrix of the Estate of John Thomas Baker |
| 101. | Patricia Hanna, as Administratrix of the Estate of Jo Ann Robinson |
| 102. | Penny Raff, as Administratrix of the Estate of Tami Michelle Jennings |
| 103. | Randall H. Altar, on behalf of the Estate of James Thompson Alter, IV |
| 104. | Richard D. Schibell, on behalf of the Estate of Dolores Schibell-Tomaine |

| 105. | Richard James Kirk, Individually, and as Personal Representative of the Estate of Helen Marie Kirk; and Thomas Edward Kirk, Individually, and as Personal Representative of the Estate of Helen Marie Kirk |
|---|---|
| 106. | Robert M. Brown, Jr. as Administrator of the Estate of Robert M. Brown, Sr. |
| 107. | Romeo Ralph |
| 108. | Rosemarie Bucciarelli, on behalf of the Estate of Joseph Bucciarelli |
| 109. | Russell Barnes, on behalf of Carrie Barnes |
| 110. | Samantha Ritter, on behalf of the Estate of Michelle M. Coquet |
| 111. | Scott Wabals, on behalf of the Estate of Sally Martin |
| 112. | Sharifah Bell and Joel Belcher as Co-Guardians of Antoinette Bell |
| 113. | Stephanie Claudio, as Power of Attorney for Cheryl Kulis |
| 114. | Steven S. Tucker and Amir L. Tucker, as Administrators of the Estate of Steven Seals |
| 115. | Sylvester McElhaney |
| 116. | Tammy Riemenschnitter, on behalf of Heinrich Riemenschnitter |
| 117. | Teresa Fowler, as Administratrix of the Estate of Reva L. Buckbee |
| 118. | Teresa Thompson, as Personal Representative of the Estate of Orencle Barlow, deceased |
| 119. | Tiffany Diane Wiggins, as Personal Representative of the Estate of Diane McDonald Wiggins |
| 120. | Tommy Wayne White, Personal Representative of the Estate of Pauline White |
| 121. | Valerie Bess, Administrator of the Estate of Mark Bess, Deceased |
| 122. | Vicki Ann Miller, individually and as Personal Representative of the Estate of Brian Michael Miller, Joshua Miller, Nicolas Miller, and Analisa Miller |
| 123. | William Brown, Individually |
| 124. | William Chadwell, as Next Friend and Power of Attorney of Patsy Chadwell |
| 125. | William P. Watson, on behalf of the Estate of Joanne M. Watson |
| 126. | William Chadwell, as Next Friend and Power of Attorney of Patsy Chadwell |

| 127. | Odette Brown, Individually and as Administratrix of the Estate of John Labruce Brown |
|------|--------------------------------------------------------------------------------------|
| 128. | Stacy Tyler, Individually and as Special Administrator of the Estate of Gary Tyler |
| 129. | Riley Schaffer as Personal Representative of the Estate of Rachael Schaffer |
| 130. | Barbara Law |
| 131. | Mark F. Bush, as Administrator of the Estate of Joel D. Busch |
| 132. | Carol Ann Guthrie |
| 133. | Glen Ray Hodge, as Administrator of the Estate of Mary Evelyn Hodge |
| 134. | Crystal Lawrence, as Administratrix of the Estate of Kenneth White Sr. |
| 135. | Carolyn Woehl, as representative of the Estate of Louis Woehl, Deceased |
| 136. | Marguerite Brooks |
| 137. | Kathy Williams |
| 138. | Neil H. Gomillion and Lanita Gomillion |
| 139. | Darla Adolini |
| 140. | David Alison |
| 141. | Marlin Kyle Allen |
| 142. | Katherine Aranda |
| 143. | Dorothy Atkinson |
| 144. | Paul Auman |
| 145. | Clyde Baker |
| 146. | Jonathan Baldwin |
| 147. | Barbara Barron |
| 148. | Sharly Battle |
| 149. | Tammy Beatty |
| 150. | Barry Beaudoin |
| 151. | Pedro Benavidez |

