**STINSON LLP**
Zachary Hemenway (NDTX Bar No. 59670MO)
Nicholas Zluticky (*pro hac vice*)
Miranda Swift (*pro hac vice*)
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com
miranda.swift@stinson.com

*Proposed Co-Counsel to the Statutory Unsecured Claimholders' Committee of Genesis Healthcare, Inc., et al.*

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| GENESIS HEALTHCARE, INC., et al., | Case No. 25-80185 (SGJ) |
| Debtors.[1] | |

**LIMITED OMNIBUS RESPONSE AND RESERVATION OF RIGHTS
OF THE STATUTORY UNSECURED CLAIMHOLDERS' COMMITTEE
TO THE RETENTION APPLICATIONS OF THE DEBTORS' PROFESSIONALS**

The Statutory Unsecured Claimholders' Committee (the "Committee") of Genesis Healthcare, Inc., *et al.* (the "Debtors"), by and through its undersigned counsel, hereby submits a limited omnibus response and reservation of rights to the respective retention applications of the Debtors' proposed professionals (the "Debtors' Professionals") [Docket Nos. 246, 247, 248, and

---

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, for which the Debtors have requested joint administration. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' proposed claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

1

249] (collectively, the "Retention Applications") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), and respectfully states as follows:

**LIMITED RESPONSE**

1. The Committee files this Limited Response requesting the Debtors' Professionals make supplemental disclosures regarding their connections with parties the Debtors propose to expressly release in connection with Stalking Horse Purchase Agreement [Docket No. 457].

2. On July 29, 2025, the Debtors' Professionals filed their respective Retention Applications pursuant to which the Debtors seek Court approval to retain the Debtors' Professionals as legal and financial advisors, as applicable, in the Chapter 11 Cases. The Retention Applications state that the Debtors' Professionals reviewed potential connections to the Debtors and other parties in interest to demonstrate satisfaction of the relevant disinterestedness requirements. *See* 11 U.S.C. § 101(14), 327(a), 328(c); Fed. R. Bankr. P. 2014. However, based on the lists of potential parties in interest provided in the Retention Applications, the Debtors' Professionals did not review potential connections and conflicts of interest with respect to parties who are explicitly to be provided releases in accordance with the Stalking Horse Asset Purchase Agreement. *See* Docket No. 457 at 20. These "Released Parties" that were omitted from the potential parties list include, but, are not limited to:

   i. Joel Landau,
   ii. David Gefner,
   iii. Pinta Capital Partners,
   iv. Perigrove, and
   v. Integra WIP Tenant LLC[2].

---

[2] Released Parties is defined to include "ReGen Healthcare, LLC, WAX Dynasty Partners LLC, MAO 22322 LLC, Pinta Capital Partners, Perigrove, Integra WIP Tenant, [CPE 88988 LLC], **each of their respective present and**

2

3. Because the Released Parties are receiving potentially valuable releases of estate claims and causes of action against them, the Professionals must disclose any potential connections to the Released Parties to ensure they satisfy the disinterestedness requirements under the Bankruptcy Code and other relevant authorities.

4. The Committee's proposed professionals have included the Released Parties as part of their respective conflicts review, and will disclose any potential connections to the Released Parties in their forthcoming retention applications.

5. This reservation of rights is directed at the adequacy of the disclosure, and the concern that the omission of parties in interest from the disclosure has rendered the parties in interest list inadequate, which omission impacts the ability to evaluate the Retention Applications as well as the ability of other professionals to perform a fulsome conflicts check.[3]  To be clear, the Committee believes the Debtors have the right to retain any professionals that they choose, in accordance with the Bankruptcy Code.

## RESERVATION OF RIGHTS

6. The Committee reserves the right to object or otherwise respond to the Retention Applications once the Professionals make the necessary supplemental disclosures described herein.

---

**former parents, subsidiaries and affiliates, and each of their respective officers, directors, partners, equity holders, managers, members, predecessors, successors, assigns, attorneys, agents, employees, managers, and representatives**, each solely in such capacity, including, without limitation, Joel Landau and David Gefner."  To the extent the Professionals know the identities of the related parties who would receive releases under this expansive definition, the Professionals should be required to disclose connections to these parties as well.

[3] We understand Debtors' proposed counsel has recently completed a merger. To the extent the Debtors' have already completed the process of now supplementing to account for that new firm composition, the Committee has no issue with the Debtors combining that supplement with the one discussed herein. The Committee reserves all rights regarding the Retention Applications until the Committee has had the chance to review all supplemental disclosures.

3

## **CONCLUSION**

The Committee respectfully requests that the Court direct the Debtors to supplement the Retention Applications to disclose any potential connections to the Released Parties, and extend the deadline of all parties in interest to object or otherwise respond to the Retention Applications until seven (7) days after such disclosures are made.

**STINSON LLP**

By: /s/ *Zachary H. Hemenway*
Zachary Hemenway (NDTX Bar No. 59670MO)
Nicholas Zluticky (*pro hac vice*)
Miranda Swift (*pro hac vice*)
1201 Walnut, Suite 2900
Kansas City, MO 64106
Telephone: (816) 842-8600
nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com
miranda.swift@stinson.com

*Proposed Counsel to the Statutory Unsecured Claimholders' Committee of Genesis Healthcare, Inc., et al.*

CORE/3534790.0002/231065395.2

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 20, 2025, the foregoing document was electronically filed with the court using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF System.

                                                    */s/ Zachary H. Hemenway*
                                             Proposed Counsel for the Committee

CORE/3534790.0002/231065395.2