Leslie Kulas Burke (pro se)
Jaclyn Rohr (pro se)
PO BOX 512
Plaistow, NH 03865
Telephone: (603) 777-2616
Email: jjwkguardian@gmail.com

*Co-Guardians for John J.W. Kulas*

FILED

AUG 2 1 2025

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

In re:                                           Chapter 11

**GENESIS HEALTHCARE, INC., et al.,**

　　　　Debtors.                                Case No. 25-80185-sgj11

**SUPPLEMENTAL RESERVATION OF RIGHTS AND LIMITED OBJECTION TO DOCKET NO. 500 BY INTERESTED PARTIES LESLIE KULAS BURKE AND JACLYN ROHR, CO-GUARDIANS FOR JOHN J.W. KULAS**

**TO THE HONORABLE COURT AND ALL PARTIES IN INTEREST:**

Interested Parties Leslie Kulas Burke and Jaclyn Rohr, as court-appointed Co-Guardians for disabled veteran John J.W. Kulas, respectfully submit this Supplemental Reservation of Rights and Limited Objection to Docket No. 500 (Certificate of Counsel Regarding Revised Lease Rejection Order), and in support thereof state:

### I. PRELIMINARY STATEMENT

1. Interested Parties do not object in principle to the Debtors' efforts to reject burdensome lease obligations. However, they raise substantive concerns stemming from significant contradictions between representations made by Genesis Healthcare, Inc. in this Chapter 11 proceeding and representations made by Genesis counsel in the pending adversary

proceeding in the U.S. Bankruptcy Court for the District of New Hampshire, Case No. 25-01002-KJB.

2. Specifically, Debtors' counsel has repeatedly maintained in the New Hampshire adversary proceeding that Langdon Place of Dover, a facility at which John J.W. Kulas was a resident in 2023, is no longer under Genesis's ownership or control. Counsel argued that the facility was "sold," that Genesis lacks authority over Dover SNF OPCO LLC (the alleged operator), and therefore cannot produce requested discovery documentation.

3. In stark contrast, Docket No. 500 filed in this Court seeks authority for Sunbridge Healthcare, LLC, a Debtor affiliate, to reject the very lease governing the Langdon Place of Dover facility, thereby establishing that Genesis retained contractual obligations and control over the property and its subtenants, including Dover SNF OPCO LLC.

4. This contradiction undermines the credibility of the Debtors' positions in related litigation and raises serious concerns that the purported sale was illusory, intended to shield Genesis from liability while retaining the benefit of contractual and financial entanglements.

## II. RESERVATION OF RIGHTS

5. Interested Parties expressly reserve all rights to:

   - Object to the form, scope, and effect of the proposed lease rejection as it pertains to the Langdon Place of Dover facility;

   - Seek discovery, sanctions, or case-specific relief if further contradictions or concealments are established;

   - Pursue clarification of the true corporate relationship between Genesis, Sunbridge, Black Mountain Peak Healthcare LLC, Dover SNF OPCO LLC, and related physician billing entities (e.g., Alignmed Partners PC), which have obstructed discovery efforts in the New Hampshire case;

- Challenge any findings or implications that Dover SNF OPCO LLC is shielded by the automatic stay, especially given its recent appearance in this case (Docket No. 455) seeking estate distributions.

### III. LEGAL BASIS

6. While 11 U.S.C. § 365(a) permits the rejection of executory contracts and unexpired leases, the Debtor must demonstrate good faith and business judgment. However, lease rejection cannot be used as a vehicle to mislead courts or manipulate jurisdictional defenses.

7. Courts have held that "gamesmanship" and strategic obfuscation are not protected by bankruptcy protections. See *In re Continental Airlines*, 91 F.3d 553, 565 (3d Cir. 1996); *In re Jernigan*, 236 B.R. 753, 758 (Bankr. N.D. Tex. 1999), aff'd, 263 B.R. 353 (N.D. Tex. 2001).

8. Moreover, in *Grogan v. Garner*, 498 U.S. 279, 286–87 (1991), the Supreme Court made clear that bankruptcy laws are not intended to protect dishonest conduct, and equitable doctrines apply where abuse is demonstrated.

### IV. REQUEST FOR RELIEF

9. Accordingly, Interested Parties respectfully request that the Court:

- Take judicial notice of the material contradictions between Debtors' positions in this proceeding and in New Hampshire Adversary No. 25-01002-KJB;

- Permit Interested Parties to conduct discovery, obtain documents, or intervene if necessary to preserve their rights;

- Condition approval of the lease rejection for Langdon Place of Dover on full disclosure of all affiliates and related-party transactions affecting that facility;

- Allow for supplemental objections or motions should further evidence emerge that Debtors' counsel misrepresented facts to avoid liability in other proceedings;

- Grant such other and further relief as justice may require.

WHEREFORE, the Interested Parties respectfully reserve their rights as set forth herein and request such other and further relief as this Court deems just and proper.

August 20, 2025

Respectfully submitted,

Leslie Kulas Burke
Co-Guardian for John J.W. Kulas
Appearing *Pro Se*
PO BOX 512
Plaistow, NH 03865

**Signature:** _____

Jaclyn Rohr
Co-Guardian for John J.W. Kulas
Appearing *Pro Se*
62 Ledgeview Dr
Rochester, NH 03839

**Signature:** _____

Leslie Kulas Burke (pro se)
Jaclyn Rohr (pro se)
PO BOX 512
Plaistow, NH 03865
Telephone: (603) 777-2616
Email: jjwkguardian@gmail.com
*Co-Guardians for John J.W. Kulas*

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION

In re:                                                          Chapter 11

**GENESIS HEALTHCARE, INC., et al.,**

      Debtors.                                          Case No. 25-80185-sgj11

**SUPPLEMENTAL RESERVATION OF RIGHTS AND LIMITED OBJECTION TO DOCKET NO. 500 BY INTERESTED PARTIES LESLIE KULAS BURKE AND JACLYN ROHR, CO-GUARDIANS FOR JOHN J.W. KULAS**

We, Leslie Kulas Burke and Jaclyn Rohr, certify that on August 19, 2025, a copy of **Supplemental Reservation of Rights Regarding Docket No. 500** was served via the Court's CM/ECF system, which automatically serves all counsel of record and registered parties in this case, including, without limitation, counsel for the Debtors, counsel for the Official Committee of Unsecured Creditors, the Office of the United States Trustee, and other parties listed on the Master Service List.

To the extent any party on the Master Service List is not a registered CM/ECF user, service was made by first-class mail, postage prepaid, or by other means permitted under the Federal Rules of Bankruptcy Procedure, to the address set forth in the Court's records.

We declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: August 20, 2025

Signed:

| | |
|---|---|
| Leslie Kulas Burke<br>PO BOX 512<br>Plaistow, NH 03865<br>(603) 777-2616<br><br>**Signature:** _/s/ Leslie Kulas Burke_ | Jaclyn Rohr<br>62 Ledgeview Dr<br>Rochester, NH 03839<br>(603) 343-6096<br><br>**Signature:** _/s/ Jaclyn Rohr_ |