| | |
|---|---|
| **MCDERMOTT WILL & SCHULTE LLP**<br>Marcus A. Helt (TX 24052187)<br>Jack G. Haake (TX 24127704)<br>2801 N. Harwood Street, Suite 2600<br>Dallas, Texas 75201-1574<br>Telephone:  (214) 295-8000<br>Facsimile:  (972) 232-3098<br>Email:  mhelt@mwe.com<br>  jhaake@mwe.com<br><br>*Proposed Counsel for the Debtors and Debtors-in-Possession* | **MCDERMOTT WILL & SCHULTE LLP**<br>Daniel M. Simon (admitted *pro hac vice*)<br>Emily C. Keil (admitted *pro hac vice*)<br>William A. Guerrieri (admitted *pro hac vice*)<br>Catherine T. Lee (admitted *pro hac vice*)<br>Landon W. Foody (admitted *pro hac vice*)<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606<br>Telephone:  (312) 372-2000<br>Facsimile:  (312) 984-7700<br>Email:  dsimon@mwe.com<br>  ekeil@mwe.com<br>  wguerrieri@mwe.com<br>  clee@mwe.com<br>  lfoody@mwe.com |

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) | Case No. 25-80185 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket Nos. 243, 358, 652** |

### DEBTORS' LIMITED OBJECTION TO
### MOTION TO ENFORCE SETTLEMENT AGREEMENT

Genesis Healthcare, Inc. ("Genesis") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file this limited objection (the "Limited Objection") to the *Motion to Enforce Settlement*

---

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

*Agreement* [Docket No. 358] (the "Motion")² filed by Angelise Harley, Carla Johnson, Glen Johnson, Gregory Johnson, and Angela Swann (collectively, the "Johnson Family"). In support thereof, the Debtors respectfully represent as follows:

## PRELIMINARY STATEMENT

1. The Debtors file this Limited Objection to (a) provide notice to the Johnson Family, and any other similarly situated parties, that any attempt to collect outstanding prepetition amounts from the Debtors is a violation of the automatic stay and (b) explain the appropriate method for parties, including the Johnson Family, to assert a prepetition claim against the Debtors (*i.e.*, filing a proof of claim). Were the Court to grant the relief requested in the Motion—namely to order the Debtors to pay the prepetition settlement balance in full—all other creditors of the Debtors' estates would be harmed by such preferential treatment of the Johnson Family's claim. Additionally, granting this relief would only result in a proverbial race to the courthouse that title 11 of the United States Code (the "Bankruptcy Code") seeks to prevent, as other similarly situated claimants would quickly file similar motions to collect the entirety of their prepetition claims. Accordingly, the Debtors request that the Court deny the Motion and invite the Johnson Family to file a proof of claim in these Chapter 11 Cases on account of their asserted prepetition claim.

## BACKGROUND

**I.    The Chapter 11 Cases**

2. Beginning on July 9, 2025 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in this Court. The Debtors continue to operate their businesses and manage their

---

² The Motion was originally filed as a letter to the Court from the Johnson Family on July 29, 2025. *See* Docket No. 243. The same letter was re-docketed as a "Motion to Enforce Settlement Agreement" on August 7, 2025. *See* Docket No. 358.

2

properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. On July 30, 2025, the Office of the United States Trustee for Region 6 appointed the official committee of unsecured creditors. *See* Docket Nos. 250, 262, 593, 698, 699. To date, no trustee or examiner has been appointed in the Chapter 11 Cases.

4. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Louis E. Robichaux IV in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 18].

## II. The Johnson Family Settlement Claim

5. On October 30, 2024, the Johnson Family entered into a settlement agreement with the Debtors in the amount of $950,000.00 on account of an asserted wrongful death claim (the "Prepetition Settlement Claim"). The Prepetition Settlement Claim was to be paid in installments, with the final installment payment scheduled to occur prior to June 30, 2025. As of the Petition Date, the outstanding balance of the Prepetition Settlement Claim totaled $112,500.00.

6. On July 29, 2025, the Johnson Family filed their letter with the Court, seeking payment in full of the outstanding balance of the Prepetition Settlement Claim. *See* Docket No. 243. The same letter was re-docketed as a "Motion to Enforce Settlement Agreement" on August 7, 2025. *See* Docket No. 358. On August 27, 2025, the Court set the Motion for hearing on September 10, 2025 at 9:30 a.m. (prevailing Central Time). *See* Docket No. 652.

