

**CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed September 5, 2025**

_____
United States Bankruptcy Judge
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) | Case No. 25-80185 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket Nos. 247, 703** |

### ORDER (I) AUTHORIZING DEBTORS TO RETAIN ANKURA CONSULTING GROUP, LLC AS RESTRUCTURING ADVISOR, (II) DESIGNATING LOUIS E. ROBICHAUX IV AND RUSSELL A. PERRY AS CO-CHIEF RESTRUCTURING OFFICERS FOR THE DEBTORS, IN EACH CASE EFFECTIVE AS OF THE PETITION DATE, AND <u>(III) APPROVING THE ENGAGEMENT LETTER RELATED THERETO</u>

---

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

Upon the application (the "Application")[2] of the Debtors for entry of an order (this "Order"), authorizing, but not directing, the Debtors, pursuant to sections 105(a) and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), to (a) retain and employ Ankura as their restructuring advisor and (b) designate Louis E. Robichaux IV and Russell A. Perry as Co-Chief Restructuring Officers (each, a "Co-CRO") and employ the Additional Personnel pursuant to the terms of the Engagement Letter, in each case effective as of the Petition Date, all as more fully set forth in the Application; and the Court being satisfied that (a) Ankura has the capability and experience to provide the services described in the Application, (b) Ankura does not hold or represent an interest adverse to the Debtors or their estates related to any matter for which it will be employed, and (c) Ankura is a "disinterested person" as defined in Bankruptcy Code section 101(14); and upon consideration of the Perry Declaration and the *Supplemental Declaration of Russell A. Perry in Support of the Debtors' Application for Entry of Order (I) Authorizing Debtors to Retain Ankura Consulting Group, LLC, as Restructuring Advisors, (II) Designating Louis E. Robichaux IV and Russell A. Perry as Co-Chief Restructuring Officers for the Debtors, in Each Case Effective as of the Petition Date, and (III) Approving the Engagement Letter Related Thereto* [Docket No. 703]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Application in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Application having been given under the

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

particular circumstances; and the Court having reviewed the Application; and the Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is granted as set forth herein.

2. Pursuant to Bankruptcy Code sections 105(a) and 363(b), the Debtors are authorized, but not directed, to (a) retain and employ Ankura as their restructuring advisor; (b) designate Louis E. Robichaux IV and Russell A. Perry as Co-CROs; and (c) employ the Additional Personnel pursuant to the terms of the Engagement Letter, in each case effective as of the Petition Date.

3. The terms of the Engagement Letter, attached to the Application as <u>Exhibit C</u>, are approved in all respects (including, without limitation, the compensation provisions and the indemnification provisions), subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application to the contrary:

    (a) Ankura and its controlled affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with these chapter 11 cases.

    (b) In the event the Debtors seek to have Ankura personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new personnel, or (iii) altering or expanding the scope of the engagement, a motion to modify the

retention shall be filed.

(c) No principal, employee or independent contractor of Ankura or its subsidiaries shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

(d) The Debtors are permitted to indemnify those persons serving as executive officers on the same terms as provided to the Debtors' other officers and directors under the corporate bylaws and applicable state law, along with insurance coverage under the Debtors' directors and officers insurance policy.

(e) For a period of three years after the conclusion of the engagement, neither Ankura nor any of its subsidiaries shall make any investments in the Debtors or the reorganized Debtors.

(f) Ankura shall disclose all facts that may have a bearing on whether the firm, its controlled affiliates, and/or any individuals working on the engagement hold or represent any interest adverse to the Debtors, their creditors, or other parties in interest. The obligation to disclose identified in this subparagraph is a continuing obligation.

4. Ankura shall be compensated for its services and reimbursed for any related expenses in accordance with the Fee and Expense Structure set forth in the Application, the Perry Declaration, and the Engagement Letter. Ankura and its personnel shall conform to the Fee and Expense Structure outlined in the Application and the Engagement Letter. For the avoidance of doubt, any request by Ankura for the reimbursement of any actual, necessary costs and expenses incurred in connection with the rendering of services in these Chapter 11 Cases shall comply with the fee and expense guidelines promulgated by the U.S. Trustee and the Court, except as otherwise ordered herein.

5. Ankura shall file with the Court, and provide notice of the same to the United States Trustee (the "U.S. Trustee"), counsel to the DIP Lenders, and counsel to any official committee appointed in these Chapter 11 Cases (collectively, the "Notice Parties"), a monthly report of staffing for the engagement (each, a "Monthly Staffing Report") by the 20th of each month for the

4

previous month, which report will include the names and tasks filled by all Engagement Personnel involved in this matter. The Monthly Staffing Report (and Ankura's staffing for this matter) will be subject to review by the Court only in the event so requested by any of the Notice Parties. For the avoidance of doubt, the Co-CROs will provide aggregate time in half-hour segments, irrespective of category. Ankura will file its first Monthly Staffing Report by September 20, 2025, for the period covering the Petition Date through August 31, 2025.

6. Ankura shall file with the Court, and provide notice of the same to the Notice Parties, reports of compensation earned and expenses incurred on a quarterly basis (each, a "Quarterly Report"). Each Quarterly Report will (a) summarize the services provided to the Debtors by project category, (b) summarize the compensation earned by each of the Ankura personnel, (c) identify the time expended by Ankura personnel, by project category, reported in tenth of an hour increments for Additional Personnel and half-hour increments for fixed fee personnel (including the Co-CROs), and (d) itemize the expenses incurred. The Notice Parties shall have fourteen (14) days to object to the Quarterly Reports. The compensation and expenses set forth in the Quarterly Reports shall be subject to Court review solely in the event that an objection is filed.

7. At the conclusion of the Chapter 11 Cases, Ankura shall file with the Court, and provide notice of the same to the Notice Parties, a final report summarizing all information from the Quarterly Reports filed during the Chapter 11 Cases, as well as any additional services and time detail that have not otherwise been set forth in a Quarterly Report.

8. Notwithstanding the requirements of paragraphs 5 and 6 above, Ankura is not required to submit interim or final fee applications pursuant to Bankruptcy Code sections 330 and 331 and the interim compensation procedures set forth in the *Order (I) Establishing Procedures*

5

*for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 688] entered in these Chapter 11 Cases shall not apply to Ankura. Instead, Ankura will submit monthly invoices (or, at Ankura's discretion, more frequently) to the Debtors, and the Debtors are hereby authorized, but not directed, to pay, in the ordinary course of business, all reasonable amounts invoiced by Ankura for fees and expenses incurred in connection with Ankura's retention.

9. Ankura shall use reasonable efforts to avoid any unnecessary duplication of services provided by any retained professionals in these Chapter 11 Cases.

10. Ankura is authorized to apply the Retainer to satisfy any unbilled or other remaining prepetition fees and expenses that Ankura becomes aware of during its ordinary course billing review and reconciliation.

11. To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

12. Notwithstanding anything in the Application or the Engagement Letter to the contrary, this Court shall have jurisdiction over any and all matters arising under or in connection with Ankura's engagement by the Debtors pursuant to the Engagement Letter, including the indemnification provisions.

13. To the extent the Engagement Letter is terminated during the pendency of these Chapter 11 Cases, Ankura shall file a notice with the Court.

14. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

15. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

16. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

18. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #

Prepared and presented by:

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
**MCDERMOTT WILL & SCHULTE LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com
               jhaake@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         dsimon@mwe.com
               ekeil@mwe.com
               wguerrieri@mwe.com
               clee@mwe.com
               lfoody@mwe.com

*Proposed Counsel for the Debtors and Debtors-in-Possession*