**MCDERMOTT WILL & SCHULTE LLP**
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:           mhelt@mwe.com
                    jhaake@mwe.com

*Counsel for the Debtors and Debtors-in-Possession*

**MCDERMOTT WILL & SCHULTE LLP**
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
Email:           dsimon@mwe.com
                    ekeil@mwe.com
                    wguerrieri@mwe.com
                    clee@mwe.com
                    lfoody@mwe.com

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | Case No. 25-80185 (SGJ) |
| Debtors. | (Jointly Administered) |
| | **Related to Docket Nos. 910, 922, 923, 924** |

### DEBTORS' **EMERGENCY** MOTION FOR ENTRY OF ORDER EXTENDING TEMPORARY INJUNCTION OF CMS' PROPOSED DECERTIFICATION OF MAGNOLIA RIDGE CENTER

**EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. (CT) ON SEPTEMBER 29, 2025.**

**IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS**

---

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

> **REQUESTED IN THE PRECEDING PARAGRAPH. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 29, 2025 AT 9:30 A.M. (CT) AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TEXAS, 75242.**
>
> **YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION.**
>
> **AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 1-650-479-3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE JERNIGAN'S HOME PAGE. THE MEETING CODE IS 2304 154 2638. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JERNIGAN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Genesis Healthcare, Inc. ("Genesis") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby file this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below. In support thereof, the Debtors incorporate herein by reference the facts and arguments, as applicable, set forth in (i) the *Special Report of Suzanne Koenig, Patient Care Ombudsman, Relating to the Closure of Magnolia Ridge* [Docket No. 910] (the "Special Report"), (ii) the *Debtors' Emergency Motion for Entry of Order Temporarily Enjoining Decertification of Magnolia Ridge Center* [Docket No. 922] (the "Initial TRO Motion"),[2] and (iii) the *Declaration of Russell A. Perry in Support of the Debtors' Emergency Motion for Entry of Order Temporarily Enjoining*

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Initial TRO Motion.

2

*Decertification of Magnolia Ridge Center* [Docket No. 923] (the "Perry Declaration"), and respectfully represent as follows:

## PRELIMINARY STATEMENT

1. As this Court is aware, the Centers for Medicare and Medicaid Services ("CMS") previously sought to decertify Magnolia Ridge Center (the "Facility"), effective September 15, 2025 at 11:59 p.m. For the reasons discussed on the record at the status hearing on September 15, 2025 and set forth in the Special Report, this decertification was opposed by both the Debtors and Ms. Suzanne Koenig, the patient care ombudsman for the Facility. To preserve the status quo and protect continuity of resident care, the Debtors sought and received an order [Docket No. 924] (the "Injunction Order") later that day, temporarily enjoining the proposed decertification of the Facility through and including September 30, 2025. Absent further relief from this Court or consent from CMS, the existing temporary injunction will expire and the decertification of the Facility will occur as of September 30, 2025 at 11:59 p.m.

2. Since entry of the Injunction Order, the Debtors have engaged in good faith with counsel to CMS regarding the proposed decertification of the Facility and requested an additional 15-day extension of the existing temporary injunction through and including October 15, 2025. Unfortunately, CMS was not willing to consent to any such extension, leaving the Debtors no choice but to seek further relief from this Court, including an interim extension of the existing temporary injunction through this Motion to bridge to the adjudication of the Debtors' forthcoming adversary proceeding against CMS. Prior to the expiration of the current temporary injunction, the Debtors will be filing an adversary complaint and a motion for a preliminary injunction, seeking to extend the existing injunction with respect to the proposed decertification of the Facility.

3

3. Accordingly, for the same reasons set forth in the Initial TRO Motion and given the continued importance of preserving the status quo at the Facility, the Debtors seek to temporarily enjoin CMS' proposed decertification of the Facility until the later of (a) October 15, 2025 and (b) the final adjudication of the Debtors' forthcoming motion for a preliminary injunction seeking similar relief.

## RELIEF REQUESTED

4. By the Motion, the Debtors respectfully request entry of the Proposed Order, pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), extending the temporary injunction granted by the Injunction Order until the later of (a) October 15, 2025 and (b) the final adjudication of the Debtors' forthcoming motion for a preliminary injunction seeking similar relief.

## JURISDICTION AND VENUE

5. The United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409. The legal predicates for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 7065.

## BACKGROUND

6. The Debtors incorporate herein by reference the background set forth in the Initial TRO Motion regarding the Facility and the proposed decertification. *See* Initial Motion, ¶¶ 8-19.

7. On September 15, 2025, the Debtors filed the Initial TRO Motion. *See* Docket No. 922. A few hours later, the Court entered the Injunction Order. *See* Docket No. 924. The Injunction Order temporarily enjoined CMS from decertifying the Facility through and until September 30, 2025 and provided that such date "may be extend for good cause" or on consent of the Debtors and CMS. *See* Injunction Order, ¶ 2.

8. Following entry of the Injunction Order, the Debtors engaged in good faith discussions with counsel to CMS and requested a brief 15-day extension of the existing temporary injunction through and including October 15, 2025. Unfortunately, as previewed on the record at the hearing on September 24, 2025, CMS rejected the requested extension, necessitating the filing of this Motion. As previewed above, in advance of the expiration of the current temporary injunction on September 30, 2025, the Debtors will be filing an adversary complaint and motion for a preliminary injunction seeking further injunctive relief against CMS.

