| United States Bankruptcy Court for the North District of Texas | |
|---|---|
| **Name of Debtor:** Genesis Healthcare, Inc. | **For Court Use Only** |
| | Claim Number: 0000011067 |
| **Case Number:** 25-80185 | File Date: 09/25/2025 13:01:33 |

# Proof of Claim (Official Form 410)

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

04/25

## Part 1:    Identify the Claim

**1.    Who is the current creditor?**
Name of the current creditor (the person or entity to be paid for this claim):    Alma Brown

Other names the creditor used with the debtor: _____

**2.    Has this claim been acquired from someone else?**    ☑ No   ☐ Yes.    From whom? _____

**3.    Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| Name    Alma Brown | Name _____ |
| Address    Jacques G. Balette | Address _____ |
|            7521 Westview Drive | |
| City    Houston | City _____ |
| State    TX        ZIP Code    77055 | State _____    ZIP Code _____ |
| Country (if International): _____ | Country (if International): _____ |
| Phone:    7136834830 | Phone: _____ |
| Email:    jacquesb@marksfirm.com | Email: _____ |
| Uniform claim identifier (if you use one): _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ | |

| 4. Does this claim amend one already filed? | 5. Do you know if anyone else has filed a proof of claim for this claim? |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| | |
| Claim number on court claims register (if known) _____ | Who made the earlier filing? |
| | |
| Filed on _____ | _____ |
| MM / DD / YYYY | |

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes.
Last 4 digits of the debtor's account or any number you use to identify the debtor:

4755

**7. How much is the claim?**

$ undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Personal Injury/Workers Comp

---

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:

_____

**Basis for perfection:**

_____

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:            $_____

Amount of the claim that is secured:    $_____

Amount of the claim that is unsecured: $_____
(The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any
default as of the date of the petition:   $_____

**Annual Interest Rate** (when case was filed) _____%
☐ Fixed  ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

_____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (_____) that applies.

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

**Amount entitled to priority**

$_____

$_____

$_____

$_____

$_____

$_____

---

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9):** $_____

**The person completing this proof of claim must sign and date it.  FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent.  Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor.  Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

*Jacques Balette*

| Signature | Date |
|---|---|
| | 09/25/2025 13:01:33 |

**Provide the name and contact information of the person completing and signing this claim:**

| | |
|---|---|
| Name | Jacques G. Balette |
| Address | Marks Balette Young & Moss, PLLC |
| | 7521 Westview Dr. |
| | |
| | |
| | |
| City | Houston |
| State | TX |
| Zip | 77055 |
| Country (in international) | United States of America |
| Phone | 713-683-4830 |
| Email | jacquesb@marksfirm.com |

<table>
<tr><td colspan="2"><b>Fill in this information to identify the case:</b></td></tr>
<tr><td>Debtor 1</td><td>Genesis Healthcare, Inc.</td></tr>
<tr><td>Debtor 2<br>(Spouse, if filing)</td><td></td></tr>
<tr><td colspan="2">United States Bankruptcy Court for the:  Northern District of Texas</td></tr>
<tr><td>Case number</td><td>25-80185 (SGT)</td></tr>
</table>

## Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

| Part 1: | Identify the Claim |
|---|---|

**1. Who is the current creditor?**

John Day as Personal Representative of the Wrongful Death Estate of Alma Brown
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor **Alma Brown**

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Jacques G. Balette
Name

7521 Westview Drive
Number      Street

Houston               TX        77055
City                  State     ZIP Code

Contact phone  713.683.4830

Contact email  jacquesb@marksfirm.com

**Where should payments to the creditor be sent? (if different)**

_____
Name

_____
Number      Street

_____
City          State          ZIP Code

Contact phone  _____

Contact email  _____

Uniform claim identifier (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
          MM  /  DD  /  YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

## Part 2:   Give Information About the Claim as of the Date the Case Was Filed

**6.   Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:   __4__ __7__ __5__ __5__

**7.   How much is the claim?**

$ *Amount to be determined in accordance with law but not less than $2,000,000*

Does this amount include interest or other charges?

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8.   What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

____Personal injury and wrongful death. See attached Complaint.____

**9.   Is all or part of the claim secured?**

☑ No

☐ Yes.   The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe:   _____

**Basis for perfection:**   _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**   $_____

**Amount of the claim that is secured:**   $_____

**Amount of the claim that is unsecured:**   $_____   (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**   $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10.   Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**   $_____

**11.   Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:   _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

**Amount entitled to priority**

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies.

$_____

\* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

---

### Part 3:   Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/24/2025
                   MM / DD / YYYY

Signature

**Print the name of the person who is completing and signing this claim:**

| | |
|---|---|
| Name | Jacques G. Balette |
| | First name    Middle name    Last name |
| Title | Partner |
| Company | Marks Balette Young & Moss, PLLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. |
| Address | 7521 Westview Dr. |
| | Number    Street |
| | Houston                          TX        77055 |
| | City                             State     ZIP Code |
| Contact phone | 713.683.4830          Email jacquesb@marksfirm.com |

FILED 1st JUDICIAL DISTRICT COURT
Santa Fe County
10/4/2023 1:33 PM
KATHLEEN VIGIL CLERK OF THE COURT
Mariah Gonzales
Case assigned to Ellenwood, Kathleen McGarry

**STATE OF NEW MEXICO**
**COUNTY OF SANTA FE**
**FIRST JUDICIAL DISTRICT COURT**

| | |
|---|---|
| **JOHN DAY, AS PERSONAL REPRESENTATIVE** | ) No. D-101-CV-2023-02447 |
| **OF THE WRONGFUL DEATH ESTATE OF** | ) |
| **ALMA BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **CLOVIS HEALTHCARE AND REHABILITATION** | ) |
| **CENTER, LLC d/b/a CLOVIS HEALTHCARE AND** | ) |
| **REHABILITATION CENTER;** | ) |
| **GENESIS ADMINISTRATIVE SERVICES, LLC;** | ) |
| **FC-GEN OPERATIONS INVESTMENT, LLC;** | ) |
| **GEN OPERATIONS I, LLC** | ) |
| **GEN OPERATIONS II, LLC** | ) |
| **GENESIS HEALTHCARE, INC.;** | ) |
| **GENESIS HEALTHCARE, LLC;** | ) |
| **GENESIS HOLDINGS, LLC;** | ) |
| **GHC HOLDINGS, LLC;** | ) |
| **GENESIS OMG OPERATIONS, LLC** | ) |
| **HCCF MANAGEMENT GROUP XI, LLC;** | ) |
| **SENIOR CARE GENESIS, LLC;** | ) |
| **SENIOR CARE HOLDINGS, LLC;** | ) |
| **SUN HEALTHCARE GROUP, INC.;** | ) |
| **SUNDANCE REHABILITATION HOLDCO, INC.;** | ) |
| **ZAC PROPERTIES XI, LLC;** | ) |
| **MISSY SERATT; DEDRA MARTIN; and,** | ) |
| **TIFFANY BITTICK,** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT FOR WRONGFUL DEATH, NEGLIGENCE, JOINT AND SEVERAL LIABILITY, AND PUNITIVE DAMAGES

John Day, Esq., as the Personal Representative of the Wrongful Death Estate of ALMA

BROWN, by through undersigned counsel, states and alleges as follows:

# I.  **PARTIES**

1.     ALMA BROWN was a resident of Clovis, Curry County, New Mexico when she died on January 21, 2023.

2.     Plaintiff JOHN DAY resides in Santa Fe, Santa Fe County, New Mexico and is the duly appointed Personal Representative for the purpose of filing a Wrongful Death claim on behalf of ALMA BROWN and her beneficiaries under the New Mexico Wrongful Death Act, NMSA 1978, §42-2-3, and by Order of the Curry County District Court, Case No. D-905-cv-2023-00261.

