United States Bankruptcy Court for the North District of Texas

**Name of Debtor:** Genesis Healthcare, Inc.

**Case Number:** 25-80185

**For Court Use Only**

Claim Number: 0000011082

File Date: 09/25/2025 14:21:34

# Proof of Claim (Official Form 410)

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. With the exception of 503(b)(9), do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

**04/25**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Name of the current creditor (the person or entity to be paid for this claim): Handley, Janet

Other names the creditor used with the debtor: ____________________

**2. Has this claim been acquired from someone else?** ☑ No ☐ Yes. From whom? ____________________

**3. Where should notices and payments to the creditor be sent?** Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name: Handley, Janet | Name: |
| Address: Jacques G. Balette, 7521 Westview Drive | Address: |
| City: Houston | City: |
| State: TX ZIP Code: 77055 | State: ZIP Code: |
| Country (if International): | Country (if International): |
| Phone: 7136834830 | Phone: |
| Email: jacquesb@marksfirm.com | Email: |
| Uniform claim identifier (if you use one): ___________________ | |

| **4. Does this claim amend one already filed?** | **5. Do you know if anyone else has filed a proof of claim for this claim?** |
|---|---|
| ☑ No | ☑ No |
| ☐ Yes. | ☐ Yes. |
| Claim number on court claims register (if known) ____________ | Who made the earlier filing? |
| Filed on ____________ MM / DD / YYYY | ____________ |

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:

4755

**7. How much is the claim?**

$ undetermined

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c). Limit disclosing information that is entitled to privacy, such as health care information.

Personal Injury/Workers Comp

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: ____________

**Basis for perfection:** ____________

Attach redacted copies of documents, if any, that show evidence of perfection of security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $____________

**Amount of the claim that is secured:** $____________

**Amount of the claim that is unsecured:** $____________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $____________

**Annual Interest Rate** (when case was filed) ____________%

☐ Fixed ☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of petition.**

$____________

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property:

____________

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

☑ No

☐ Yes. *Check one:*

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $____________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $____________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $____________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $____________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $____________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507 (a) (__________) that applies. | $____________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

**13. Does this claim qualify as an Administrative Expense under 11 U.S.C. § 503(b)(9)?**

☑ No

☐ Yes. **Amount that qualifies as an Administrative Expense under 11 U.S.C. § 503(b)(9)**: $____________

**Part 3:** **Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other co-debtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Jacques Balette — Signature

09/25/2025 14:21:34 — Date

**Provide the name and contact information of the person completing and signing this claim:**

Name: Jacques G. Balette

Address: Marks Balette Young & Moss, PLLC
7521 Westview Dr.

City: Houston

State: TX Zip: 77055

Country (in international): United States of America

Phone: 713-683-4830

Email: jacquesb@marksfirm.com

**Fill in this information to identify the case:**

Debtor 1 Genesis Healthcare, Inc.

Debtor 2
(Spouse, if filing) ______

United States Bankruptcy Court for the: Northern District of Texas

Case number 25-80185 (SGT)

Official Form 410

# Proof of Claim

04/25

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

## Part 1: Identify the Claim

**1. Who is the current creditor?**

Leslie Handley Williams, Administratrix of the Estate of Janet Sue Handley
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor Janet Handley

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom? ______

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| **Where should notices to the creditor be sent?** | **Where should payments to the creditor be sent?** (if different) |
|---|---|
| Name: Jacques G. Balette | Name: |
| Number Street: 7521 Westview Drive | Number Street: |
| City: Houston State: TX ZIP Code: 77055 | City State ZIP Code |
| Contact phone 713.683.4830 | Contact phone |
| Contact email jacquesb@marksfirm.com | Contact email |

Uniform claim identifier (if you use one): ______

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known) ______ Filed on ______ MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing? ______

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

**6. Do you have any number you use to identify the debtor?**

☐ No
☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 4 7 5 5

**7. How much is the claim?**

$ An amount to be determined in accordance with law but no less than $250,000

**Does this amount include interest or other charges?**

☑ No
☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Personal injury and wrongful death. See attached Complaint.

**9. Is all or part of the claim secured?**

☑ No
☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*
☐ Motor vehicle
☐ Other. Describe: ____________________

**Basis for perfection:** ____________________

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $__________

**Amount of the claim that is secured:** $__________

**Amount of the claim that is unsecured:** $__________ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $__________

**Annual Interest Rate** (when case was filed)_______%

☐ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☑ No
☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $__________

**11. Is this claim subject to a right of setoff?**

☑ No
☐ Yes. Identify the property: ____________________

12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check one:*

| | **Amount entitled to priority** |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $__________ |
| ☐ Up to $3,800* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $__________ |
| ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $__________ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $__________ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $__________ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $__________ |

* Amounts are subject to adjustment on 4/01/28 and every 3 years after that for cases begun on or after the date of adjustment.

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date 09/24/2025
MM / DD / YYYY

Signature: [signature]

**Print the name of the person who is completing and signing this claim:**

Name: Jacques G. Balette
First name / Middle name / Last name

Title: Partner

Company: Marks Balette Young & Moss, PLLC
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address: 7521 Westview Dr.
Number Street

Houston TX 77055
City State ZIP Code

Contact phone: 713.683.4830 Email: jacquesb@marksfirm.com

**COMMONWEALTH OF KENTUCKY**
**IN THE CIRCUIT COURT OF HARDIN COUNTY**

**Civil Action File No. ______________**

Leslie Handley Williams, Administratrix of the Estate of Janet Sue Handley, Deceased, and on behalf of the Wrongful Death Beneficiaries of Janet Sue Handley

PLAINTIFF

v.

**COMPLAINT**

Genesis Healthcare LLC.
Serve: Richard M. Peace, Registered Agent
7210 Turfway Road
Ste. E
Florence KY 41042

Genesis Holdings, LLC
Serve: Praveen Katta
5909 Laurel Lane
Prospect, KY 40059

Sun Healthcare Group, Inc.
Serve: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

FC-Gen Ops I
Serve: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

FC-Gen Ops II
Service: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

FC-Gen Operations, LLC
Service: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Harborside Healthcare Advisors, LP
Serve: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000001 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000001 of 000029

Harborside Healthcare, LP
Serve: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Harborside Healthcare, LLC
Service: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

HCF Management Group XI, LLC
Serve: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Sunbridge Healthcare, LLC
Service: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Sundance Rehabilitation Holdco, Inc.
Serve: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Welltower, Inc.
Serve: Corporation Service Company
421 W. Main Street
Frankfort, KY 40601

Zac Properties, XI, LLC
Serve: Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

HBR Kentucky, LLC
Serve: Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000002 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000002 of 000029

HBR Elizabethtown, LLC d/b/a
Kensington Nursing and Rehabilitation Center a/k/a
Kensington Center
275 Saint John Road
Elizabethtown, KY 42701

