KIRK T. MANHARDT, Director
RODNEY A. MORRIS, Assistant Director
ZACHARY C. SEMPLE
U.S. DEPARTMENT OF JUSTICE
Civil Division, Commercial Litigation Branch
P. O. Box 875, Ben Franklin Station
Washington, D.C. 20044-0875
Telephone: (202) 616-0326
zachary.c.semple @usdoj.gov

*Attorneys for the United States*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>GENESIS HEALTHCARE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80185 (SGJ)<br><br>(Jointly Administered)<br><br>**Related to Docket Nos. 910, 912, 922, 923, 924, 1018** |

### UNITED STATES' OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR ENTRY OF ORDER EXTENDING TEMPORARY INJUNCTION

The United States of America (the "United States"), on behalf of the U.S. Department of Health and Human Services ("HHS") and the Centers for Medicare & Medicaid Services ("CMS"), respectfully opposes *Debtors' Emergency Motion for Entry of Order Extending Temporary Injunction of CMS' Proposed Decertification of Magnolia Ridge Center* ("Second

---

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at *https://dm.epiq11.com/Genesis*. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

1

Emergency Motion") [Docket No. 1018] because Debtors (1) have not filed an adversary proceeding, (2) seek an extension of temporary injunctive relief beyond 14 days, and (3) otherwise fail to satisfy the requirements for this extraordinary relief. In support of this opposition, the United States respectfully assets as follows:

## INTRODUCTION

The United States is equally concerned for the health and safety of the residents at the skilled nursing facility operated by Debtor Magnolia Ridge Center, Inc. (the "Facility"). On September 4, 2025, CMS notified the Facility that its provider agreement would be terminated on September 15, 2025, because the "facility was not in substantial compliance with the participation requirements, [of the Medicare and Medicaid programs] and that the conditions in [the] facility constituted immediate jeopardy to residents' health and safety and substandard quality of care." *See Declaration of Russell A. Perry in Support of Debtors' Emergency Motion for Entry of Order Temporarily Enjoining Decertification of Magnolia Ridge Center* ("Perry Declaration") [Docket. No. 923] at Exhibit A at 1. After termination, the Debtors would have 30 days to relocate residents. *See* 42 C.F.R. § 489.55.

Eleven days after the September 4th notice, Debtors filed the First Emergency Motion,[2] invoking Rule 65 of the Federal Rules of Civil Procedure via Bankruptcy Rule 7065 as a basis for the Court to issue a temporary injunction enjoining termination of the Facility's Medicare provider agreement. *Id.* ¶ 5. Although Rule 7065 applies Rule 65 only in adversary proceedings, Debtors asserted "exigent circumstances" justified the Rule's invocation and assured the Court it intended to file an adversary proceeding following entry of the temporary injunction. *Id.* at n.2, ¶

---

[2] *Debtors' Emergency Motion for Entry of Order Temporarily Enjoining Decertification of Magnolia Ridge Center* [Docket No. 922].

2

1. The Court subsequently enjoined the termination of the Facility's Medicare provider agreement through September 30, 2025.

Now, nearly two weeks later, through the Second Emergency Motion, Debtors ask the Court to extend the temporary injunction until the *later* of October 15 or final adjudication of a future motion for a preliminary injunction in a yet-to-be-filed adversary proceeding. Second Emergency Motion ¶ 3. Instead of claiming "exigent circumstances", Debtors now press the importance of preserving the status quo. *Id.*

Neither Bankruptcy Rule 7065 nor Rule 65 authorizes the relief the Debtors seek here or the manner in which the Debtors seek it. Rule 65 allows temporary injunctions to be extended for 14 days only for good cause. Fed. R. Civ. P. 65(b)(2). Debtors have not established good cause for a 14-day extension and certainly, per Rule 65, are not entitled to an extension beyond that. Additionally, the Federal Bankruptcy Rules of Procedure only permit the issuance of an injunction through an adversary proceeding. *See* Fed. R. Bankr. P. 7001(g).

Even if Bankruptcy Rule 7065 and Rule 65 allowed the Court to consider the Debtors' request, the Debtors have not demonstrated their entitlement to an injunction. The Debtors have yet to articulate a cognizable claim against CMS, and, thus, have yet to establish a substantial likelihood of success on the merits of their claims. The Debtors have also failed to show that, absent the injunction, they face irreparable harm.

## STANDARD OF REVIEW

A temporary restraining order authorized by Federal Rule of Civil Procedure 65 only "applies in an adversary proceeding." Fed. R. Bankr. P. 7065. A party seeking this extraordinary remedy carries the burden of establishing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities

3

tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597-D, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013). A valid temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period." Fed. R. Civ. P. 65(b)(2); *see* Fed. R. Bankr. P. 7065, 7001(g).

