**ANTHONY AND PARTNERS, LLC**
John A. Anthony, Esq. (pro hac vice)
Nicholas Lafalce, Esq. (pro hac vice)
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Tel.: (813) 273 5616
Fax: (813) 221 4113
Email: janthony@anthonyandpartners.com
Email: nlafalce@anthonyandpartners.com

Counsel for the Healthcare Negligence
Claimants

### IN THE UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| In re: | |
| GENESIS HEALTHCARE INC. et. al.[1], | Chapter 11 |
| Debtors. | Case No. 25-80185 (SGJ) |
| _____ / | (Jointly Administered) |

### HEALTHCARE NEGLIGENCE CLAIMANTS' OBJECTION TO "DEBTORS' RESPONSE TO COMMITTEE'S PROPOSED RETENTION OF PROSKAUER ROSE LLP AND STINSON LLP" [DOC. 992]

A set of 318 healthcare negligence tort claimants[2] (collectively, the "Healthcare Negligence Claimants"), hereby file this objection in response to "Debtors' (I) Limited Omnibus Response and Reservation of Rights with Respect to the Committee's Proposed Retention of Proskauer Rose LLP and Stinson LLP as Co-Counsel and (II) Limited Objection and Reservation of Rights with Respect to the Patient Care Ombudsmens' Proposed Retention of Individual

---

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] The full list of Healthcare Negligence Claimants appears in the attached Schedule "A." The list includes 147 creditors with liquidated claims in the aggregate amount of $41,119,555.34, and also includes 171 creditors with unliquidated claims in the aggregate amount of $318,572,836.10, or a total of $359,962,391.44.

Counsel" (the "Debtors' Objection to Committee Counsel") [Doc 992] filed by Genesis

Healthcare, Inc., et. al. (collectively, the "Debtors") on September 23, 2025:

### A.    RELEVANT PROCEDURAL BACKGROUND

1.     On July 9 and 10, 2025 (the "Petition Dates"), each of the Debtors commenced a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (the

"Petitions").  This produced a set of 299 reorganizations (the "Reorganizations"), that have been

jointly administered by order of this Court dated July 11, 2025[3] [Doc. 51 at ¶ 2], and these

Reorganizations have been designated as complex cases under applicable law.[4]  Since the Petition

Dates, the Debtors have continued in the ownership of their assets and the operation of their

business, as debtor-in-possession pursuant to Bankruptcy Code §§1107 and 1108, as well as the

orders of this Court.

2.     The Healthcare Negligence Claimants are a set of creditors whose claims are the

result of systemic healthcare negligence by the business entities that have operated under the name

"Genesis Healthcare," or some derivation of the same.  In all instances, the Healthcare Negligence

Claimants have asserted pre-petition claims through a set of sixty-nine (69) law firms in tort

litigation extending throughout all twenty (20) states in which the Debtors operate.

3.     On July 30, 2025, the Office of the United States Trustee filed its initial notice of

appointment of the Official Committee of General Unsecured Creditors (the "Committee"), and

the U.S. Trustee has now made additional appointments, as it is authorized to do, and as ordered

by this Court.  [See Docket No. 250, 262, 698]

---

[3] "Order (I) Directing Joint Administration of Debtors' Chapter 11 Cases and (II) Granting Related Relief" authorized the Debtors chapter 11 cases to be consolidated for procedural purposes only and jointly administered by the Bankruptcy Court under Case No. 25-80185 (SGJ).
[4] See "Order Granting Complex Chapter 11 Bankruptcy Case Treatment" ("Complex Case Order") [Doc. 52], dated July 11, 2025.

4.     On August 30, 2025, the Committee filed two applications to employ both Proskauer Rose LLP ("Proskauer") [Doc. 722][5] and Stinson LLP ("Stinson") [Doc. 723][6] as legal counsel (together, the "Committee Applications"), as it is permitted to do under the express language of Bankruptcy Code §1103(a).

5.     The Committee Applications provide in-depth explanations as to how Proskauer and Stinson (together, "Committee Counsel") are each qualified to represent the Committee in these Reorganizations, the services to be provided by both firms, details concerning compensation, as well as their disinterestedness and lack of any adverse interest to the estates of the Debtors.

6.     Each of the Committee Applications provide that both Committee Counsel have agreed to a division of labor to avoid duplicative work and preserve estate resources.  Additionally, each of the Committee Applications clarifies that because tasks in this Chapter 11 case are fluid, and determining allocation of work in advance is difficult, Committee Counsel will coordinate in real time as to an appropriate division of labor. See Proskauer Application at ¶ 18; Stinson Application at ¶ 19.

7.     The Proskauer Application includes a declaration of Proskauer partner Daniel Desatnik, which affirms Proskauer's ability to represent the Committee without duplication of services.  The Stinson Application includes a similar declaration of Stinson partner Zachary Hemenway, which affirms the same with respect to Stinson's representation.

---

[5] "Application For Entry Of An Order Authorizing The Retention And Employment Of Proskauer Rose LLP As Co-Counsel To The Statutory Unsecured Claimholders' Committee, Effective As Of August 1, 2025" [Doc. 722], filed on Aug. 30, 2025 (the "Proskauer Application").

[6] "Application For Entry Of An Order Authorizing The Retention And Employment Of Stinson LLP As Co-Counsel To The Statutory Unsecured Claimholders' Committee, Effective As Of August 1, 2025" [Doc. 723], filed on Aug. 30, 2025 (the "Stinson Application").

8.      On September 23, 2025, the Debtors filed the Debtors' Objection to Committee
Counsel, three weeks after the Committee Applications had been filed, and long after Committee
Counsel had assumed responsibilities to the Committee in this rapidly moving process.

9.      In the Debtors' Objection to Committee Counsel, the Debtors expressed concern
about the costs associated with the Committee retaining both Committee Counsel, and the potential
for inefficiency arising from duplicative efforts.  As a result, the Debtors requested that the
Committee be required to provide "clear demarcation and transparency" to this Court, the Debtors,
and the U.S. Trustee as to specific details regarding division of labor between Proskauer and
Stinson.  See Debtors' Objection to Committee Counsel at ¶ 18.

