

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

Signed September 29, 2025

_____
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) Case No. 25-80185 (SGJ) |
| Debtors. | ) (Jointly Administered) |
| | ) **Related to Docket No. 1018** |

### ORDER EXTENDING TEMPORARY INJUNCTION OF
### CMS' PROPOSED DECERTIFICATION OF MAGNOLIA RIDGE CENTER

Upon the motion (the "<u>Motion</u>")[2] of the Debtors for entry of an order (this "<u>Order</u>"), pursuant to Rule 65 of the Federal Rules of Civil Procedure (the "<u>Federal Rules</u>"), as made applicable to this proceeding by Rule 7065 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

"Bankruptcy Rules"), seeking an extension of the temporary restraining order and preliminary injunction granted by the Injunction Order until the later of (a) October 15, 2025 and (b) the final adjudication of the Debtors' forthcoming motion for a preliminary injunction seeking similar relief, all as more fully set forth in the Motion; and upon consideration of the Initial TRO Motion, the Perry Declaration, and the Special Report; and upon consideration of the *United States' Opposition to Debtors' Emergency Motion for Entry of Order Extending Temporary Injunction* [Docket No. 1043]; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

    **FOUND AND DETERMINED that:**

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b); and venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. The Debtors are entitled to the issuance of a temporary restraining order pursuant to Bankruptcy Rule 7065 (incorporating Federal Rule 65) against the Centers for Medicare and Medicaid Services ("CMS").

C. The Debtors established (1) a substantial likelihood success on the merits; (2) that absent preliminary injunctive relief, they are likely to suffer irreparable harm; (3) that the balance of equities is in their favor; and (4) preliminary injunctive relief is in the public interest. All findings made on the record are incorporated pursuant to Bankruptcy Rule 7052.

**ORDERED, ADJUDGED, AND DECREED that:**

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 7065, CMS is temporarily enjoined from decertifying Magnolia Ridge Center in Gardendale, Alabama through and until the earlier of (a) October 15, 2025 and (b) the final adjudication of the Debtors' forthcoming motion for a preliminary injunction seeking similar relief, which date may be further extended for good cause or on consent of the Debtors and CMS.

3. This Order shall be immediately effective and enforceable upon its entry.

4. Pursuant to Bankruptcy Rule 7065, the security requirements shall be waived.

5. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Rules, and the Complex Case Procedures are satisfied by such notice.

6. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7. The Debtors are authorized to take all actions necessary to implement the relief granted in this Order.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

# # # END OF ORDER # # #

Prepared and presented by:

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
**MCDERMOTT WILL & SCHULTE LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:            mhelt@mwe.com
                      jhaake@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
Email:            dsimon@mwe.com
                      ekeil@mwe.com
                      wguerrieri@mwe.com
                      clee@mwe.com
                      lfoody@mwe.com

*Counsel for the Debtors and Debtors-in-Possession*