**ANTHONY AND PARTNERS, LLC**
John A. Anthony, Esq. (pro hac vice)
Nicholas Lafalce, Esq. (pro hac vice)
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Tel.: (813) 273 5616
Fax: (813) 221 4113
Email: janthony@anthonyandpartners.com
Email: nlafalce@anthonyandpartners.com

Counsel for the Non-Debtor Claimants

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | |
| GENESIS HEALTHCARE INC. et. al.[1], | Chapter 11 |
| Debtors. | Case No. 25-80185 (SGJ) |
| _____/ | (Jointly Administered) |

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXNB.USCOURTS.GOV/ NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. IF YOU DO NOT HAVE ELECTRONIC FILING PRIVILEGES, YOU MUST FILE A WRITTEN OBJECTION THAT IS ACTUALLY RECEIVED BY THE CLERK AND FILED ON THE DOCKET NO MORE THAN TWENTY-FOUR (24) DAYS AFTER THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 23, 2025 AT 9:30 A.M. AT THE EARLE CABEL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS TEXAS 75242. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT 650-479-3207. VIDEO COMMUNICATION WILL BE BY USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO**

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

1

**WEBEX APPLICATION OR CLICK THE LINK ON JUDGE JERNIGAN'S HOME PAGE. THE MEETING CODE IS 2304 154 2638 CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS.   TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JERNIGAN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

### NON-DEBTOR CLAIMANTS' COMBINED (A) OBJECTION TO DEBTORS' STAY EXTENSION MOTION AND (B) MOTION FOR RELIEF FROM THE AUTOMATIC STAY TO PURSUE CLAIMS AGAINST NON-DEBTOR DEFENDANTS

Pursuant to Federal Rule of Bankruptcy Procedure 4001, Bankruptcy Code § 362, Local Bankruptcy Rule of the United States Bankruptcy Court for the Northern District of Texas 4001-1, and other applicable law, a set of healthcare negligence tort claimants holding claims for negligence and wrongful death against non-debtor defendants (collectively, the "Non-Debtor Claimants"), by and through their undersigned counsel, hereby (a) objects to the "Debtors' Motion For Entry of Order (I) Extending The Automatic Stay To The Non-Debtor Defendants and (II) Granting Related Relief" (the "Stay Extension Motion") [Doc 785] filed by the Debtors, on September 4, 2025, and (b) move for relief from the automatic stay to continue or initiate state court litigation against certain non-debtor defendants (collectively, the "Non-Debtor Defendants"[2]).

### A.    JURISDICTION AND VENUE

1.     On July 9 and 10, 2025 (the "Petition Dates"), each Debtor commenced a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Petitions") in the United States Bankruptcy Court of the Northern District of Texas, Dallas Division (this "Court").

---

[2] A full list of the Non-Debtor Claimants, along with their corresponding Non-Debtor Defendants, is attached hereto as Schedule "A."

2.      This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(G).  The statutory basis for the relief sought herein is 11 U.S.C. § 362(d).

## B.      RELEVANT BACKGROUND

3.      The Petitions produced a set of 299 reorganizations (the "Reorganizations"), that have been jointly administered by order of this Court dated July 11, 2025  [Doc. 51 at ¶ 2], and these Reorganizations have been designated as complex cases under applicable law.  Since the Petition Dates, the Debtors have continued in the ownership of their assets and the operation of their businesses, as debtors-in-possession pursuant to Bankruptcy Code §§1107 and 1108, as well as the orders of this Court.

4.      A set of healthcare negligence tort claimants (collectively, the "Healthcare Negligence Claimants") have claims that are the result of systemic healthcare negligence by the business entities that have operated under the name "Genesis Healthcare," or some derivation of the same.  There is a total of 309 Healthcare Negligence Claimants with aggregate claims of $344,285,420.34, represented in state court proceedings by a total of 67 law firms, within all 20 states where the Debtors conduct business.

5.      The Non-Debtor Claimants, many of whom comprise a subset of the Healthcare Negligence Claimants, are those tort claimants that, in addition to having claims against Debtors within the meaning of 28 U.S.C. § 157(b)(2)(B), have claims against several Non-Debtor Defendants.  The Non-Debtor Claimants have a right to pursue recovery from these Non-Debtor Defendants under state law theories for negligence and wrongful death.

6.      On September 4, 2025, the Debtors filed the Stay Extension Motion.  In the Stay Extension Motion, the Debtors assert that Fifth Circuit law warrants extending the automatic stay

to protect non-debtors including the majority of the Non-Debtor Defendants, alleging that they share an "identity of interest" with the Debtors, and that the claims are so closely intertwined that they cannot be separated.

7.     The Debtors' broad interpretation of the automatic stay protections violates a core concept of the Bankruptcy Code and would render §362(a) meaningless.  The Bankruptcy Court simply does not have the power to grant these non-debtor parties the protections of bankruptcy where they themselves have not submitted to the jurisdiction of this Court.  Thus, the Non-Debtor Claimants have the right to pursue state law claims against non-debtor entities outside of the bankruptcy process and should be free to do so while the Chapter 11 proceedings are ongoing.

8.     In addition to the Non-Debtor Claimants, several other similarly situated tort creditors have filed motions seeking relief from and objecting to any extension of the automatic stay to non-debtor defendants.[3]  This issue is of great concern to all tort claimants who are victims of the Debtors' systematic negligence at their nursing home facilities.

9.     Allowing non-debtor defendants to insulate themselves from state law negligence and wrongful death claims will prevent all tort claimants, including the Non-Debtor Claimants, from exercising their foundational right to appear in court and seek compensation for their injuries within the justice system.

## C.     MEMORANDUM OF LAW

### i.     § 362 Does Not Extend the Automatic Stay to the Non-Debtor Defendants.

10.     The plain language of Bankruptcy Code § 362 refutes the Debtors' contention that

---

[3] See, e.g., "Motion Of Certain Holders Of Personal Injury And Wrongful Death Claims For Relief From The Automatic Stay To Pursue Claims Against Non-Debtor Defendants" [Doc 577], filed August 22, 2025; "Motion Of Certain Holders Of Litigation Claims For Determination That The Automatic Stay Does Not Apply To Non-Debtor Defendants, Or In The Alternative, For Relief From The Automatic Stay To Pursue Claims Against Non-Debtor Defendants" [Doc 893], filed September 12, 2025.

the automatic stay can be extended to non-debtors. Specifically, §362(a)(1) provides that the automatic stay applies to the commencement of "a judicial, administrative, or other action or proceeding **against the debtor**…." 11 U.S.C. §362(a)(1) (emphasis added). Moreover, the remaining subsections of Bankruptcy Code § 362 each explicitly relate to the debtor or property of the estate. 11 U.S.C. §362(a)(2) – (8). Thus, any argument that the automatic stay can protect a non-debtor from civil suits is contrary to a plain reading of the Bankruptcy Code.

