Edmond M. George, Esquire (*pro hac vice*)
Michael D. Vagnoni, Esquire (*pro hac vice*)
OBERMAYER REBMANN MAXWELL & HIPPEL LLP
Centre Square West, Suite 3400
1500 Market Street
Philadelphia, PA 19102
(215) 665-3140 – Phone
(215) 665-3165 – Facsimile
Email: edmond.george@obermayer.com
      michael.vagnoni@obermayer.com

*Counsel to Independence Blue Cross*

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | Case No. 25-80185 (SGJ) |
| Debtors. | (Jointly Administered) |

### OBJECTION TO AND STATEMENT OF CURE AMOUNT AND RESERVATION OF RIGHTS BY INDEPENDENCE BLUE CROSS AND ITS SUBSIDIARIES AND AFFILIATES, IN RESPONSE TO THE NOTICE TO CONTRACT PARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Independence Blue Cross, on behalf of itself and its subsidiaries and affiliates (together, "Independence"), submits this response to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases (the "Assumption Notice") [Docket No. 920], by and through its attorneys and respectfully states that:

---

[1] The last four digits of Genesis Healthcare, Inc's federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

4928-6951-4867

1.      The Debtors and Independence are party to certain agreements, including that certain Independence Blue Cross Participating Ancillary Facility Agreement dated January 1, 2010 (as amended, the "Agreement") pursuant to which the Debtors provide certain health care services to members or subscribers of benefit programs of Independence at various locations. The Agreement generally provides for an initial term of three (3) years and then that the Agreement could be terminated by either party on ninety (90) days prior written notice by either party, immediately by Independence if it becomes aware that services are being rendered in a manner that could cause harm to members or subscribers or by either party in the event of a material breach of the Agreement by the other party.

2.      Contrary to the Debtors' assertion in the Assumption Notice that the cure amount owed to Independence is $0.00, Independence's books and records show that an amount greater than $0.00 owing by the Debtors for refunds of overpayments of benefits and/or other amounts due under the Agreement and any other ancillary or related agreements thereto.  Independence is still in the process of calculating the amount of its claim, which will, in part, constitute the cure required to assume the Agreement to the extent the Agreement is able to be assumed by the Debtors.

3.      Furthermore, the deadline to file proofs of claim in the Debtors' bankruptcy cases is not until October 31, 2025 and to require Independence to calculate and commit to that claim amount prior to the deadline to file proofs of claim set by order of the Bankruptcy Court [Docket No. 782] would prejudice Independence's rights under that Order and under the Bankruptcy Code.

## **OBJECTION**

4.      Section 365(b)(1) of the Bankruptcy Code provides, in pertinent part, that:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee –

(A) cures, or provides adequate assurance that the trustee will promptly cure such default….

(B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and

(C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1)(A).

5. If a contract is to be assumed under section 365 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), the non-debtor third-party to that contract must be "made whole at the time of the debtor's assumption of the contract." *In re Entertainment, Inc.*, 223 B.R. 141, 151 (Bankr. N.D. Ill. 1998). Accordingly, to the extent that the Debtors seek to assume and assign any of the Agreement, the Debtors must pay the full cure amounts based upon the actual amounts that are due on the date that the Agreement is assumed ("Effective Date"). See 11 U.S.C. § 365(b)(1).

6. Independence objects to the $0 cure amounts proposed in the Assumption Notice. Amounts due under the Agreement vary, and are subject to reconciliation and adjustment based upon, among other things, information provided by Debtors. Further, amounts will continue to accrue under the Agreement on and after the date of this Objection, and all amounts are subject to reconciliation and adjustment. Final cure amounts cannot be determined prior to the Effective Date.

7. Any order permitting the assumption of the Agreement must direct that the Debtors fully pay all amounts due to Independence under the Agreement as of the Effective Date, as a condition precedent to such assumption.

## **RESERVATION OF RIGHTS**

8. Independence reserves the right to assert further objections to the Assumption Notice, including on the basis of adequate assurance, and to include additional costs to cure.

9. Independence reserves the right to assert further objections to the Assumption Notice to include in the cure amount any sum or sums that become due or amounts that, after reconciliation, are due and owing as of the date hereof.

10. Independence does not release or waive any claim, right, or remedy arising under the Agreement, any related agreements, the Bankruptcy Code, or other applicable law. Independence also expressly reserves its rights under the Agreement and applicable law to assert against the Debtors or any other appropriate party, including the reorganized Debtors, any and all amounts that may be due and owing to them or their affiliated or related parties under the Agreement.

11. Without limitation, Independence expressly reserves the right to assert that amounts due and owing to Independence are administrative expense claims under section 503 of the Bankruptcy Code and other applicable law.

12. Similarly, Independence continues to provide services to the Debtors. Independence reserves the right to assert additional cure claims for all amounts that may remain outstanding under the Agreement at the time that assumption of the Agreement is proposed to be effective. All such amounts must be paid in full under section 365 of the Bankruptcy Code for the Debtors to assume the Agreement.

13. Independence hereby joins in the objections filed by other counterparties to contracts with the Debtors to the extent that such objections supplement and are not otherwise inconsistent with this Objection.

WHEREFORE, Independence requests that this Court should fix the amount of Independence's cure amount at an as to be determined amount, together with such additional amounts as may be due and owing to Independence as of the Effective Date.

                                                                 Respectfully Submitted,

Dated: October 17, 2025                By: */s/ Michael D. Vagnoni*
                                                  Edmond M. George, Esquire (*pro hac vice*)
                                                  Michael D. Vagnoni, Esquire (*pro hac vice*)
                                                  OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                                  Centre Square West, Suite 3400
                                                  1500 Market Street
                                                  Philadelphia, PA 19102
                                                  (215) 665-3140 – Phone
                                                  (215) 665-3165 – Facsimile
                                                  Email: edmond.george@obermayer.com
                                                              michael.vagnoni@obermayer.com

                                                  *Counsel to Independence Blue Cross*

## CERTIFICATION OF SERVICE

I, Edmond M. George, Esquire, hereby certify that this Objection to and Statement of Cure Amount and Reservation of Rights by Independence Blue Cross and Its Subsidiaries and Affiliates in Response to the Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases was electronically filed and served to the parties that are registered or otherwise entitled to receive electronic notices in this case pursuant to the Electronic Filing Procedures in this District on October 17, 2025.

Dated: October 17, 2025         By: */s/ Michael D. Vagnoni*
                                    Edmond M. George, Esquire
                                    Michael D. Vagnoni, Esquire
                                    OBERMAYER REBMANN MAXWELL & HIPPEL LLP
                                    Centre Square West, Suite 3400
                                    1500 Market Street
                                    Philadelphia, PA 19102
                                    (215) 665-3140 – Phone
                                    (215) 665-3165 – Facsimile
                                    Email: edmond.george@obermayer.com
                                           michael.vagnoni@obermayer.com

                                    *Counsel to Independence Blue Cross*

4928-6951-4867