**MCDERMOTT WILL & SCHULTE LLP**
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201
Telephone:     (214) 295-8000
Facsimile:      (972) 232-3098
Email:            mhelt@mwe.com
                      jhaake@mwe.com
*Counsel for the Debtors and Debtors-in-Possession*

**MCDERMOTT WILL & SCHULTE LLP**
Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:      (312) 984-7700
Email:            dsimon@mwe.com
                      ekeil@mwe.com
                      wguerrieri@mwe.com
                      clee@mwe.com
                      lfoody@mwe.com

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) Case No. 25-80185 (SGJ) |
| Debtors. | ) (Jointly Administered) |

**JOINT EMERGENCY MOTION FOR
ORDER AUTHORIZING AND DIRECTING MEDIATION**

> **EMERGENCY RELIEF HAS BEEN REQUESTED. RELIEF IS REQUESTED NOT LATER THAN 9:30 A.M. (CT) ON OCTOBER 23, 2025.**
>
> **IF YOU OBJECT TO THE RELIEF REQUESTED OR YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU MUST APPEAR AT THE HEARING IF ONE IS SET, OR FILE A WRITTEN RESPONSE PRIOR TO THE DATE THAT RELIEF IS REQUESTED IN THE PRECEDING PARAGRAPH.**

---

[1]   The last four digits of Genesis Healthcare, Inc.'s federal tax-identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

> **OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**
>
> **A HEARING WILL BE CONDUCTED ON THIS MATTER ON OCTOBER 23, 2025, AT 9:30 A.M. (CT) AT THE EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, 14TH FLOOR, COURTROOM 1, DALLAS, TEXAS, 75242. YOU MAY PARTICIPATE IN THE HEARING EITHER IN PERSON OR BY AN AUDIO AND VIDEO CONNECTION. AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY.**
>
> **YOU MAY ACCESS THE FACILITY AT 1-650-479-3207. VIDEO COMMUNICATION WILL BE BY THE USE OF THE CISCO WEBEX PLATFORM. CONNECT VIA THE CISCO WEBEX APPLICATION OR CLICK THE LINK ON JUDGE JERNIGAN'S HOME PAGE. THE MEETING CODE IS 2304 154 2638. CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**
>
> **HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF ELECTRONIC HEARINGS. TO MAKE YOUR APPEARANCE, CLICK THE "ELECTRONIC APPEARANCE" LINK ON JUDGE JERNIGAN'S HOME PAGE. SELECT THE CASE NAME, COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

Genesis Healthcare, Inc. ("Genesis") and certain of its affiliates and subsidiaries, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), the Statutory Unsecured Claimholders' Committee (the "Committee"), Welltower OP LLC ("Welltower"), Markglen, LLC ("Markglen"), OHI Mezz Lender, LLC ("Omega"), WAX Dynasty Partners LLC ("WAX"), MAO 22322 LLC ("MAO"), Integra WIP Tenant LLC ("Integra"), ReGen Healthcare, LLC ("ReGen"), and CPE 88988 LLC ("CPE", and together with the Debtors, Committee, Welltower, Markglen, Omega, WAX, MAO, Integra, and ReGen, the "Parties") hereby jointly file this emergency motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the relief described below and respectfully represent as follows:

2

**RELIEF REQUESTED**

1. By this Motion, the Parties seek entry of the Proposed Order, (i) approving and authorizing the appointment of the Mediator to conduct the Mediation (each as defined below) between the Parties; (ii) extending the Challenge Deadline and the Sale Objection Deadline (each as defined below), solely with respect to the Committee, until November 19, 2025; and (iii) granting related relief.

**JURISDICTION AND VENUE**

2. The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested in this Motion are section 105 of title 11 of the United States Code (the "Bankruptcy Code"), rules 9007-1 and 9019-2 of the Local Bankruptcy Rules for the Northern District of Texas (the "Local Bankruptcy Rules"), and Sections 33, 34, and Q of the *Procedures for Complex Cases in the Northern District of Texas*, effective February 6, 2023 (the "Complex Case Procedures").

