M. Jermaine Watson (SBN 24063055)
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807
Email: jwatson@canteyhanger.com

David G. Sommer (admitted *pro hac vice*)
Md. Fed. Bar No. 27581
Jared S. Dvornicky (admitted *pro hac vice*)
Md. Fed. Bar No. 19157
**GALLAGHER LLP**
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Phone: 410-727-7702
Fax: 410-468-2786
Email: dsommer@gallagherllp.com
Email: jdvornicky@gallagherllp.com

*COUNSEL FOR MADISON MANOR, INC.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) | Case No. 25-80185 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket Nos. 117, 685, 1692, 1755** |
| | ) | |

## MADISON MANOR, INC.'S POST-AUCTION
## OBJECTION TO DEBTORS' PROPOSED SALE

Madison Manor, Inc. ("Madison"), by its undersigned attorneys, submits this post-auction

objection ("Objection") to the sale ("Sale") by Genesis Healthcare, Inc. and certain affiliates and

subsidiaries, as debtors-in-possession in the above-captioned cases (collectively, "Debtors"), of

certain assets to CPE 88988 LLC ("Stalking Horse").[2] Madison objects to the overarching Sale

---

[1] There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/case/genesis/info. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] Capitalized terms not defined in this Objection retain their definitions from the August 25, 2025 *Bidding Procedures Order* [Docket No. 685] and the *Notice of Filing of Revised Asset Purchase Agreement* [Docket No. 1757].

967070

because (i) Debtors fail to include required Schedules in the Revised Stalking Horse APA that are necessary to identify the "JV Equity Interests" being transferred and "Assigned Contracts," and (ii) the Revised Stalking Horse APA permits Debtors to designate Assigned Contracts by the "Designation Deadline," which is one business day before the "Closing Date" and would not allow sufficient time for regulatory approvals. Without the critical information that must be included in the required Schedules, interested parties like Madison have no idea how their rights would be affected and will be deprived of due process.

Madison also makes asset-specific objections to the Sale that Madison understands the Court will consider at a hearing after the Sale Hearing to occur on December 10–11, 2025. *See Hearing Management and Procedures Order for Sale Hearing Set for December 10–11, 2025* [Docket No. 1718]. Madison objects to the Sale of (i) Maryland Harborside, LLC's ("MH") and Harborside Healthcare Limited Partnership's ("Harborside" and together with MH, "Genesis") partnership interests in Bowie Center Limited Partnership ("Bowie Center") without Debtors obtaining Madison's consent and without honoring Madison's right of first refusal, including by presenting Madison an offer to purchase Genesis's partnership interests in Bowie Center ("Genesis Bowie Partnership Interests") that reflects the value of the offer for those interests **only**, and (ii) Harborside's interest in the management agreement between Harborside and Bowie Center without obtaining Madison's consent.

Madison incorporates herein by this reference its entire *Objection to Debtors' Proposed Section 363 Sale of Their Assets in Accordance with the Bidding Procedures* [Docket No. 1323] ("Madison Pre-Auction Sale Objection"). In support of this Objection, Madison respectfully states the following:

967070                                                    2

## BACKGROUND

**I.     Madison has a right of first refusal that requires Genesis to present Madison a third-party purchase offer that reflects the value of the offer for the Genesis Bowie Partnership Interests only.**

1.     Bowie Center, a joint venture between Madison and Genesis, owns and operates a 120-bed licensed nursing home located in Bowie, Maryland, known as "Larkin Chase."

2.     Madison and Genesis are parties to that certain Second Amended and Restated Agreement of Limited Partnership of Bowie Center Limited Partnership dated June 11, 2025 ("Partnership Agreement"). A true and accurate copy of the Partnership Agreement is attached as **Exhibit 1**.

3.     Bowie Center and Harborside are parties to that certain Management Agreement dated April 7, 1993 ("Management Agreement"). A true and accurate copy of the Management Agreement is attached as **Exhibit 2**.

4.     Madison protected its ability to select its partners by negotiating two critical contract rights regarding the Genesis Bowie Partnership Interests: (1) a right of first refusal ("ROFR"); and (2) a purchase option.

5.     Pursuant to the ROFR, if Genesis wishes to sell the Genesis Bowie Partnership Interests to a third-party and receives from such third party a bona fide written offer to purchase such interests, Genesis must "first tender to Madison . . . an offer to sell **such interest** in [Bowie Center] at the same price and on the same terms and conditions as offered by the third party." Partnership Agreement (Ex. 1), § 5.2 (emphasis added).

**II.    Debtors have not presented Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests only.**

6.     Debtors seek to sell certain of their assets—which they have yet to identify with specificity—under Section 363.

967070                                      3

7.      On August 28, 2025, the Court entered the *Order (I) Approving Bidding Procedures and Expense Reimbursement, (II) Approving the Debtors' Entry into the Stalking Horse APA with the Stalking Horse Bidder and Subject to Higher or other Better Offers at the Auction in accordance with the Bidding Procedures, (III) Scheduling Certain Dates and Deadlines, (IV) Approving the Form and Manner of Notice Thereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases* [Docket No. 685] ("Bidding Procedures Order").

8.      Debtors held an auction on November 18 and 19, 2025. On December 1, 2025, Debtors announced the Stalking Horse Bidder as the Successful Bidder for certain of their assets—which they have yet to identify with specificity—and Debtors indicated that they are not designating a Back-Up Bid at this time. *See Notice of Results of Auction and Successful Bidder* [Docket No. 1629].

