M. Jermaine Watson (SBN 24063055)
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807
Email: jwatson@canteyhanger.com

David G. Sommer (admitted *pro hac vice*)
Md. Fed. Bar No. 27581
Jared S. Dvornicky (admitted *pro hac vice*)
Md. Fed. Bar No. 19157
**GALLAGHER LLP**
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Phone: 410-727-7702
Fax: 410-468-2786
Email: dsommer@gallagherllp.com
Email: jdvornicky@gallagherllp.com

*COUNSEL FOR MADISON MANOR, INC.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| GENESIS HEALTHCARE, INC., *et al.*,[1] | ) | Case No. 25-80185 (SGJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related to Docket Nos. 117, 685, 1692,** |
| | ) | **1755, 1989, 2099** |

### MADISON MANOR, INC.'S POST-SECOND AUCTION OBJECTION
### TO DEBTORS' PROPOSED SALE AND RESERVATION OF RIGHTS

Madison Manor, Inc. ("Madison"), by its undersigned counsel, submits this post-second

auction objection and reservation of rights ("Objection") to the proposed sale ("Sale") by

Genesis Healthcare, Inc. and certain affiliates and subsidiaries, as debtors-in-possession in the

above-captioned cases (together, "Debtors"), of certain assets to Successful Bidder 101 West

State Street, LLC ("101 West State Street").[2] Madison objects to the Sale because (i) Debtors

---

[1] There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors is not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/case/genesis/info. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

[2] Capitalized terms not defined in this Objection retain their definitions from the August 25, 2025 *Bidding Procedures Order* [Docket No. 685].

967070

cannot transfer Maryland Harborside, LLC's ("MH") and Harborside Healthcare Limited Partnership's ("Harborside" and together with MH, "Genesis") partnership interests in Bowie Center Limited Partnership ("Bowie Center") without honoring Madison's right of first refusal and preserving Madison's purchase option, and (ii) Debtors have not provided adequate assurance of future performance by 101 West State Street or back-up bidder Genie 3 Partners, LLC. Madison also incorporates herein by this reference its entire *Objection to Debtors' Proposed Section 363 Sale of Their Assets in Accordance with the Bidding Procedures* [Docket No. 1323] ("Madison Pre-Auction Sale Objection") and *Post-Auction Objection to Debtors' Proposed Sale* [Docket No. 1800]. In support of this Objection, Madison respectfully states the following:

## BACKGROUND

I.      **Madison has (i) an annual purchase option and (ii) a right of first refusal that requires Genesis to present Madison a purchase offer that reflects the value of the offer for the Genesis Bowie Partnership Interests only.**

1.      Bowie Center, a joint venture between Madison and Genesis, owns and operates a 120-bed licensed nursing home located in Bowie, Maryland, known as "Larkin Chase."

2.      Madison and Genesis are parties to a Second Amended and Restated Agreement of Limited Partnership of Bowie Center Limited Partnership dated June 11, 2025 ("Partnership Agreement"). A true and correct copy of the Partnership Agreement is attached as **Exhibit 1**.

3.      Bowie Center and Harborside are parties to a Management Agreement dated April 7, 1993 ("Management Agreement"). A true and correct copy of the Management Agreement is attached as **Exhibit 2**.

4.      Madison protected its ability to select its partners by negotiating two critical contract rights regarding Genesis's partnership interests in Bowie Center ("Genesis Bowie Partnership Interests"): (1) a right of first refusal ("ROFR"); and (2) a purchase option ("Purchase Option").

973373                                                    2

5.      Pursuant to the ROFR, if Genesis wishes to sell the Genesis Bowie Partnership Interests to a third-party and receives from such third party a bona fide written offer to purchase such interests, Genesis must "first tender to Madison . . . an offer to sell **such interest** in [Bowie Center] at the same price and on the same terms and conditions as offered by the third party." Partnership Agreement (Ex. 1), § 5.2 (emphasis added).

6.      The Purchase Option affords Genesis an annual option to purchase the Genesis Bowie Partnership Interests. *See* Partnership Agreement (Ex. 1), § 6.7.

**II.     Debtors have not presented Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests <u>only</u> or provided adequate assurance of future performance.**

7.      Debtors seek to sell certain of their assets—which they have yet to identify with specificity—under Section 363.

8.      On August 28, 2025, the Court entered the *Order (I) Approving Bidding Procedures and Expense Reimbursement, (II) Approving the Debtors' Entry into the Stalking Horse APA with the Stalking Horse Bidder and Subject to Higher or other Better Offers at the Auction in accordance with the Bidding Procedures, (III) Scheduling Certain Dates and Deadlines, (IV) Approving the Form and Manner of Notice Thereof, and (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases* [Docket No. 685] ("<u>Original Bidding Procedures Order</u>").

9.      On September 15, 2025, Debtors filed their *Notice to Contract Parties to Potentially Assumed Executory Contracts and Unexpired Leases* [Docket No. 920], identifying the Partnership and Management Agreements as contracts Debtors could **potentially** assume.

10.     In November 2025, Debtors conducted a first auction of substantially all of their assets, after which Debtors identified the original Stalking Horse, CPE 88988 LLC ("<u>Original

Stalking Horse") as the winning bidder.

11. On December 10–11, 2025, the Court held a hearing on the first auction and denied Debtors' request for approval of the sale to the Original Stalking Horse.

12. On December 22, 2025, the Court entered the *Agreed Order (I) Approving Amended and Restated Bidding Procedures for the Submission, Receipt, and Analysis of Bids in Connection with the Sale of the Debtors' Assets, and (II) Scheduling Certain Auction Dates and Deadlines* [Docket No. 1989].

