**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **GENESIS HEALTHCARE, INC., *et al.*,**[1] | § | **Case No. 25-80185 (SGJ)** |
| | § | **(Jointly Administered)** |
| **Debtor.** | § | |

**ARCH INSURANCE COMPANY'S LIMITED OBJECTION TO DEBTORS' AMENDED JOINT CHAPTER 11 PLAN OF GENESIS HEALTHCARE, INC. AND ITS DEBTOR AND JOINDER TO WESTCHESTER FIRE INSURANCE COMPANY'S LIMITED OBJECTION TO DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**

[relates to ECF Nos. **3041, 3066, 3101, 3339, 3393**]

Arch Insurance Company ("**Arch**"), a creditor and party-in-interest, files this *Limited Objection to the Debtors' Amended Joint Chapter 11 Plan and Joinder to Westchester Fire Insurance Company's Limited Objection to Debtors' Amended Joint Chapter 11 Plan* (the "**Limited Objection**"), and respectfully shows the Court as follows:

## I.
## BACKGROUND

1. On July 9, 2025, Genesis Healthcare, Inc. and 298 of its affiliates and subsidiaries (the "**Debtors**") filed voluntary petitions for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "**Bankruptcy Court**").

2. On May 11, 2026, the Debtors filed the Debtors' Amended Joint Chapter 11 Plan

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

of Genesis Healthcare, Inc. and its Debtor Affiliates (the "**Plan**").[2] The same day, the Debtors filed their Disclosure Statement for Debtors' Amended Joint Chapter 11 Plan of Genesis Healthcare, Inc. and its Debtor Affiliates (the "**Disclosure Statement**") and their Motion for Entry of Order *inter alia* approving the Disclosure Statement.[3]

3. After notice and hearing, on August 4, 2026, the Bankruptcy Court entered its Order approving the adequacy of the disclosure statement and the voting and solicitation procedures in connection with confirmation of the Plan.[4] The Bankruptcy Court set the confirmation objection deadline for September 21, 2026.[5] On September 21, 2026, the Debtors agreed to extend Arch's objection deadline to September 23, 2026.

4. Arch does not oppose the Plan as a whole but files this Limited Objection out of an abundance of caution to ensure the confirmation order appropriately protects and preserves Arch's rights. Arch is entitled to clarification and confirmation that its rights, including its collateral and rights against third parties, remain unaffected by the Plan. Arch is working with the Debtors to resolve the objection herein, but as of the filing of this Limited Objection, the parties have not reached an agreement.

## II.
## ARCH'S SURETY INTERESTS AND CLAIM

5. On October 25, 2022, Arch issued a payment and performance surety bond, Bond No. SU 119077-000, in the total penal sum of $3,000,000.00 on behalf of Debtor Encore Rehabilitation Services, LLC as principal (the "Arch Bond"). As a condition to the issuance of the

[2] The Plan includes any later-filed supplement, including, but not limited to, the Plan Supplement filed on September 14, 2026 at ECF No. 3339.
[3] ECF No. 2767.
[4] ECF No. 3099.
[5] *Id.*

Arch Bond, Arch required certain Debtors to enter into a General Agreement of Indemnity, dated October 20, 2022 (the “Arch GAI”), which lists Encore Rehabilitation Services, LLC and RCP Encore Acquisitions, Inc. as indemnitors. Arch was also granted an irrevocable letter of credit in the sum of $2,500,000.00 (“Arch Collateral”).

6. The Arch Bond required Arch to perform specified obligations of the Debtor with regard to certain contracts (the “**Arch Bonded Contracts**”), subject to the terms of the Arch Bond, the Arch GAI, the Bonded Contracts and applicable non-bankruptcy law. The obligee on the Arch Bond is the Florida Department of Veterans’ Affairs.