| 152. | Bonnie Blanton |
|------|----------------|
| 153. | David Bohr |
| 154. | Karen Brant |
| 155. | Naomi Brown |
| 156. | Lorraine Brown |
| 157. | Nancy Burkert |
| 158. | Robert Butera |
| 159. | Helen Byers |
| 160. | Louise Byers |
| 161. | James Caldwell |
| 162. | Kathleen Camara |
| 163. | Allen Camp |
| 164. | William Campbell |
| 165. | Tammy Carita |
| 166. | Priscilla Carr |
| 167. | Raymond Carrillo |
| 168. | Marjorie Carroll |
| 169. | Macario Chavez |
| 170. | Virginia Clibbens |
| 171. | Mary Conte |
| 172. | Lana Couzzens-Heywood |
| 173. | Darlene Davies |
| 174. | Grace Kelly Davis |
| 175. | Ana Luz de Fernandez |
| 176. | Diana DeRosato |
| 177. | Johnnie Mae Devlin |

| 178. | Jeffrey Dietz |
|------|---------------|
| 179. | Willis Ordney Dillon |
| 180. | Kirk Dixon |
| 181. | Shirleen Doorly |
| 182. | Barbara Edwards |
| 183. | Maria Escajeda |
| 184. | Ray Fegley |
| 185. | Rafael Fernandez |
| 186. | Gayle Fincher |
| 187. | Vernetta Floyd |
| 188. | La'Toya Gaither |
| 189. | Deborah Gallagher |
| 190. | Josefina Garcia |
| 191. | Shealynn Garnenez |
| 192. | Roger Gendreau |
| 193. | June Giancaterino |
| 194. | Marianne Gilgore |
| 195. | Alfred Giombetti |
| 196. | Ronald Gochenauer |
| 197. | Emmajane Goudarzi |
| 198. | Joan Anne Haniebnick |
| 199. | Elizabeth Harkins |
| 200. | Wallace Hayden Jr. |
| 201. | Marcy Henderson |
| 202. | Mabel Hill |
| 203. | Lucille Hopson |

| 204. | Antolino Jacquez |
| 205. | Joyce Kajmo |
| 206. | Patricia Kelly |
| 207. | Vera Kenney |
| 208. | Michael Lawley |
| 209. | Joanne Leiss |
| 210. | Alan Levine |
| 211. | Linda Lopez |
| 212. | Sonia Lynagh |
| 213. | Marlena Mack |
| 214. | Matthew May |
| 215. | Lois McCabe |
| 216. | Jacqueline McManus |
| 217. | Manuel Medina |
| 218. | Janet Messier |
| 219. | Carolyn Mitchell |
| 220. | Edwin Moulton |
| 221. | Ana Oriz |
| 222. | Joseph Overend |
| 223. | Robert Parker |
| 224. | Nancy Parker |
| 225. | Frances Parker |
| 226. | Jerry Pickeral |
| 227. | Arthur Pomerleau |
| 228. | Roberta Quinn |
| 229. | Mary Ramos |

| 230. | Shirley L. Refile |
| 231. | Kathryn Reveille |
| 232. | Dorothy Rice |
| 233. | Thomas Rozier |
| 234. | Patricia Russo |
| 235. | Christopher Sanchez |
| 236. | Harold Sanders |
| 237. | Susana Santos |
| 238. | Sally Scanlon |
| 239. | Linda Schoene |
| 240. | Neil Shotton |
| 241. | James Shreve |
| 242. | Patricia Smith |
| 243. | Gwendolyn Smith |
| 244. | Vicki Staller |
| 245. | Cleo Stewart |
| 246. | Timothy Stubbs |
| 247. | Honorata Szypulski |
| 248. | Magnolia Terry |
| 249. | Anna Thomas |
| 250. | Kathryn Thomas |
| 251. | Donald Thomas Sr. |
| 252. | Geraldine Thompson |
| 253. | Donald/Shernita Thornton |
| 254. | Barbara Tinch |
| 255. | Karen Toto |

| 256. | Donald Treimann |
| 257. | Susan Udinsky |
| 258. | Darlene Umbrell |
| 259. | George Velez |
| 260. | Margaret/John/James Vogel |
| 261. | Inez Wallace |
| 262. | Audrey Walton |
| 263. | Martha Watson |
| 264. | Frank Whiteside |
| 265. | Hugh Williams |
| 266. | Doreen Wind |
| 267. | Arthur Wlodarski |
| 268. | Kathleen Wolff |
| 269. | Edward Wormley |
| 270. | Michael Wulstein |
| 271. | Donna Wyant |
| 272. | Sharon Yaple |
| 273. | Michael Zonfrillo |