## III. The Bar Date Motion

7. On July 28, 2025, the Debtors filed the *Debtors' Motion for Entry of Order (I) Setting Bar Dates for Filing Proofs of Claim; (II) Approving Form and Manner of Filing Proofs*

3

*of Claim; (III) Approving the Notice of Bar Dates; and (IV) Granting Related Relief* [Docket No. 221] (the "Bar Date Motion"). The Bar Date Motion sought, among other things, to (a) establish deadlines for filing proofs of claim in the Chapter 11 Cases, (b) approve a proposed proof of claim form and procedures associated with the submission of such form, and (c) approve the proposed noticing procedures of the deadlines to potential claimants.

8. On August 28, 2025, the Court entered the order (the "Bar Date Order") approving the relief requested in the Bar Date Motion. *See* Docket No. 690. Among other things, the Court established October 31, 2025 at 4:00 p.m. (prevailing Central Time) (the "General Bar Date") as the deadline for all persons and entities (other than governmental units) holding a claim against the Debtors arising (or deemed to arise) on or before the Petition Date to file a proof of claim against the Debtors.

**BASIS FOR RELIEF REQUESTED AND APPLICABLE AUTHORITY**

**I.    The Prepetition Settlement Claim is a General Unsecured Claim that May Not be Paid Outside of a Chapter 11 Plan.**

9. By the Motion, the Johnson Family seeks prompt payment of the Prepetition Settlement Claim prior to payment of claims held by all other creditors, including secured creditors, administrative priority creditors, other priority creditors, and general unsecured creditors. However, the Johnson Family cites no statute, case law, or order of this Court that would support this request. As such, granting the relief requested in the Motion would be inequitable to the Debtors' other stakeholders and contrary to the policies underlying the Bankruptcy Code, which sets forth certain priority rules governing distributions to creditors in chapter 11 cases.

10. Specifically, under Bankruptcy Code section 507, general unsecured claims fall behind secured claims, administrative expenses, wages, and certain taxes, among others. *See* 11 U.S.C. § 507(a). This priority system is a fundamental principle of the Bankruptcy Code. *See*

4

*Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 465 (2017). In fact, "absent the most extraordinary circumstances, prepetition general unsecured claims should—must—not be paid other than through a plan." *In re CoServ, L.L.C.*, 273 B.R. 487, 502 (Bankr. N.D. Tex. 2002); *see also In re CEI Roofing, Inc.*, 315 B.R. 50, 60 (Bankr. N.D. Tex. 2004) (*citing CoServ, L.L.C.*, 273 B.R. at 494) (stating courts are generally "unwilling . . . to authorize payment of prepetition general unsecured claims prior to plan confirmation because of the concern that the payment of such claims would (1) effect a different priority scheme than the priorities established by Congress in the Bankruptcy Code . . . and (2) result in an unfair and impermissible discrimination among holders of general unsecured claims.").

11. Absent further evidence, the Prepetition Settlement Claim is an asserted general unsecured claim and cannot be paid outside of a chapter 11 plan during the pendency of the Chapter 11 Cases. Given the foregoing authority and the payment priorities set forth in the Bankruptcy Code, the Debtors have no obligation to pay the Prepetition Settlement Claim immediately or in full. Rather, the Johnson Family may file a proof of claim in the Chapter 11 Cases for the Prepetition Settlement Claim by the General Bar Date and any recoveries with respect to the same will be addressed through a chapter 11 plan.

**II. The Johnson Family's Proper Recourse is to File a Proof of Claim.**

12. Though the Motion is the improper method for the Johnson Family to request payment of the Prepetition Settlement Claim, the Johnson Family is not left without a means to assert their claim against the Debtors in these Chapter 11 Cases. As established by this Court through the Bar Date Order, the Johnson Family may file a proof of claim in advance of the General Bar Date (*i.e.*, October 31, 2025 at 4:00 p.m. (CT)) on account of the Prepetition Settlement Claim. The proof of claim form is attached as Exhibit 1 to the Bar Date Order and is available on the

5

Debtors' chapter 11 website at https://dm.epiq11.com/Genesis. Any such proof of claim will be reviewed, reconciled, and administered in connection with any chapter 11 plan filed by the Debtors in these Chapter 11 Cases. Accordingly, by filing such proof of claim, the Johnson Family has a proper means to assert the Prepetition Settlement Claim in accordance with the Bankruptcy Code.