## BASIS FOR RELIEF REQUESTED

9. The Debtors incorporate by reference the arguments set forth in paragraphs 20–35 of the Initial TRO Motion in support of temporary injunctive relief and respectfully submit that the facts and circumstances demonstrate good cause for a further extension of the temporary injunction provided by the Injunctive Order until the later of (a) October 15, 2025 and (b) the final adjudication of the Debtors' forthcoming motion for a preliminary injunction seeking similar relief

5

## RESERVATION OF RIGHTS

10. Nothing in the Motion should be construed as an admission of any existing deficiency at the Facility and the Debtors reserve all rights with respect to any claims, counterclaims, causes of action, or defenses with respect to the same.

## NOTICE

11. The Debtors will provide notice of the Motion to (a) the Complex Service List (as defined in Docket No. 54), (b) counsel to CMS, and (c) the Alabama Department of Public Health. The Debtors submit that no other or further notice is required.

## NO PRIOR REQUEST

12. No previous request for the relief sought herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: September 25, 2025<br>Dallas, Texas | **MCDERMOTT WILL & SCHULTE LLP**<br><br>*/s/ Marcus A. Helt*<br>Marcus A. Helt (TX 24052187)<br>Jack G. Haake (TX 24127704)<br>2801 N. Harwood Street, Suite 2600<br>Dallas, Texas 75201-1574<br>Telephone:   (214) 295-8000<br>Facsimile:     (972) 232-3098<br>Email:           mhelt@mwe.com<br>                      jhaake@mwe.com<br><br>- and -<br><br>Daniel M. Simon (admitted *pro hac vice*)<br>Emily C. Keil (admitted *pro hac vice*)<br>William A. Guerrieri (admitted *pro hac vice*)<br>Catherine T. Lee (admitted *pro hac vice*)<br>Landon W. Foody (admitted *pro hac vice*)<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois 60606<br>Telephone:   (312) 372-2000<br>Facsimile:     (312) 984-7700<br>Email:           dsimon@mwe.com<br>                      ekeil@mwe.com<br>                      wguerrieri@mwe.com<br>                      clee@mwe.com<br>                      lfoody@mwe.com<br><br>*Counsel for the Debtors and Debtors-in-Possession* |

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF. The Debtors' claims and noticing agent will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing.

Dated: September 25, 2025
       Dallas, Texas

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:    mhelt@mwe.com
        jhaake@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:    (312) 372-2000
Facsimile:    (312) 984-7700
Email:    dsimon@mwe.com
        ekeil@mwe.com
        wguerrieri@mwe.com
        clee@mwe.com
        lfoody@mwe.com

*Counsel for the Debtors and Debtors-in-Possession*

Case 25-80185-sgj11    Doc 1018    Filed 09/25/25    Entered 09/25/25 17:15:32    Desc
Main Document    Page 9 of 14

**EXHIBIT A**

**Proposed Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) Case No. 25-80185 (SGJ) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related to Docket No. ___** |

## ORDER EXTENDING TEMPORARY INJUNCTION OF
## CMS' PROPOSED DECERTIFICATION OF MAGNOLIA RIDGE CENTER

Upon the motion (the "Motion")[2] of the Debtors for entry of an order (this "Order"), pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "Federal Rules"), as made applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

"Bankruptcy Rules"), seeking an extension of the temporary restraining order and preliminary injunction granted by the Injunction Order until the later of (a) October 15, 2025 and (b) the final adjudication of the Debtors' forthcoming motion for a preliminary injunction seeking similar relief, all as more fully set forth in the Motion; and upon consideration of the Initial TRO Motion, the Perry Declaration, and the Special Report; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**FOUND AND DETERMINED that:**

A.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.       The Debtors are entitled to the issuance of a temporary restraining order pursuant to Bankruptcy Rule 7065 (incorporating Federal Rule 65) against the Centers for Medicare and Medicaid Services ("CMS").

C.       The Debtors established (1) a substantial likelihood success on the merits; (2) that absent preliminary injunctive relief, they are likely to suffer irreparable harm; (3) that the balance of equities is in their favor; and (4) preliminary injunctive relief is in the public interest. All findings made on the record are incorporated pursuant to Bankruptcy Rule 7052.

**ORDERED, ADJUDGED, AND DECREED that:**

1.       The Motion is granted as set forth herein.

2.       Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 7065, CMS is temporarily enjoined from decertifying Magnolia Ridge Center in Gardendale, Alabama through and until the later of (a) October 15, 2025 and (b) the final adjudication of the Debtors' forthcoming motion for a preliminary injunction seeking similar relief, which date may be further extended for good cause or on consent of the Debtors and CMS.

3.       This Order shall be immediately effective and enforceable upon its entry.

4.       Pursuant to Bankruptcy Rule 7065, the security requirements shall be waived.

5.       Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

6.       All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.       The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #

Prepared and presented by:

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
**MCDERMOTT WILL & SCHULTE LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com
               jhaake@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         dsimon@mwe.com
               ekeil@mwe.com
               wguerrieri@mwe.com
               clee@mwe.com
               lfoody@mwe.com

*Counsel for the Debtors and Debtors-in-Possession*

5