3.     Clovis Healthcare and Rehabilitation Center, LLC, doing business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, (hereinafter, "Clovis Healthcare and Rehabilitation Center, LLC") is a domestic limited liability company engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Clovis Healthcare and Rehabilitation Center, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. Upon information and belief, all times material hereto, Clovis Healthcare and Rehabilitation Center, LLC and/or its employees, representatives, consultants, agents, ostensible agents, and/or servants provided ALMA BROWN with care, treatment, and/or services at the nursing home, nursing facility and/or skilled nursing facility located at 1201 North Morris Street, Clovis, New Mexico 88101. At all times material, Clovis Healthcare and

Rehabilitation Center, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Clovis Healthcare and Rehabilitation Center, LLC's behalf. Further, Clovis Healthcare and Rehabilitation Center, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Clovis Healthcare and Rehabilitation Center, LLC controlled or had the right and power to control, including contractors. Defendant, Clovis Healthcare and Rehabilitation Center, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 110 E. Broadway St., Hobbs, New Mexico 88240.

4.       Upon information and belief, Clovis Healthcare and Rehabilitation Center, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Clovis Healthcare and Rehabilitation Center, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc.,

Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Clovis Healthcare and Rehabilitation Center, LLC is liable for the negligence, actions, and/or omissions of Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Clovis Healthcare and Rehabilitation Center, LLC under the doctrine of ostensible authority.

5.      Genesis Administrative Services, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administering, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Genesis Administrative Services, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, Genesis Administrative Services, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Genesis Administrative Services, LLC's behalf. Further, Genesis Administrative Services, LLC is vicariously liable for the negligent acts of its employees, representative,

4

consultants, agents, ostensible agents, and/or servants and those who Genesis Administrative

Services, LLC controlled or had the right and power to control, including contractors. Defendant,

Genesis Administrative Services, LLC, may be served with process by serving its registered agent,

Corporation Service Company, located at 110 E. Broadway St., Hobbs, New Mexico 88240.

6.    Upon information and belief, Genesis Administrative Services, LLC is not only

individually liable for the claims detailed herein, but is also liable on the theory of corporate

relationship to, control of, direct participant liability and/or successor liability for, including but

not limited to Clovis Healthcare and Rehabilitation Center, LLC, FC-GEN Operations Investment,

LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis

Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC,

HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun

Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy

Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Genesis

Administrative Services, LLC is liable on the theory of its ostensible authority of, and/or its

ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center,

LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC,

Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC,

Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC,

Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc.,

Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information

and belief, at all times relevant to the incident that is subject of this case,  Genesis Administrative

Services, LLC is liable for the negligence, actions, and/or omissions of  Clovis Healthcare and

Rehabilitation Center, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen

Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Genesis Administrative Services, LLC under the doctrine of ostensible authority

7.    FC-GEN Operations Investment, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administering, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, FC-GEN Operations Investment, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, FC-GEN Operations Investment, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on FC-GEN Operations Investment, LLC's behalf. Further, FC-GEN Operations Investment, LLC is vicariously liable for the negligent acts of its employees, representative, consultants, agents, ostensible agents, and/or servants and those who FC-GEN Operations Investment, LLC controlled or had the right and power to control, including contractors. Defendant, FC-GEN Operations Investment, LLC, may be served with process by serving its

registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

8. Upon information and belief, FC-GEN Operations Investment, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin,  and/or Tiffany Bittick. Upon further information and belief, FC-GEN Operations Investment, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is subject of this case,  FC-GEN Operations Investment, LLC is liable for the negligence, actions, and/or omissions of  Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC,

7

Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance

Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany

Bittick and for the injuries and damages caused by agents of FC-GEN Operations Investment, LLC

under the doctrine of ostensible authority.

9.      Gen Operations I, LLC is a foreign limited liability company engaged in the

business of owning, operating, managing, administering, supervising, and/or maintaining nursing

homes and/or skilled nursing facilities and related healthcare facilities at all times material to this

lawsuit. Upon further information and belief, at all times material, Gen Operations I, LLC owned,

operated, supervised, funded, managed, administered, and/or did business as CLOVIS

HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street,

Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such

business conducted by said Defendant in the ownership, operation, management, administration,

supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At

all times material, Gen Operations I, LLC is directly liable for its own negligent acts, as well as

the negligent acts of its officers and/or directors acting on Gen Operations I, LLC's behalf. Further,

Gen Operations I, LLC is vicariously liable for the negligent acts of its employees, representatives,

consultants, agents, ostensible agents, and /or servants and those who Gen Operations I, LLC

controlled or had the right and power to control, including contractors. Defendant, Gen Operations

I, LLC, may be served with process by serving its registered agent, Corporation Service Company,

located at 251 Little Falls Drive, Wilmington, DE 19808.

10.      Upon information and belief, Gen Operations I, LLC is not only individually liable

for the claims detailed herein, but is also liable on the theory of corporate relationship to, control

of, direct participant liability and/or successor liability for, including but not limited to Clovis

Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Gen Operations I, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Gen Operations I, LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Gen Operations I, LLC under the doctrine of ostensible authority.

9

11.     Gen Operations II, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administering, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Gen Operations II, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation. Management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, Gen Operations II, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Gen Operations II, LLC's behalf. Further, Gen Operations II, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Gen Operations II, LLC controlled or had the rights and power to control, including contractors. Defendant, Gen Operations II, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

12.     Upon information and belief, Gen Operations II, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun

10

Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy

Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Gen Operations

II, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with,

including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis

Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC,

Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC,

Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC,

Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc.,

Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information

and belief, at all times relevant to the incident that is the subject of this case, Gen Operations II,

LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation

Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen

Operations I, LLC, Genesis Healthcare, Inc., Genesis Healthcare, LLC, Genesis Holdings, LLC,

GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC,

Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance

Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany

Bittick and for the injuries and damages caused by agents of Gen Operations II, LLC under the

doctrine of ostensible authority.

13. Genesis Healthcare, Inc. is a foreign limited liability company engaged in the

business of owning, operating, managing, administrating, supervising, and/or maintaining nursing

homes and/or skilled nursing facilities and related healthcare facilities at all times material to this

lawsuit. Upon further information and belief, at all times material, Genesis Healthcare, Inc. owned,

operated, supervised, funded, managed, administered, and/or did business as CLOVIS

HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, Genesis Healthcare, Inc. is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Genesis Healthcare, Inc.'s behalf. Further, Genesis Healthcare, Inc. is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Genesis Healthcare, Inc. controlled or had the right and power to control, including contractors. Defendant, Genesis Healthcare, Inc., may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

14.     Upon information and belief, Genesis Healthcare, Inc. is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Genesis Healthcare, Inc. is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC,

12

Gen Operations II, LLC, Genesis Healthcare, LLC, Genesis Holdings, LLC, GHC Holdings, LLC,

Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC,

Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc.,

Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information

and belief, at all times relevant to the incident that is the subject of this case, Genesis Healthcare,

Inc. is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation

Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen

Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, LLC, Genesis Holdings, LLC,

GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC,

Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance

Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany

Bittick  and for the injuries and damages caused by agents of Genesis Healthcare, Inc. under the

doctrine of ostensible authority.

15.     Genesis Healthcare LLC is a foreign limited liability company engaged in the

business of owning, operating, managing, administrating, supervising, and/or maintaining nursing

homes and/or skilled nursing facilities and related healthcare facilities at all times material to this

lawsuit. Upon further information and belief, at all times material, Genesis Healthcare LLC owned,

operated, supervised, funded, managed, administered, and/or did business as CLOVIS

HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street,

Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such

business conducted by said Defendant in the ownership, operation, management, administration,

supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At

all times material, Genesis Healthcare LLC is directly liable for its own negligent acts, as well as

the negligent acts of its officers and/or directors acting on Genesis Healthcare LLC's behalf. Further, Genesis Healthcare LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Genesis Healthcare LLC controlled or had the right and power to control, including contractors. Defendant, Genesis Healthcare LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

16.    Upon information and belief, Genesis Healthcare LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Genesis Healthcare, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC,  HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Genesis Healthcare,

Inc. is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Holdings, LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Genesis Healthcare, LLC under the doctrine of ostensible authority.