Serve: Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

Tony Mollika, Individually and in his capacity
as the Administrator of Kensington Health Center, LLC
225 Saint John Road
Elizabethtown KY 42701

Encore Health Partners, LLC
300 Provider Court
Richmond, KY 40475

Serve: Registered Agent, Mayer Fischl
300 Provider Court
Richmond, KY 40475

Encore Parent Holdings, LLC
300 Provider Court
Richmond KY 40475

Serve: Registered Agent, Mayer Fischl
300 Provider Court
Richmond, KY 40475

Kensington Health Center, LLC, d/b/a
Kensington Nursing and Rehabilitation Center f/k/a Kensington Nursing and Rehabilitation Facility and Kinsington Center
Kensington Center
225 Saint John Road
Elizabethtown, KY 42701

Serve: Corporation Service Company
421 West Main Street
Frankfort, Kentucky 40601

Cassie Allen, Administrator of
Kensington Nursing and Rehabilitation Center
225 Saint John Road
Elizabethtown KY 42701

And

7198981B-ADC8-4BC2-8D47-9E3B9D60A180 : 000003 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000003 of 000029

John Does 1–20 DEFENDANTS

* * * * * * * * * * * * * *

Comes the Plaintiff, **LESLIE HANDLEY WILLIAMS, ADMINISTRATRIX OF THE ESTATE OF JANET SUE HANDLEY, DECEASED, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF JANET SUE HANDLEY,** and for the cause of action against Defendants **Genesis Healthcare, LLC; Genesis Holdings, LLC; Sun Healthcare Group, Inc.; FC-Gen Ops I; FC-Gen Ops II; FC-Gen Operations, LLC; Harborside Healthcare Advisors, LP; Harborside Healthcare, LP; Harborside Healthcare, LLC; HCF Management Group, XI, LLC; Sunbridge Healthcare, LLC; Sundance Rehabilitation, Holdco, Inc.; Welltower, Inc.; Zac Properties XI, LLC; HBR Kentucky, LLC; HBR Elizabethtown, LLC d/b/a Kensington Nursing and Rehabilitation Center a/k/a Kensington Center; Tony Mollika, Individually in his capacity as Administrator; Encore Health Partners, LLC; Encore Parent Holdings; Kensington Health Center, LLC Kensington Health Center, LLC, d/b/a Kensington Nursing and Rehabilitation Center f/k/a Kensington Nursing and Rehabilitation Facility and Kinsington Center; and Cassie Allen, Individually and in her capacity as Administrator, and John Does 1-20** states:

1. Leslie Handley Williams is the daughter of Janet Sue Handley and was appointed the Administratrix of the Estate of Janet Sue Handley on July 5, 2024. (A copy of the Order is attached as Exhibit "A").

2. Upon information and belief, Janet Sue Handley was a resident of Kensington Health Center, LLC, located at 225 St. John Road, Elizabethtown, KY 42701 from August 23, 2023 to January 11, 2024. She died on January 16, 2024.

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000004 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000004 of 000029

3. Plaintiff is financially solvent and may bear the costs of this action as required by law.

**I. Genesis Defendants**

4. Defendant **HBR Kentucky, LLC** is a domestic for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601.

5. Defendant **HBR Elizabethtown, LLC d/b/a Kensington Nursing and Rehabilitation Center a/k/a Kensington Center ("Kensington Nursing" or " Facility")** is a domestic for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 421 West Main Street, Frankfort, Kentucky 40601

6. Defendant **Genesis Healthcare, LLC** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity for service upon Richard M. Peace, Registered Agent, 7210 Turfway Road, Ste. E., Florence KY 41042.

7. Defendant **Genesis Holdings, LLC** is a foreign for-profit corporation. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky.

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000005 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000005 of 000029

Service of process may be obtained upon this entity by service upon Registered Agent, Praveen Katta, 5909 Laurel Lane, Prospect, Kentucky, 40059.

8. Defendant **Sun Healthcare Group, Inc.,** is a foreign for-profit corporation. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

9. Defendant **FC-Gen Ops I,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

10. Defendant **FC-Gen Ops II,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

11. Defendant **FC-Gen Operations, LLC,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

12. Defendant **Harborside Healthcare Advisors, LP,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning,

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000006 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000006 of 000029

operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

13. Defendant **Harborside Healthcare, LP,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

14. Defendant **Harborside Healthcare, LLC,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

15. Defendant **HCF Management Group XI, LLC** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

16. Defendant **Sunbridge Healthcare, LLC,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000007 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000007 of 000029

17. Defendant **Sundance Rehabilitation Holdco, Inc.,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

18. Defendant **Welltower, Inc.** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 421 W. Main Street, Frankfort, KY 40601.

19. Defendant **Zac Properties, XI, LLC,** is a foreign for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving Registered Agent, Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

20. Upon information and belief, Defendants **Tony Mollika** was the Administrator of Kensington Health Center, LLC at times material to this lawsuit. Service of process may be obtained upon this person by serving them at 225 Saint John Road, Elizabethtown, Kentucky, 42701.

**II. Encore Defendants**

21. Defendant **Encore Health Partners, LLC** is a domestic for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000008 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000008 of 000029

Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving its Registered Agent, Mayer Fischl, 300 Provider Court, Richmond, KY 40475.

22. Defendant **Encore Parent Holdings, LLC** is a domestic for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving its Registered Agent, Mayer Fischl, 300 Provider Court, Richmond, KY 40475.

23. Defendant Kensington Health Center, LLC, d/b/a Kensington Nursing and Rehabilitation Center f/k/a Kensington Nursing and Rehabilitation Facility and Kensington Center ("Kensington Nursing") is a domestic for-profit limited liability company. At times material to this lawsuit, this Defendant was in the business of owning, operating, managing, and/or maintaining nursing homes and related health care facilities in the Commonwealth of Kentucky. Service of process may be obtained upon this entity by serving its Registered Agent at Corporation Service Company, 421 Main Street, Frankfort, Kentucky 40601

24. Defendant **Cassie Allen** was the Licensed Nursing Home Administrator of Kensington Nursing and Rehabilitation Center at times material to this lawsuit. Service of process may be obtained upon this person by serving this Defendant at 225 Saint John Road, Elizabethtown, Kentucky, 42701.

25. Defendants John Does 1 through 20 are entities and/or persons either providing care and services to Janet Sue Handley and/or are directly or vicariously liable for the injuries of Janet Sue Handley. Plaintiff is currently unable to identify these Unknown Defendants, despite diligent efforts, but may discover such identities upon further investigation. Said Defendants are named insofar as their acts and/or omissions were negligent, tortious or otherwise wrongful with respect to the care, treatment and services rendered to Janet Sue Handley during her residency at

7198B91B-ADC8-4BC2-8D47-9E3B9D60A180 : 000009 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000009 of 000029

Kensington Health Center, LLC. d/b/a Kensington Nursing and Rehabilitation Center f/k/a Kensington Center.