## ARGUMENT

### I. Rule 65 of the Federal Rules of Civil Procedure Does Not Apply.

Contrary to Debtors' assurances to the Court in the First Emergency and Second Emergency Motions, a contested matter is not a proper vehicle to issue a restraining order under Rule 65 of the Federal Rules of Civil Procedure. While Rule 65 contemplates injunctive relief in civil actions and proceedings in United States District Courts, *see* Fed. R. Civ. P. 1, the rules governing cases under the Bankruptcy Code, like the Debtors', constrain Rule 65 to adversary proceedings. *See* Fed. R. Bankr. P. 7065 ("Fed. R. Civ. P. 65 applies in an adversary proceeding."); Fed. R. Bankr. P. 9013(c)(1) (excluding 7065 from the list of the rules from the 7000-series that apply in contested matters); *Deshmukj v. United States Tr. Off.*, No. CV 25-4017 (MAS), 2025 WL 2663696, at *3 (D.N.J. Sep. 17, 2025) ("Although Bankruptcy Rule 7065 makes Civil Rule 65 applicable to 'adversary proceedings,' which must be brought in the main bankruptcy case by filing a complaint . . . it is not made applicable to 'contested matters' that may be brought by motion"). "Thus, to the extent that [Debtors] seeks a TRO, [they] must seek it through an adversary proceeding in the Bankruptcy Court." *Deshmukj*, 2025 WL 2663696, at *3. Here, Debtors have not filed an adversary proceeding.

Nonetheless, Debtors maintained in the First Emergency Motion that "exigent

circumstances" warranted the injunction and assured the Court that they *intended* to file an adversary proceeding once they obtained the temporary relief. First Emergency Motion at n.2, ¶ 1. Based on the First Emergency Motion, pursuant to Bankruptcy Rule 7065, the Court granted the Debtors' request to temporarily enjoin CMS's termination of Magnolia Ridge's provider through September 30, 2025. *See Order Temporarily Enjoining Decertification of Magnolia Ridge Center* ("TRO") [Docket. No. 924].[3]

Since entry of the TRO, Debtors have yet to file the promised adversary proceeding. *See* Second Emergency Motion ¶ 4. Instead, the Debtors requested the Court extend its injunction through the Second Emergency Motion, a contested matter. *Id.* ¶ 4. As Bankruptcy Rule 7065 makes clear, relief under Rule 65 is unavailable through a contested matter. On this basis alone, the Court should deny the Second Emergency Motion.

## II. Even If Rule 65 Applied, the Debtors' Requested Extension of the TRO Is Not Appropriate.

Even assuming Rule 65 authorizes the Court to issue a temporary restraining order in a contested matter, Rule 65 does not authorize the open-ended extension of the TRO Debtors seek in the Second Emergency Motion. Debtors ask the Court to extend the TRO "until the later of (a) October 15, 2025[,] and (b) the final adjudication of the Debtors' forthcoming motion." Second Emergency Motion ¶ 3. But, Rule 65 only allows the TRO to be extended for no more than 14 days "for good cause." Fed. R. Civ. P. 65(b)(2).

---

[3] Prior to filing the First Emergency Motion, Debtors asked CMS to consensually stay the termination for 15 days. CMS was unwilling to stay the termination because of Magnolia Ridge's ongoing noncompliance with Federal laws. *See, e.g.*, Perry Declaration at Exhibit A. But, understanding the Patient Care Ombudsman's concerns about transitioning residents too quickly, CMS offered to extend the 30-day period to transition residents to new facilities following termination by 15 days. Debtors rejected this offer and filed the First Emergency Motion. Finding the TRO's two-week stay the functional equivalent of its offer to extend the transition period by 15 days, CMS did not move to dissolve the TRO.

Debtors' "later of" request provides no certain end date and may extend the TRO beyond the additional 14 days permitted by Rule 65. If Debtors do not file an adversary proceeding and a motion for a preliminary injunction in that proceeding in sufficient time for the Court to consider the motion before October 14, the Debtors' requested extension of the TRO would extend beyond the Rule 65-permitted 14 days. To comply with Rule 65, the TRO may only be extended for 14 days—until October 14.

The Debtors have also failed to establish "good cause" for the extension. Through the First Emergency Motion, the Debtors seemingly sought the TRO to maintain the status quo so that they could file an adversary proceeding to seek substantive relief and seek a preliminary injunction in that proceeding enjoining termination of the Facility's Medicare provider agreement. First Emergency Motion n.2 ¶ 1. In the nearly 14 days since, the Debtors have yet to initiate an adversary proceeding, notwithstanding that Debtors have known about the pending termination since, at the latest, September 4, 2025. Perry Declaration, Exhibit A at 1. The Second Emergency Motion contains no information as to why the Debtors have yet to file their adversary proceeding. It outlines neither the acts the Debtors have undertaken to bring the adversary proceeding nor what events have stymied the Debtors from doing so. It only asserts that "the facts and circumstances demonstrate good cause" for the extension of the TRO. Second Emergency Motion ¶ 9 (referring the Court to the First Emergency Motion). That is insufficient.