10.     As the largest single constituency in these Reorganizations, the Healthcare
Negligence Claimants have witnessed the ongoing coordination and efficiency of Committee
Counsel in analyzing large quantities of information and documentation, interfacing and
orchestrating with other professionals and constituencies, and advocating for the benefit of the
estates and all creditors.  In day-to-day activity in these Reorganizations, the Healthcare
Negligence Claimants and many of the lawyers working closely with the undersigned have been
able to verify the absence of duplicative efforts.

11.     The Committee has been efficient in focusing on efficiency with others.  For
example, the Committee's "Limited Omnibus Response and Reservation of Rights of the Statutory
Unsecured Claimholders' Committee to the Retention Applications of the Debtors' Professionals"
[Docket No. 521] regarding Jefferies LLC ("Jefferies") and its compensation package saved the
estates millions of dollars, ironically over the objection of the Debtors.[7]  The Committee has also
been instrumental in important negotiations with the Debtors, and has diligently delved into the

---

[7]  See also [Docket No. 248, 477, and 875].

analysis of potential claims against insiders of the Debtors for their business and financial decisions in planning events leading up to the Petition Dates. One must assume that the Debtors are very unlikely to pursue claims against insiders, for several reasons that have become apparent throughout these Reorganizations. Accordingly, the Committee's continued efforts to investigate and potentially pursue third party claims against insiders, with approval of this Court, could be the single or greatest source of recovery for creditors such as the Healthcare Negligence Claimants.

12.    The Debtors' position adverse the Committee in its choice of counsel must be viewed askance, because the Debtors have demonstrated no frugality of their own throughout this process. For example, the Debtors' professional budget is nearly $30,000,000, five (5) times the Committee's professional budget. Additionally, the Debtors have saddled the estates with the budgeted $8,000,000 in legal expenses for its prepetition lenders. Further, although the Debtors have retained very capable CROs, they have inexplicably retained two of them, without any objection from the Healthcare Negligence Claimants, the Committee, or anyone else. Finally, and as alluded to above, the Debtors put forth the application for Jefferies with astronomical compensation terms, including a "failure fee" compensating Jefferies $5,000,000 plus other entitlements even if an insider stalking horse is the successful purchaser, a stalking horse that Jefferies in no way brought to the table.

13.    The Debtors have retained counsel who is ingenious, experienced, and tenacious: The Committee is entitled to nothing less. And yet the Debtors' original budget for the Committee's investigation at the outset was only $25,000, which translates to only a few hours of work at the prevailing market rates. Even the Co-CRO recognized that this budget item was unreasonable, before it was adjusted, presumably to account for all of the unique business and financial nuances that must be explored professionally and conscientiously by the Committee's

professionals.  The Healthcare Negligence Claimants did not address these issues in the early

weeks of these Reorganizations, but are concerned that the Committee have resources and privacy

necessary to function effectively.

14.    The Debtors' response and inappropriate request to have active visibility into the

Committee's workstreams while the Committee is actively investigating the Debtors and their

insiders appears to be an attempt to assert influence or veto power on what the Committee does

and which Committee Counsel are tasked with various jobs.  The possibility that the Debtors'

Objection to Committee Counsel is intended to chill the Committee's actions or diligence is a

matter of concern to the Healthcare Negligence Claimants, who have appreciated the diligence,

skill, and efficiency of Committee Counsel.

## B.    ARGUMENT

### i.    The Committee has the right to retain Committee Counsel as co-legal counsel.

15.    Under the Bankruptcy Code, creditors' committees have the right to employ legal

counsel to provide services to the Committee.  11. U.S.C § 1103(a).  Creditors' committees have

the discretion, subject to the Bankruptcy Court's approval, to decide what assistance is needed and

select counsel that will help protect the interests of creditors. Matter of Advisory Comm. of Major

Funding Corp., 109 F. 3d 219, 224 (5th Cir. 1997) ("A 'creditors' committee not only has, with the

court's approval, the power to employ attorneys . . . to represent or perform services for the

committee, it has the duty to determine what assistance is required in order to perform its duties,

when such assistance is required, and to select those best qualified to render such assistance.'");

In re McCrory Stores Corp., 91 F. 2d 947, 948 (2d Cir. 1937).

16.    It cannot be gainsaid that creditors committees have the power to select more than

one attorney to represent their interests if it chooses.  11 U.S.C. § 1103(a) ("[S]uch committee may

select and authorize the employment by such committee of **one or more attorneys** . . . .")
(emphasis added).  Committee retention of both lead and local counsel is not unprecedented, and
can benefit the estate when rates and tasks are allocated efficiently:  What would be unprecedented
would be enabling the Debtors to supervise the allocation process.

17.     The power of a creditors committee to employ legal counsel is limited only by the
requirement that the selected attorneys do not represent an entity with an adverse interest to the
committee in connection with the case.  11 U.S.C. § 1103(b).  Here, the Debtors have stipulated
that they do not object to or oppose the Committee's retention of Proskauer or Stinson, nor question
the disinterestedness of either firm.  The Debtors seem only to object to the fact that there are two
law firms rather than one, as if the number of firms would actually dictate the amount of billable
hours invested by lawyers on the job.  In point of fact, division of labor within law firms can often
be more inefficient than division of labor in multiple firms with tasks allocated more clearly.
Moreover, the estate benefits significantly by having Stinson undertake the same tasks that would
need to get done, but at substantially lower billable rates than Proskauer.  The Debtors seem to
ignore these substantial benefits to the estates.  The Healthcare Negligence Claimants hope that
Proskauer will focus on analyzing and potentially bringing insider claims on behalf of the estate,
rather than the more routine tasks required by the Committee.