11.     The Fifth Circuit has also repeatedly interpreted Bankruptcy Code § 362 to only apply to debtors as opposed to non-debtors in a Chapter 11 context. Wedgeworth v. Fibreboard Corp., 706 F. 2d 541, 544 (5th Cir. 1983); GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F. 2d 711, 716 (5th Cir. 1985) ("By its terms the automatic stay applies only to the debtor, not to co-debtors under Chapter 7 or Chapter 11 of the Bankruptcy Code nor to co-tortfeasors."); Arnold v. Garlock, Inc., 278 F. 3d 426, 436 (5th Cir. 2001) ("Section 362 is rarely, however, a valid basis on which to stay actions against non-debtors.").

ii.     **The Tort Claims Do Not Belong to the Debtors' Estate.**

12.     The Non-Debtor Claimants' claims against the Non-Debtor Defendants are not property of the Debtors' estates under Bankruptcy Code § 541 rendering Bankruptcy Code § 362(a)(3) inapplicable. A state law claim cannot belong to the debtor when it is not able to assert the claim at the commencement of the case and the cause of action does not explicitly allege harm to the debtor. See In re Seven Seas Petroleum, Inc., 522 F. 3d 575, 584 (5th Cir. 2008); In re Educators Grp. Health Tr., 25 F. 3d 1281, 1284 (5th Cir. 1994) ("Conversely, if the cause of action does not explicitly or implicitly allege harm to the debtor, then the cause of action could not have been asserted by the debtor as of the commencement of the case, and thus is not property of the estate.").

13.     Here, the Debtors did not suffer the harm inflicted by the Non-Debtor Defendants'
negligence – the Non-Debtor Claimants did.  As a result, the claims could not possibly belong to
the Debtors' estates so as to support a basis for a stay extension to non-debtors.  See Matter of
Buccaneer Res., L.L.C., 912 F. 3d 291, 293–94 (5th Cir. 2019); In re Wool Growers Cent. Storage
Co., 371 B.R. 768, 780–81 (Bankr. N.D. Tex. 2007) (holding in a Chapter 11 case that a breach of
contract claim belonged to a creditor because the breach injured the creditor and not the debtor).

14.     The Fifth Circuit has specifically held that creditors own their tort claims that they
bring against third parties when there is no harm to the debtor.  In Buccaneer Res., the CEO of the
debtor was fired and brought a tortious interference claim against a third-party capital fund which
allegedly influenced the debtor's board of directors to terminate his employment. 912 F. 3d at 293.
When the case was removed to bankruptcy court, the third-party capital fund argued that the tort
claims against it belonged to the debtor's estate and were therefore released in its prior settlement
with the debtor. Id.  The Fifth Circuit held that the CEO's claim was not property of the debtor's
estate because although his injury was a direct result of the debtor's actions, it did not flow from
any injury to the debtor. Id. at 294.  Here, the injuries suffered by the Non-Debtor Claimants are
not dependent on or derived from any injury to the Debtors.  Rather, they flow directly from the
negligence of the Non-Debtor Defendants.

15.     Even assuming arguendo that the Debtor may suffer vicarious injury as a result of
the claim due to indemnification agreements with the Non-Debtor Defendants, this kind of harm
is not the kind that transfers ownership of the claim to the estate.  The injury that matters is the
personal injury and wrongful death suffered by the Non-Debtor Claimants in the Debtors' skilled
nursing facilities.  The damages incurred by the Debtor pursuant to indemnification agreements
are separate and arise from their own contractual relations with the Non-Debtor Defendants. See

6

Id. at 293 ("But even when the conduct harms the debtor, the creditor may also have a claim if its asserted injury does not flow from injury to the debtor.").

### iii.   The Debtors Have Not Carried Their Burden of Showing That an Identity of Interest Exists With All The Non-Debtor Defendants.

16.   One exception to the general rule is that the automatic stay may be extended to non-debtors under § 362 when there is such an "identity" between the debtor and non-debtor defendant that a judgment against the non-debtor defendant will, in effect, be a judgment against the debtor itself. Reliant Energy Servs., Inc. v. Enron Canada Corp., 349 F. 3d 816, 825 (5th Cir. 2003).  The Debtors have argued in the Stay Extension Motion that indemnification provisions in their contracts with non-debtor defendants satisfy this requirement.[4]  While an indemnification agreement where a debtor promises to hold a non-debtor defendant harmless relating to negligence claims may be a basis for creating an identity of interest, mere allegations of a contractual relationship are insufficient. Beran v. World Telemetry, Inc., 747 F. Supp. 2d 719, 724 (Bankr. S.D. Tex. 2010) ("There must be an actual, as opposed to an alleged or potential, identity of interests, such that a judgment against the nonbankrupt parties would in fact be a judgment against the bankrupt party.").  Thus, unless the Debtors can produce indemnification agreements for each of the Non-Debtor Defendants, they cannot establish that an identity of interest exists, and the automatic stay cannot be extended to them.

17.   The Debtors also claim that extending the stay to non-debtors is appropriate even where the Debtors have no contractual indemnity obligation to those non-debtors; however, this unsupported contention has been roundly rejected by the Fifth Circuit Court of Appeals. See In re Divine Ripe, L.L.C., 538 B.R. 300, 312 (Bankr. S.D. Tex. 2015) (citing Garlock, 278 F.3d at 436;

---

[4] See Stay Extension Motion at 7, 15–16.

GATX, 768 F.2d at 717; and Reliant Energy, 349 F.3d at 825) ("The Fifth Circuit has stated that a § 362 stay should extend to non-bankrupt codefendants **only** when there is a formal or contractual relationship between the debtor and non-debtors such that a judgment against one would in effect be a judgment against the other.") (emphasis supplied).  The Debtors claim that in the absence of contractual indemnity the presence of "overlapping facts, arguments, and legal theories—including the allegation of theories such as negligence, respondeat superior, apparent agency, and other theories of vicarious liability as to the Debtor"[5] warrants extending the automatic stay to non-debtors, is not supported by binding authority and should be rejected by this Court. See id. at 312 (Under Garlock, GATX, and Reliant Energy, "the presence of identical allegations against the debtor and non-debtor defendants is an insufficient ground to extend the stay to the non-debtor…. There must be an actual, as opposed to an alleged or potential, identity of interests, such that a judgment against the non-bankrupt party would in fact be a judgment against the bankrupt party.").

### iv.    The Existence of Insurance to Pay Claims is Not a Valid Basis to Extend the Stay to Non-Debtor Defendants

18.    The Debtors' argument as to the existence of insurance policies, the proceeds of which may be used to pay the Non-Debtor Claimants, also fails as although an insurance policy issued to a debtor is property of the estate, if the proceeds of the policy are payable to a third party and not the debtor, the proceeds are not property of the estate. See In re MCSi, Inc., 371 B.R. 270, 274 (S.D. Ohio 2004) (citing In re La. World Exposition, Inc. 832 F.2d 1391 (5th Cir.1987) (quoting In re Sunbeam Securities Litigation, 261 B.R. 534, 537 n. 2 (S.D.Fla.2001)) ("[t]he overriding question when determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid

---

[5] Stay Extension Motion at 18, ¶ 44.

on the claim.  When a payment by an insurer cannot inure to the debtor's pecuniary benefit, then

that payment should neither enhance nor decrease the bankruptcy estate.").