**BACKGROUND**

4. Beginning on July 9, 2025 (the "Petition Date"), each Debtor commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases") in this Court. The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3

5. On July 30, 2025, the Office of the United States Trustee for Region 6 (the "U.S. Trustee") appointed the Committee. *See* Docket Nos. 250, 262, 698, and 699. To date, no chapter 11 trustee or examiner has been appointed in the Chapter 11 Cases.

6. Additional information regarding the Debtors and these Chapter 11 Cases, including the Debtors' business operations, capital structure, financial condition, and the reasons for and objectives of these Chapter 11 Cases, is set forth in the *Declaration of Louis E. Robichaux IV in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 18] (the "First Day Declaration").

7. On August 28, 2025, this Court entered its (i) *Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Utilize Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* [ECF No. 677] (the "Final DIP Order") and (ii) *Order (I) Approving Bidding Procedures and Expense Reimbursement, (II) Approving the Debtors' Entry Into the Stalking Horse APA With Stalking Horse Bidder and Subject to Higher or Otherwise Better Offers At the Auction in Accordance With the Bidding Procedures, (iii) Scheduling Certain Dates and Deadlines, (iv) Approving the Form and Manner of Notice Thereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases* [ECF No. 685] (the "Bid Procedures Order").[2]

8. Pursuant to paragraph 24 of the Final DIP Order, certain stipulations and releases contained in clauses (i) through (xiv) of paragraph E of the Final DIP Order (the "Stipulations and

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Bid Procedures Order.

4

Releases") bind all parties in interest in these Chapter 11 Cases that do not file a challenge with this Court prior to the Challenge Deadline or receive an extension of the Challenge Deadline.[3]

9. The Bidding Procedures Order contemplates a sale of substantially all of the Debtors' assets, which, if the Stalking Horse Bidder is determined to be the Successful Bidder at the Auction and such Sale is subsequently approved and consummated, would include a sale, or release, of certain causes of action against various parties (the "Sale"). The deadline to object to the proposed Sale was October 17, 2025, at 4:00 p.m. CT, which was extended to October 24, 2025, solely for the Committee (the "Sale Objection Deadline").[4] The Sale Hearing is scheduled for November 18-19, 2025 (the "Sale Hearing").

10. Prior to the Challenge Deadline and Sale Objection Deadline expiring, the Parties have engaged collaboratively in discussions regarding a potential mediation (the "Mediation") to attempt to resolve certain case-dispositive issues, including the Committee's challenge to releases contained under the Final DIP Order, and likely objections to approval of the Sale. To focus their attention and resources on maximizing value through a sale and potentially achieving a consensual path forward, the Parties have agreed to a mediation protocol that would involve engaging a mediator immediately to facilitate settlement discussions. In addition, the Parties have agreed to continue the Sale Hearing to December 10-11, which will allow the Parties to focus on both the Mediation and the Auction process in the days leading up to, and immediately after, the scheduled November 13 Auction date (which remains unchanged). While the Parties are hopeful that a resolution can be reached at that time, in the event the Parties cannot reach a consensual resolution,

---

[3] The Challenge Deadline with respect to the Committee was set to expire on October 13, 2025, prior to being extended until October 20, 2025. *See* Docket No. 1251. This Motion seeks to further extend the Challenge Deadline with respect to the Committee until November 19, 2025.

[4] This Motion seeks to further extend the Sale Objection Deadline solely with respect to the Committee until November 19, 2025.

additional discovery and depositions between the Parties would occur beginning the week of November 18, leading toward a contested Sale Hearing on December 10-11.

11. The Parties are in the process of identifying and agreeing upon an acceptable mediator, and have commenced outreach accordingly. The Parties are hopeful to identify the Mediator at the October 23, 2025 hearing.