9.      In the Revised Stalking Horse APA filed earlier today [Docket No. 1757], Debtors list Larkin Chase as a "Facility" in which Debtors are selling their interests, but the Revised Stalking Horse APA omits required Schedules that are necessary to identify the JV Equity Interests and Assumed Contracts, leaving interested parties and JV partners like Madison in the dark regarding how Debtors intend to transfer the "Purchased Assets" and how their rights would be affected.

10.      Since October, Madison's counsel has been asking Debtors' counsel whether Debtors are selling the Genesis Bowie Partnership Interests, and if so, how they intend to do so, but Debtors' counsel has not provided any clear response or deadline by when they would complete the Schedules specifying the JV Equity Interests and Assumed Contracts. The Sale Hearing begins in two days, and those required Schedules are still missing.

11.      Notwithstanding their obligations under the ROFR, Debtors have not presented

967070                                                    4

Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests.

**OBJECTION**

I.   **The Revised Stalking Horse APA is defective because it fails to include required Schedules that are necessary to identify the JV Equity Interests and Assumed Contracts and permits Debtors to identify Assigned Contracts as late as one business day before the Closing Date.**

12.   Debtors filed the Revised Stalking Horse APA on the same day that post-auction objections are due and just two days before the Sale Hearing.

13.   The Revised Stalking Horse APA omits Schedules 2.01(e) and 2.01(h), which are required to identify the JV Equity Interests being transferred and Assigned Contracts, respectively. Without this necessary information, the Stalking Horse APA is fundamentally defective and incomplete and interested parties like Madison are kept in the dark as to how their rights would be affected.

14.   What is more, the Revised Stalking Horse APA would allow Debtors to designate Assigned Contracts as late as one business day before the Closing Date.

15.   In the Madison Pre-Auction Sale Objection, Madison explained the complex regulatory landscape for Maryland nursing homes and the requirement to seek a new license at least 60 days before the closing of a change in controlling interest of a Maryland nursing home. Permitting Debtors to wait until the eve of the Closing Date to decide to assign the Partnership and Management Agreement would make it impossible for the organizational change in control to comply with Maryland law. The timeline would cause a violation of the applicable regulations and could result in the suspension of operations at Larkin Chase or the imposition of regulatory sanction against Bowie Center. Any of these consequences would adversely affect the interests of Larkin Chase, Madison, and Larkin Chase's residents who depend on licensed healthcare.

967070                                                                              5

**II. Debtors cannot sell the Genesis Bowie Partnership Interests without honoring Madison's ROFR, and Debtors must present Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests only.**

16.     As Madison argued in the Madison Pre-Auction Sale Objection [Dkt No. 1323], assuming without conceding that the Partnership and Management Agreements are executory contracts and pursuant to Section 365(c), Genesis cannot assign the Partnership and Management Agreements without Madison's consent for at least two reasons: (1) those agreements are personal services contracts; and (2) the Maryland Revised Uniform Limited Partnership Act prohibits adding new limited or general partners without the consent of the other partners and does not depend on contractual provisions restricting the transfer of partnership interests. *See* Md. Code, Corps. & Ass'ns §§ 10-301, 10-401 (West 2025). Madison incorporates herein by this reference, all of those arguments, and all other arguments it made (and reserved the right to make) in the Madison Pre-Auction Sale Objection [Dkt No. 1323], including without limitation its Section 363 arguments.

17.     Madison does not consent to Genesis assuming and assigning the Partnership or Management Agreements unless Genesis honors all of Madison's rights under both contracts.

18.     To honor Madison's ROFR in the Partnership Agreement, Debtors must present Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests only.

19.     The ROFR expressly provides that the purchase offer that Debtors tender must reflect the value of "**such interest**," which unambiguously refers to the Genesis Bowie Partnership Interests. Partnership Agreement (Ex. 1), § 5.2 (emphasis added).

20.     Debtors have not presented Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests.

967070                                             6

## RESERVATION OF RIGHTS

21.     Madison reserves any and all rights to supplement and/or amend this Objection and expressly reserves the right to assert any further objections with respect to the Sale as they deem necessary or appropriate.

## CONCLUSION

**WHEREFORE**, Madison respectfully requests that the Court enter an order denying the Sale Motion. To the extent the Court grants the Sale Motion, Madison respectfully requests that in the Sale order, the Court (i) require Debtors to honor Madison's ROFR by presenting an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests only and otherwise comply with the ROFR procedure in the Partnership Agreement, (ii) require Debtors to comply with all Maryland nursing home licensure and acquisition approval laws, regulations, rules, and procedures, and (iii) grant such other and further relief as this Court deems just and proper.

Dated: December 8, 2025
       Fort Worth, Texas

Respectfully submitted by,

*/s/ M. Jermaine Watson*
M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807
Email: jwatson@canteyhanger.com

David G. Sommer (admitted *pro hac vice*)
Md. Fed. Bar No. 27581
Jared S. Dvornicky (admitted *pro hac vice*)
Md. Fed. Bar No. 19157
**GALLAGHER LLP**
218 North Charles Street, Suite 400

967070

Baltimore, Maryland 21201
Phone: 410-727-7702
Fax: 410-468-2786
Email: dsommer@gallagherllp.com
Email: jdvornicky@gallagherllp.com

***Counsel to Madison Manor, Inc.***

967070                                        8

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on December 8, 2025, a true and correct copy of the foregoing *Post-Auction Objection*, along with exhibits and this certificate, was served electronically by the Court's CM/ECF system on all parties who have entered their appearance in this chapter 11 proceeding.

/s/ *M. Jermaine Watson*
M. Jermaine Watson

967070                                          9