13. On January 13, 2026, Debtors held a second auction for substantially all of their assets ("Second Auction").

14. After the Second Auction, Debtors identified 101 West State Street as the Successful Bidder and Genie 3 Partners, LLC ("Genie 3") as the Back-Up Bidder. *See Notice of Second Auction Results and Designation of Successful Bidder and Back-Up Bidder* [Docket No. 2099].

15. As of the time of filing this Objection, Debtors have not filed a final proposed APA with 101 West State Street, leaving Madison in the dark regarding how the Sale would affect Madison's rights under the Partnership Agreement.

16. Since October 2025, Madison's counsel has been asking Debtors' counsel how it intends to transfer the Genesis Bowie Partnership Interests so that Madison can determine how its rights under the Partnership Agreement would be affected. Debtors' counsel still has not provided this critical information.

17. Notwithstanding that Debtors designated the Partnership and Management Agreements as contracts Debtors could potentially assume, which would trigger Madison's ROFR, Debtors have not honored Madison's ROFR by presenting Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests only by

973373                                                                                                  4

allocating a portion of the successful bid from 101 West State Street to the Genesis Bowie
Partnership Interests.

18.     Debtors have not provided adequate assurance of future performance by 101 West
State Street or Genie 3, either.

### **OBJECTION**

I.  **Debtors cannot transfer the Genesis Bowie Partnership Interests without honoring Madison's ROFR and preserving Madison's purchase option.**

19.     As Madison argued in the Madison Pre-Auction Sale Objection [Dkt No. 1323], assuming without conceding that the Partnership and Management Agreements are executory contracts and pursuant to Section 365(c), Genesis cannot assign the Partnership and Management Agreements without Madison's consent for at least two reasons: (1) those agreements are personal services contracts; and (2) the Maryland Revised Uniform Limited Partnership Act prohibits adding new limited or general partners without the consent of the other partners and does not depend on contractual provisions restricting the transfer of partnership interests. *See* Md. Code, Corps. & Ass'ns §§ 10-301, 10-401 (West 2026).

20.     Madison does not consent to Genesis assuming and assigning the Partnership or Management Agreements unless Genesis honors all of Madison's rights under both contracts.

21.     To honor Madison's ROFR in the Partnership Agreement, Debtors must present Madison an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests **only**.

22.     The ROFR expressly provides that the purchase offer that Debtors tender must reflect the value of "**such interest**," which unambiguously refers to the Genesis Bowie Partnership Interests. Partnership Agreement (Ex. 1), § 5.2 (emphasis added).

23.     Debtors have not presented Madison an offer to purchase the Genesis Bowie

973373                                              5

Partnership Interests that reflects the value of the offer for those interests only.

24.     As Madison also argued in the Madison Pre-Auction Sale Objection [Dkt No. 1323], Genesis cannot transfer the Partnership Agreement free and clear of Madison's Purchase Option because the Purchase Option is not an "interest" under Section 363(f) and none of the Section 363(f) factors are satisfied in any event. Any Court order approving the Sale must state that Madison's Purchase Option is preserved.

## II.   Debtors have not provided adequate assurance of future performance.

25.     With only one business day remaining before the Sale Hearing, it is unclear whether Debtors intend to assume and assign the Partnership and Management Agreement to 101 West State Street or Genie 3.

26.     If Debtors so intend, Section 365(f)(2) requires Debtors to provide adequate assurance of future performance. Debtors have not done so.

27.     Madison has serious concerns about whether 101 West State Street or Genie 3 can obtain the required acquisition approval and licensure required under Maryland's strict regulatory regime, which will scrutinize any new owners of Bowie Center.

## RESERVATION OF RIGHTS

28.     Madison reserves any and all rights to supplement and/or amend this Objection and expressly reserves the right to assert any further objections with respect to the Sale as it deems necessary or appropriate, including without limitation the right to object to the proposed APA between Debtors and 101 West State Street after Debtors file it.

## CONCLUSION

WHEREFORE, Madison respectfully requests that to the extent the Court approves the Sale, the Court include language in the Sale order (i) requiring Debtors to honor Madison's ROFR

973373                                                6

by presenting an offer to purchase the Genesis Bowie Partnership Interests that reflects the value of the offer for those interests only and otherwise comply with the ROFR procedure in the Partnership Agreement, (ii) preserving Madison's annual Purchase Option; and (iii) granting such other and further relief as this Court deems just and proper.

Dated: January 16, 2026
      Fort Worth, Texas

Respectfully submitted by,

*/s/ M. Jermaine Watson*
M. Jermaine Watson
State Bar No. 24063055
**CANTEY HANGER LLP**
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Phone: 817-877-2800
Fax: 817-877-2807
Email: jwatson@canteyhanger.com

David G. Sommer (admitted *pro hac vice*)
Md. Fed. Bar No. 27581
Jared S. Dvornicky (admitted *pro hac vice*)
Md. Fed. Bar No. 19157
**GALLAGHER LLP**
218 North Charles Street, Suite 400
Baltimore, Maryland 21201
Phone: 410-727-7702
Fax: 410-468-2786
Email: dsommer@gallagherllp.com
Email: jdvornicky@gallagherllp.com

***Counsel to Madison Manor, Inc.***

973373

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 16, 2026, a true and correct copy of the foregoing *Post-Second Auction Objection*, along with exhibits and this certificate, was served electronically by the Court's CM/ECF system on all parties who have entered their appearance in this chapter 11 proceeding.

*/s/ M. Jermaine Watson*
M. Jermaine Watson

973373                                                              8