7. Neither the Arch Bonds[6] nor the Arch Collateral[7] constitute property of the estate. Furthermore, in any event, the Arch Bonds and Arch GAI are unassumable financial accommodations.[8] It previously appeared that the Arch Bonded Contracts may be assumed and assigned in connection with the sale to 101 W. State Street Holdings, LLC.[9] However, on Friday, September 18, 2026, the Debtors informed Arch that the buyer did not intend to take the Arch Bonded Contracts.

8. Given the nature and basis of Arch’s rights under the Arch Bonds, the Arch GAI, and the Arch Collateral, even without the assumption and assignment of the Arch Bonded Contracts, Arch is entitled to language in any confirmation order stating that Arch’s rights, including, but not limited to, its rights against third parties and that all rights in any Arch Collateral

---

[6] *See, e.g., O’Malley Lumber Co. v. Lockard* (In re Lockard), 884 F.2d 1171, 1177 (9th Cir. 1989).
[7] *See, e.g., In re S-Tran Holdings, Inc.*, 44 B.R. 28, 33 (Bankr. D. Del. 2009)(“Courts have recognized the ‘well-established’ rule of bankruptcy law that ‘a letter of credit and proceeds therefrom are not property of the debtor’s estate.”).
[8] *See* In re Adana Mortg. Bankers, Inc., 12 B.R. 977, 986 (Bankr. N.D. Ga. 1980); *In re Wegner Farms Co.*, 49 B.R. 440 (Bankr. N.D. Iowa 1985).
[9] *See Debtors’ Motion for Entry of an Order Authorizing the Sale of Assets*, ECF No. 117; *Arch’s Joinder to Westchester’s Limited Objection and Objection to the Notice of Contracts to Potentially be Assumed*, ECF No. 1351; *Arch’s Supplemental Objection*, ECF No. 2140; *Notice of Hearing regarding Unresolved Preserved Objections to the Sale Order*, ECF No. 3307.

are unaffected by the Plan.

## III.
## <u>LIMITED OBJECTION</u>

9. By and through this Limited Objection, Arch seeks to clarify its rights under the Plan and confirm that the Plan does not affect its rights against non-debtor third parties or any of the collateral that it holds in connection with the Bonds.

10. Arch joins in and adopts *Westchester Fire Insurance Company's Limited Objection to Debtors' Amended Joint Chapter 11 Plan of Genesis Healthcare, Inc. and Its Debtor Affiliates*, ECF No. 3393.

11. Arch's objection may be satisfied by the inclusion of the following (or substantially similar) language identified below in each confirmation order:

<u>PROPOSED SURETY LANGUAGE:</u>

Arch Insurance Company: Arch Insurance Company and its affiliated sureties (collectively, "**Arch**") issued one or more surety bonds (collectively, the "**Surety Bonds**" and each individually, a "**Surety Bond**") on behalf of the Debtors and any non-Debtor affiliates, if any (and, together with the Debtors, the "**Debtor Entities**"). Certain of the Debtor Entities have entered into, or are potentially otherwise liable under, one or more indemnity agreements, amendments thereto, riders and/or related agreements with Arch (collectively, the "**Indemnity Agreements**" and, each, an "**Indemnity Agreement**").

<u>No Transfers or Assignments.</u> Nothing in this Confirmation Order, the Plan, any Section 363 sale, asset purchase agreement or any other document entered or executed in connection therewith (collectively "**Plan Documents**") shall be deemed to be a sale, transfer, assumption or assumption and assignment of any Surety Bond or any Indemnity Agreement, or any documents or rights related to any Surety Bond or any Indemnity Agreement.