### III. Any Attempt to Collect the Prepetition Settlement Claim is Objectively Barred by the Automatic Stay.

13. Bankruptcy Code section 362(a) immediately imposes an automatic stay upon commencement of a chapter 11 case and prohibits all entities from taking certain actions against the debtor, including "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a); *see also Campbell v. Countrywide Home Loans, Inc.*, 545 F.3d 348, 354–55 (5th Cir. 2008) ("When a bankruptcy petition is filed, an automatic stay operates as a self-executing injunction.").[3]

14. The purpose of the automatic stay is to provide debtors with a "breathing spell from [their] creditors" and channel competing claims for a debtor's assets into a single forum to provide a platform for the debtor's reorganization. *Browning v. Navarro*, 743 F.2d 1069, 1083 (5th Cir. 1984) (citing S. Rep. No. 989, 95th Cong., 2d Sess. 54–55, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5787, 5840–41; H.R. Rep. No. 595, 95th Cong., 1st Sess. 340, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6297); *see also In re Timbers of Inwood Forest Assocs., Ltd.*, 793 F.2d 1380, 1409 (5th Cir. 1986), *on reh'g*, 808 F.2d 363 (5th Cir. 1987), *aff'd sub nom. United Sav. Ass'n of Tex. v. Timbers of Inwood Forest Assocs, Ltd.*, 484 U.S. 365 (1988).

---

[3] *See also In re Envision Healthcare Corp.*, 655 B.R. 701, 711 (2023) ("Federal bankruptcy law says that the creation of an estate is automatic and immediate upon a bankruptcy filing. There is no metaphysical moment in time for state law to alter or modify any prepetition legal rights between the filing of the petition and creation of the estate. And the automatic stay begins at the same time the petition is filed to protect a debtor and its creditors. Congressional intent that these events occur simultaneously and instantaneously is supported by § 541(c)(1)(B), which ensures that state law cannot be used to deprive a debtor of property rights because of a bankruptcy filing.").

15. By the Motion, the Johnson Family seeks to collect payment on its Prepetition Settlement Claim in contravention of the rules established by the Bankruptcy Code. Accordingly, the automatic stay bars such collection actions and the Johnson Family cannot proceed with further collection action absent relief from the automatic stay. As noted above, the Johnson Family is not without recourse and may file a proof of claim in these Chapter 11 Cases before the General Bar Date, asserting any and all amounts owed in connection with the Prepetition Settlement Claim.

## **RESERVATION OF RIGHTS**

16. Nothing contained in this Limited Objection should be construed as any admission, waiver, agreement, settlement, or allowance by the Debtors of any claim asserted against them, including the Prepetition Settlement Claim. The Debtors reserve all rights, objections, counterclaims, and defenses with respect to the Prepetition Settlement Claim.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court deny the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: September 4, 2025
Dallas, Texas

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:    mhelt@mwe.com
    jhaake@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:    dsimon@mwe.com
    ekeil@mwe.com
    wguerrieri@mwe.com
    clee@mwe.com
    lfoody@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF. The Debtors' claims and noticing agent will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing.

Dated: September 4, 2025　　　　　　　　**MCDERMOTT WILL & SCHULTE LLP**
　　　　Dallas, Texas

　　　　　　　　　　　　　　　　　　　　*/s/ Marcus A. Helt*
　　　　　　　　　　　　　　　　　　　　Marcus A. Helt (TX 24052187)
　　　　　　　　　　　　　　　　　　　　2801 N. Harwood Street, Suite 2600
　　　　　　　　　　　　　　　　　　　　Dallas, Texas 75201-1574
　　　　　　　　　　　　　　　　　　　　Telephone:　(214) 295-8000
　　　　　　　　　　　　　　　　　　　　Facsimile:　(972) 232-3098
　　　　　　　　　　　　　　　　　　　　Email:　　　mhelt@mwe.com

　　　　　　　　　　　　　　　　　　　　*Proposed Counsel for the Debtors and Debtors-in-Possession*