17.    Genesis Holdings, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administering, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Genesis Holdings, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, Genesis Holdings, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Genesis Holdings, LLC's behalf. Further, Genesis Holdings, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Genesis Holdings, LLC controlled or had the right and power to control, including contractors. Defendant,

Genesis Holdings, LLC, may be served with process by serving its registered agent, Corporation

Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

18.     Upon information and belief, Genesis Holdings, LLC is not only individually liable

for the claims detailed herein, but is also liable on the theory of corporate relationship to, control

of, direct participant liability and/or successor liability for, including but not limited to Clovis

Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN

Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis

Healthcare, Inc., Genesis Healthcare LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC,

HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun

Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy

Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Genesis

Holdings, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency

with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis

Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC,

Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, GHC Holdings, LLC,

Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC,

Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc.,

Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information

and belief, at all times relevant to the incident that is the subject of this case, Genesis Holdings,

LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation

Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen

Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC,

GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC,

Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Genesis Holdings, LLC under the doctrine of ostensible authority.

19.     GHC Holdings, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, GHC Holdings, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, GHC Holdings, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on GHC Holdings, LLC's behalf. Further, GHC Holdings, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who GHC Holdings, LLC controlled or had the right and power to control, including contractors. Defendant, GHC Holdings, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

20.     Upon information and belief, GHC Holdings, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis

17

Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, GHC Holdings LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, GHC Holdings, LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of GHC Holdings, LLC under the doctrine of ostensible authority.

18

21.     Genesis OMG Operations, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Genesis OMG Operations, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material Genesis OMG Operations, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Genesis OMG Operations, LLC's behalf. Further, Genesis OMG Operations, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Genesis OMG Operations, LLC controlled or had the right and power to control, including contractors. Defendant, Genesis OMG Operations, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

22.     Upon information and belief, Genesis OMG Operations, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC,

HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Genesis OMG Operations, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Genesis OMG Operations, LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Genesis OMG Operations, LLC under the doctrine of ostensible authority.

23.    HCCF Management Group XI, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, HCCF Management

Group XI, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material HCCF Management Group XI, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on HCCF Management Group XI, LLC's behalf. Further, HCCF Management Group XI, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who HCCF Management Group XI, LLC controlled or had the right and power to control, including contractors. Defendant, HCCF Management Group XI, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

24.    Upon information and belief, HCCF Management Group XI, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, HCCF Management Group XI, LLC is liable on the theory of its ostensible authority of, and/or its

21

ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon. Upon information and belief, at all times relevant to the incident that is the subject of this case, HCCF Management Group XI, LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon and for the injuries and damages caused by agents of HCCF Management Group XI, LLC under the doctrine of ostensible authority.

25.     Senior Care Genesis, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Senior Care Genesis, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration,

supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material Senior Care Genesis, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Senior Care Genesis, LLC's behalf. Further, Senior Care Genesis, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Senior Care Genesis, LLC controlled or had the right and power to control, including contractors. Defendant, Senior Care Genesis, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

26.     Upon information and belief, Senior Care Genesis, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Senior Care Genesis, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc.,

Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Senior Care Genesis, LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Senior Care Genesis, LLC under the doctrine of ostensible authority.

27.    Senior Care Holdings, LLC is a foreign limited liability company engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Senior Care Holdings, LLC owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material Senior Care Holdings, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Senior Care Holdings, LLC's behalf. Further, Senior Care Holdings, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Senior Care

Holdings, LLC controlled or had the right and power to control, including contractors. Defendant, Senior Care Holdings, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

28.     Upon information and belief, Senior Care Holdings, LLC is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Senior Care Holdings, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Senior Care Holdings, LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC,

Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Senior Care Holdings, LLC under the doctrine of ostensible authority.

29.     Sun Healthcare Group, Inc. is a foreign corporation engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Sun Healthcare Group, Inc. owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, Sun Healthcare Group, Inc. is directly liable for its own negligent acts as well as the negligent acts of its officers and/or directors acting on Sun Healthcare Group, Inc.'s behalf. Further, Sun Healthcare Group, Inc. is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Sun Healthcare Group, Inc. controlled or had the right and power to control, including contractors. Defendant, Sun Healthcare Group, Inc. may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DW 19808.

30.     Upon information and belief, Sun Healthcare Group, Inc. is not only individually liable for the claims detailed herein, but is also liable on the theory of corporate relationships to,

control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Sun Healthcare Group, Inc. is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick.  Upon information and belief, at all times relevant to the incident that is the subject of this case, Sun Healthcare Group, Inc. is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Sun Healthcare Group, Inc. under the doctrine of ostensible authority.

27

31.     Sundance Rehabilitation Holdco, Inc. is a foreign corporation engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Sundance Rehabilitation Holdco, Inc. owned, operated, supervised, funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, Sundance Rehabilitation Holdco, Inc. is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Sundance Rehabilitation Holdco, Inc.'s behalf. Further, Sundance Rehabilitation Holdco, Inc. is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Sundance Rehabilitation Holdco, Inc. controlled or had the right and power to control, including contractors. Defendant, Sundance Rehabilitation Holdco, Inc., may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

32.     Upon information and belief, Sundance Rehabilitation Holdco, Inc. is not only individually liable for the claims detailed herein, but is also liable for the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC,

Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Sundance Rehabilitation Holdco, Inc. is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Sundance Rehabilitation Holdco, Inc. is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Sundance Rehabilitation Holdco, Inc. under the doctrine of ostensible authority.

33.    Zac Properties XI, LLC is a foreign corporation engaged in the business of owning, operating, managing, administrating, supervising, and/or maintaining nursing homes and/or skilled nursing facilities and related healthcare facilities at all times material to this lawsuit. Upon further information and belief, at all times material, Zac Properties XI, LLC owned, operated, supervised,

funded, managed, administered, and/or did business as CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101. The causes of action that are the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, administration, supervision, and/or control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. At all times material, Zac Properties XI, LLC is directly liable for its own negligent acts, as well as the negligent acts of its officers and/or directors acting on Zac Properties XI, LLC's behalf. Further, Zac Properties XI, LLC is vicariously liable for the negligent acts of its employees, representatives, consultants, agents, ostensible agents, and/or servants and those who Zac Properties XI, LLC controlled or had the right and power to control, including contractors. Defendant, Zac Properties XI, LLC, may be served with process by serving its registered agent, Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808.

34.    Upon information and belief, Zac Properties XI, LLC is not only individually liable for the claims detailed herein, but is also liable for the theory of corporate relationship to, control of, direct participant liability and/or successor liability for, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon further information and belief, Zac Properties XI, LLC is liable on the theory of its ostensible authority of, and/or its ostensible agency with, including but not limited to Clovis Healthcare and Rehabilitation Center, LLC, Genesis

Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Missy Seratt, Dedra Martin, and/or Tiffany Bittick. Upon information and belief, at all times relevant to the incident that is the subject of this case, Zac Properties XI, LLC is liable for the negligence, actions, and/or omissions of Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, Genesis OMG Operations, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Missy Seratt, Dedra Martin, and/or Tiffany Bittick and for the injuries and damages caused by agents of Zac Properties XI, LLC under the doctrine of ostensible authority.

35.    Upon information and belief, Missy Seratt was the Center Executive Director, Nursing Home Administrator, administrator, manager, supervisor and/or director of CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101, during periods of ALMA BROWN's residency. Missy Seratt was one of the individuals primarily in charge of administrations, operations, finance, quality control, budget, staffing, and staffing levels, training and education, supervising and monitoring its facilities, caregivers, and CLOVIS HEALTHCARE AND REHABILITATION CENTER's staff and employees, as well as enforcing corporate policies and procedures for staff and employees and ensuring that standards of care and state and federal regulations were enforced and followed during

31

the residency at issue in this case. At all relevant times, Missy Seratt was a resident of Curry County in the State of New Mexico.  Defendant, Missy Seratt, may be served at her place of residence based upon information and belief.