26. Upon information and belief, Defendants controlled the operation, planning, management, budget, and quality control of Kensington Health Center, LLC. The authority exercised by Defendants over the nursing facility included but was not limited to, control of marketing, human resources management, training, staffing, creation and implementation of all policy and procedure manuals used by the nursing facilities in Kentucky, federal and state reimbursement, quality care assessment and compliance, licensure and certification, legal services, and financial, tax and accounting control through fiscal policies established by Defendants.

27. Jurisdiction and venue are proper in this Court.

**DEFINITIONS**

28. Whenever the term "Defendants" is utilized within this Complaint, such term collectively refers to and includes all named Defendants in this lawsuit, unless specified otherwise.

29. Whenever the term "Controlling Corporate Defendants" or "Corporate Defendants" is utilized in this Complaint, such term refers jointly and severally to Genesis Healthcare, LLC; Genesis Holdings, LLC; Sun Healthcare Group, Inc.; FC-Gen Ops I; FC-Gen Ops II; FC-Gen Operations, LLC; Harborside Healthcare Advisors, LP; Harborside Healthcare, LP; Harborside Healthcare, LLC; HCF Management Group, XI, LLC; Sunbridge Healthcare, LLC; Sundance Rehabilitation, Holdco, Inc.; Welltower, Inc.; Zac Properties XI, LLC; HBR Kentucky, LLC; Encore Health Partners, LLC; Encore Parent Holdings; and John Does 1-20.

30. Under Kentucky law, a corporation can only act through its officers, employees, agents and servants. Any act or omission of an officer or employee while acting within the scope of his or her employment or authority constitutes an act or omission of the corporation. Accordingly, Plaintiff invokes the doctrine of *respondeat superior*. Whenever in this Complaint it is alleged that

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000010 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000010 of 000029

*any Defendant* engaged in any act or omission or had a requisite level of knowledge, such reference shall mean that the officers, agents, servants, representatives, and/or employees who were: (a) under the control of said Defendant(s); and, (b) acting in the course and scope of their employment relationship with said Defendant(s) engaged in the act or omission or had the requisite level of knowledge.

31. References within this Complaint to "Kensington Nursing" shall mean the nursing home and skilled nursing unit operated at the address of 225 Saint John Road, Elizabethtown, KY, 42701, Hardin County, Kentucky. Furthermore, whenever in this Complaint it is alleged that Kensington Nursing engaged in any act or omission or had some level of knowledge about an event, said reference shall include the licensee of the facility as well as its officers, employees, agents, and servants who acted under the control and within the scope of employment of said Defendant.

**GENERAL FACTUAL BACKGROUND**

32. At relevant times mentioned herein, Defendants owned, operated, managed and/or controlled Kensington Nursing, either directly, or through the agency of each other and/or other entities, agents, servants, or employees.

33. Defendants are directly or vicariously liable for any acts and omissions by any person or entity, controlled directly or indirectly, including any governing body, officer, employee, ostensible or apparent agent, consultant or independent contractor, whether in-house or outside individuals, entities, agencies or pools, which caused injury to Plaintiff.

34. Corporate Defendants are sued for their direct participation in the torts and causes of action made the basis of this lawsuit, having: (a) disregarded the duties and responsibilities which Kensington Nursing Center, LLC, as a licensed nursing home, owed to the Commonwealth of Kentucky and its residents; (b) created the dangerous conditions described by interfering with

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000011 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000011 of 000029

and causing Kensington Nursing to violate Kentucky statutes, laws, and/or minimum regulations governing the operation of said nursing home; (c) superseding the statutory rights and duties owed to nursing home residents through its dangerous directives, policies, and control of Kensington Nursing; and, (d) caused the harm complained of herein.

35. Kensington Nursing is sued in its capacity as a licensed nursing home and partial operator of the facility for: (a) violations of state laws and regulations governing the provision of care to nursing home residents; and (b) failure to exercise ordinary care as a licensed nursing home to guard against injury.

36. In addition to being legally responsible for the wrongful acts detailed above as a direct participant, Plaintiff pleads in the alternative that Corporate Defendants and each of them are also indirectly and vicariously liable and responsible for each and every tort and cause of action stated within this Complaint and the resultant damages. More specifically, Corporate Defendants are vicariously liable and responsible for the wrongful conduct detailed above and below under the alternative legal theories:

a. **Agency**: At times material to this lawsuit, Kensington Nursing Center, LLC acted as the agent of one or more of the other Controlling Corporate Defendants. As such, Controlling Corporate Defendants ratified or authorized the acts or omissions of Kensington Health Center, LLC;

b. **Joint Enterprise**: In the alternative, to the extent Corporate Defendants are found to be separate corporate entities, Genesis Healthcare, LLC; Genesis Holdings, LLC; Sun Healthcare Group, Inc.; FC-Gen Ops I; FC-Gen Ops II; FC-Gen Operations, LLC; Harborside Healthcare Advisors, LP; Harborside Healthcare, LP; Harborside Healthcare, LLC; HCF Management Group, XI, LLC; Sunbridge Healthcare, LLC; Sundance Rehabilitation, Holdco, Inc.; Welltower, Inc.; Zac Properties XI, LLC; HBR Kentucky, LLC; HBR Elizabethtown, LLC d/b/a Kensington Nursing and Rehabilitation Center a/k/a Kensington Cener; Encore Health Partners, LLC; Encore Parent Holdings; Kensington Health Center, LLC, d/b/a Kensington Nursing and Rehabilitation Center f/k/a Kensingnton Nursing and Rehabilitation Facility and Kensington Center; Tony Mollika, Individually in his capacity as Administrator, Cassie Allen, Individually in her capacity as Administrator, and John Does 1-20, each remain liable for the acts and omissions of the others because said Defendants operated Kensington Health Center, LLC as a joint enterprise. These Defendants engaged in a joint venture and

7198981B-ADC8-4BC2-8D47-9E3B9D60A180 : 000012 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000012 of 000029

acted in concert in the operation, management, and maintenance of Kensington Health Center, LLC. These entities had an equal right to control their venture as a whole, as well as to control the operation and management of the subject facility; and

c. **Alter Ego**: At times material to this lawsuit, Kensington Nursing was a subsidiary and the alter ego of the Controlling Corporate Defendants. Defendant Kensington Nursing was a mere conduit through which Controlling Corporate Defendants did business. The management and the operations of Nursing were so assimilated within the parent that the aforementioned subsidiary was simply a name through which the parent Controlling Corporate Defendants conducted business. Controlling Corporate Defendants completely dominated and controlled the business affairs of Kensington Nursing insomuch as said subsidiary was organized and operated as a mere tool of the parent company. Any assertions by Controlling Corporate Defendants and Kensington Nursing that each are separate corporate fictions having "an independent and separate existence" is nothing more than a sham and part of a scheme to perpetuate fraud, promote injustice and evade existing legal obligations.