III.     **Debtors Have Not Asserted Any Cognizable Claims.**

Even if Bankruptcy Rule 7065 authorizes the TRO outside of an adversary proceeding, the Debtors have not shown they are entitled to the extraordinary remedy of injunctive relief. *See May v. Wells Fargo Home Mortg.*, No. 3:12-CV-4597-D, 2013 WL 2367769, at *1 (N.D. Tex. May 30, 2013). To obtain a temporary restraining order, the Debtors must establish a likelihood

6

of "success on the merits." But, to establish a substantial likelihood of success on the merits, the Debtors must plead a claim. *Mantei v. Swift Transp. Co.*, No. SA:17–CV–1155–DAE, 2017 WL 11717767, at *1 (W.D. Tex. Nov. 17, 2017).

To plead a claim, the Debtors must make a factual showing sufficient to support their requested remedy "under some viable legal theory." *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sep. 1981) (emphasis added). "[A] plaintiff cannot simply accuse a defendant of inflicting harm and expect to obtain relief—the plaintiff must ground his allegations in some law which both prohibits the defendant's conduct and provides the plaintiff with a private right of action to enforce the law in a civil suit." *Tawfiq v. Dufresne*, No. 1:22-cv-10164, 2022 WL 18285061 at *4 (E.D. Mich. Sep. 6, 2022) (citing *Franklin v. Gwinnett Cty. Pub. Schs.*, 503 U.S. 60, 66 (1992)). Here, the Debtors provide no legal theory in the First or Second Emergency Motions. *See* First Emergency Motion ¶¶ 26-30; Second Emergency Motion ¶ 9. Rather, without citation to a single case, statute, or regulation, the Debtors assert that closure of the Facility is "neither necessary nor appropriate." First Emergency Motion ¶ 26. But such a naked assertion offers no cause of action. Accordingly, the Second Emergency Motion should be denied for failure to demonstrate a likelihood of success on the merits.

## IV. Debtors Fail to Show Irreparable Harm

Finally, Debtors have yet to demonstrate the required irreparable harm. Debtors' identified harms are both solely economic, and speculative. "Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of an injunction, are not enough." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. Dec. 2012) (quoting *Morgan v. Fletcher*, 518 F.2d 236, 240 (5th Cir. 1975)) (quotation modified). Indeed, "[t]he possibility that adequate compensatory or other corrective relief will be available at a later

date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Id.* Here, Debtors put forward four economic harms as the basis of irreparable harm.[4] First Emergency Motion ¶ 22.

Moreover, the Debtors listed harms are entirely speculative. Issuing a preliminary injunction "based only on a possibility of irreparable harm" is "inconsistent" with treating a preliminary injunction as an "extraordinary remedy." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). In describing the various harms, the First Emergency Motion notes "[a]t this time, the severity and attendant consequences remain unknown." First Emergency Motion ¶ 22. The Debtors also assert only that the harms they list "may" occur. *Id.* The standard for granting and extending a TRO demands more.

## RESERVATION OF RIGHTS

In this opposition, the United States responds to the propriety of injunctive relief under Rule 65 without knowing the claims Debtors might make against CMS. Nothing in this opposition should be construed as limiting its arguments against any future relief Debtors may seek. The United States will respond to any claims the Debtors asserts against CMS.

## CONCLUSION

For the foregoing reasons, the United States respectfully asks the Court to deny Debtors' Second Emergency Motion.

---

[4] Debtors also contend that the termination of the Facility's Medicare provider agreement may "risk jeopardizing resident safety and well-being". First Emergency Motion ¶ 22. Any risk to resident safety and well-being is not a harm that will be suffered by the Debtors. This is a potential harm to the residents. While not an appropriate consideration for whether the Debtors will suffer irreparable harm, resident safety and well-being is an appropriate consideration when analyzing whether granting an injunction is in the public interest.

Dated: September 29, 2025 　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRETT A. SHUMATE
　　　　　　　　　　　　　　　　　　　　Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　　　　　<u>/s/ Zachary C. Semple</u>
　　　　　　　　　　　　　　　　　　　　KIRK T. MANHARDT, Director
　　　　　　　　　　　　　　　　　　　　RODNEY A. MORRIS, Assistant Director
　　　　　　　　　　　　　　　　　　　　ZACHARY C. SEMPLE
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　Civil Division, Commercial Litigation Branch
　　　　　　　　　　　　　　　　　　　　1100 L Street, NW
　　　　　　　　　　　　　　　　　　　　Washington, D.C. 20005
　　　　　　　　　　　　　　　　　　　　Tel: (202) 616-0326
　　　　　　　　　　　　　　　　　　　　Fax: (202) 514-9163
　　　　　　　　　　　　　　　　　　　　E-mail: Zachary.C.Semple@usdoj.gov

　　　　　　　　　　　　　　　　　　　　*Attorneys for the United States*

**CERTIFICATE OF SERVICE**

    I certify that on September 28, 2025, a true and correct copy of the foregoing was served via electronic means through transmission facilities from the Court upon those parties authorized to participate and access the Electronic Filing System in the above-captioned case.

Dated: September 28, 2025

*/s/ Zachary C. Semple*
ZACHARY C. SEMPLE