**ii.     The Debtors have presented no direct evidence of duplicative services, and thus
further assurances related to division of labor between Proskauer and Stinson are
unwarranted.**

18.     The Bankruptcy Code provides that compensation of the professionals employed
by a creditors' committee must be reasonable, and that the court shall not allow compensation for
unnecessary duplication of services.  11 U.S.C. § 330.

19.     The Debtors request that the Committee be required to provide assurance upfront regarding the division of labor between Proskauer and Stinson to avoid duplicative work. This request is unnecessary and burdensome on the Committee since all estate professionals must have their fees approved, and the professionals take the risk that they engaged in duplicative services since such fees will not be reimbursed. Moreover, the Debtors have provided no evidence of duplicative services being provided other than general concerns about rising fees and language in the Committee Applications.

20.     As described above, the Committee Applications explain that coming up with a specific division of labor in advance is difficult due to the complexity of this case and the fluidity of the tasks involved in the representation of the Committee.

21.     Moreover, in large, complex bankruptcy cases, two firms working together to represent a creditors' committee does not give rise to any presumption of duplicative services. See In re N-Ren Corp., 71 B.R. 488, 490–91 (Bankr. S.D. Ohio 1987) (striking down lender's objection to committee's retention of two attorneys as duplicative) ("In a case of the magnitude of this one, it is not unreasonable that two attorneys, qualified and experienced, be fully familiar with and involved in the representation of the creditors committee. We do not regard such service as duplicative or unnecessary."). Here, the Debtors merely assume that duplication or inefficiency is occurring based on the retention of two law firms and the amount spent on legal services.

22.     Nothing in the Bankruptcy Code requires the Committee to make further statements regarding division of labor after the filing of retention applications. After all, the Debtors have cited no legal authority in the Debtors' Objection to Committee Counsel that specifically mandates for supplemental assurances in this situation. This is presumably why no provision in the Bankruptcy Code and no case law was cited by the Debtors in support of their concerns.

23.     It is axiomatic and goes without saying that the Committee and Committee Counsel should not waste estate resources as a result of faulty division of labor.  However, the Debtors' objection to the Committee Applications is itself a needless expenditure of estate funds, and the irony should not go overlooked.

24.     The specific relief requested by the Debtors has no basis in the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, and would unreasonably restrict the independence and judgment of the Committee and Committee Counsel.  It would also waste time and money. And for all of the foregoing reasons, the Debtors' Objection to Committee Counsel should be denied.

WHEREFORE, this Court should deny the Debtors' Objection to Committee Counsel, and grant all other relief necessary to assure the Committee and Committee Counsel that their independent judgment will not be directly or indirectly influenced by the Debtors on the basis of stated concerns about efficiency and the like.

Dated this 29th day of September, 2025.

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**NICHOLAS LAFALCE, ESQUIRE**
Florida Bar Number: 0119250
nlafalce@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Tel.: (813) 273-5616
Fax: (813) 221-4113
Attorneys for the Healthcare Negligence Claimants

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, a true and correct copy of the foregoing

document was electronically filed in the above captioned case with the Clerk of the United States

Bankruptcy Court by using the CM/ECF system and a copy was served on the parties who receive

notice via the Court's ECF notification system.

Marcus A. Helt, Esq.
Jack G. Haake, Esq.
MCDERMOTT WILL & EMERY LLP,
2501 North Harwood Street, Suite 1900,
Dallas, TX 75201
mhelt@mwe.com
jhaake@mwe.com

Daniel M. Simon, Esq.
MCDERMOTT WILL & EMERY LLP,
1180 Peachtree St. NE, Suite 3350,
Atlanta, GA 30309
dsimon@mwe.com

William A. Guerrieri, Esq.
Emily C. Keil, Esq.
MCDERMOTT WILL & EMERY LLP,
444 West Lake Street, Suite 4000,
Chicago, IL 60606
wguerrieri@mwe.com
ekeil@mwe.com
Counsel to the Debtors

Nicholas Zluticky, Esq.
Zachary Hemenway, Esq.
Miranda Swift, Esq.
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com
miranda.swift@stinson.com

Brian S. Rosen, Esq.
Ehud Barak, Esq.
Timothy Q. Karcher, Esq.
Daniel S. Desatnik, Esq.
PROSKAUER ROSE LLP
Eleven Times Square
New York, New York 10036-8299
brosen@proskauer.com
ebarak@proskauer.com
tkarcher@proskauer.com
ddesatnik@proskauer.com

W. Grant DuBois, Esq.
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
grant.dubois@stinson.com

Paul V. Possinger, Esq.
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3570
ppossinger@proskauer.com
Counsel to the Committee

Meredyth Kippes, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
Region 6

Jason S. Brookner, Esq.
Lydia R. Webb, Esq.
GRAY REED

1100 Commerce Street, Room 976
Dallas, TX 75242
meredyth.kippes@usdoj.gov

Leighton Aiken, Esq.
FERGUSON BRASWELL FRASER KUBASTA PC
2500 Dallas Parkway, Suite 600,
Plano, TX 75093
laiken@fbfk.law

and

Robert J. Lemons, Esq.
GOODWIN PROCTOR LLP,
The New York Times Building
620 Eighth Avenue
New York, NY 10018
rlemons@goodwinlaw.com
Counsel to OHI Mezz Lender LLC

James Muenker, Esq.
PIPER LLP
1900 N. Pearl St., Suite 2200,
Dallas, TX 75201
james.muenker@us.dlapiper.com
Counsel to ReGen Healthcare LLC DLA

1601 Elm Street, Suite 4600
Dallas, TX 75201
jbrookner@grayreed.com
lwebb@grayreed.com
Counsel to PharMerica Corporation

Jeffrey C. Krause, Esq.
Francis Petrie, Esq.
Michael G. Farag, Esq.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
jkrause@gibsondunn.com
fpetrie@gibsondunn.com
mfarag@gibsondunn.com
Counsel to Welltower