### v.  Cause Exists to Grant the Non-Debtor Claimants Relief From the Automatic Stay.

19.     Even if the automatic stay could be extended to the Non-Debtor Defendants, cause

exists to grant the Non-Debtor Claimants relief from the same to pursue their personal injury and

wrongful death claims against the Non-Debtor Defendants.  Bankruptcy Code § 362(d) provides

that this Court may grant relief from the stay at the request of a party "for cause, including the lack

of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1).

Although "for cause" is not precisely defined by the Bankruptcy Code, the Fifth Circuit has held

that a bankruptcy court's discretion to modify or lift the automatic stay is broad and should be

exercised on a case-by-case basis.  In re Mirant Corp., 440 F. 3d 238, 251–52 (5th Cir. 2006);

Matter of Reitnauer, 152 F. 3d 341, 343 n.4 (5th Cir. 1998).

20.     To determine whether there is cause to lift the automatic stay, courts have looked

at a number of factors[6], including whether relief would result in a partial or complete resolution of

the issues, lack of interference with the bankruptcy case, whether the debtor's insurer has assumed

full responsibility, whether litigation in another forum would prejudice the interests of other

creditors, the impact of the stay on the parties, the interests of judicial economy, and the balance

of the harm. In re Xenon Anesthesia of Texas, PLLC, 510 B.R. 106, 112 (Bankr. S.D. Tex. 2014);

---

[6] In re Curtis, 40 B.R. 795, 799–800 (Bankr. C.D. Utah 1984) provides the full list of relevant factors: (1) whether the relief will result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves Debtor as a fiduciary; (4) whether a specialized tribunal has been established to hear the particular cause of action; (5) whether the debtor's insurer has assumed full responsibility; (6) whether the action primarily involves third parties; (7) whether litigation in the other forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success would result in a judicial lien avoidable by the debtor; (10) interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the proceedings have progressed to the point that parties are ready for trial; and (12) impact of the stay on the parties and the balance of harm.

In re U.S. Brass Corp., 176 B.R. 11, 13 (Bankr. E.D. Tex. 1994); In re Fowler, 259 B.R. 856, 858 n.1 (Bankr. E.D. Tex. 2001).  Several of these factors weigh in favor of lifting the stay and allowing Non-Debtor Claimants to proceed in state court.

21.     Here, the Non-Debtor Claimants' lawsuits would not interfere with the bankruptcy case or the debtors' estate because they are based on tort claims that are alleged against non-debtor defendants as opposed to the Debtors.  The Reorganizations would be able to continue unhindered in this Court while claims against the Non-Debtor Defendants proceed in the applicable state courts.  These claims against non-debtors are separate from the several hundred personal injury claims that have already been filed against Debtors in this case, and any judgment entered against the Non-Debtor Defendants would be limited in scope to the Non-Debtor Defendants and not affect the Debtors.

22.     Further, granting relief for the Non-Debtor Claimants to pursue their claims would promote judicial economy because it will allow the cases to be resolved more efficiently than if they were stalled by the automatic stay. See In re Maritas, 664 B.R. 670, 675–80 (W.D. Pa. 2024) (granting tort claimants relief from the automatic stay to purse claims against non-debtors because it promoted judicial economy and the claims involved state law issues).

23.     Moreover, the impact of the stay on the Non-Debtor Claimants would be more significant than any impact on the Debtors' estates.  The Non-Debtor Claimants are involved in these proceedings on behalf of nursing home residents who were victims of systematic negligence and breaches of professional standards of care – many lost their lives or suffered severe injuries as a result.  It is also anticipated that the Non-Debtor Claimants will receive nothing on account of their claims in these Reorganizations.  Thus, for the various estates represented by the Non-Debtor Claimants, pursuing recovery directly against the Non-Debtor Defendants are likely the only

available avenues to receive compensation.  Extending the automatic stay to the Non-Debtor Defendants that have not subjected themselves to this Court's jurisdiction would constitute an affront and an insult to the Non-Debor Claimants who have already suffered as a result of the mistreatment and abuse they and their loved ones endured, and for which the Non-Debtor Defendants are responsible.

### D.    **CONCLUSION**

Under the plain language of the Bankruptcy Code, the Non-Debtor Defendants are not protected by the automatic stay.  The claims that the Non-Debtor Claimants seek to adjudicate belong to them and not the Debtors' estates.  The Debtors have not established any basis to apply the automatic stay to the Non-Debtor Defendants, and even if they could, cause would still exist to allow the Non-Debtor Claimants to adjudicate their claims against them.  In these Reorganizations, that were initiated by the Debtors' insiders to lift out the Debtors' assets free and clear of tort claims while paying the tort claimants nothing, the Non-Debtor Claimants should be authorized to pursue their only likely source of recovery outside of these Reorganizations.

WHEREFORE, the Non-Debtor Claimants respectfully request the order of this Court that will:

a.  deny the relief requested in the Stay Extension Motion;

b.  grant the relief requested in this motion;

c.   terminate the automatic stay to the extent necessary to allow the Non-Debtor Claimants to continue or commence litigation against the Non-Debtor Defendants, and

d.  provide for such other and further relief as this Court determines to be necessary and appropriate in the circumstances.

Dated this 29th day of September, 2025.

11

/s/ John A. Anthony
**JOHN A. ANTHONY, ESQUIRE**
Florida Bar Number: 0731013
janthony@anthonyandpartners.com
**NICHOLAS LAFALCE, ESQUIRE**
Florida Bar Number: 0119250
nlafalce@anthonyandpartners.com
**ANTHONY & PARTNERS, LLC**
100 S. Ashley Drive, Suite 1600
Tampa, Florida 33602
Telephone: 813/273-5616
Facsimile: 813/221-4113
Attorneys for Non-Debtor Claimants

## CERTIFICATE OF CONFERRAL

On September 25, 2025, John A. Anthony, Esquire, corresponded via telephone with Daniel M. Simon, Esquire, regarding the subject matter of the relief requested above.

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2025, a true and correct copy of the foregoing document was electronically filed in the above captioned case with the Clerk of the United States Bankruptcy Court by using the CM/ECF system and a copy was served on the parties who receive notice via this Court's ECF notification system.

Marcus A. Helt, Esq.
Jack G. Haake, Esq.
MCDERMOTT WILL & EMERY LLP,
2501 North Harwood Street, Suite 1900,
Dallas, TX 75201
mhelt@mwe.com
jhaake@mwe.com

Daniel M. Simon, Esq.
MCDERMOTT WILL & EMERY LLP,
1180 Peachtree St. NE, Suite 3350,
Atlanta, GA 30309
dsimon@mwe.com

William A. Guerrieri, Esq.