12. The Parties anticipate mediating over three sets of sessions, subject to the preferences of the Mediator: (i) introductory sessions between the Mediator and one or more of the Parties via zoom during the weeks of October 27, 2025 and/or November 3, 2025; (ii) either via zoom or in person (as determined by the Mediator after consultation with the Parties) on or between November 8, 2025 and November 11, 2025; and (iii) in-person on or around November 14, 2025. The Parties intend to use good-faith efforts to attempt to settle their disputes through the proposed Mediation and without further litigation, thereby lessening the burden on the Court, the Debtors' estates and the Parties. Accordingly, good cause exists for the relief requested in this Motion.

## EMERGENCY CONSIDERATION

13. The Parties respectfully request emergency consideration of this Motion pursuant to Sections 34 and 35 of the Complex Case Procedures. It is critical for the Parties to commence the Mediation process as soon as possible to ensure the Parties work collaboratively to maximize value in the Debtors' sale process and reduce administrative expenses. Without approval of the relief requested herein, the Committee would file a derivative standing motion and draft complaint by the Challenge Deadline and an objection to the Sale by the October 24 deadline, all of which could potentially be resolved through mediation. Accordingly, the Parties submit that the relief requested herein satisfies the "immediate and irreparable harm" standard and request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

14. Notice of this Motion has been provided by email, facsimile, or first class mail to: (a) the Complex Service List (as defined in the Creditor Matrix Order [Docket No. 54]); (b) the Parties and their counsel; and (c) other parties in interest related to the relief sought in the Motion. The Parties submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PREVIOUS REQUEST

15. No previous request for the relief sought in this Motion has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, for the foregoing reasons, the Parties respectfully request that the Court enter the Proposed Order, granting this Motion and authorizing and directing a Mediation before the Mediator as set forth above.

Dated: October 18, 2025

| | |
|---|---|
| **MCDERMOTT WILL & SCHULTE LLP** | **STINSON LLP** |
| */s/ Marcus A. Helt* | */s/ Zachary Hemenway* |
| Marcus A. Helt (TX 24052187) | Zachary Hemenway (NDTX Bar No. 59670MO) |
| Jack G. Haake (TX 24127704) | Nicholas Zluticky (admitted *pro hac vice*) |
| 2801 N. Harwood Street, Suite 2600 | Miranda Swift (admitted *pro hac vice*) |
| Dallas, Texas 75201-1574 | 1201 Walnut, Suite 2900 |
| Telephone: (214) 295-8000 | Kansas City, MO 64106 |
| Facsimile: (972) 232-3098 | Telephone: (816) 842-8600 |
| Email:   mhelt@mwe.com | nicholas.zluticky@stinson.com |
|              jhaake@mwe.com | zachary.hemenway@stinson.com |
| | miranda.swift@stinson.com |
| - and - | - and - |
| Daniel M. Simon (admitted *pro hac vice*) | **PROSKAUER ROSE LLP** |
| Emily C. Keil (admitted *pro hac vice*) | Brian Rosen (admitted *pro hac vice*) |
| William A. Guerrieri (admitted *pro hac vice*) | Ehud Barak (admitted *pro hac vice*) |
| Catherine T. Lee (admitted *pro hac vice*) | Timothy Q. Karcher (admitted *pro hac vice*) |
| Landon W. Foody (admitted *pro hac vice*) | Daniel Desatnik (admitted *pro hac vice*) |
| 444 West Lake Street, Suite 4000 | Eleven Times Square |
| Chicago, Illinois 60606 | New York, NY 10036-8299 |
| Telephone: (312) 372-2000 | Telephone: (212) 969-3000 |
| Facsimile: (312) 984-7700 | Facsimile: (212) 969-2900 |
| Email:   dsimon@mwe.com | Email: brosen@proskauer.com |
|              ekeil@mwe.com | ebarak@proskauer.com |
|              wguerrieri@mwe.com | tkarcher@proskauer.com |
|              clee@mwe.com | ddesatnik@proskauer.com |
|              lfoody@mwe.com | |
| *Counsel for the Debtors and Debtors-in-Possession* | *Counsel to the Committee* |

8

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ John T. Cox III*
John T. Cox III, Esq. (TX 24003722)
2001 Ross Avenue, Ste. 2100
Dallas, TX 75201-2923
Dallas, Texas 75201-1574
Telephone:  (214) 698-3100
Facsimile:   (214) 571-2900
Email:    tcox@gibsondunn.com