<u>Existing Collateral and Related Agreements.</u> All collateral upon which any Surety (and any bond beneficiaries/obligees) had a perfected security interest as of the Petition Date, and all control agreements, trust agreements, deposit accounts, letters of credit and/or proceeds therefrom issued to a Surety as security for any Debtor Entities' obligations under the Surety Bonds and any agreements relating thereto (collectively, the "**Surety Collateral**") shall remain in place to secure all payment

and performance obligations under the Surety Bonds or for obligations arising under the Indemnity Agreements. Nothing in the Plan Documents shall be deemed to apply to Arch's right to pursue the Surety Collateral, nor shall the Plan Documents be interpreted to bar, impair, prevent or otherwise limit Arch from exercising its valid rights under or with respect to any of the Surety Bonds, the Indemnity Agreements, or any related indemnity agreements, deposit agreements, control agreements, trust agreements, deposit accounts, letters of credit (collectively, the "**Surety Documents**") or applicable law, including the common law of suretyship. Moreover, any letter of credit and/or the proceeds thereof serving as collateral for the obligations of any Debtor Entities under the Surety Documents do not constitute property of the Estate and Arch may exercise their rights against such letter(s) of credit and/or the proceeds thereof.

Substitution of Principal. Nothing in the Plan Documents shall be deemed to provide a Surety's consent to the involuntary substitution of any principal under any Surety Bond, and the Indemnity Agreements remain in full force and effect.

Debtors' Affiliates. Nothing in the Plan Documents relieves any non-Debtor affiliate of any obligations under the Indemnity Agreements.

Surety Rights as to Third Parties Unaffected; No Waiver. Nothing in the Plan Documents shall be interpreted to diminish the rights or increase the obligations of Arch with respect to state and federal agencies, third parties or otherwise under any Surety Bonds, any Indemnity Agreement or applicable law nor shall any of the foregoing be deemed to enjoin any Surety from asserting any rights, claims or defenses, with respect to or against any state and federal agencies, third parties including, without limitation, any of Arch's indemnitors, insurers, or otherwise under any Surety Bond, Indemnity Agreement, Surety Collateral or applicable non-bankruptcy law.

Use of Surety Documents. Further, notwithstanding any other provision in the [Sale Order Documents/Plan Documents], unless the Surety provides its express written consent, the Surety Documents may not be used in any manner for the direct or indirect benefit of any purchaser (including, but not limited to, use in connection with any transition service agreement or any similar agreement between the Debtors and the purchaser that requires the Surety to continue bond obligations during any transition period).

Set-off and Recoupment. Notwithstanding any other provision in the Plan Documents, all set-off and recoupment rights of Arch and any obligees or beneficiaries under any of the Surety Bonds are preserved against the Debtor Entities, and any sale of any Debtor Entity assets to any purchaser shall not be free and clear of any set-off and recoupment rights of Arch and any obligee or beneficiary under any of the Surety Bonds.

> To the extent of any conflict between this paragraph on the one hand, and any other paragraph of the Plan Documents, on the other hand, this paragraph shall govern and control.

12. To the extent that the Debtors contend the Plan already contains language addressing Arch's objection, in Article V.E.1, as discussed above, Arch did not issue Insurance Policies and accordingly, the Plan provision addressing Insurance Policies does not pertain to Arch, the Arch Bonds, or any related rights thereto.

WHEREFORE, Arch prays that this Court (i) sustain this Limited Objection; (ii) include Arch's proposed language in any confirmation order or deny Confirmation of the Plan; and (iii) grant Arch such other and further relief to which it may be justly entitled.

Dated: September 23, 2026

Respectfully Submitted,

*/s/ Christina G. Buru*

Duane Brescia
State Bar No. 24025265
dbrescia@clarkhill.com
**CLARK HILL PLC**
3711 S. Mopac Expressway
Building One, Suite 500
Austin, Texas 78746
Telephone: (512) 499-3647

-and-

Christina G. Buru
State Bar No. 24128609
cburu@clarkhill.com
**CLARK HILL PLC**
2600 Dallas Parkway, Suite 600
Frisco, Texas 75034
Telephone: (469) 287-3928

***COUNSEL FOR ARCH INSURANCE COMPANY***

**CERTIFICATE OF SERVICE**

I certify that on this 23rd day of September 2026, a true and correct copy of the above pleading was served on all counsel, via the Court's electronic case filing system (ECF).

*/s/ Christina G. Buru*
Christina G. Buru