36.     Dedra Martin was a Registered Nurse, the Center Nurse Executive, Director of Nursing, manager, supervisor, and/or director at CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101, during periods of ALMA BROWN's residency. Upon information and belief, Dedra Martin was one of the individuals primarily in charge of the nursing department, quality control, staffing and/or staffing levels, training and education, residents' well-being, assessing residents, meeting and identifying resident needs, developing and implementing care plans, providing care and treatment to residents, providing wound care,  and/or supervising and/or monitoring its facilities, caregivers, nurses, nurse aides, and/or CLOVIS HEALTHCARE AND REHABILITATION CENTER's staff and/or employees as well as enforcing and/or implementing nursing services and corporate nursing policies and procedures and/or ensuring that standards of care and state and federal regulations were enforced and/or followed during the residency at issue in this case. At all relevant times, Dedra Martin was a resident of Curry County in the State of New Mexico. Defendant, Dedra Martin, may be served at her place of residence based upon information and belief.

37.     Tiffany Bittick was a Registered Nurse, care manager, care coordinator, and/or nurse unit manager at CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101, during the period of Alma Brown's residency. Upon information and belief, and/or Tiffany Bittick was one of the individuals in charge of the residents' well-being, assessing residents, meeting and identifying resident needs, providing

care and treatment to residents, providing wound care, developing and implementing care plans, quality of care, and/or supervising nurses, doing wound care, nurse aides, caregivers, and/or CLOVIS HEALTHCARE AND REHABILITATION CENTER's staff and employees, as well as implementing nursing services and/or corporate nursing policies and procedures during the nursing home residency at issue in this case. At all relevant times, and/or Tiffany Bittick was a resident of Curry County in the State of New Mexico. Defendant, and/or Tiffany Bittick may be served at her place of residence based upon information and belief.

38.     Upon information and belief, Defendants controlled the operation, planning, management, budget, and quality control of CLOVIS HEALTHCARE AND REHABILITATION CENTER. The authority exercised by Defendants over the nursing facility included but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the nursing facilities in New Mexico, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, financial, tax and accounting control through fiscal policies established by Defendants.

## II.     DEFINITIONS

39.     Whenever the term "Defendants" or "CLOVIS HEALTHCARE AND REHABILITATION CENTER" is utilized within this suit, such term collectively refers to and/or includes the following named Defendants in this lawsuit: Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, HCCF Management Group XI, LLC, Senior Care

Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation

Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick.

### III.   JOINT VENTURE/ENTERPRISE

40.     Defendants Clovis Healthcare and Rehabilitation Center, LLC, Genesis

Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC,

Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings

LLC, GHC Holdings, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC,

Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc.,

Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick were engaged in a

joint venture/enterprise during ALMA BROWN'S residency.

41.     Each of these Defendants had a shared community of interest in the object and

purpose of the undertaking for which the nursing home known as CLOVIS HEALTHCARE AND

REHABILITATION CENTER was being operated/used.

42.     Each of these Defendants had an equal right to share in the control of the

administration, management and operation of the nursing home during ALMA BROWN'S

residency regardless of whether such right was actually exercised.

43.     These Defendants controlled the administration, operation, planning, management,

and quality control of the nursing home. The authority exercised by these Defendants over the

nursing home included, but was not limited to, control of marketing, human resources

management, training, staffing, creation and implementation of policy and procedure manuals used

by the nursing home, Medicare and/or Medicaid reimbursement, quality care assessment and

compliance, compliance with state and federal regulations and standard of care, licensure and

certification, legal services, and financial, tax, and accounting control through fiscal policies established by the Defendants.

44.    These Defendants operated as a joint venture/enterprise for the purpose of increasing profitability and furthering their similar business interests and collectively controlled CLOVIS HEALTHCARE AND REHABILITATION CENTER.

45.    At all relevant times mentioned herein, these Defendants owned, operated, administered, and/or controlled, either directly or through the agency of each other and/or other diverse subalterns, agents, subsidiaries, servants, or employees in the operation of CLOVIS HEALTHCARE AND REHABILITATION CENTER.

46.    Because these Defendants were engaged in a joint venture/enterprise before and throughout ALMA BROWN'S residency, the acts and omissions of each participant in the joint venture/enterprise are imputable to all other participants. The actions of these Defendants and each of its servants, agents and employees as set forth herein, are imputed to each of the Defendants, jointly and severally.

## IV.    <u>JURISDICTION AND VENUE</u>

47.    Plaintiff incorporates the aforementioned allegations as if the same were incorporated herein. *See* Rule 1-010(C) NMRA.

48.    Jurisdiction over the parties and the subject matter herein is proper with this Court pursuant to Article VI of the New Mexico Constitution and the New Mexico long-arm statute, NMSA 1978, Section 38-1-16. Defendants Rebecca Singleton, Tanya Marquez and Vanessa Sherman are New Mexico residents subject to the jurisdiction of New Mexico's courts. Defendants Clovis Healthcare and Rehabilitation Center, LLC and Genesis Administrative Services, LLC consented to jurisdiction in New Mexico's courts through their corporate registration pursuant to

New Mexico law. In addition, this Court has specific jurisdiction over Defendants Clovis Healthcare and Rehabilitation Center, LLC, Genesis Administrative Services, LLC, FC-GEN Operations Investment, LLC, Gen Operations I, LLC, Gen Operations II, LLC, Genesis Healthcare, Inc., Genesis Healthcare LLC, Genesis Holdings LLC, GHC Holdings, LLC, HCCF Management Group XI, LLC, Senior Care Genesis, LLC, Senior Care Holdings, LLC, Sun Healthcare Group, Inc., Sundance Rehabilitation Holdco, Inc., Zac Properties XI, LLC, Missy Seratt, Dedra Martin, and/or Tiffany Bittick based on their contacts with and conduct directed toward New Mexico and through the torts committed by these Defendants in New Mexico. Based on this conduct, Defendants conducted and directed activities in and toward New Mexico and Plaintiff's claims arise out of this conduct which led to Plaintiff's injuries and damages set forth herein.

49.     Venue is proper in this Court pursuant to NMSA 1978, Section 38-3-1(A) because Plaintiff John Day resides in Santa Fe County.

## V.     FACTUAL ALLEGATIONS

### A.     Summary Statement of the Case

50.     This is a case about a nursing home (CLOVIS HEALTHCARE AND REHABILITATION CENTER) that was required and directed by its parent company and owners (GENESIS HEALTHCARE, INC., GENESIS HEALTHCARE, LLC and GENESIS ADMINSITRATIVE SERVICES, LLC) to increase occupancy rates by targeting and recruiting high acuity, high rate of pay patients, whose needs were well beyond the care capabilities of the nursing home's staff.

51.     Defendants dominated the operations of CLOVIS HEALTHCARE AND REHABILITATION CENTER in reckless disregard for the health and safety of its residents by

implementing the following dangerous policies and practices: (a) the aggressive recruitment and admission of high acuity patients and increase in resident census when Defendants knew that CLOVIS HEALTHCARE AND REHABILITATION CENTER did not have staff sufficient in number, qualification of competency to provide the care required by state law, regulations and minimum standards; (b) retention of residents whose needs exceeded the qualification and care capability of the nursing home staff; and (c) continuing suppression, concealment, and cover-up of ongoing negligence and violation of state law, regulations and minimum standards.

52.     Compounding the danger, Defendants refused to implement safety policies, procedures and systems to ensure that: (a) the acuity levels and needs of residents were consistent with the numbers and qualifications of direct caregivers; and (b) treatment/care prescribed by a physician was provided in accordance with state laws and professional standards.

53.     In order to satisfy their desire to grow profits, Defendants directly participated in creating dangerous conditions that caused harm to residents, superseding and disregarding the duties which the state of New Mexico imposed upon CLOVIS HEALTHCARE AND REHABILITATION CENTER. One such resident who was affected by these business practices was ALMA BROWN. As a direct result of Defendants' routine practices, ALMA BROWN suffered catastrophic injuries, including infections, unplanned weight loss, dehydration, significant pain and suffering, and an untimely death.