## SUMMARY STATEMENT OF THE CASE

37. Janet Sue Handley was admitted to Kensington Nursing on August 23, 2023. She remained a resident until her final discharge on or about January 11, 2024. She died January 16, 2024.

38. When she was admitted to Kensington Nursing, Janet Sue Handley was a total-care resident and looked to Defendants for treatment of her total needs for custodial, nursing, and medical care and not merely as the situs where others not associated with the facility would provide treatment.

39. As a total-care resident of Kensington Nursing, Ms. Handley was known to be at "high risk" for pressure sores and infections. Consequently, it was imperative for Defendants to implement appropriate steps to prevent avoidable injuries.

40. Defendants were well aware that Janet Sue Handley depended upon Kensington Nursing for twenty-four (24) hour nursing care that included, at a minimum, the following essential care services:

a. Providing appropriate incontinent and perineal care and hygiene;

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000013 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000013 of 000029

b. Providing proper pressure offloading, including proper and timely turning and repositioning;

c. Implementing appropriate infection prevention protocol to ensure Ms. Handley did not develop infections;

d. Timely and accurately monitoring and assessing Ms. Handley for signs and symptoms of infection;

e. Providing appropriate nutrition and hydration;

f. Monitoring Ms. Handley for changes in her condition;

g. Immediately notifying Ms. Handley's attending physician and family of any change in Ms. Handley's condition, need to alter treatment, or threat to Ms. Handley's health;

h. Creating an individualized care plan of the daily nursing care required by Ms. Handley based on her specific condition and needs, which was updated and revised when he experienced a significant change in condition or if care planned measures were ineffective;

i. Administering all treatments in accordance with physician's orders and in a timely manner in order to prevent injury, as well as all nursing care in accordance with Ms. Handley's individualized care plan; and

j. Monitoring Ms. Handley for any signs and symptoms of pain, performing a systematic pain assessment and implementing an appropriate pain management program when indicated.

41. By reason of Ms. Handley's needs and her degree of dependency upon the nursing home staff, Defendants:

a. Fully understood their duties and responsibilities in providing Ms. Handley with the above essential services and the importance of such care in promoting her rehabilitation; and

b. Fully understood the consequences of failing to provide such routine services in accordance with the fundamental standard of care.

42. Moreover, by reason of Defendants' experience and background in nursing home operations, Defendants were acutely aware that the failure to provide the kind of basic care required by Ms. Handley could jeopardize her health and safety and cause her to suffer from pressure sores,

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000014 of 000054

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000014 of 000029

infections, sepsis, unplanned weight loss, malnutrition, dehydration unnecessary pain and suffering, and death.

43. Due to Defendants' ongoing and routine indifference for Ms. Handley's basic care and needs, Ms. Handley suffered the following avoidable injuries:

a. Infections;

b. Urinary tract infections;

c. Pressure sores;

d. Sepsis;

e. Unplanned weight loss;

f. Malnutrition;

g. Dehydration;

h. Significant pain that was not treated or relieved appropriately;

i. Accelerated deterioration of her health;

j. Violations of her dignity; and

k. Death

44. As detailed below, Ms. Handley's catastrophic injuries were caused by Defendants' profound neglect; violations of the Long-Term Care Resident's Rights, gross negligence, fraud, and reckless, willful, wanton and oppressive disregard for Ms. Handley's safety.

45. Janet Sue Handley also suffered unnecessary loss of personal dignity, pain and suffering, degradation, emotional distress, hospitalization and death, all of which were caused by the wrongful conduct of Defendants as alleged below.

**<u>DEFENDANTS' PATTERN AND PRACTICE OF UNDERSTAFFING</u>**

46. Defendants engaged in a pattern and practice of understaffing Kensington Nursing which prevented the nursing home from having sufficient staff to meet the minimum needs of its

7198981B-ADC8-4BC2-8D47-9E3B9D60A180 : 000015 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000015 of 000029

residents and resulted systemic care deprivation and an epidemic of harm. The motive for this practice was to increase Defendants' profits.

47. Defendants were fully aware that the failure to provide sufficient numbers of competent nursing personnel to meet the basic needs of residents jeopardized the health and safety of such residents and would, in all reasonable likelihood, cause serious injury and death to Kensington Nursing residents.

48. Defendants were fully aware that the delivery of essential care and custodial services to residents in the nursing home hinged upon: a) the determination of the numbers and expenditure on staffing levels in the nursing home; b) the determination of census levels within the nursing home; and c) the determination of the census mix which, in turn, established the amount of revenue and impacted the acuity levels of the resident population and, therefore, the nursing home's ability to meet the acuity levels and needs of the residents.

49. Despite this knowledge, Defendants made budgetary and administrative decisions that had a devastating effect on the ability of the nursing home to provide safe, adequate, and essential care to the residents.

50. Defendants' decisions and directives as to staffing and census were determined by the financial needs and goals of the Defendants, not the custodial, medical, and nursing needs of the residents of the facility.

51. Defendants entered into a continuing course of negligent conduct, creating, implementing, and enforcing dangerous operational budgets at the nursing home which deprived residents of adequate staffing necessary to meet their custodial needs and supplies necessary to meet their needs.

52. Meanwhile, Defendants recruited heavier-care, higher-pay residents to the facility, even though the needs of the patient population exceeded the capacity of the staff.

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000016 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000016 of 000029

53. **COUNT ONE: NEGLIGENCE** Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

54. Defendants owed a non-delegable duty to their nursing home residents, including Janet Sue Handley, to provide monitoring, services, and supervision that a reasonably careful owner, manager and/or operator would provide under similar circumstances.

55. Upon information and belief, Defendants knowingly developed, encouraged and maintained staffing levels at Kensington Nursing in disregard of resident acuity levels as well as the minimum time required for needed services to be provided to Janet Sue Handley and other residents.