Kenneth J. Ottaviano, Esq.
Paige Barr Tinkham, Esq.
BLANK ROME LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
ken.ottaviano@blankrome.com
paige.tinkham@blankrome.com
Counsel to White Oak Healthcare Finance LLC

/s/ John A. Anthony
**ATTORNEY**

Schedule "A"

Healthcare Negligence Claimants

| | Settlement Healthcare Claimants |
|---|---|
| 1. | Adam Hoffman, as Power of Attorney of Rita Hoffman |
| 2. | Addie Logan as the Administratrix of the Estate of Cheryl Lynn Logan |
| 3. | Albert Robinson, Individually and as Administrator Ad Prosequendum and General Administrator of the Estate of Mary Robinson |
| 4. | Alice Sultemeier as Power of Attorney for Rita Sultemeier |
| 5. | Amanda Stover, as Administratrix of the Estate of William Dale Stulter |
| 6. | Ameena Collier, on behalf of the Estate of Thurman Kirby |
| 7. | Angela Rivera Cornish, on behalf of the Estate of Nicholas R. Rivera, Sr. |
| 8. | Anita Fay Tekman, as Administratrix of the Estate of Lucy Gail Long |
| 9. | Anita Molinar, Deceased, by the Personal Representative of the Wrongful Death Estate, David Molinar |
| 10. | Ann S. Kelley, on behalf of the Estate of Lawrence F. Kelley |
| 11. | Anthony Wilson, on behalf of Jullian Murray |
| 12. | Aretha Caldwell, Administrator Ad Prosequendum of the Estate of Isabel Loatman |
| 13. | Ashley Johnson, on behalf of Virginia Graham |
| 14. | Barbara A. Clark, as Administrator of the Estate of Louise Andrews |
| 15. | Barbara J. Milton, on behalf of the Estate of Abdul Baa'Ith Muwwakkil |
| 16. | Barbara L. Sieminski on behalf of the Estate of Richard Albert Ford, Sr. |
| 17. | Barbara Law and other heirs Russell Eugene Law and Leslie Kay Higgins |
| 18. | Barry Green, as Personal Representative of the Wrongful Death Estate of Lila Gonzales |
| 19. | Barry Green, as the Personal Representative to the Wrongful Death Estate of Urah Lee Hodge |
| 20. | Barry Green, Esq., as Personal Representative of the Wrongful Death Estate of Rosalina Blea |
| 21. | Barry Green, Esq., as Personal Representative of the Wrongful Death Estate of Cordelia Weseman |
| 22. | Barry Green, Esq., as Personal Representative to the Wrongful Death Estate of Edwin Romero |
| 23. | Beverly Reed, as Executrix of the Estate of Thelma Reed, and on behalf of any wrongful death beneficiaries |
| 24. | Brenda Howard, on behalf of the Estate of Mildred Lewis |
| 25. | Bridget Y. Hannibal and Anita Maria Butler, as Co-Executors of the Estate of Jean Butler |
| 26. | Carol Ann Guthrie |
| 27. | Carol McKnight, on behalf of the Estate of Nancy Randall |
| 28. | Carolyn Woehl, as representative of the Estate of Louis Woehl |
| 29. | Carroll Cagle, as Personal Representative of the Wrongful Death Estate of Stephanie La Fortune |
| 30. | Cassandra Williams, Individually and on behalf of the Estate of Linda Williams |

| 31. | Charles V. DiLabbio, Administrator of the Estate of Harry J. DiLabbio |
|-----|-----|
| 32. | Christina Brown-Hudson, as Administratrix of the Estate of Dell'l Brown |
| 33. | Christina Civils, as Power of Attorney and Next Friend of James Civils, incapacitated |
| 34. | Christine Kattermann, as Executrix of the Estate of Eleanor Bretzger |
| 35. | Clare Ann Gobelny, Individually and on Behalf of the Estate of John F. Ruiz |
| 36. | Contricia Scutching, Individually and as Executrix of the Estate of Willie Triplet, Deceased |
| 37. | Cornelia Joiner, on behalf of the Estate of Christa Bridge and in her own right |
| 38. | Crystal Lawrence, as Administratrix of the Estate of Kenneth White, Sr. |
| 39. | David Rogers, Jr., Executor of the Estate of David W. Rogers |
| 40. | Dean McMurphy, Individually and as Administrator of the Estate of Tracey D. McMurphy |
| 41. | Deborah Pindell, Individually, and as Personal Representative of the Estate of Marguerite Brooks, Vera Grayson, Tanowa Brooks, Denise Williams, and Marguerite Horton |
| 42. | Dianne Smith, on behalf of Mary Jane Smith |
| 43. | Dominic Mannella, as Executor for the Estate of Sally Mannella |
| 44. | Donald Berry, Individually |
| 45. | Donna Arera, individually and as Administrator of the Estate of Helen Stalgaitis |
| 46. | Donna Brownstein, on behalf of the Estate of Steven Brownstein |
| 47. | Donna Schley, Administratrix of the Estate of Sylvester Schley |
| 48. | Douglas Cerbie, Executor of the Estate of Mary Ann Cerbie |
| 49. | Edward Clark, Richard Clark, Elizabeth Sparr, Individually, and Edward Clark on behalf of the Estate of Aleene Clark |
| 50. | Erin Pearson, as Personal Representative of the Wrongful Death Estate of James Sanderson |
| 51. | Estate of Barbara Louise Matalucci, through Barbara Schlager, Executrix |
| 52. | Estate of Jean F. Miller, through Sherrie A. Martinez, Administrator |
| 53. | Estate of Sheila J. Craig Mitchell, through Kimberly Lucky, Administrator |
| 54. | Eunice Fuentes Marquez, as Personal Representative of the Wrongful Death Estate of Cointa Marquez Aragon |
| 55. | Faith Marietta Boose, as Administratrix of the Estate of Earl Morris |
| 56. | Franchesca Rodriguez, Individually |
| 57. | Frank C. Taylor, Administrator of the Estate of Maria A. Taylor, Deceased |
| 58. | Frank Jordan, Jr., as Administrator of the Estate of Mary Kathleen Jordan |
| 59. | Frauline Wolfe, as Representative of the Estate of Bryan Wolfe |
| 60. | Gabe Betancourt, Individually, and Vanessa Betancourt, as the Personal Representative of the Wrongful Death Estate of Nellie Betancourt |
| 61. | Glen Ray Hodge, as Administrator of the Estate of Mary Evelyn Hodge |
| 62. | Glenn Howard, as Successor Administrator of the Estate of Joseph T. Bland, deceased |
| 63. | Gloria Cabrera and Francisco Ramirez, Co-Personal Representatives of the Estate of Ramona Ramirez, on behalf of the Estate of Ramona Ramirez |
| 64. | Greg L. Hunt, as Administrator of the Estate of Nancy R. Hunt |