Nicholas Zluticky, Esq.
Zachary Hemenway, Esq.
Miranda Swift, Esq.
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
nicholas.zluticky@stinson.com
zachary.hemenway@stinson.com
miranda.swift@stinson.com

Brian S. Rosen, Esq.
Ehud Barak, Esq.
Timothy Q. Karcher, Esq.
Daniel S. Desatnik, Esq.
PROSKAUER ROSE LLP

Emily C. Keil, Esq.
MCDERMOTT WILL & EMERY LLP,
444 West Lake Street, Suite 4000,
Chicago, IL 60606
wguerrieri@mwe.com
ekeil@mwe.com
Counsel to the Debtors

Eleven Times Square
New York, New York 10036-8299
brosen@proskauer.com
ebarak@proskauer.com
tkarcher@proskauer.com
ddesatnik@proskauer.com

W. Grant DuBois, Esq.
STINSON LLP
2200 Ross Avenue, Suite 2900
Dallas, TX 75201
grant.dubois@stinson.com

Paul V. Possinger, Esq.
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Telephone: (312) 962-3570
ppossinger@proskauer.com
Counsel to the Committee

Meredyth Kippes, Esq.
OFFICE OF THE UNITED STATES TRUSTEE
Region 6
1100 Commerce Street, Room 976
Dallas, TX 75242
meredyth.kippes@usdoj.gov

Jason S. Brookner, Esq.
Lydia R. Webb, Esq.
GRAY REED
1601 Elm Street, Suite 4600
Dallas, TX 75201
jbrookner@grayreed.com
lwebb@grayreed.com
Counsel to PharMerica Corporation

Leighton Aiken, Esq.
FERGUSON BRASWELL FRASER KUBASTA PC
2500 Dallas Parkway, Suite 600,
Plano, TX 75093
laiken@fbfk.law

and

Robert J. Lemons, Esq.
GOODWIN PROCTOR LLP,
The New York Times Building
620 Eighth Avenue
New York, NY 10018
rlemons@goodwinlaw.com
Counsel to OHI Mezz Lender LLC

Jeffrey C. Krause, Esq.
Francis Petrie, Esq.
Michael G. Farag, Esq.
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
jkrause@gibsondunn.com
fpetrie@gibsondunn.com
mfarag@gibsondunn.com
Counsel to Welltower

13

James Muenker, Esq.
PIPER LLP
1900 N. Pearl St., Suite 2200,
Dallas, TX 75201
james.muenker@us.dlapiper.com
Counsel to ReGen Healthcare LLC DLA

Kenneth J. Ottaviano, Esq.
Paige Barr Tinkham, Esq.
BLANK ROME LLP
444 West Lake Street, Suite 4000
Chicago, IL 60606
ken.ottaviano@blankrome.com
paige.tinkham@blankrome.com
Counsel to White Oak Healthcare Finance LLC

/s/ John A. Anthony
**ATTORNEY**

## Schedule "A"

**List of Claimants and Non-Debtor Defendants**

| # | Claimant | Non-Debtor Defendants | Case No. |
|---|----------|----------------------|----------|
| 1. | Adam Hoffman, as Power of Attorney of Rita Hoffman | Welltower, Inc. | Cape May County, New Jersey, CPM-L-171-23 |
| 2. | Addie Logan, as Administrator of the Estate of Cheryl Lynn Logan | Jamie Zurn, Administrator | N/A |
| 3. | Aery Lawson, By And Through Her Power Of Attorney, Nicole Abramson | Christopher Daroczy, Administrator; Ryan Hendrickson, Administrator | Maricopa County, Arizona, Superior Court, CV2023-000595 |
| 4. | Anthony Wilson, As Power Of Attorney For Julian Murray | Joseph Bewley; Carol Dougherty; Katisha Smith | Philadelphia County, Pennsylvania, Court of Common Pleas, 231000315 |
| 5. | Antolino Jacquez, deceased, by the Personal Representative of the Wrongful Death Estate, Barry Green, Esq. | Peak Medical Farmington, LLC f/k/a Peak Medical Farmington, Inc. d/b/a San Juan Center; Karisa Y. Berry; Loretta J. Jenson | Santa Fe County, New Mexico, 1st District, D-101-CV-2021-01222 |
| 6. | Ashley Johnson, Attorney-In-Fact For Virginia Graham | HCCF Management Group XI, LLC; Welltower Inc.; ZAC Properties XI, LLC; Senior Care Genesis, LLC; Senior Care Holdings, LLC | Philadelphia County, Pennsylvania, Court of Common Pleas, 231201663 |
| 7. | Barbara Willard, Administrator of the Estate of Evelyn Casey | Queen City Nursing and Rehabilitation, LLC and 300 Pearl Street Property LLC | Superior Court of Vermont, 23-CV-03236 |
| 8. | Beverly Reed, Executrix of the Estate of Thelma Reed, deceased | Linda Lawrence, in her capacity as Administrator of Regency Center | N/A |
| 9. | Brenda Trogdon, as Attorney-in-Fact for Johnnie M. Devlin | ZAC Properties XI, LLC; Pinta Capital Partners, LLC; REGEN Healthcare GP, LLC; REGEN Healthcare Holdings, LLC; REGEN Healthcare, LLC; Welltower, Inc. | Philadelphia County, Pennsylvania, Court of Common Pleas, 250503472 |
| 10. | Candido Martinez, deceased, by the Personal Representative of the Wrongful Death Estate, Mary Martinez | Karl Hernandez, Regional Vice President; Tiffany Titus, Administrator | Bernalillo County, New Mexico, 2nd District, D-202-CV-2023-08927 |
| 11. | Carol Ann Guthrie | HCCF Management Group XI, LLC; Chris Marshall, Administrator | N/A |