- and -

Jeffrey C. Krause, Esq. (admitted *pro hac vice*)
Michael G. Farag, Esq. (admitted *pro hac vice*)
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Chicago, Illinois 60606
Email:    jkrause@gibsondunn.com
             mfarag@gibsondunn.com

*Counsel to Welltower OP LLC, Markglen, LLC*

**DLA PIPER LLP (US)**
*/s/ James P. Muenker*
James P. Muenker (SBN 24002659)
1900 North Pearl Street, Suite 2200
Dallas, Texas 75201
Telephone: (214) 743-4500
Facsimile: (214) 743-4545
Email: james.muenker@us.dlapiper.com

-- and -

Rachel Nanes (admitted *pro hac vice*)
200 South Biscayne Boulevard, Suite 2500
Miami, Florida 33131
Telephone: (305) 423-8500
Facsimile: (305) 437-8131
Email: rachel.nanes@us.dlapiper.com

*Counsel to CPE 88988 LLC*

**FERGUSON BRASWELL FRASER KUBASTA PC**
*/s/ Leighton Aiken*
Leighton Aiken
Raachael L. Smiley
2500 Dallas Parkway, Suite 600
Plano, Texas 75093
Email: laiken@fbfk.law
rsmiley@fbfk.law

- and –

**GOODWIN PROCTER LLP**
Robert J. Lemons
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Email: rlemons@goodwinlaw.com
New York, NY 10036-8299
Telephone: (212) 969-3000

*Counsel for OHI Mezz Lender, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Motion was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF. The Debtors' claims and noticing agent will be filing a supplemental certificate of service on the docket to reflect any additional service of the foregoing Motion.

Dated: October 18, 2025
      Dallas, Texas

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:  (214) 295-8000
Facsimile:  (972) 232-3098
Email:         mhelt@mwe.com
               jhaake@mwe.com

## CERTIFICATE OF CONFERENCE

I hereby certify that a conference regarding the Motion was held amongst the Parties prior to filing the Motion.

Dated: October 18, 2025
Dallas, Texas

**MCDERMOTT WILL & SCHULTE LLP**

*/s/ Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:    (214) 295-8000
Facsimile:    (972) 232-3098
Email:    mhelt@mwe.com
    jhaake@mwe.com

# **EXHIBIT A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: | ) ) Chapter 11 |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) ) ) Case No. 25-80185 (SGJ) |
| Debtors. | ) ) (Jointly Administered) ) ) **Related to Docket No. [·]** |

**ORDER AUTHORIZING AND DIRECTING MEDIATION**

Upon the motion ("Motion")[2] of Genesis Healthcare Holdings, Inc. and its debtor affiliates, as debtors and debtors in possession (collectively, the "Debtors"), the Statutory Unsecured Claimholders' Committee (the "Committee"), Welltower OP LLC ("Welltower"), Markglen, LLC

---

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Final DIP Order.

("Markglen"), OHI Mezz Lender, LLC ("Omega"), WAX Dynasty Partners LLC ("WAX"), MAO 22322 LLC ("MAO"), Integra WIP Tenant LLC ("Integra"), ReGen Healthcare, LLC ("ReGen"), and CPE 88988 LLC ("CPE", and together with the Debtors, Committee, Welltower, Markglen, Omega, WAX, MAO, Integra, and ReGen, the "Parties") for entry of an order (this "Order") (i) approving and authorizing the appointment of the Mediator to conduct the Mediation between the Parties; (ii) extending the Challenge Deadline and the Sale Objection Deadline, with respect to the Committee, until November 19, 2025; and (iii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984, entered by the United States District Court for the Northern District of Texas; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and venue of this proceeding and the Motion in this District being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court being able to issue a final order consistent with Article III of the United States Constitution; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation thereon; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED that:**

1. The relief request in the Motion is GRANTED as set forth herein.

2. The Parties (as defined in the Motion) shall mediate the issues and disputes presented in these proceedings, pursuant to a mediation protocol agreed among the Parties.