**B.     The Neglect of ALMA BROWN at CLOVIS HEALTHCARE AND REHABILITATION CENTER**

54.     ALMA BROWN was admitted to CLOVIS HEALTHCARE AND REHABILITATION CENTER on or about September 17, 2017. Defendants were well aware that ALMA BROWN was depended upon CLOVIS HEALTHCARE AND REHABILITATION

CENTER for twenty-four (24) hour nursing care which included, at a minimum, the following essential care services:

    a.      Proper and standard care to prevent infections;

    b.      Timely notifying ALMA BROWN'S attending physician and family of any significant change in condition, need to alter treatment or threat to ALMA BROWN'S health;

    c.      Creating and implementing an individualized care plan of the daily nursing care required by ALMA BROWN based on her specific condition and needs which included but wasn't limited to presence and progression of bedsores, infections, falls, falls with injuries, malnutrition, dehydration, abnormal laboratory values, which was updated and revised when she experienced a significant change in condition or if care planned measures were ineffective;

    d.      Administering all treatments in accordance with physician's orders, as well as all nursing care in accordance with ALMA BROWN'S individualized care plan;

    e.      Providing ALMA BROWN with adequate nutrition and hydration, and monitoring the percentage of food and fluids consumed; and

    f.      Monitoring ALMA BROWN for any signs and symptoms of pain, performing a systematic pain assessment and implementing an appropriate pain management program when indicated.

55.    By reason of ALMA BROWN'S needs and her degree of dependency upon the nursing home staff, Defendants fully understood the consequences of failing to provide such routine services in accordance with fundamental standard of care.

56.    Moreover, by reason of Defendants' experience and background in nursing home care, Defendants were acutely aware that the routine failure to provide the kind of basic care required by ALMA BROWN could jeopardize the health and life of such a resident, cause infections, cause unplanned weight loss, cause dehydration, and result in significant pain and suffering.

57.    Due to Defendants' ongoing and routine indifference for ALMA BROWN'S basic care and needs, she suffered avoidable injuries, including, but not limited to:

    a.      Infections;

b.       Unplanned weight loss;

c.       Dehydration;

d.        Development of pressure sores;

e.        Falls with significant injuries;

f.       Pain and resultant pain from her injuries that was not treated or relieved appropriately;

g.       Accelerated deterioration of her health;

h.       Violations of her dignity; and

i.       Death.

58.    ALMA BROWN died at CLOVIS HEALTHCARE AND REHABILITATION CENTER on January 21, 2023 as a result of the injuries that she sustained at CLOVIS HEALTHCARE AND REHABILITATION CENTER.

59.    The above catastrophic injuries and death of ALMA BROWN were caused by Defendants' profound neglect, violations of the Resident Abuse and Neglect Act, and reckless, willful, wanton and oppressive disregard for ALMA BROWN'S safety.

**C.    The Nature of CLOVIS HEALTHCARE AND REHABILITATION CENTER AND GENESIS' Business and Participation in Operations**

60.    At all times material to this lawsuit, Defendants were fully aware that the delivery of essential care services in its nursing homes hinged upon three fundamental fiscal and operational decisions: (1) the determination of the numbers and expenditures on staffing levels; (2) the determination of the census levels within the nursing home; and, (3) payor mix. GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC determined, controlled and enforced each of these critical decisions at every nursing home within their chain of nursing homes, including CLOVIS HEALTHCARE AND

39

REHABILITATION CENTER.

61.     Further, at all times material, critical operational decisions having impact on CLOVIS HEALTHCARE AND REHABILITATION CENTER's revenues and expenditures were centrally made and controlled at a corporate level by GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC. More particularly, GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC determined and controlled: the numbers of staff allowed to work in its chain of nursing homes; the expenditures for staffing at the nursing home; the revenue targets for each nursing home; the payor mix; and census targets for each nursing home, as well as the patient recruitment programs and discharge practices at each nursing home. In sum, at times material hereto, all cash management functions, revenues and expenditure decisions at the nursing home level, including at CLOVIS HEALTHCARE AND REHABILITATION CENTER, were tightly controlled at the corporate level by GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC.

62.     The census edicts, aggressive marketing and admission practices, and resident discharge policies emanated from the top of this Defendants' corporate structure and were emphasized down the chain of command on a continual basis. The above policies were mandatory and CLOVIS HEALTHCARE AND REHABILITATION CENTER acted in accordance with them, filling empty beds, recruiting high acuity patients, and maintaining a census level and staffing level that GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC deemed appropriate.

63.     The tight control exercised by GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC over financial

decisions that determined the delivery of care rendered at CLOVIS HEALTHCARE AND REHABILITATION CENTER and its other nursing homes grew out of its financial motivation and intent to increase revenues while restricting and/or reducing expenses.

64.    Accordingly, decisions by GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC as to staffing and census were determined by the financial needs of the company as opposed to the acuity levels and needs of the residents.

65.    GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC, therefore, directly participated in a continuing course of negligent conduct, requiring CLOVIS HEALTHCARE AND REHABILITATION CENTER to recruit and retain heavier care, higher pay residents to the facilities, when the needs of the resident population exceeded the capacity of staff, while at the same time creating, implementing and enforcing dangerous operational budgets at CLOVIS HEALTHCARE AND REHABILITATION CENTER which deprived residents of adequate staffing, and caused widespread neglect. In so doing, Defendants disregarded, superseded, and violated the duties and responsibilities imposed on CLOVIS HEALTHCARE AND REHABILITATION CENTER, a nursing home licensed by the State of New Mexico.

**D.    <u>Notice, Motive and Routine Practices</u>**

66.    ALMA BROWN'S neglect was foreseeable. CLOVIS HEALTHCARE AND REHABILITATION CENTER, GENESIS HEALTHCARE INC., GENESIS HEALTHCARE LLC, AND GENESIS ADMINISTRATIVE SERVICES, LLC were placed on notice of the dangerous nature of their conduct before ALMA BROWN'S final discharge and on an ongoing basis by virtue of:

a.    Complaints by staff, residents and the families of residents growing out of the

dangerous routine practices at CLOVIS HEALTHCARE AND REHABILITATION
CENTER which form the basis of this lawsuit;

b.     State deficiencies found by state and federal nursing home surveyors; and

c.     The widespread extent of ongoing dangerous care practices and neglect occurring in
CLOVIS HEALTHCARE AND REHABILITATION CENTER.

67.     Further, Plaintiff has reason to believe that during and after ALMA BROWN'S

residency, Defendants engaged in ongoing and routine practices that constituted a continuing course

of negligence, "neglect" as such term is defined by law, and fraud at CLOVIS HEALTHCARE AND

REHABILITATION CENTER arising out of:

a.     The dangerous and continuing practice of failing to have sufficient nursing
personnel, including nurse aides, on duty to meet the care needs of resident
population as determined by medical orders and individualized care plans;

b.     The relentless practice of recruiting heavier care residents for which the nursing
home received higher reimbursements when CLOVIS HEALTHCARE AND
REHABILITATION CENTER did not have sufficient numbers of nursing
personnel to provide the amount and kind of nursing care, personal care and
supervision required to meet the needs of each resident, including ALMA
BROWN; and

c.     The ongoing practice of admitting, retaining and failing to discharge residents, in
violation of the law, whose nursing care and treatment needs could not be met
because CLOVIS HEALTHCARE AND REHABILITATION CENTER staff did
not have sufficient time, qualifications or training to provide the required nursing
care, necessary health related services, personal care, and ordered treatments, in
accordance with state law, regulations and professional standards.