56. Defendants negligently failed to provide monitoring, services, and supervision, including, but not limited to, the following acts and omissions:

a) The failure by members of the governing body of Kensington Nursing to discharge their legal and lawful obligations by:

1) Ensuring that the rules and regulations designed to protect the health and safety of the residents, such as Janet Sue Handley, as promulgated by the Cabinet for Health Services, Division of Long-Term Care, were consistently complied with on an ongoing basis;

2) Ensuring that the resident care policies for their facilities were consistently complied with on an ongoing basis; and,

3) Responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care;

b) The failure to monitor to ensure the nursing home developed, implemented, and followed policies to assist Janet Sue Handley in attaining and maintaining the highest level of physical, mental and psychosocial well-being and to promote Ms. Handley's healing and cure;

c) The failure to maintain records in accordance with accepted professional standards and practices;

d) The failure to provide the minimum number of qualified personnel to meet the total needs of Janet Sue Handley and other residents;

e) The failure to monitor or increase the number of nursing personnel at Kensington

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000017 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000017 of 000029

Nursing to ensure that Janet Sue Handley:

1) Received timely and accurate care assessments;

2) Was properly turned and repositioned;

3) Received proper incontinent care;

4) Received adequate hydration and nutrition;

5) Received prescribed treatments, medications and diets; and,

6) Received timely custodial, nursing and medical intervention due to significant changes in condition;

f) The failure to adhere to Janet Sue Handley's basic resident rights, including but not limited to protecting her from abuse and neglect;

g) The failure to allocate sufficient resources to ensure basic operations provided for the minimum needs of Janet Sue Handley and other residents;

h) The failure to rescue the residents of the nursing home once they knew or reasonably should have known that Janet Sue Handley and other similarly situated residents were not receiving their minimum care needs;

i) The failure to monitor and have in place adequate guidelines, policies, and procedures of Kensington Nursing and to administer those policies through enforcement of rules, regulations, by-laws or guidelines;

j) The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at Kensington Nursing; and

k) The failure to provide a safe environment for care, treatment and recovery, and to exercise ordinary care and attention for the safety of residents in proportion to the physical and mental ailments of each particular resident, known or discoverable by the exercise of reasonable skill and diligence.

57. A reasonably careful owner, manager, and/or operator would have provided the monitoring, services, and/or supervision described above. It was entirely foreseeable to Defendants that these failures would result in injuries to Janet Sue Handley and other similarly situated residents.

58. Each of the foregoing acts of negligence on the part of these Defendants was

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000018 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000018 of 000029

accompanied by such wanton or reckless disregard for the health and safety of Janet Sue Handley as to constitute gross negligence.

59. As a direct and proximate result of such grossly negligent, wanton, or reckless conduct, Janet Sue Handley suffered the injuries described above.

60. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, physical impairment, disfigurement and loss of love and comfort, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT TWO: MEDICAL NEGLIGENCE

**61.** Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

62. Defendants owed a duty to provide the standard of professional medical care and services of a reasonably competent nursing facility, owner, manager, operator and/or license holder, acting under the same or similar circumstances.

63. These Defendants owed a duty to assist all residents, including Janet Sue Handley, in attaining and maintaining the highest level of physical, mental, and psychological well-being practicable.

64. These Defendants failed to meet applicable standards of medical care. The negligence or malpractice of these Defendants included, but is not limited to, the following acts and omissions:

a) The overall failure to ensure that Janet Sue Handley and other similarly situated residents received the following:

1) Timely and accurate care assessments;

2) Proper and timely offloading of pressure, including turning and

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000019 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000019 of 000029

repositioning;

3) Proper incontinent care;

4) Adequate hydration and nutrition;

5) Prescribed treatment, medication and diet;

6) Necessary supervision; and,

7) Timely nursing and medical intervention due to significant changes in condition;

b) The failure to provide and implement an adequate nursing care plan for residents based on their needs;

c) The failure to assess the risk of, and to prevent, treat or heal the development or worsening of pressure ulcers in the nursing home;

d) The failure to assess, prevent, care for, and treat ongoing pain and suffering of residents in the nursing home;

e) The failure to provide care, treatment, and medication in accordance with physician's orders;

f) The failure to hire and retain sufficient professional nursing staff;

g) The failure to adequately assess, evaluate, and supervise nursing personnel;

h) The failure to adequately and appropriately monitor residents and recognize significant changes in their health status, and to timely notify their physician and family members of significant changes in health status; and

i) The failure to timely transfer residents, including Janet Sue Handley, to a hospital when the resident developed symptoms, conditions, and illnesses beyond treatment capabilities of the nursing home.

65. It was foreseeable that the breaches of nursing and medical care listed above would result in injuries to Janet Sue Handley and other similarly situated residents. A reasonably competent nursing facility, management company and/or operator under the same or similar circumstances, would not have failed to provide the care listed above. Each of the foregoing acts of medical negligence on the part of these Defendants was a proximate cause of Janet Sue Handley's injuries and those injuries to other similarly situated residents.

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000020 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000020 of 000029

66. Each of the foregoing acts of professional or medical negligence on the part of these Defendants was accompanied by such wanton or reckless disregard for the health and safety of Janet Sue Handley and other similarly situated residents as to constitute gross negligence.

67. As a direct and proximate result of such grossly negligent, wanton or reckless conduct, Janet Sue Handley suffered the injuries described above. Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain, suffering, mental anguish, loss of enjoyment of life, physical impairment, disfigurement, and loss of love and comfort, in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court plus costs and all other relief to which Plaintiff is entitled by law.

**COUNT THREE: VIOLATIONS OF LONG-TERM CARE RESIDENT'S RIGHTS**

68. Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

69. Defendants violated non-delegable statutory duties owed to Janet Sue Handley and other similarly situated residents. *See* Kentucky Revised Statutes sections 216.510 *et seq*., which is incorporated herein by reference.

70. Defendants failed to ensure that Janet Sue Handley was kept free from mental and physical abuse and was therefore deprived of her rights provided in KRS § 216.515(6), including, but not limited to: 1) failure to ensure that Janet Sue Handley was kept free from mental and physical abuse (KRS § 216.515(6)); 2) failure to ensure that Janet Sue Handley was treated with consideration, respect, and full recognition of her dignity and individuality (KRS § 216.515(18)); and 3) failure to ensure that Plaintiff was fully informed of Janet Sue Handley's medical condition (KRS § 216.515(19)). Plaintiff asserts a claim, therefore, pursuant to KRS § 216.515(26) on behalf of the Estate of Janet Sue Handley.

7198981B-ADC8-4BC2-8D47-9E3B9D60A180 : 000021 of 000054

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000021 of 000029

71. The aforementioned deprivations and infringements of the rights of Janet Sue Handley entitle Plaintiff to recover actual and punitive damages from these Defendants in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees.

72. **COUNT FOUR: COMMON LAW FRAUD**Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

73. Additionally, Plaintiff has reason to believe that Defendants intentionally engaged in common law fraud which was a proximate cause of the injuries, death, and damages described herein. Defendants, while claiming or implying special knowledge, concealed and/or misrepresented material facts to Janet Sue Handley and her representative. The relationship between Defendants and Plaintiff was one of trust and confidence, and Defendants had a higher duty to affirmatively speak the truth to Plaintiff because of Janet Sue Handley's infirmities. Defendants' fraudulent conduct includes, but is not limited to, the conduct described and set forth below.