2

| 65. | Guy Morra, Wayne Morra, Albert Morra, the Estate of Roberta Furnier and Robert C. Collins, II, as Administrator of the Estate of Maryanna Morra |
|---|---|
| 66. | Helen Laura Lopez, as Personal Representative of the Estate of Tom Pearl |
| 67. | Holly Hampton, Individually, and on Behalf of the Estate of Lydia Hampton |
| 68. | Ignacio Garcio, Individually and as Personal Representative of the Estate of Frances Lupasita Serna |
| 69. | Jacobo Castro |
| 70. | Jacqueline Redmond |
| 71. | James E. Novak, Individually and as Personal Representative of the Estate of Janice C. Novak |
| 72. | James Kolea, On Behalf Of The Estate Of David J. Patterson |
| 73. | James M. Saxon, Jr., on behalf of the Estate of Joyce Barber |
| 74. | James Williams, as Personal Representative of the Wrongful Death Estate of Josephine Garcia |
| 75. | Janet Katinowsky, Administratrix of the Estate of Jennie A. Katinowsky |
| 76. | Jennifer M. Palumbo and Laura A. Good, on behalf of the Estate of George Ilco |
| 77. | Jessica Hugar, Individually |
| 78. | Jo Harp, Executrix of the Estate of Nona Walker |
| 79. | Joan Birmingham on behalf of the Estate of Melady Siegfried |
| 80. | Joan K. Shayer |
| 81. | Joann Parlett, Individually and as Personal Representative of the Estate of Shirley Boulin, Debbie Durling, Bryan Howlin, and Ronald Howlin |
| 82. | Joe F. Byers, by and through his Successor-in-Interest, Courtland Byers; Courtland Byers, Individually; Armond Byers, Individually; and Joe Byers, Jr., Individually |
| 83. | Joetta McDowney, on behalf of the Estate of Thomasine Jones |
| 84. | Joleen Youngers, as Personal Representative of the Wrongful Death Estate of Presciliana Sanchez |
| 85. | Joseph Y. Sweeney as Administrator DBN/CTA of the Estate of Joseph A. Sweeney |
| 86. | Karen Peterson, as Administratrix of the Estate of Gladys Straight |
| 87. | Karla Evans, as Guardian of Person and Property of Kathy D. Williams |
| 88. | Kathleen Phipps on behalf of the Estate of Rose Russell |
| 89. | Kathryn Williamson, on behalf of Gina Thiel |
| 90. | Kelvin Arrington, Individually, and as the Personal Representative of the Estate of Alma Page; Maria Arrington; Adrienne Page; Gregory Page; and Linwood Page |
| 91. | Landria Adams |
| 92. | Larrice Harris, individually |
| 93. | Larry B. Kline, on behalf of the Estate of David W. Kline, Sr. |
| 94. | Laurie Ann Bright on behalf of Kay A. Bright |
| 95. | Lawrence Zukowski, on behalf of the Estate of Frances Zukowski |
| 96. | Lisa Collado |
| 97. | Louis Rossignol, as Administrator of the Estate of Carlotta W. Elkins, deceased |
| 98. | Maria Dematteo, on behalf of the Estate of Gerard Berrigan |
| 99. | Maria L. Ayala, as Administratrix for the Estate of Oscar Rene Martinez |
| 100. | Mark F. Busch, as Administrator of the Estate of Joel D. Busch |