| | | | |
|---|---|---|---|
| 12. | Cheryl Beaudoin, Individually and as Administrator of the Estate of Barry H. Beaudoin, Estate of Harry H. Beaudoin; Amanda Beaudoin, Individually; Christopher Beuadoin, Individually; Matthew Beaudoin, Individually | Genesis Staffing Services; Michael Berg; Michael Sherman | Kent County, Rhode Island, KC-2023-0694 |
| 13. | Christina Brown-Hudson, as Power of Attorney and Next Friend of Dell'l Brown | Kindred Nursing Centers Limited Partnership d/b/a Kindred Hospital-Louisville; Kindred Hospitals West, LLC; Kindred Healthcare, Inc. n/k/a Kindred Healthcare, LLC; Kindred Healthcare Operating, Inc. n/k/a Kindred Healthcare Operating, LLC; Kindred Rehab Services, LLC f/k/a Kindred Rehab Services, Inc. d/b/a Peoplefirst Rehabilitation n/k/a Rehabcare; Grant Manor, LLC d/b/a Grant Center; Thomas Nielander, Administrator | Jefferson County, Kentucky, 21-C-003382 |
| 14. | Christina Civils, as Power of Attorney and Next Friend of James Civils | Hillside PropCo, LLC; Hillside PropCo TIC II, LLC; Lainie Brinkley, Administrator | Hopkins County, Kentucky, Circuit Court 22-CI-00317 |
| 15. | Cleo K. Stewart, By Charles E. Stewart, Jr., Power of Attorney | Joseph T. Foxhood, Alyssa M. Robinson; Rejoice Dhuwa; Salwa Beals | Bernalillo County, New Mexico, 2nd District, D-202-CV-2022-00436 |
| 16. | Cordelia Weseman, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. | Kristina T. Schmidt A/K/A Kristina T. Mares; Kori E. Reid; Lynn M. Pedro | Santa Fe County, New Mexico, 1st District, D-101-CV-202200312 |
| 17. | Crystal Lawrence, as Administratrix of the Estate of Kenneth White, Sr. | HCCF Management Group XI LLC; Welltower, Inc.; Hannah Sayre, Administrator; and, Shawn Farley, Administrator | N/A |
| 18. | Dolores A. Rich, Executrix of the Estate of Helen R. Byers | Welltower, Inc. | Philadelphia County, Pennsylvania, Court of Common Pleas 240601545 |
| 19. | Donald Treimann, Deceased, By The Personal Representative Of The Wrongful Death Estate, | Sharon G. Inoue; Addus Healthcare, Inc. D/B/A Addus Homecare; Ambercare Hospice, | Santa Fe County, New Mexico, 1st |

| | Barry Green, Esq. | Inc.; Ambercare Hospice-Santa Fe Branch A/K/A Ambercare Hospice New Mexico North; Ambercare Hospice, Inc. D/B/A Ambercare And Ambercare Hospice Santa Fe Branch A/K/A Ambercare Hospice New Mexico North; Ambercare Home Health Care Corporation; Ambercare Corporation; Addus Homecare Corporation; Legacy Healthcare, LLC F/K/A Legacy Healthcare, Inc. D/B/A Legacy Hospice; Legacy Home Health; Legacy Home Health And Hospice; Legacy Healthcare Holdings, LLC; Legacy Healthcare Intermediate, LLC; Legacy Intermediate Holdings, Inc. | District, D-101-CV-2023-02784 |
|---|---|---|---|
| 20. | Donna Arera, Individually and and as Attorney- in-Fact for Helen Stalgaitis | Alex Arrington | Bergen County, New Jersey, BER-L-7119-21 |
| 21. | Douglas C. Martinson, II, as Personal Representative of the Estate of Bonnie Louise Blanton, deceased | David Grimes | Colbert County, Alabama, 20-CV-2024-900136.00 |
| 22. | Edwin Romero, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. | Sharon G. Inoue | Santa Fe County, New Mexico D-101-CV-202301209 |
| 23. | Estate Of Alfred G. Giombetti, Through Carol Specht, Executor, And Rita Giombetti, Individually | HCCF Management Group XI, LLC; ZAC Properties XI, LLC; Welltower, Inc | Warren County, New Jersey, WRN-L-81-24 |
| 24. | Estate of Barbara J. Tinch, by and through its Special Administrator Lisa Tinch, Lisa Tinch, individually, Robert Tinch, individually, and Diana Carter, individually | The Heights of Summerlin, LLC; Andrew Reese; Latoya Davis; | N/A |
| 25. | Estate of Jean F. Miller, Through Sherrie A. Martinez, Administrator | Complete Care at Kresson View, LLC D/B/A Complete Care at Kresson View, LLC; PC-NJ Opcos LLC; PCWTA Opco Holdco LLC; Peace Capital Holdings, LLC; Shalom Stein; Peacecap, LLC; Complete Care Management; Aurora Guardian Holdco II, LLC | Camden County, New Jersey, CAM-L-000361-23 |
| 26. | Estate of Jocelyn L. Wilson, by and through Michele Sturz, | HCCF Management Group XI, LLC; ZAC Properties XI, LLC; | Morris County, New Jersey, MRS- |

|  | Administrator | Laura M. Sansone, LNHA | L-001186-23 |
|---|---|---|---|
| 27. | Ethel Saunders, as Testatrix of the Estate of Richard Saunders | Welltower OP LLC; Welltower, Inc.; ZAC Properties XI, LLC; HCCF Management Group XI, LLC; Susan Ginberg; Reauchean Fuller; Steven Fishman; Arnold Whitman; Michael Berg; Najee Goldsmith, LPN; Sapan H. Majmunder, DO; LG-OHI Norristown LP; Seafire NEMA Holdings, LLC; Seafire NEMA Investment, LLC; Seafire NEMA Master Landlord LLC; White Oak Healthcare Finance LLC; and Vantage Point Capital LLC | N/A |
| 28. | Feliz A. Rael, As Personal Representative For Eduardo Triste | CareerStaff Unlimited, LLC; Hope Armenta, LPN; Adrian Collins, RN | Bernalillo County, New Mexico, D-202-CV-2024-020000 |
| 29. | Feliz Rael, as Personal Representative for David Cox, deceased | Team Health Holdings, Inc.; Team Health, LLC; Team Health New Mexico; Ann S. Mercer, M.D.; Elite Primary Care, LLC; and Calibre Post Acute, LLC, D/B/A Calibre Post Acute | Second Judicial District Court of New Mexico, Bernalillo County, D-202-CV-2025-00069 |
| 30. | Frances Sydnor, administratrix of the estate of Jerome Sydnor | Regency Health Center LLC; Encore Health Partners LLC; Mayer Fischl; Eli Grinspan | Jefferson County, Kentucky, Circuit Court, 24-CI-007745 |
| 31. | Frank Jordan, Jr., as Administrator of the Estate of Mary Kathleen Jordan | Jennifer Soldevilla, Administrator; Diane Morris Administrator | Jefferson County, Kentucky, Circuit Court, 23-CI-001374 |
| 32. | Gabe Betancourt, Individually and Nellie Betancourt, deceased, by the Personal Representative of the Wrongful Death Estate, Vanessa Betancourt | Karl Hernandez, Market President; Tiffany Titus, Administrator | Bernalillo County, New Mexico, D-202-CV-2024-06474 |
| 33. | Glen Ray Hodge, on Behalf of the Estate of Mary Evelyn Hodge | HCCF Management Group XI LLC; Welltower, Inc.; ZAC Properties XI, LLC; Tanatha Amos, Administrator | N/A |
| 34. | Gloria Cabrera and Francisco Ramirez, Co-Personal Representatives of the Estate of Ramona Ramirez, on behalf of the Estate of Ramona Ramirez | Christopher Daroczy, Administrator; Ryan Hendrickson, Administrator | Maricopa County, Arizona, CV2024-004103 |