The Parties' representatives may attend the Mediation in person or may join by either video conference or telephone.

3. The Mediator, identified as [_____], is designated for the purpose of conducting Mediation proceedings as the neutral mediator. Such Mediation shall be conducted at times and places and in accordance with procedures mutually agreed upon by the Parties and the Mediator.

4. [Because the Mediator will be serving as the neutral mediator in this matter and because the nature of the Mediation process requires *ex parte* contacts and communications between the neutral mediator and each of the sides, the prohibitions of FED. R. BANKR. P. 9003 do not apply to communications among the parties, their attorneys, and the Mediator in connection with the Mediation proceedings. The Parties and their attorneys may, therefore, have *ex parte* communications with the Mediator in his/her capacity as the neutral mediator in connection with the Mediation proceedings. The Mediator will mediate this case in his/her capacity as a United States Bankruptcy Judge. The Mediator will have full, unqualified judicial immunity in his/her role as the Mediator.]

5. All communications made by the Parties or their attorneys to each other or to the Mediator in connection with the Mediation process, the conduct and demeanor of the Parties and their counsel during the Mediation, and any documents prepared or produced in connection with the Mediation process, including the Mediator's notes or records, shall be confidential and shall not be admissible in evidence or the subject of any discovery in any proceeding (unless admissible or discoverable without regard to the Mediation). The Mediation sessions and any conferences or proceedings in connection therewith shall be treated as compromise negotiations for purposes of the Federal Rules of Evidence, the Texas Rules of Evidence, or any rules of

evidence of any other jurisdiction. No record will be made of the Mediation proceedings. The Mediator is disqualified from appearing as a witness in any matter, and shall not be called as a witness, with regard to the Mediation or any matter arising out of or related thereto.

6.  The Mediator may file a final report advising the Court only whether (i) a settlement (full or partial) was reached, and (ii) further mediation would be productive. The Parties may not object to the Mediator's report except on grounds of factual inaccuracy.

7.  The reasonable fees and expenses of the Mediator shall be administrative expenses of the Debtors' estates and paid promptly without further order as permitted expenses under the DIP Budget (as defined in the Final DIP Order).

8.  Solely as to the Committee, the Challenge Deadline and the Sale Objection Deadline shall be extended until November 19, 2025 at 4:00 pm CT.

9.  All Parties' rights, claims, and defenses are fully preserved pending the conclusion of the Mediation. Participation in the Mediation and any disclosures made therein shall not constitute a waiver of any privilege or right.

10. The Court finds and determines that Sections 34 and 35 of the Complex Case Procedures are satisfied and that the relief requested in the Motion is necessary to avoid immediate and irreparable harm.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), the Local Bankruptcy Rules, and the Complex Case Procedures are satisfied by such notice.

12. The Parties are authorized to take all actions necessary to implement the relief granted in this Order.

13.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

END OF ORDER

Prepared and presented by:

/s/ *Marcus A. Helt*
Marcus A. Helt (TX 24052187)
Jack G. Haake (TX 24127704)
**MCDERMOTT WILL & SCHULTE LLP**
2801 N. Harwood Street, Suite 2600
Dallas, Texas 75201-1574
Telephone:     (214) 295-8000
Facsimile:     (972) 232-3098
Email:         mhelt@mwe.com
               jhaake@mwe.com

- and -

Daniel M. Simon (admitted *pro hac vice*)
Emily C. Keil (admitted *pro hac vice*)
William A. Guerrieri (admitted *pro hac vice*)
Catherine T. Lee (admitted *pro hac vice*)
Landon W. Foody (admitted *pro hac vice*)
**MCDERMOTT WILL & SCHULTE LLP**
444 West Lake Street, Suite 4000
Chicago, Illinois 60606
Telephone:     (312) 372-2000
Facsimile:     (312) 984-7700
Email:         dsimon@mwe.com
               ekeil@mwe.com
               wguerrieri@mwe.com
               clee@mwe.com
               lfoody@mwe.com

*Counsel for the Debtors and Debtors-in-Possession*