68.     These dangerous and routine practices arose out of Defendants' financial motives

described above. Moreover, they were ongoing in nature and continued after her discharge. Such

routine practices caused significant injury to not only ALMA BROWN, but also to other similarly

situated residents who were subjected to substantially similar conditions. Accordingly, Plaintiff would

show that: a) the neglect of ALMA BROWN grew out of an ongoing and "routine practice of an

organization"; and, (b) Defendants were repeatedly warned and placed on notice of these dangerous

and routine practices.

69.     At all times material, CLOVIS HEALTHCARE AND REHABILITATION CENTER, located at 1201 North Morris Street, Clovis, New Mexico 88101, was a skilled nursing facility and/or nursing home within the meaning of federal and New Mexico law, statutes, regulations, and codes.

70.     At all times material, CLOVIS HEALTHCARE AND REHABILITATION CENTER was subject to state law, licensing and regulatory statues, administrative codes, and rules applicable to skilled nursing facilities and/or nursing homes.

71.     At all times material, Defendants held themselves out as specialists in the operation, administration, and management of skilled nursing facilities and/or nursing homes, with the expertise necessary to provide a safe environment, prompt, necessary, and adequate care, treatment and assistance, and maintaining the health and safety of residents.

72.     At all times material, while ALMA BROWN was a resident of CLOVIS HEALTHCARE AND REHABILITATION CENTER, it had a duty and promised to provide ALMA BROWN with a safe environment and with prompt, adequate, and appropriate individualized treatment, assistance, health care, and related services, including, but not limited to, supervision, monitoring, assessment, rehabilitation, physical, occupational, and/or speech and language pathology therapy services, nourishment, nutrition and dietary services, wound care, and treatment with courtesy, dignity and respect by Defendants and/or employees, representatives, consultants, agents, officers, and/or servants to attain and maintain the highest physical, mental, and psychosocial well-being, level of function and safety for ALMA BROWN.

73.    At all times material, Defendants accepted the duty and responsibility for the safety and supervision of ALMA BROWN and stood in a special relationship with ALMA BROWN for the purposes of her protection.

74.    At all times material, Defendants had a duty of reasonable care owed to ALMA BROWN and other CLOVIS HEALTHCARE AND REHABILITATION CENTER residents, to protect them from all foreseeable harm.

75.    At all times material, it was policy, procedure and practice of Defendants to educate, train, orient and teach management, supervisors and staff to provide care, assistance, and services to residents according to their needs and disabilities.

76.    Upon information and belief, at all times material, Defendants knew or should have known that ALMA BROWN necessitated adequate and competent staff to supervise, monitor, assist, protect and keep its residents, including ALMA BROWN, safe.

77.    At all times material, it was the duty and responsibility of Defendants' management, supervisors and staff to act reasonably to prevent resident, including ALMA BROWN, from harm.

78.    At all times material, Defendants knew or should have known that ALMA BROWN necessitated adequate and competent staff for all treatments, assistance, cares, and services, including but not limited to supervision, monitoring, assessment, nutrition and dietary services, assistance and/or supervision with food and/or intake, rehabilitation, physical, occupational, and/or speech and language pathology therapy services, monitoring, updating, implementing, and/or developing treatments, care plans, plans of care, services, and/or interventions appropriate to ALMA BROWN'S needs, risks, and/or compliance with her physicians' orders, and/or implementing aspiration, choking, and /or emergency protocols and procedures.

44

79.     At all times material, Defendants through their employees, representatives, consultants, agents, and/or servants had developed a plan of care for ALMA BROWN, and had developed and implemented practices, policies, and procedures to carry out her plan of care.

80.     At all times material, Defendants had a duty to update ALMA BROWN'S Plan of Care, to address changes in her condition, and to assess and evaluate its continued ability to meet ALMA BROWN'S needs.

81.     Upon information and belief, at all times material, Defendants failed to develop, update and/or implement adequate and/or necessary Plans of Care and/or Care Plans, services, treatment, and/or interventions to address ALMA BROWN'S needs and/or risks, failed to properly arrange for, manage, and/or administer ALMA BROWN'S physician orders, failed to address ALMA BROWN'S changes in condition, pain from injuries, failed to properly assess ALMA BROWN, failed to properly assess and/or evaluate Defendants' continued ability to meet ALMA BROWN'S needs, failed to properly assess, monitor, and treat ALMA BROWN'S pressure sores, failed to use proper care and treatment to prevent infections, failed to use proper wound care measures, failed to implement necessary interventions, treatment, and/or services to reduce ALMA BROWN'S risks for dehydration, weight loss, and/or harm, and/or failed to prevent ALMA BROWN from weight loss and/or harm while she was a resident of CLOVIS HEALTHCARE AND REHABILITATION CENTER.

82.     As a result of Defendants' disregard for ALMA BROWN'S safety, its choices and negligence including, but not limited to, the failure to develop, update, implement, and/or comply with a comprehensive Plan of Care to meet ALMA BROWN'S needs, risks, and/or changes in condition, provide adequate monitoring, supervision, care, assistance, and/or services to maintain ALMA BROWN'S wellbeing, including wound care, infection control, nutrition, and hydration,

notify and/or educate ALMA BROWN'S family and/or legal representative of significant changes in ALMA BROWN'S health condition, significant changes in her status, treatment, and/or diet orders, and/or provide ALMA BROWN care in accordance with her individual care needs, ALMA BROWN suffered  infections, unplanned weight loss, dehydration, malnutrition, injuries from falls, significant pain along with resultant pain from injuries,  that was not treated or relieved appropriately, and untimely death.

83.     Upon information and belief, during and/or following ALMA BROWN developing the injuries noted herein at CLOVIS HEALTHCARE AND REHABILITATION CENTER, Defendants failed to provide ALMA BROWN with prompt and/or necessary assessments, treatments, interventions, wound care, services, assistance, monitoring, and/or supervision required to prevent infections, pressures sores, falls with injuries, unplanned weight loss, dehydration, pain and suffering, harm and/or death.

84.     As a result of the Defendants' actions and omissions, Defendants' failure to assess, monitor, prevent, recognize and/or treat ALMA BROWN resulted in ALMA BROWN'S prolonged suffering and death.

85.     While in Defendants' care, ALMA BROWN suffered injuries and harm including, but not limited to, the following:

    a.  Infections;
    b.  Unplanned weight loss;
    c.  Dehydration;
    d.  Pressure sores;
    e.  Falls with injuries;
    f.  Physical pain and suffering;
    g.  Mental anguish;
    h.  Humiliation and indignity;
    i.  The value of ALMA BROWN'S life apart from her earning capacity; and

j.   Wrongful death.

86.    As a result of the Defendants' actions and omissions, and as a direct result of her avoidable and preventable infections, unplanned weight loss, dehydration, pressure sores, falls with injuries, pain along with resultant pain from injuries, and as a result of the injuries she suffered, ALMA BROWN required medical attention, hospitalization, and her overall health deteriorated causing her death on January 21, 2023.

87.    The injuries, abuse and damages inflicted upon ALMA BROWN were of a continuing nature, and she suffered from these injuries and indignities on a day-to-day basis throughout the course of her residency at CLOVIS HEALTHCARE AND REHABILITATION CENTER and thereafter. The negligent conduct is attributable to each Defendant which caused these injuries to occur on a daily basis.

## COUNT I
## <u>WRONGFUL DEATH</u>

88.    Plaintiff incorporates the aforementioned allegations as if the same were incorporated herein. *See* Rule 1-010(C) NMRA.

89.    The acts and omissions of Defendants, and each of them, individually and through their agents and employees, were wrongful and negligent and were the direct and proximate cause of ALMA BROWN'S death.

90.    Plaintiff is entitled to recover all damages legally available under the New Mexico Wrongful Death Act, NMSA § 41-2-1 and § 41-2-3, including the loss of enjoyment of life, the monetary worth of her extreme pain and suffering, the reasonable expenses of necessary medical care and treatment, and of funeral and burial, together with all other damages that are fair and just.

47

91.     The actions of Defendants, individually and through their agents or employees, were malicious, willful, reckless, and/or done with wanton disregard for ALMA BROWN, giving rise to punitive damages against these Defendants.