74. Plaintiff believes that Defendants engaged in fraud by concealing or failing to disclose material facts within Defendants' knowledge, when Defendants knew that Plaintiff was ignorant of these material facts and did not have an equal opportunity to discover the truth. Further, Defendants intended to induce Janet Sue Handley and her family and representatives to take some action: to-wit, to not remove Janet Sue Handley from Kensington Nursing, by concealing or failing to disclose the material facts that there was an epidemic of patient harm, injury, pressure sores, infections, unplanned weight loss, malnutrition, and dehydration as well as a practice of utilizing insufficient numbers of qualified nurse aides who were not adequately trained to render care in accordance with the law. Furthermore, Defendants concealed the fact that as a routine and general business practice, nurse aides were not minimally trained, educated or supervised to provide at

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000022 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000022 of 000029

least the following basic care services:

1. Necessary assistance to avoid nutrition and/or hydration deficits;

2. Proper treatment to avoid infections; pressure sores, malnutrition, dehydration and urinary tract infections;

3. Proper assessment and treatment of pain;

4. Proper monitoring and assessment of changes in condition;

5. Properly keeping Ms. Handley's family and physician informed of her condition; and

6. Care in accordance with the health care plans.

75. As a proximate cause of the concealment and failure to disclose, Janet Sue Handley suffered injury.

76. Defendants engaged in fraud by making material misrepresentations with either knowledge of their falsity or recklessly, without any knowledge of its truth and as a positive assertion and with intention that such misrepresentation should be acted upon by Plaintiff. As a consequence, and as a proximate cause of the reliance on these misrepresentations, Janet Sue Handley suffered injury.

77. Defendants entered into agreements with Plaintiff wherein Defendants promised to provide basic care for Janet Sue Handley. As partial consideration for this promise, Janet Sue Handley agreed to turn over virtually all of her income to Defendants on a monthly basis. At the time of this agreement, it was known and understood by all parties that Defendants, for good and sufficient consideration, had also entered into agreements with the Commonwealth of Kentucky and the United States which were designed and intended to be for the benefit and protection of Janet Sue Handley and others similarly situated. By virtue of these agreements and by direct statement, Defendants represented to Janet Sue Handley and her representatives that the care they would provide would fully

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000023 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000023 of 000029

Filed 24-CI-01886 10/21/2024 Deanna Simcoe, Hardin Circuit Clerk

comply with the licensing requirements and standards of care specified by the laws and regulations of the Commonwealth of Kentucky and the United States.

78. At times material to this lawsuit, Janet Sue Handley occupied the status of Medicaid recipients. Further, at times material, Kensington Nursing occupied the status of a certified nursing facility, which by reason of its certification and promises made to the Commonwealth of Kentucky and United States, was entitled to receive Medicaid and Medicare payments for care provided to qualified recipients at the facility such as Janet Sue Handley. The Medicaid payments to Defendants for Janet Sue Handley were conditioned upon Defendants' certification and/or attestation that the care specified in the provider agreement and regulations incorporated therein, between Kensington Health Center, LLC and the Commonwealth of Kentucky and between said facility and the United States, was in fact provided to Janet Sue Handley.

79. Kensington Nursing held itself out to Plaintiff and the public at large to be a licensed nursing home by the Commonwealth of Kentucky and certified by both the federal and state government to provide care to nursing home residents.

80. Defendants represented to Plaintiff that Kensington Nursing was able to provide for the skilled needs of Janet Sue Handley. Such representations were material and made with the intent that Plaintiff relied upon the same. They were, in fact, relied upon by Plaintiff and Janet Sue Handley's representative. Defendants were fully aware at the time such promises and representations were made that Kensington Nursing could not provide the essential care required by Janet Sue Handley. Defendants' promises regarding the provisions of essential care services were therefore made with the present intent not to perform the same.

81. More importantly, Plaintiff has reason to believe that Defendants took affirmative steps to conceal their fraudulent conduct by manipulating and/or falsifying Janet Sue Handley's medical records in an attempt to make it appear that her minimum care needs were met at Kensington

7198 9B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000024 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000024 of 000029

Filed 24-CI-01886 10/21/2024 Deanna Simcoe, Hardin Circuit Clerk

Nursing.

82. By reason of such conduct, Plaintiff is entitled and therefore asserts a claim for compensatory and punitive damages in an amount sufficient to punish and deter Corporate Defendants and others like them from such conduct in the future.

**COUNT FIVE: BREACH OF FIDUCIARY DUTY**

83. Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

84. As a resident of Kensington Nursing, Janet Sue Handley was particularly dependent for her daily care and well-being upon the Defendants, as well as their employees and agents.

85. Janet Sue Handley and her representatives relied upon the superior knowledge, skill, and abilities that Defendants held themselves out to have. Janet Sue Handley and her family also relied on these Defendants to provide care for Janet Sue Handley who, because of her infirmities, were not able to care for herself.

86. By virtue of the nature of the services rendered to Janet Sue Handley by these Defendants, and the special relationship which developed between these Defendants and Plaintiff, as well as the huge disparity of power and unequal bargaining position existing between these Defendants and Plaintiff, these Defendants occupied a position of trust and confidence toward Plaintiff which required fidelity, loyalty, good faith, and fair dealing.

87. These Defendants breached their fiduciary duty and duty of full faith and fair dealing to Plaintiff by failing to provide the appropriate level of care and services to which Plaintiff was entitled, by accepting payment for services and care not provided to Janet Sue Handley, and by their concealment of and failure to disclose abuse and neglect of Janet Sue Handley and to other residents.

88. As a proximate cause of the foregoing breaches of duty by these Defendants, Janet

7198 9B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000025 of 000054

Presiding Judge: HON. LARRY ASHLOCK (609463)

COM : 000025 of 000029

Sue Handley, and other residents, suffered injuries.

89. Based on such conduct of these Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against these Defendants. Plaintiff also seeks the imposition of a constructed trust on all wrongful profits and proceeds arising out of Defendants breach of fiduciary duty to Janet Sue Handley.

**COUNT SIX: NEGLIGENCE OF TONY MOLLIKA**

90. Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

91. Plaintiff would show that Defendant Tony Mollika, Administrator, at times relevant hereto, repeatedly, negligently, and knowingly failed to conform to the minimum standards of acceptable and prevailing practice and the standard of a reasonably prudent Nursing Home Administrator. One or more of Defendant Mollika's failures and violations of these standards singularly and collectively amounted to negligence and proximately caused serious injuries to Janet Sue Handley and the resulting damages in this case.