| | |
|---|---|
| 101. | Mark Moss, Administrator of the Estate of Billy M. Moss |
| 102. | Mark Musso, on behalf of the Estate of Opal O. Musso |
| 103. | Mark Salfi, as Executor of the Estate of Salvatore Salfi |
| 104. | Marleen Chrzanowski, Individually |
| 105. | Martha Bennett-Ryder, Administratrix of the Estate of Virginia Smith |
| 106. | Mary Martinez, as Personal Representative of the Wrongful Death Estate of Candido Martinez |
| 107. | Melissa Devericks, as Personal Representative of the Estate of Charles Everett Devericks, Sr. |
| 108. | Melody Blake, on behalf of Arthur M. Blake |
| 109. | Merla Graves, as Administratrix of the Estate of Christal Graves |
| 110. | Michael Burdine, as Administrator of the Estate of Judy Burdine |
| 111. | Michelle Hoffmaster, on behalf of the Estate of Rita Bommarito |
| 112. | Michelle Sturtz, Individually and as Administratrix of the Estate of Jocelyn L. Wilson |
| 113. | Neil Gomillion and Lanita Gomillion |
| 114. | Nicole Abramson, Personal Representative of the Estate of Aery Lawson, on behalf of the Estate of Aery Lawson |
| 115. | Nina Devito, on behalf of the Estate of Vincent Devito |
| 116. | Patricia A. Clifford, as Administratrix of the Estate of John Thomas Baker |
| 117. | Patricia Hanna, as Administratrix of the Estate of Jo Ann Robinson |
| 118. | Penny Raff, as Administratrix of the Estate of Tami Michelle Jennings |
| 119. | Ralph Albert Romeo, as Power of Attorney for Anna Patricia Vaccaro |
| 120. | Randall H. Alter, on behalf of the Estate of James Thompson Alter, IV |
| 121. | Richard D. Schibell, on behalf of the Estate of Dolores Schibell-Tomaine |
| 122. | Richard James Kirk, Individually, and as Personal Representative of the Estate of Helen Marie Kirk; and Thomas Edward Kirk, Individually, and as Personal Representative of the Estate of Helen Marie Kirk |
| 123. | Riley Schaffer, as Personal Representative, of the Estate of Rachael Schaffer |
| 124. | Robert M. Brown, Jr. as Administrator of the Estate of Robert M. Brown, Sr. |
| 125. | Rosemarie Bucciarelli, on behalf of the Estate of Joseph Bucciarelli |
| 126. | Roy Glen La Dirke Gaskins on behalf of the Estate of Roy Glen Gaskins |
| 127. | Russell Barnes, on behalf of Carrie Barnes |
| 128. | Samantha Ritter, on behalf of the Estate of Michelle M. Coquet |
| 129. | Scott Wabals, on behalf of the Estate of Sally Martin |
| 130. | Sharifah Bell and Joel Belcher as Co-Guardians of Antoinette Bell |
| 131. | Sheryl Sligh-Anderson, Individually and as Personal Representative of the Estate of Barbara Lee Sligh, Marcia Sligh, and Marion Sligh |
| 132. | Stacy Tyler, individually, and as Special Administrator of the Estate of Gary Tyler |
| 133. | Stanley Melton |
| 134. | Stephanie Claudio, as Power of Attorney for Cheryl Kulis |
| 135. | Steven S. Tucker and Amir L. Tucker, as Administrators of the Estate of Steven Seals |
| 136. | Sylvester McElhaney, Individually and as Administrator Ad Prosequendum of the Estate of Christine Folds |

| 137. | Tammy Riemenschnitter, on behalf of Heinrich Riemenschnitter |
| 138. | Teresa Fowler, as Administratrix of the Estate of Reva L. Buckbee |
| 139. | Teresa Thompson, as Personal Representative of the Estate of Orencle Barlow, deceased |
| 140. | The Estate of John Labruce Brown, By and Through the Administratrix of the Estate, Odette Brown |
| 141. | Tiffany Diane Wiggins, as Personal Representative of the Estate of Diane McDonald Wiggins |
| 142. | Tommy Wayne White, Personal Representative of the Estate of Pauline White |
| 143. | Valerie Bess, Administrator of the Estate of Mark Bess, Deceased |
| 144. | Vicki Ann Miller, individually and as Personal Representative of the Estate of Brian Michael Miller, Joshua Miller, Nicolas Miller, and Analisa Miller |
| 145. | William Brown, Individually |
| 146. | William Chadwell, as Next Friend and Power of Attorney of Patsy Chadwell |
| 147. | William P. Watson, on behalf of the Estate of Joanne M. Watson |
| | **Unliquidated Healthcare Claimants** |
| 148. | Alan Levine (deceased), by the Personal Representative of the Wrongful Death Estate, Ellen Levine |
| 149. | Alfred C. Edwards, Executor of the Estate of Barbara Edwards, Deceased |
| 150. | Andrew A. Dietz, as Executor for the Estate of Jeffrey A. Dietz |
| 151. | Andrew Henderson, As Administrator Of The Estate Of Marcy Henderson, Deceased |
| 152. | Andrew MacDonald, Administrator of the Estate of Marlena Mack, Deceased |
| 153. | Angie Morales, As Attorney In Fact For Ana C. Ortiz |
| 154. | Ann Simmons |
| 155. | Antolino Jacquez, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 156. | Arthur Wlodarski |
| 157. | Barbara Montague-Graham |
| 158. | Barbara Willard, Administrator Of The Estate Of Evelyn Casey |
| 159. | Barry Green, as Personal Representative for the Wrongful Death Estate of Christopher Sanchez |
| 160. | Barry Green, as Personal Representative for the Wrongful Death Estate of Geraldine Thompson |
| 161. | Betty Lou Shadle |
| 162. | Betty Waggoneer |
| 163. | Candace Whiteside as attorney-in-fact for Frank Whiteside |
| 164. | Carrie Dorsey As Attorney-In-Fact For Lucille Hopson |
| 165. | Charles Cobb |
| 166. | Charles Freeman |
| 167. | Cherae Tate, On Behalf Of Lorraine Brown |
| 168. | Cheryl Beaudoin, on Behalf of the Estate of Barry H. Beaudoin, Amanda Beaudoin, Christopher Beaudoin, and Matthew Beaudoin |
| 169. | Christopher J. Lynagh, Co-Executor of the Estate of Sonia A. Lynagh, Deceased |