| 35. | Helen Laura Lopez, as Personal Representative of the Estate of Tom Pearl, deceased | Red Rocks Care Center; Jason Maheia; Toni Beasley | Santa Fe County, New Mexico, 1st District, D-101-CV-2021-00811 |
|---|---|---|---|
| 36. | Ignacio Garcio, Individually and as Personal Representative of the Estate of Frances Lupasita Serna | Ronald Sautter, M.D., Team Health Holdings, Inc., Team Health, LLC and Team Health New Mexico | Bernalillo County, New Mexico, 2nd District, D-202-CV-2022-05988 |
| 37. | Ivory Walker, as Attorney-in-Fact for Barbara Barron | 3485 Davisville Road PA Owner; HCCF Management Group XI, LLC; Welltower, Inc.; ZAC Properties XI, LLC; Senior Care Genesis, LLC; Senior Care Holdings, LLC; Marquis Health Services; Marquis Health Consulting Services, LLC; UKR Nexgen LLC; Quinto Nexgen LLC; RSBMK Holdings LLC; Tryko Nexgen Holdings, LLC; Tryko Holdings LLC; Clinical Consulting Associates, LLC; Cedarbridge Financial Services, LLC; NFR 2020 Irrv Tr; SK Nexgen Tr; UAK 2020 Irrv Tr; Yk Nexgen Tr; Yr Nexgen Tr; Tryko Assets, LP; Tryko Partners, LLC; K Equities, LLC; Quinto Holdings, LLC; Quinto Delta, LLC; Skilled Venture, LLC; UKR Consulting, LLC; Kimberly Ann Rowello, DON | Philadelphia County, Pennsylvania, 250302520 |
| 38. | Jacqueline L. Ostrander, individually, and as Special Administrator, Personal Representative, and statutory heir to the Estate of Sally Lou Scanlon; Denise Pauley, individually, and as statutory heir to the Estate of Sally Lou Scanlon | The Heights of Summerlin, LLC; NewGen Operations Management, LLC; Latoya Davis; Andrew Reese | Clark County, Nevada, District Court, A-21-837212-C |
| 39. | James E. Novak, Individually and as Personal Representative of the Estate of Janice C. Novak | Spencer S. Steffy; Glenda J. Lynn | Pinellas County, Florida, 22-002458-CI |
| 40. | James Moyers, on behalf of Marilyne Mabery | Lily Care of New Mexico, LLC d/b/a Lily Care Hospice | Second Judicial District Court of New Mexico, Bernalillo County, D-202-CV-2023-09677. |

| | | | |
|---|---|---|---|
| 41. | James Sanderson, deceased, by the Personal Representative of the Wrongful Death Estate, Erin Pearson | Karen Jenkins, Aisha Jones, LLC and Aisha Jones | Bernalillo County, New Mexico, 2nd District D-202-CV-2019-09227 |
| 42. | James Williams, as Personal Representative of the Wrongful Death Estate of Josephina Garcia | Presbyterian Healthcare Services | Bernalillo County, New Mexico, D-202-CV-2022-0651 |
| 43. | Jessica Hugar | Carehouse Healthcare Center, LLC; Gwendy Hernandez | Orange County, California, 30-2018-01038628 |
| 44. | Jo Harp, Executrix of the Estate of Nona Walker | Shawn Farley | Raleigh County, West Virginia, 24-P-400 |
| 45. | Joe F. Byers, by and through his successor-in-interest, Courtland Byers; Courtland Byers, individually; Deeanna Byers, individually; Armond Byers, individually; and Joe Byers, Jr., individually | Rio Hondo Subacute and Nursing Center, LLC | Superior Court of California, 20STCV13524 |
| 46. | Joleen K. Youngers, as Next Friend to Shealynn Garnenez | Melanie Padilla, Maria R. Gallegos, MD, Brian Suazo and Laryssa Stoyko | Santa Fe County, New Mexico, D-101-CV-2025-00452 |
| 47. | Jonathan Baldwin, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. | Tiffany Titus, Audrey K. Grosjean; Godfrey Kiprono; Uptown Rehabilitation Center, LLC | Santa Fe County, New Mexico 1st District, D-101-CV-2023-02012 |
| 48. | Josefina Garcia, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. | Rodney L. Zwahlen; Rose Annalyn Manalili; Maurecia R. McNeal | Santa Fe County, New Mexico, D-101-CV-2024-02095 |
| 49. | Karen W. Brant | HCCF Management Group XI LLC; Joshua Crist, Administrator | N/A |
| 50. | Katherine Aranda, through her Power of Attorney, Michael Gutierrez | Nigel Williams, Administrator; Karl Hernandez, Regional Vice President | New Mexico, D-202-CV-2025-01490 |
| 51. | Kathleen Bohr, Individually as Executor of the Estate of David William Bohr, Deceased, and as Guardian of Gabriel William Bohr | Paige Sowders, in her capacity as Administrator of Heartland Village Center | Hancock County, Kentucky Circuit Court, 21-CI-00063 |
| 52. | Kevin Wormley, Executor of the Estate of Edward Wormley | Peter Mongillo; Tracy Kane, R.N. | New Haven County, Connecticut, |

| | | | NNH-CV-23-6129442-S |
|---|---|---|---|
| 53. | Larry May as Guardian and Next Friend of Matthew May, Incapacitated | 1040 US Highway 127 South Realty, LLC; Encore Health Partners, LLC; Encore Investors, LLC; Eli Grinspan; Mayer Fischl; Austin Gibson | Franklin County, Kentucky, 25-C-00276 |
| 54. | Lawrence Zukowski, on behalf of the Estate of Frances Zukowski | Maybrook-P Praxis Opco, LLC d/b/a The Gardens for Memory Care at Easton; Priority Healthcare Group, LLC; Priority Care Group, LLC; Maybrook-P Opco Holdings, LLC; GGL Reliant, LLC; Philipson Family Limited Liability Company; David Gamzeh; Ephram Lehasky; Benjamin Landa; Brent Philipson; Promedica Skilled Nursing & Rehabilitation Easton | Common Pleas Court of Philadelphia County, Pennsylvania, 240401816 |
| 55. | Lila Gonzales, deceased, by the Personal Representative of the Wrongful Death Estate, Barry Green, Esq. | Cynthia L. Rankin a/k/a Cyndy Rankin, Pamela R. Sims, and Julia R. Gamble a/k/a Julia Marquez | Santa Fe County, New Mexico, 1st District, D-101-CV-2021-02284 |
| 56. | Linda Lopez | Lorraine E. Lehnerz; Lynn M. Pedro; Alignmed Medical Group, PC d/b/a Alignmed Partners; Lily Wray, PA-C | Santa Fe County, New Mexico, D-101-CV-2025-01078 |
| 57. | Louis Rossignol, as Administrator of the Estate of Carlotta W. Elkins, deceased | Lainie Brinkley, Administrator | Hopkins County, Kentucky Circuit Court, 22-CI-00259 |
| 58. | Magnolia Terry, Deceased, by the Personal Representative of the Wrongful Death Estate, Berry Green, Esq. | Emilia A. Dominguez; Morgan E. Clayton; Brianna C. Martinez | Santa Fe County, New Mexico, 1st District, D-101-CV-2024-02794 |
| 59. | Maria Dematteo, on behalf of the Estate of Gerard Berrigan | Complete Care at Harston Hall, LLC d/b/a Complete Care at Harston Hall; Complete Care Management LLC; PC PA OPCOS, LLC | Common Pleas Court of Philadelphia County, Pennsylvania, 230901664 |
| 60. | Maria Fernandez, By The Personal Representative Of The Wrongful Death Estate Of Rafael Fernandez, Deceased | HCCF Management Group XI; Welltower OP, LLC; Welltower Inc. | Dona Ana County, New Mexico, D-307-CV-2025-00791 |
| 61. | Marilyn A. Sapone, Administrator For The Estate Of Kathleen A. Wolff | Stephenie Canlas | Philadelphia County, Pennsylvania, Court of Common Pleas, 250503045 |