## COUNT II
## NEGLIGENCE and NEGLIGENCE *PER SE*

92.     Plaintiff incorporates the aforementioned allegations as if the same were incorporated herein. *See* Rule 1-010(C) NMRA.

93.     Defendants owed a duty to their residents, including ALMA BROWN, to provide care, treatment, and services within accepted standards of care of nursing homes and/or skilled nursing facilities.

94.     Defendants owed a duty to their residents, including ALMA BROWN, to hire, train and supervise employees to deliver care and services to residents in a safe and appropriate manner.

95.     Defendants breached the duty owed to their residents, including ALMA BROWN, and were negligent in their care and treatment of ALMA BROWN, through their acts or omissions, which include, but are not limited to, the following:

a.      Failure to provide appropriate care and treatment to prevent and/or protect ALMA BROWN from suffering infections, unplanned weight loss, dehydration, pain, falls with injuries, pressure sores, suffering, anxiety, mental anguish, humiliation, indignity, injuries, harm and/or death;

b.      Failure to adequately train, educate, assess, evaluate, and supervise nursing and/or therapy personnel so as to ensure that ALMA BROWN received appropriate care, in accordance with the standard of care, professional standards of practice, Defendants' policies and procedures, and/or state and federal laws and regulations;

c.      Failure to provide ALMA BROWN with basic and necessary care, treatment and supervision including, but not limited to:

i.      assessing, developing, updating, and/or implementing appropriate care plans, individualized care plans, and/or treatment interventions to reduce ALMA BROWN'S risk and/or prevent ALMA BROWN from infections,

injury, pressure sores, falls with injuries, malnutrition, dehydration and harm;

    ii.    developing and/or implementing appropriate policies and procedures; and/or

    iii.    assessing, developing, updating, supervising, monitoring, documenting, and/or implementing safe, appropriate, and/or necessary care, services, interventions, therapies, and/or treatments required to attain or maintain highest practicable physical, mental, and/or psychosocial level of well-being for ALMA BROWN, and/or to prevent her from injury, harm, and/or death.

d.    Failure to protect ALMA BROWN from abuse or neglect;

e.    Failure to treat ALMA BROWN with dignity, kindness and respect;

f.    Failure to properly notify ALMA BROWN'S family, legal representative, and/or physician of significant changes in ALMA BROWN'S health condition, significant changes in her physical, mental, or psychosocial status, a need to alter ALMA BROWN'S treatment, and/or an injury and/or condition that had the potential for requiring physician intervention;

g.    Making false, misleading and deceptive representations as to the quality of care, treatment and services provided by Defendants to their residents, including ALMA BROWN and her family;

h.    The failure to adopt adequate guidelines, standards, policies and procedures for documentation, maintaining records and files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by Defendants' employees, irrespective of whether such complaint derived from a state or federal survey agency, a resident of said facilities, an employee of said facilities or any interested person;

i.    Failure of high managerial agents and corporate offers to adequately hire, train, educate and/or supervise the administrator, director of nurses, assistant director of nursing and MDS Coordinator so as to assure that ALMA BROWN received care in accordance with the Defendants' policies and procedures, state and federal laws and regulations and standard of care;

j.    Failure to adequately hire, train, educate, supervise and/or retain a sufficient amount of competent and qualified personnel in said facility to assure that ALMA BROWN received care, treatment, and services in accordance with Defendants' policies and procedures, state and federal laws and regulations, the standard of care, and/or professional standards of practice;

k.  The failure to provide a sufficient number of qualified nursing personnel at CLOVIS HEALTHCARE AND REHABILITATION CENTER to ensure that ALMA BROWN and other residents received and/or were provided with:

    i.  timely, thorough and accurate assessments;

    ii.  accurate and updated plans of care;

    iii.  prescribed treatment, medication and/or diet;

    iv.  necessary and proper nutrition, wound care, infection control, supervision to prevent falls with injuries, and hydration;

    v.  necessary supervision; and/or

    vi.  timely nursing and medical intervention;

l.  The failure to provide staff and/or personnel sufficient in number to provide timely, thorough, and accurate assessments, prepare and implement appropriate plans of care and provide proper treatment to protect ALMA BROWN from physical harm, infections, unplanned weight loss, dehydration, falls with injuries, pressure sores, pain, suffering, anxiety, mental anguish, humiliation, indignity, injuries, harm and/or death;

m.  The failure to provide staff and/or personnel sufficient in number to ensure that ALMA BROWN attained and maintained her highest level of physical, mental and psychosocial well-being;

n.  The failure to maintain medical and nursing records for ALMA BROWN in accordance with accepted professional standards and practices that are complete, accurately documented, and readily accessible, and systematically organized with respect to:

    i.  the diagnosis of ALMA BROWN

    ii.  the comprehensive plan of care, treatments, and/or services provided to ALMA BROWN

    iii.  a record of ALMA BROWN'S assessments and the results of any preadmission screening, resident review evaluations, and/or determinations conducted by the State;

    iv.  Physician's, nurse's, and other licensed professional's progress notes; and/or

    v.  Laboratory, radiology, and other diagnostic services reports as required under state and federal laws and regulations;

o.  The failure by the members of the governing body of the facility to discharge its legal and lawful obligation by:

       i.      ensuring that the rules and regulations designed to protect the health and safety of the residents, such as ALMA BROWN, as promulgated in the New Mexico Nursing Home Residents Rights Act 7.9.2.22 NMAC (2005), by the New Mexico Health Facility Licensing and Certification Bureau, state and federal laws and regulations, were consistently complied with on an ongoing basis;

       ii.     ensuring that the resident care policies and procedures for the facility were consistently complied with on an ongoing basis; and/or

       iii.    responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care; and/or

p.     The failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in resident care.

96.     ALMA BROWN'S care was under the exclusive control and management of Defendants.

97.     ALMA BROWN'S injuries were of a kind which does not ordinarily occur in the absence of negligence of Defendants' part.

98.     The injuries and wrongful death of ALMA BROWN are a proximate result of the acts or omissions set forth above, singularly or in combination.

99.     At all relevant times, Defendants were subject to state and federal laws and regulations regarding long-term care facilities and nursing homes, including but not limited to the following:

a.     "[C]are for its residents in such a manner and in such an environment as well promote maintenance or enhancement of the quality of life of each resident;"

b.     Provide "nursing services and specialized rehabilitative services to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident;"

c.     Provide "dietary services that assure that the meals meet the daily nutritional needs of each resident;"

d.     "[P]rovide 24-hour licensed nursing service… sufficient to meet nursing needs of its residents;"

e.    "[O]perate and provide services in compliance with all applicable Federal, State and local laws and regulations… and with accepted professional standards and principles which apply to professionals providing services in such a facility;"

f.    Not abuse or allow abuse or harm to come to its residents, pursuant to NMSA 1978 §30-47-4, which criminalizes conduct constituting "abuse" of a resident in a care facility. "Abuse" is "any act or failure to act performed intentionally, knowingly, or recklessly that causes or is likely to cause harm to a resident, including… medically inappropriate conduct that causes or is likely to cause physical harm to a resident;"

g.    Not to neglect its residents, pursuant to NMSA 1978 §30-47-5, which criminalizes conduct constituting "neglect" of a resident in a care facility. "Neglect" includes any grossly negligent:

    i.    "failure to provide any treatment, service, care, medication or items that are necessary to maintain the health or safety of a resident;"

    ii.    "failure to take any reasonable precaution that is necessary to prevent damage to the health or safety of a resident;" and

    iii.    "failure to carry out a duty to supervise properly or control the provision of any treatment, care, good, service or medication necessary to maintain the health or safety of a resident;"

h.    Immediately notify the resident, resident's physicians, or an interested family member when there was:

    i.    "an accident involving the resident which results in injury and has the potential for requiring physician intervention;"

    ii.    "a significant change in … physical, mental, or psychosocial status,"; and