92. Plaintiff's pain, suffering, mental anguish, loss of enjoyment of life and disfigurement were a direct and proximate result of the violations, acts, and omissions set forth above, operating singularly or in combination. Furthermore, Plaintiff would show that such violations, acts, and omissions set forth above, operating singularly or in combination, were direct and proximate causes of the damages described in this Complaint, which are incorporated herein as through fully set forth.

93. Based on such conduct of these Defendants set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against this Defendant including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, and disfigurement in an amount to be determined by the jury, plus costs and

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000026 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000026 of 000029

all other relief to which Plaintiff is entitled by law.

**COUNT SEVEN: NEGLIGENCE OF CASSIE ALLEN**

94. Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

95. Plaintiff would show that Defendant Callie Allen, Administrator, at times relevant hereto, repeatedly, negligently, and knowingly failed to conform to the minimum standards of acceptable and prevailing practice and the standard of a reasonably prudent Nursing Home Administrator. One or more of Defendant Allen's failures and violations of these standards singularly and collectively amounted to negligence and proximately caused serious injuries to Janet Sue Handley and the resulting damages in this case.

96. Plaintiff's pain, suffering, mental anguish, loss of enjoyment of life and disfigurement were a direct and proximate result of the violations, acts, and omissions set forth above, operating singularly or in combination. Furthermore, Plaintiff would show that such violations, acts, and omissions set forth above, operating singularly or in combination, were direct and proximate causes of the damages described in this Complaint, which are incorporated herein as through fully set forth.

97. Based on such conduct of these Defendants set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against this Defendant including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, and disfigurement in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

98. **COUNT EIGHT: PUNITIVE DAMAGES**Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

99. The acts and omissions of the Defendants as described herein were reckless or were

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000027 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000027 of 000029

grossly negligent and Plaintiff is hereby entitled to an award of punitive damages.

100. Plaintiff seeks punitive and compensatory damages against Defendants in an amount to be determined by the jury, plus all costs and all other relief to which Plaintiff is entitled by law.

**COUNT NINE: WRONGFUL DEATH**

101. Plaintiff hereby adopts and incorporates the allegations in foregoing paragraphs as if fully stated herein.

102. As a direct and proximate result of the previously alleged conduct, all of which was grossly negligent, wanton or reckless, Defendants caused the death of Janet Sue Handley by their wrongful conduct.

103. Janet Sue Handley suffered personal injuries, including excruciating pain and suffering, mental anguish, and emotional distress. The pain, disfigurement, and loss of dignity suffered by Janet Sue Handley caused her family to suffer more than normal grief upon their deaths.

104. As a direct and proximate result of the wrongful death suffered by Janet Sue Handley, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, funeral expenses and other related costs, pain and suffering, the grief suffered by statutory beneficiaries, mental anguish, disability and loss of life in an amount to be determined by the jury, but in excess of the minimum jurisdictional limits of this Court, as well as costs and attorney's fees, plus costs and all other relief to which Plaintiff is entitled by law.

**REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff, **LESLIE HANDLEY WILLIAMS, ADMINISTRATRIX OF THE ESTATE OF JANET SUE HANDLEY, AND ON BEHALF OF THE WRONGFUL**

7189B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000028 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000028 of 000029

**DEATH BENEFICIARIES OF JANET SUE HANDLEY,** prays for judgment against Defendants, Genesis Healthcare, LLC; Genesis Holdings, LLC; Sun Healthcare Group, Inc.; FC-Gen Ops I; FC-Gen Ops II; FC-Gen Operations, LLC; Harborside Healthcare Advisors, LP; Harborside Healthcare, LP; Harborside Healthcare, LLC; HCF Management Group, XI, LLC; Sunbridge Healthcare, LLC; Sundance Rehabilitation, Holdco, Inc.; Welltower, Inc.; Zac Properties XI, LLC; HBR Kentucky, LLC; HBR Elizabethtown, LLC d/b/a Kensington Nursing and Rehabilitation Center a/k/a Kinsington Center; Encore Health Partners, LLC; Encore Parent Holdings; Kensington Health Center, LLC, d/b/a Kensington Nursing and Rehabilitation Center f/k/a Kinsington Nursing and Rehabilitation Facility and Kensington Center; Tony Mollika, Individually in his capacity as Administrator, Cassie Allen Individually in her capacity as Administrator and John Does 1-20 in an amount to be determined from the evidence, the costs herein expended, and all other relief to which Plaintiff is entitled, including TRIAL BY JURY. Moreover, in the event relevant evidence was destroyed, lost, or misplaced by Defendants and/or counsel for Defendants, Plaintiff seeks all relief to which Plaintiff is entitled under the law.

Respectfully submitted,

/s/ *Brent L. Moss*
Brent L. Moss, Esq.
**MARKS, BALETTE, YOUNG & MOSS, P.L.L.C.**
7521 Westview Drive
Houston, TX 77055
(713) 681-3070
brent@marksfirm.com
***Counsel for Plaintiff***

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000029 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
COM : 000029 of 000029

**CERTIFICATE OF MERIT**

Pursuant to KRS 411.167, Claimant hereby declares, by and through their undersigned attorneys, that Claimant has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Kentucky Rules of Civil Procedure and the Kentucky Rules of Evidence who is qualified to give expert testimony as to the standard of care or negligence and who the claimant or his or her counsel reasonably believes is knowledgeable in the relevant issues involved in this particular action, and has concluded on the basis of review and consultation that there is reasonable basis to commence this action.

/s/ *Brent L. Moss*
Brent L. Moss, Esq
Counsel for the Claimant

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000030 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CMER : 000001 of 000001

Entered 24-P-00077 07/25/2024 Deanna Simcoe, Hardin Circuit Clerk

AOC-805.1 Doc. Code: OPP; OWF; or OFID
Rev. 12-23
Page 1 of 1

Commonwealth of Kentucky
Court of Justice www.kycourts.gov

KRS 394.145; 395.015; 395.016

Amended

**ORDER PROBATING WILL; AND/OR APPOINTING EXECUTOR/ADMINISTRATOR**

Case No. 24-P-77
Court District
County Hardin
Division Probate

**IN RE: Estate of** Janet Sue Handley

☑ Petition filed this 9 day of February, 2024.

❑ Will tendered this ______ day of ______________, 2_____.

Upon hearing, the Will offered was proven by ______________________________ and **ORDERED PROBATED** as the Last Will and Testament of Decedent this ______ day of ________________, 2_____.

The Court appoints: Leslie Handley Williams as ❑ Executor/Executrix OR ☑ Administrator/Administratrix of said estate and fixes bond in the sum of $ 10,000.00 ❑ with surety OR ☑ without surety.

(*Check if Executor/Executrix or Adminstrator/Administratrix is a nonresident*)

❑ The Court designates ______________________________, whose address is ____________________ ______________________________, as agent for the service of process in any action filed against the above-appointed Executor/Executrix or Administrator/Administratrix as personal representative or personally if the action accrued in the administration of the estate.