| 170. | Christopher Lucero, As Personal Representative Of The Estate Of Dorothy Rice |
| 171. | Cindy Thomas as Executor of the Estate of Eloise R. Queen, deceased |
| 172. | Cleo K. Stewart, By Charles E. Stewart Jr, Power Of Attorney |
| 173. | Craig Gendreau, on Behalf of the Estate of Roger Gendreau |
| 174. | Darrel Fedrick, Administrator of the Estate of Katherine Jackson |
| 175. | David Alison and Linda Alison |
| 176. | Deborah Gallagher |
| 177. | Deborah Trogdon As Attorney-In-Fact For Johnnie Mae Devlin |
| 178. | Denise M. Beck, Administratrix for the Estate of Naomi C. Brown, Deceased |
| 179. | Denise R. Smaniotto, Executrix of the Estate of Patricia A. Russo, Deceased |
| 180. | Dolores A. Rich, Executrix of the Estate of Helen R. Byers, Deceased |
| 181. | Donald Gress, Administrator Of Estate for Joyce Kajmo |
| 182. | Donald H. Thomas, Jr. individually and as Personal Representative of the Estate of Donald H. Thomas Sr., Patricia R. Thomas, and Michelle Howard |
| 183. | Donald Messier, on Behalf of Janet Messier |
| 184. | Donald Treimann, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 185. | Doreen Wind |
| 186. | Doristene Walker |
| 187. | Dorothy Dukes |
| 188. | Douglas C. Martinson, II, As Personal Representative Of The Estate Of Bonnie Louise Blanton, Deceased |
| 189. | Edwin Moulton, by his Legal Guardian, Joanne Moulton, and Joanne Moulton, Individually |
| 190. | Eileen Walton |
| 191. | Elizabeth Castro, Administratrix of the Estate of Ana Luz de Fernandez, Deceased |
| 192. | Elizabeth Harkins |
| 193. | Estate Of Alfred G. Giombetti, Through Carol Specht, Executor, And Rita Giombetti, Individually |
| 194. | Estate Of Beverly White, By Ian White, Administrator |
| 195. | Estate of Darla J. Adolini |
| 196. | Estate Of Dorothy Scovil, Deceased, By And Through Cassandra Hamlett |
| 197. | Estate of Harding Zelaya |
| 198. | Estate of Michael Wulstein |
| 199. | Estate Of Michelle Davis, By And Through Derek Patterson, Esquire, Administrator Of The Estate Of Michelle Davis |
| 200. | Estate Of Timothy Jones, By And Through Olivia Jones, Administratrix |
| 201. | Ethel Saunders, as Testatrix of the Estate of Richard Saunders |
| 202. | Feliz A. Rael, As Personal Representative For Eduardo Triste, Deceased |
| 203. | Feliz Rael, As Personal Representative For David Cox, Deceased |
| 204. | Frances Sydnor, Individually, and as Administratrix Of The Estate Of Jerome Sydnor, Deceased |
| 205. | Frederick L. Couzzens, Individually And As Administrator Of The Estate Of Lana J. Couzzens-Heywood, Deceased |
| 206. | Geraldine Faust |

| 207. | Greg Coleman |
|------|--------------|
| 208. | Gwendolyn Smith |
| 209. | Horace Davis, Administrator of the Estate of Grace Kelly Davis, Deceased |
| 210. | Hugh Williams |
| 211. | Ivory Walker As Attorney-In-Fact For Barbara Barron |
| 212. | Jacqueline L. Ostrander, Individually, And As Special Administrator, Personal Representative, And Statutory Heir To The Estate Of Sally Lou Scanlon and Denise Pauley, Individually, And As Statutory Heir To The Estate Of Sally Lou Scanlon |
| 213. | Jacqueline McManus |
| 214. | James Moyers as Personal Representative for Marilyne Mabery |
| 215. | James R. Antonio, as Representative of the Estate of Donna J. Wayant, deceased, and Ruth Carter, as Wrongful Death Beneficiary |
| 216. | James R. Caldwell, Jr., as Administrator of the Estate of James Caldwell |
| 217. | Janet Smith, As Administratrix For The Estate Of La'toya Y. Gaither, Deceased |
| 218. | Jania Boyd, Individually, and as Personal Representative of the Estate of Parker Frances, Deceased |
| 219. | Jaunett M. Johnson, Administratrix of the Estate of Mary A. Johnson, Deceased |
| 220. | Jeffrey Zonfrillo, on Behalf of the Estate of Michael Zonfrillo Sr., Brian Zonfrillo, Dennis Zonfrillo, Michael Zonfrillo |
| 221. | Jennifer A. Laparch as Executor of the Estate of Kathleen Camara |
| 222. | Jerry Pickeral |
| 223. | John Edward Clibbens Jr., Individually and as Executrix of the Estate of Virginia Clibbens, Deceased |
| 224. | John Giancaterino, as Executor for the Estate Of June Giancaterino, Deceased |
| 225. | John McCabe, Administrator of Estate for Lois McCabe |
| 226. | Joleen K. Youngers, As Next Friend To Shealynn Garnenez |
| 227. | Jonathan Baldwin, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 228. | Josefina Garcia, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 229. | Joseph Dugon, Power of Attorney on Behalf of Marianne Gilgore |
| 230. | Joshua Blackwell, on Behalf of Randy Blackwell |
| 231. | Joyce A. Dawson, Executor of the Estate of Audrey A. Walton, Deceased |
| 232. | Karen Brant |
| 233. | Karen Toto |
| 234. | Katherine Aranda, Through Her Power Of Attorney, Michael Gutierrez |
| 235. | Kathleen Bohr, Individually, as Executrix of the Estate of David William Bohr, Deceased, and as Guardian of Gabriel William Bohr |
| 236. | Kathleen V. Donaghue, Personal Representative Of The Estate Of Dorothy F. Atkinson |
| 237. | Kathryn Reveille |
| 238. | Kathryn Thomas |
| 239. | Kathy Langello as Administratrix of the Estate of Diana DeRosato |