| 62. | Mark F. Busch Administrator of the Estate of Joel D. Busch | Peter Stivali, R.N.; Alisha Wilson, L.N.A.; Laynie Batchelder, L.N.A.; Penny Van Alstyne, A.P. R.N; HCCF Management Group XI LLC | Cheshire County, New Hampshire 213-2022-CV-00138 |
|---|---|---|---|
| 63. | Mark Musso, Executor of the Estate of Opal O. Musso | Welltower Inc. | Cumberland County, New Jersey, CUM-L-348-23 |
| 64. | Mark Szypulski, individually and as Administrator and Administrator Ad Prosequendum of the Estate of Honorata Szypulski, and Heronim Joseph Szypulski | The Community Hospital Group, Inc. d/b/a JFK University Medical Center; JfkUniversity Medical Center; Liliana Gorski, RN; Peter Yablonsky, RN; Alysia Eschner; Kristen Hargadon, RN; Loreen Marie Ralisura, RN, Complete Care at Westfield, LLC; 1515 Lamberts Mill Road Operations, LLC d/b/a Westfield Center, Westfield Center | Middlesex County, New Jersey, Superior Court, MID-L-6280-21 |
| 65. | Mary Ramos, Deceased, By The Personal Representative Of The Wrongful Death Estate, Frances Ramos, And Nick Ramos, Sr. | Lovelace Health Systems, LLC dba Lovelace Medical Center, AHS Management Company; Karl Hernandez, Market President | Bernalillo County, New Mexico, D-202-CV-2024-09077 |
| 66. | Merla Graves, as the Administratrix of the Estate of Christal Graves | Leslie Michelle Wallace, Administrator | Boone County, Kentucky, Circuit Court, 24-CI-00140 |
| 67. | Monique Tapia, Individually And By The Personal Representative Of The Wrongful Death Estate Of Manuel Medina, Deceased | Kenny Allen | Bernalillo County, New Mexico, 2nd District, D-202-CV-2024-01446 |
| 68. | Myeson Brigerman, Administratrix of the Estate of Gregory Brigerman | Crozier Keystone Health System; Dr. William S. Zirker | Delaware County, Pennsylvania, Court of Common Pleas CV-2019-003814 |
| 69. | Nancy Parker | Jason Norman, Administrator; Karl Hernandez, Regional Vice President | Bernalillo County, New Mexico, 2nd District, D-202-CV-2023-06469 |
| 70. | Neil Shotton | Jason Norman, Administrator, And Karl Hernandez, Regional Vice President/Market President | New Mexico D-202-CV-2025-01926 |
| 71. | Nina Devito, Individually and as Executrix of the Estate of Vincent DeVito | Newton Medical Center; Carolyn | Camden County, New Jersey, CAM-L-1981-22 |

| | | | |
|---|---|---|---|
| | | Candish, R.N.; Barbara Moore, R.N.; Adele Sweeten, R.N.; Uliana Fateey, R.N., | |
| 72. | Patricia A. Clifford, as Administratrix of the Estate of John Thomas Baker, deceased | Scott Stewart, Administrator; Welltower, Inc.; ZAC Properties XI, LLC | Jefferson County, Kentucky Circuit Court, 22-CI-004973 |
| 73. | Patsy Chadwell, by and through her Next Friend and Power of Attorney, William Chadwell | Bradford Square Nursing, LLC d/b/a Bradford Square Center; Jamie Zurn, in her capacity as Administrator of Bradford Square Center | Franklin County, Kentucky, Circuit Court, 23-CI-00313 |
| 74. | Pedro Celestino Benavidez, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. | Emmanuel Wilson; Felicia Lovato; Leandra R. Griego | Santa Fe County, New Mexico 1st District, D-101-CV-2023-02829 |
| 75. | Presciliana Sanchez by the Personal Representative of the Wrongful Death Estate of Joleen Youngers | Rio Rancho Center; Kevin Traylor, Administrator | Sandoval County, New Mexico, D-101-CV-2019-02278 |
| 76. | Priscilla Carr, Deceased, by the Personal Representative of the Wrongful Death Estate, Barry Green, Esq. | Frederick J.Vandi a/k/a Frederick J. Brima Vandi; Vanessa M. Rodriguez; Brande E. Broome; Grace E. Salazar | Santa Fe County, New Mexico, 1st District, D-101-CV-2024-00220 |
| 77. | Ralph Albert Romeo As Attorney-In-Fact For Anna Patricia Vaccaro | Raymond Villasurda, Rn; Temitope Oladoja, Lpn | Bergen County, New Jersey BER-L-3438-L-23 |
| 78. | Raymond Carrillo, Deceased, By The Personal Representative Of The Wrongful Death Estate, Barry Green, Esq. | Marissa M. Hotze, Marlene Limary A/K/A Marlene Nguyen, Cynthia Sowards, And Tenzin Tsetan | Santa Fe County, New Mexico, 1st District, D-101-CV-2023-02271 |
| 79. | Riley Schaffer, as Personal Representative of the Estate of Rachael Schaffer, Deceased | Susan Pointer Jones | Morgan County, Alabama, Circuit Court, 52-CV-2023- 900159.00 |
| 80. | Robert Butera | Platinum Health at Richboro, LLC d/b/a Richboro Rehabilitation & Nursing Center; Prestige Healthcare A.S., LLC a/k/a Prestige Healthcare Administrative Services; PHRH Holdings, LLC; Clyde II, LLC; PA Noble Parentco, LLC; Star PA I Holdings, LLC; | Philadelphia County, Pennsylvania, Court of Common Pleas, 241201292 |