    iii.    "a need to alter treatment significantly;"

i.    "[T]reat each resident with respect and dignity and care for each resident in a manner and in an environment that promotes maintenance or enhancement of his or her quality of life;"

j.    "[H]have sufficient nursing staff with the appropriate competencies and skill sets to provide nursing and related services to assure resident safety and attain or maintain the highest practicable physical, mental, and psychosocial well-being of each resident;"

k.    Develop a comprehensive care plan for each resident, consistent with the resident rights set for at §483.10(c)(2) and §483.10(c)(3), and/or that includes "measurable objectives and timeframes to meet a resident's medical, nursing, and mental and psychosocial needs that are identified in the comprehensive assessment;"

l.      "[P]rovide the necessary care and services to attain or maintain the highest practicable physical, mental and psychosocial well-being, in accordance with the comprehensive assessment and plan of care;"

m.      Ensure that the residents are provided with "the necessary care and services to ensure that a resident's abilities in activities of daily living do not diminish unless circumstances of the individual's clinical condition demonstrate that such diminution was unavoidable;"

n.      Ensure that if that facility does not employ a qualified professional person to furnish a specific service to be provided by the facility, the facility must have that service furnished to residents by a person or agency outside the facility under an arrangement described in section 1861(w) of the Act or an agreement as described in 42 CFR §483.70 (g)(2);

o.      Ensure that arrangements as described in section 1861(w) of the Act or agreements pertaining to services furnished by outside resources must specify in writing that the facility assumes responsibility for:

i.      "Obtaining services that meet professional standards and principles that apply to professionals providing services in such a facility;"

ii.     "The timeliness of the services."

p.      Provide "medically-related social services to attain or maintain the highest practicable physical, mental and psychological well-being of each resident;"

q.      ensure that residents are provided "with sufficient fluid intake to maintain proper hydration and health;"

r.      Ensure that "[a] resident's food and fluid intake and acceptance of diet shall be monitored and documented, and significant deviations from normal eating patterns shall be reported to the nurse and either the resident's physician or dietician as appropriate;"

s.      Ensure that each resident is provided with "a nourishing, palatable, well-balanced diet that meets his or her daily nutritional and special dietary needs, taking into consideration the preferences of each resident;"

t.      Ensure that the facility employs "sufficient staff with the appropriate competencies and skill sets to carry out the functions of the food and nutrition service, taking into consideration resident assessments individual plans of care and the number, acuity and diagnoses of the facility's resident population in accordance with the facility assessment required at §483.470(e);"

u.      Provide "sufficient support personnel to safely and effectively carry out the functions of the food and nutrition service;"

    v.      Ensure that "suitable, nourishing, alternative meals and snacks must be provided to residents who want to eat at non-traditional times or outside of scheduled meal service times, consistent with the resident plan of care;"

    w.    Ensure each resident's medical record contains nursing service documentation, including but not limited to an "initial nursing care plan and any revisions", nursing documentation describing "the general physical and mental condition of the resident, including any unusual symptoms or actions" and food and fluid intake, when the monitoring of intake is necessary;

    x.    Maintain clinical records on each resident in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, systematically organized and must contain:

        i.      "Sufficient information to identify the resident;"

        ii.     "A record of the resident's assessment;"

        iii.    "The comprehensive plan of care and services provided;"

        iv.    "The results of any preadmission screening and resident review evaluations and determinations conducted by the State;"

        v.     "Physician's, nurse's, and other licensed professional's progress notes"; and,

        vi.    "Laboratory, radiology and other diagnostic services reports as required under §483.50.;"

    y.      Provide services for residents on a "continuing twenty-four (24) hour basis and shall maintain or improve physical, mental and psychosocial well-being;"

    z.      Require all employees and providers to treat its residents with courtesy, respect and full recognition of one's dignity and individuality;

    aa.    Allow its residents to receive adequate and appropriate care within the capacity of the facility;

    bb.    Notify a designated family member of a significant adverse change in ALMA BROWN'S condition; and/or

    cc.    Require that there be "sufficient nursing service personnel assigned to care for the specific needs of each resident on each tour of duty."

    100.    As a direct and proximate result of Defendants' actions and omissions in violation of state and federal laws and regulations and the standard of care, ALMA BROWN and her

statutory heirs under the Wrongful Death Act suffered the following damages: the reasonable expenses of her medical care and treatment; the reasonable expenses of her funeral and burial; the monetary worth of her pain and suffering; and the monetary worth of her life and loss of the value of her life.

101.    The neglect that resulted in ALMA BROWN'S injuries and death was accompanied by aggravating circumstances for which the Plaintiff is entitled to additional damages.

102.    The statutes and regulations cited above set minimum standards the Defendants are required to meet in providing care to residents such as ALMA BROWN.

103.    The statutes and regulations cited above were enacted for the benefit or protection of a class of the public, of which ALMA BROWN was a member at all times material to this action.

104.    Defendants violated these statutes and regulations in care for ALMA BROWN and other similarly situated residents at CLOVIS HEALTHCARE AND REHABILITATION CENTER.

105.    The actions of Defendants, through their agents or employees, were malicious, willful, reckless, and/or done with wanton disregard for ALMA BROWN, giving rise to punitive damages against Defendants.

## COUNT III
## PUNITIVE DAMAGES

106.    Plaintiff incorporates the aforementioned allegations as if the same were incorporated herein. *See* Rule 1-010(C) NMRA.

107.    Defendants' acts and/or omissions described herein were malicious, willful, reckless, and/or wanton as those terms are defined by New Mexico law justifying an award of punitive damages.

108.    Defendants are directly and/or vicariously liable for punitive damages based on the conduct of their employees, agents, apparent agents, officers, principals, and vice-principals.

109.    A corporation may be held liable for punitive damages for the misconduct of its employees if: (1) employees possessing managerial capacity engage in conduct warranting punitive damages; (2) the corporation authorizes, ratifies, or participates in conduct that warrants punitive damages; or (3) under certain circumstances, the cumulative effects of the conduct of the employees demonstrates a culpable mental state warranting punitive damages. *Grassie v. Roswell Hospital Corporation*, 150 N.M. 283 (2010).

110.    Defendants' employees, agents, apparent agents, officers, principals and vice-principals were acting in the scope of their employment with Defendants and had sufficient discretionary or policy making authority to speak and act for it with regard to the conduct at issue, independent of higher authority.

111.    Defendants further authorized, participated in, or ratified the conduct of its agents, employees, officers, principals, and vice-principals.

112.    The actions of Defendants' employees, agents, apparent agents, officers, principals and vice-principals, viewed in the aggregate, determine that Defendants had the requisite culpable mental state because of the cumulative conduct of its employees.

## VI.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests relief from this Court as follows:

1.    For all damages to be determine by the jury, in an amount to adequately compensate Plaintiff for all injuries and damages sustained;

2.    For all general and special damages caused by the alleged conduct of Defendants;

3.    For the costs of litigating this case;

4.    For punitive damages sufficient to punish Defendants for their egregious conduct and to deter

Defendants and others from repeating such conduct; and

5.    For all other relief to which Plaintiff is entitled under New Mexico law.

Respectfully Submitted,

**MARKS, BALETTE GIESSEL & YOUNG, PLLC**

By: */s/ Brent L. Moss*
      Brent L. Moss, #149216
      7521 Westview Dr.
      Houston, Texas 77055
      (713) 681-3070
      (713) 681-2811 – facsimile
      brent@marksfirm.com

      Justin R. Kaufman
      Rosalind B. Bienvenu
      **DURHAM, PITTARD & SPALDING, L.L.P.**
      505 Cerrillos Road, Suite A209
      Santa Fe, New Mexico 87501
      jkaufman@dpslawgroup.com
      rbienvenu@dpslawgroup.com
      Telephone:  (505) 986-0600
      Facsimile:  (505) 986-0632
      jkaufman@dpslawgroup.com
      rbienvenu@dpslawgroup.com