/s/ HON. DEBORAH LEWIS SHAW
electronically signed
7/3/2024 3:29:14 PM ET

______________________, 2_____
Date

**Judge's Signature**

# EXHIBIT A

Distribution: Case File
Revenue Cabinet (Petition and Order)

Presiding Judge: HON. LARRY ASHLOCK (609463)

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **TONY MOLLIKA**
**225 SAINT JOHN ROAD**
**ELIZABETHTOWN, KY 42701**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391674
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

*e*Filed

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000032 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000033 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CASSIE ALLEN**
**225 SAINT JOHN ROAD**
**ELIZABETHTOWN, KY 42701**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391675
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

eFiled

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **JOHN DOES1-20**

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20______

______________________
Served By

______________________
Title

Summons ID: @00000391676
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000034 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000035 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **RICHARD PEACE**
**7210 TURFWAY ROAD**
**SUITE E**
**FLORENCE, KY 41042**

Memo: Related party is GENESIS HEALTHCARE LLC

The Commonwealth of Kentucky to Defendant:
**GENESIS HEALTHCARE LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Presiding Judge: HON. LARRY ASHLOCK (609463)

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______ ______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391677
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000036 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **PRAVEEN KATTA**
**5909 LAUREL LANE**
**PROSPECT, KY 40059**

Memo: Related party is GENESIS HOLDINGS LLC

The Commonwealth of Kentucky to Defendant:
**GENESIS HOLDINGS LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391678
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET



AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is SUN HEALTHCARE GROUP INC.

The Commonwealth of Kentucky to Defendant:
**SUN HEALTHCARE GROUP INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ______________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391679
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000037 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000038 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is FC GEN OPS I

The Commonwealth of Kentucky to Defendant:
**FC GEN OPS I**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391680
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET



AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000039 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is FC GEN OPS II

The Commonwealth of Kentucky to Defendant:
**FC GEN OPS II**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391681
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is FC GEN OPERATIONS LLC

The Commonwealth of Kentucky to Defendant:
**FC GEN OPERATIONS LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391682
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000040 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000041 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is HARBORSIDE HEALTHCARE ADVISORS LP

The Commonwealth of Kentucky to Defendant:
**HARBORSIDE HEALTHCARE ADVISORS LP**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391683
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is HARBORSIDE HEALTHCARE LP

The Commonwealth of Kentucky to Defendant:
**HARBORSIDE HEALTHCARE LP**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391684
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000042 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is HARBORSIDE HEALTHCARE LLC

The Commonwealth of Kentucky to Defendant:
**HARBORSIDE HEALTHCARE LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391685
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000043 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001



AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is HCF MANAGEMENT GROUP XI LLC

The Commonwealth of Kentucky to Defendant:
**HCF MANAGEMENT GROUP XI LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391686
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000044 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is SUNBRIDGE HEALTHCARE LLC

The Commonwealth of Kentucky to Defendant:
**SUNBRIDGE HEALTHCARE LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391687
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

7198B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000045 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is SUNDANCE REHABILITATION HOLDCO INC

The Commonwealth of Kentucky to Defendant:
**SUNDANCE REHABILITATION HOLDCO INC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391688
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000046 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 W. MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is WELLTOWER INC.

The Commonwealth of Kentucky to Defendant:
**WELLTOWER INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391689
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000047 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000048 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 W. MAIN STREET**
**FRANKFORT, KY 40601**

Memo: Related party is HBR KENTUCKY LLC

The Commonwealth of Kentucky to Defendant:
**HBR KENTUCKY LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______ ______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391690
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET





AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**251 LITTLE FALLS DRIVE**
**WILMINGTON, DE 19808**

Memo: Related party is ZAC PROPERTIES XI LLC

The Commonwealth of Kentucky to Defendant:
**ZAC PROPERTIES XI LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________

☐ Not Served because: ______________________

Date: ______________, 20_____

______________________
Served By

______________________
Title

Summons ID: @00000391691
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000049 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000050 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN**
**FRANKFORT, KY 40601**

Memo: Related party is HBR ELIZABETHTOWN LLC DBA KENSINGTON NURS

The Commonwealth of Kentucky to Defendant:
**HBR ELIZABETHTOWN LLC DBA KENSINGTON NURS**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ____________________, 20______

______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391692
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **MAYER FISCHL**
**300 PROVIDER COURT**
**RICHMOND, KY 40475**

Memo: Related party is ENCORE HEALTH PARTNERS LLC

The Commonwealth of Kentucky to Defendant:
**ENCORE HEALTH PARTNERS LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391693
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000051 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000052 of 000054

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **MAYER FISCHL**
**300 PROVIDER COURT**
**RICHMOND, KY 40475**

Memo: Related party is ENCORE PARENT HOLDINGS LLC

The Commonwealth of Kentucky to Defendant:
**ENCORE PARENT HOLDINGS LLC**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

Presiding Judge: HON. LARRY ASHLOCK (609463)

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

CI : 000001 of 000001

Summons ID: @00000391694
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice *Courts.ky.gov*

CR 4.02; Cr Official Form 1

Case #: **24-CI-01886**
Court: **CIRCUIT**
County: **HARDIN**

# CIVIL SUMMONS

*Plantiff,* **WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**
**421 WEST MAIN**
**FRANKFORT, KY 40601**

Memo: Related party is KENSINGTON HEALTH CENTER LLC DBA KENSINGT

The Commonwealth of Kentucky to Defendant:
**KENSINGTON HEALTH CENTER LLC DBA KENSINGT**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Hardin Circuit Clerk
Date: **10/21/2024**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: @00000391695
CIRCUIT: 24-CI-01886 Return to Filer for Service
WILLIAMS, LESLIE HANDLEY ET AL VS. GENESIS HEALTHCARE LLC ET

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000053 of 000054
Presiding Judge: HON. LARRY ASHLOCK (609463)
CI : 000001 of 000001



**Commonwealth of Kentucky**
**Deanna Simcoe, Hardin Circuit Clerk**

**Case #:** 24-CI-01886 **Envelope #:** 9087500

**Received From:** BRENT MOSS **Account Of:** BRENT MOSS

**Case Title:** WILLIAMS, LESLIE HANDLEY ET AL VS. GENE HEALTHCARE LLC ET **Confirmation Number:** 190174226

**Filed On** 10/21/2024 8:25:45PM

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 5 | Library Fee | $3.00 |
| 6 | Civil Filing Fee | $150.00 |
| 7 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $293.00 |

Generated: 10/22/2024

71989B1B-ADC8-4BC2-8D47-9E3B9D60A180 : 000054 of 000054