| 240. | Kearicia J. Valiant, Individually And As Administratrix Of The Estate Of Alphonso H.W. Valiant |
| 241. | Kevin Wormley, Attorney in Fact for Edward Wormley |
| 242. | Larry May, as Guardian and Next Friend of Matthew May, Incapacitated |
| 243. | Latoya Mitchell Individually, As Administrator And Administrator Ad Prosequendum Of The Estate Of Carolyn Mitchell |
| 244. | Linda Doleno, Individually and as Executrix of the Estate of Anna M. Thomas |
| 245. | Linda Lopez |
| 246. | Lisa Tinch, As Statutory Heir And Special Administrator For The Estate Of Barbara Tinch; Robert Tinch, As Statutory Heir To Barbara Tinch; And Diana Carter, As Statutory Heir To Barbara Tinch |
| 247. | Lois Carroll, Executor of the Estate of Arthur R. Pomerleau |
| 248. | Lois Toby Smith |
| 249. | Lori A. Potteiger, Executrix of the Estate of Ray G. Fegely, Deceased |
| 250. | Lynn Capell |
| 251. | Mabel Hill, By Her Attorney-In-Fact, Beverly Lane |
| 252. | Macario Chavez, Deceased, By The Personal Representative Of The Wrongful Death Estate, Laura Horton |
| 253. | Magnolia Terry, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 254. | Margaret Auman, Administrator of Estate for Paul Auman |
| 255. | Maria Fernandez, By The Personal Representative Of The Wrongful Death Estate Of Rafael Fernandez, Deceased |
| 256. | Marianne Reichwein |
| 257. | Marilyn A. Sapone, Administrator for the Estate of Kathleen A. Wolff |
| 258. | Mark E. Doorly, Administrator of the Estate of Shirleen D. Doorly, Deceased |
| 259. | Mark Szypulski, Individually And As Administrator And Administrator Ad Prosequendum Of The Estate Of Honorata Szypulski, And Heronim Joseph Szypulski |
| 260. | Marlin Kyle Allen |
| 261. | Martha Watson, By Her Attorney-In-Fact, Anthony Watson |
| 262. | Mary Bianco, Administrator of Estate for Louise Byers |
| 263. | Mary Conte |
| 264. | Mary Ramos, Deceased, By The Personal Representative Of The Wrongful Death Estate, Frances Ramos, And Nick Ramos, Sr. |
| 265. | Mary Vogel, Individually and as The Personal Representative of The Estate Of Margaret Vogel, and John Vogel, and James Vogel |
| 266. | Matthew Baillie, as Administrator Ad Prosequendum of the Estate of Robert Baillie, Deceased |
| 267. | Matthew Fincher, as Personal Representative of Gayle Fincher, Plaintiff |
| 268. | Maureen Greim, Executrix of the Estate of Patricia E. Kelly, Deceased |
| 269. | Melanie Logan, As Administrator Of The Estate Of Ronald Gochenauer |
| 270. | Michael Overend As Executor Of The Estate Of Joseph Overend |
| 271. | Monica Jackson, Individually and as Personal Representative for the Estate Of Wallace Hayden Jr., and Rosalie Hayden |

| 272. | Monique Tapia, Individually And By The Personal Representative Of The Wrongful Death Estate Of Manuel Medina, Deceased |
| 273. | Myeson Brigerman, Administrator of the Estate of Gregory Brigerman |
| 274. | Nancy Burkert |
| 275. | Nancy Parker |
| 276. | Nassar Goudarzi, Executor Of The Estate Of Emmajane Goudarzi, Deceased |
| 277. | Neal R. Batdorf, Administrator for the Estate Of Tammy L. Beatty, Deceased |
| 278. | Neil Shotton |
| 279. | Nicholas Pomilio |
| 280. | Njeri Ware Campbell as Attorney-In-Fact for William Campbell |
| 281. | Pam Peters as Executor of the Estate of Darlene Davies |
| 282. | Pamela Shreve, on behalf of the Estate of James Shreve |
| 283. | Patricia Waddell, Power of Attorney on Behalf of Kirk Dixon |
| 284. | Pedro Celestino Benavidez, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 285. | Peter Terzoglou And Roula Myers, Co-Administrators Of The Estate Of Niki Terzoglou, Deceased |
| 286. | Pier Felton, as the Administrator of the Estate of Joyce Harris |
| 287. | Priscilla Carr, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 288. | Raymond Carrillo, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. |
| 289. | Richard Woods, Jr. And Tonya Henry As Co-Administrators Of The Estate Of Sharly Battle |
| 290. | Robert Butera |
| 291. | Robert Parker, by and through his next friend, Isabell Parker |
| 292. | Robert Sharp As Administrator & Personal Representative Of The Estate Of Marjorie Carroll |
| 293. | Roxanne Curry as Administratrix of the Estate of Roberta Quinn |
| 294. | Sandra Thomas-Camp As Administratrix Of The Estate Of Allan Camp, Sr., Deceased |
| 295. | Sarah Velez, Individually, and as Administrator of the Estate of Michael Lawley, deceased |
| 296. | Shahidah Adams, Individually, and as Administrator of the Estate of Inez B. Wallace, deceased |
| 297. | Sharon Ann Haniebnik, Executrix of the Estate of Joan Ann Haniebnik |
| 298. | Sharon Yaple (deceased), by the Personal Representative of the Wrongful Death Estate, Penny Anderson |
| 299. | Sheila Sanders-Green, as Administratrix of the Estate of Harold L. Sanders, deceased |
| 300. | Shirley Lavenia Refile, As Administratrix For The Estate Of Shirley Refile, Deceased |
| 301. | Stephanie Ellis, As  Attorney-In-Fact For Thomas Rozier |
| 302. | Stephanie Nickelson, Individually, and as Executrix of the Estate of Steven R. Wilkerson and the Estate of Debra Wilkerson |

| | |
|---|---|
| 303. | Susan Poli, Administrator Of Estate for Clyde Baker |
| 304. | Susan Udinsky |
| 305. | Tamara Nunley, as Administratrix of the Estate of Shirley Haskins |
| 306. | Tammy Carita |
| 307. | Tammy Umbrell as Administratrix for the Estate of Darlene Umbrell |
| 308. | Terri Monaldi As Administratrix Of The Estate Of Patricia A. Smith, Deceased |
| 309. | Terry R. Leiss, As Administrator for the Estate Of Joanne C. Leiss, Deceased |
| 310. | The Estate Of George Velez, By And Through Grace Velez, Personal Representative; And Grace Velez, Individually |
| 311. | The Estate Of Leroy Stock, By Rachel Stock, The Executor |
| 312. | Thomas W. Banner, As Personal Representative To The Wrongful Death Estate Of Maria Escajeda |
| 313. | Timothy Stubbs |
| 314. | Vernetta Floyd |
| 315. | Vicki Staller |
| 316. | Walter Brauer |
| 317. | William Carter and Marla R. Carter, as Guardians of Linda C. Schoene, incapacitated |
| 318. | Willis Dillon |