| | | | |
|---|---|---|---|
| | | Apex Healthcare Partners, LLC; Apex Global Solutions, LLC; Apex Healthcare Systems, LLC; Platinum PA Holdings, LLC; Platinum Healthcare Group, LLC; PHHA, LLC; Vintage Healthcare PA, LLC; Moshe Stern; Nathan Stern; and Jacob Karmel | |
| 81. | Robert M. Brown, Jr. as Administrator of the Estate of Robert M. Brown, Sr., deceased | Tower Health f/k/a Reading Health System, CH Operating, LLC d/b/a Chestnut Hill Lodge Health and Rehabilitation Center; Premier Healthcare Management, LLC; CH Operating Holdings LLC; Crestview 360 Holdings LLC; Crestview 720 Trust; Wyndmor PA Realty LLC; Jonathan Bleier, Kimberly Griffies-Edwards, NHA; Dr. Anthony Letizio; Richard Bailey, NHA | Philadelphia County, Pennsylvania, Court of Common Pleas, 210501319 |
| 82. | Robert Parker, By and Through His Next Friend, Isabell Parker | Magnolia Ridge Rehabilitation & Senior Living Opco LLC; Magnolia Ridge Rehabilitation & Senior Living Propco, LLC; Jennifer Dilworth, RN; Kelsi Walden, CRNP | Jefferson County, Alabama, CV-2023-902063.00 |
| 83. | Rosalina Blea, deceased, by the personal representative of the wrongful death estate, Barry Green, Esq. | Tamara L. Higgins; Andrea L. Adams; Cynthia A. Tabot | Santa Fe County, New Mexico, 1st District, D-101-CV-2021-02035 |
| 84. | Sandra Thomas-Camp, as Administratrix of the Estate of Allan Camp, Sr., deceased | HCCF Management Group XI; Welltower, Inc.; Senior Care Genesis, LLC; and Senior Care Holdings, LLC; ZAC Properties XI, LLC | Philadelphia County, Pennsylvania, Court of Common Pleas 241202109 |
| 85. | Shahidah Adams, Individually. and as Administrator of the Estate of Inez B. Wallace | Hillcrest RE, LLC; AlignMed Partners, P.C.; CareerStaff Unlimited, LLC | Philadelphia County, Pennsylvania, Court of Common Pleas, 250403280 |
| 86. | Sharon Ourian, individually and as successor in interest to Ester Benyamin | Rio Hondo Subacute and Nursing Center, LLC; NewGen Administrative Services LLC | Superior Court of California, Central District of Los Angeles County, 22STCV02244 |
| 87. | Sheila Sanders-Green, as Administratrix of the Estate of Harold L. Sanders, deceased | Herschel Sedonis, in his capacity as Administrator; Rhonda Smith in her capacity as Administrator | N/A |

| 88. | Shirley Lavenia Refile, as Administratrix for the Estate of Shirley Refile, deceased | HCCF Management Group XI, LLC; Welltower, Inc.; ZAC Properties XI, LLC; Senior Care Genesis, LLC; Senior Care Holdings, LLC; Pinta Capital Partners, LLC; Regen Healthcare GP, LLC; Regen Healthcare Holdings, LLC; Regen Healthcare, LLC | Philadelphia County, Pennsylvania, Court of Common Pleas, 250200406 |
|---|---|---|---|
| 89. | Stacy Tyler, individually, and as Special Administrator of the Estate of Gary Tyler | The Heights of Summerlin, LLC | Clark County, Nevada, A-18-783329-C |
| 90. | Stephanie Ellis, as Attorney-In-Fact for Thomas Rozier | Jefferson Abington Hospital; Jefferson Health; James F. Rowley, MD; Wayne L. Rosen, MD; Merrit Van Pelt, MD; Dhiraj Baruah, MD | Philadelphia County, Pennsylvania, Court of Common Pleas, 25050297 |
| 91. | Stephanie La Fortune, deceased, by the Personal Representative of the Wrongful Death Estate, Carroll Cagle | Behavioral Health Services of New Mexico, LLC d/b/a Central Desert Behavioral Health Hospital; Fundamental Clinical and Operational Services, LLC; Fundamental Administrative Services, LLC; Kelley Whitaker, Administrator/CEO; Karl Hernandez, Regional Vice President | Bernalillo County, New Mexico, 2nd District, D-202-CV-2024-02825 |
| 92. | Sylvester McElhaney, Individually, And As Administrator Ad Prosequendum Of The Estate Of Christine Folds | Saint Barnabas Medical Center; Tracy Mayeski, RN; Catia Marques, RN; Carmela Carlos; Krisel Manglapus; Maria Abella | Essex County, New Jersey, ESX-L-009826-21 |
| 93. | Teresa Thompson, as Personal representative of the Estate of Orencle Barlow, Deceased | Jacqueline Carter; SunBridge Retirement Care Associates, LLC | Jefferson County, Alabama, 01-CV-2024-90192.00 |
| 94. | Terri Monaldi, as Administratrix for the Estate of PatriciaA. Smith | HCCF Management Group XI, LLC; Welltower, Inc.; ZAC Properties XI, LLC; Senior Care Genesis, LLC; Senior Care Holdings, LLC | Philadelphia County, Pennsylvania, Court of Common Pleas, 241102403 |
| 95. | The Estate of Charles Evertt Devericks, Sr, by and through Melissa Devericks, Personal Representative | Ronald V. Berlingo, NHA | Harrison County, West Virginia, 24-C-19 |
| 96. | The Estate Of George Velez, By And Through Grace Velez, Personal Representative; And Grace Velez, Individually | 24th Street Healthcare Associates, LLC d/b/a Desert Terrace Healthcare Center; Bandera Healthcare, Inc.; Ensign Services, Inc.; The Ensign Group Inc.; Lillian | Maricopa County, Arizona, CV2021-010278 |

| | | Rastgoo, Jeremy Bowen, and Ted Glazebrook | |
|---|---|---|---|
| 97. | The Estate of Leroy Stock, By Rachel Stock, The Executor | Springfield Rivers Nursing and Rehabilitation, LLC; Christopher Phillips; Michelle Tooley; Jesper Brickley, MD | Windsor County, Vermont, 24-CV-00334 |
| 98. | The Estate of Louis Woehl, by and through Carolyn Woehl | New Lebanon Propco LLC; Harold Allen Ferguson, Jr., D.O. | Montgomery County, Ohio, Court of Common Pleas, 2022 CV 05089 |
| 99. | The Estate of Pauline White, by and through Tommy Wayne White, Administrator | Lora Dawson, NHA | Logan County, West Virginia 24-C-20 |
| 100. | Thomas W. Banner, Personal Representative to the Wrongful Death Estate of Maria Escajeda | HCCF Management Group XI, LLC; Pinta Capital Partners, LLC; Regen Healthcare GP, LLC; Regen Healthcare Holdings, LLC; Regen Healthcare, LLC; Mary Snyder, in her capacity as the Administrator of Casa De Oro Center | Santa Fe County, New Mexico, D-101-CV-2025-01201 |
| 101. | William Carter and Maria R. Carter, as Guardians of Linda C. Schoene, incapacitated | Owensboro KY Opco, LLC d/b/a Chautauqua Health and Rehabilitation; The Portopiccolo Group, LLC; Naftali Zanziper; Simcha Hyman; Clearview Healthcare Management KY, LLC d/b/a Clearview Healthcare Management; Owensboro Health Medical Group, Inc. d/b/a Owensboro Health Medical Group-Family Medicine; Owensboro Health, Inc.; Heather Snowden; Benjamin Keeley, M.D. | Davies County, Kentucky, Circuit Court, 22-CI00067 |