SAHRISH K. SOLEJA
Texas State Bar No. 24102522
LAYLA D. MILLIGAN
Texas State Bar No. 24026015
TAYLOR WHITLOW HOANG
Texas State Bar No. 24102646
Assistant Attorneys General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 936-1409
sahrish.soleja@oag.texas.gov
layla.milligan@oag.texas.gov
taylor.hoang@oag.texas.gov

ATTORNEYS FOR THE UNCLAIMED PROPERTY DIVISION OF
THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| GENESIS HEALTHCARE, INC., | § | CHAPTER 11 |
| | § | |
| DEBTOR. | § | CASE NO. 25-80185-SGJ11 |

**THE UNCLAIMED PROPERTY DIVISION**
**OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS'**
**LIMITED OBJECTION TO DEBTORS' AMENDED JOINT CHAPTER 11 PLAN**
**OF GENESIS HEALTHCARE, INC. AND ITS DEBTOR AFFILIATES [Dkt. No. 3101]**

**COMES NOW,** the Unclaimed Property Division of the Texas Comptroller of Public Accounts ("Texas Comptroller" or "Comptroller"), by and through the Office of the Texas Attorney General, respectfully files this *Limited Objection to Debtors' Amended Joint Chapter 11 Plan of Genesis Healthcare Inc. and Its Debtor Affiliates* [Dkt. No. 3101] (the "Objection") and in support thereof respectfully states as follows:

**LIMITED OBJECTION TO CONFIRMATION**

1. The Texas Comptroller is tasked with the duty of collecting unclaimed property ("Unclaimed Property")[1] from entities conducting business in the State of Texas. While Unclaimed Property can come in many different forms, a typical example is a check payable to a former employee that is mailed to his or her last known address and returned to the employer as undeliverable. Depending on the circumstances, it is not uncommon for businesses to accrue millions of dollars in Unclaimed Property. Texas law requires such entities to file annual reports detailing the Unclaimed Property in its possession and remit the property to the Texas Comptroller.[2] The Texas Comptroller is further tasked with custodially holding the property while attempting to locate the owners of such property. The property does not escheat to the State of Texas, but it does provide a benefit for all of the people of Texas during the holding period. The Texas Comptroller has found and returned over $5 billion in Unclaimed Property to the rightful owners.

2. The Debtors have not filed the required Unclaimed Property reports with the Texas Comptroller. The Texas Comptroller is currently conducting a review to determine whether the Debtors have complied with reporting obligations in previous years and whether they currently hold Unclaimed Property. That review is not complete.

3. Property interests are created and defined by State law absent a countervailing federal interest. See *Delaware v. New York*, 507 U.S. 490, 501-02, 113 S. Ct. 1550, 1557, 123 L. Ed. 2d 211 (1993), *Butner v. United States*, 440 U.S. 48, 55, 99 S. Ct. 914, 918, 59 L. ed. 2d 136 (1979), *Standard Oil Co. v. State of N.J. by Parsons*, 341 U.S. 428, 436 71 S. Ct. 822, 95. L. Ed.

[1] Unclaimed Property is addressed in Title 6 of the Texas Property Code.
[2] *See* Tex. Property Code § 74.301.

1078 (1951), and *In re Thorpe*, 546 B.R. 172, 176 (Bankr. C.D. Ill.2016). Texas law provides that such Unclaimed Property is held in trust for the State of Texas.[3] Because the Debtors hold Unclaimed Property in trust, it is not property of the estate under Bankruptcy Code Section 541.

4. As stated in the case of *In re Megafoods Stores, Inc*., "[i]t is well-settled that a debtor does 'not own an equitable interest in property he holds in trust for another,' and that funds held in trust are not 'property of the estate.'" *In re Megafoods Stores, Inc*., 210 B.R. 351, 354 (B.A.P. 9th Cir. 1997), aff'd in part, vacated in part, 163 F.3d 1063 (9th Cir. 1998), citing *Begier v. I.R.S*., 496 U.S. 53, 59 110 S. Ct. 2258, 2263, 110 L.Ed.2d 46 (1990).

5. Additionally, the Debtors are required to comply with state law obligations.[4] The Texas Comptroller and the Office of the Texas Attorney General, on behalf of the Texas Comptroller, intend to work with the Debtors and Debtors' counsel to determine the identity of the owners and the amount of Unclaimed Funds currently held on the owner's behalf by the Debtors and are hopeful of a consensual resolution. The Texas Comptroller files this Objection out of an abundance of caution and would request the following language be added to the final Order:

> The following provisions of this Confirmation Order will govern the treatment of the Texas Comptroller concerning the duties and responsibilities of the Debtors, Post-Restructuring Debtors, and Liquidating Trustee relating to all unclaimed property presumed abandoned (the "Texas Unclaimed Property") under Texas Property Code, Title 6, Chapters 72-76 and other applicable Texas laws (the "Texas Unclaimed Property Laws"):
>
> On or within thirty (30) days after the Effective Date, the Debtors, Post-Restructuring Debtors or Liquidating Trustee, as appropriate, shall review their books and records and turn over to the Texas Comptroller of Public Accounts ("Texas Comptroller") any known unclaimed property (the "Texas Unclaimed Property") presumed abandoned under Texas Property Code, Title 6, Chapters 72-76 and other applicable Texas laws (the "Texas Unclaimed Property Laws") before the Petition Date and reflected in property reports delivered by the Debtors to the Texas Comptroller under

[3] *See, e.g.*, Tex. Property Code §§ 72.103 and 74.708.
[4] *See* 28 U.S.C. § 959(b).

the Texas Unclaimed Property Laws (the "Reported Texas Unclaimed Property"). With respect to such Reported Texas Unclaimed Property, the Texas Comptroller will not seek payment of any interest or penalty by the Debtors, Post-Restructuring Debtors, or the Liquidating Trustee.

Nothing in the Plan or this Confirmation Order shall convert the Texas Unclaimed Property to property of the bankruptcy estates or vest such property in the Debtors, Post-Restructuring Debtors, or Liquidating Trustee, and the Texas Unclaimed Property shall continue to be held by the Debtors, Post-Restructuring Debtors, or Liquidating Trustee until such time it is presumed abandoned, at which time the Texas Unclaimed Property shall be reported and remitted to the Texas Comptroller in accordance with the Texas Unclaimed Property Laws; provided, however, that the foregoing does not prejudice the Debtors', Post-Restructuring Debtor's, or Liquidating Trustee's right or ability to challenge the determination of what property constitutes Texas Unclaimed Property.

Notwithstanding section 362 of the Bankruptcy Code and any injunction contained in the Plan, after the Effective Date, the Texas Comptroller and its agents may commence and/or proceed with an audit of the Debtors in accordance with the Texas Unclaimed Property Laws (the "Texas Unclaimed Property Audit") and pursue recovery of any unremitted Texas Unclaimed Property identified pursuant to the Texas Unclaimed Property Audit. The Debtors, Post-Restructuring Debtors, and Liquidating Trustee shall fully cooperate with the auditors to enable them to accurately and timely perform the Texas Unclaimed Property Audit by making the entities' employees, professionals, books, and records reasonably available during normal business hours. Upon completion of the Texas Unclaimed Property Audit, the Texas Comptroller will promptly inform the Debtors, Post-Restructuring Debtors, or the Liquidating Trustee, as applicable, that such audit is complete. The Debtors, Post-Restructuring Debtors, and the Liquidating Trustee shall continue to comply with Texas Unclaimed Property Laws regarding retention of records.

The Debtors', Post-Restructuring Debtors', Liquidating Trustee's and Texas Comptroller's rights and defenses with respect to any allegations and/or claims asserted against the Debtors, Post-Restructuring Debtors, or the Liquidating Trustee, as applicable, arising from or relating to the Texas Unclaimed Property and Texas Unclaimed Property Audit are hereby reserved; provided, however, that upon agreement between the Debtors, Post-Restructuring Debtors, or the Liquidating Trustee and the Texas Comptroller or a final nonappealable determination by a court or other tribunal with jurisdiction as to the amount of unremitted Texas Unclaimed Property, if any, that is due in connection with the Texas Unclaimed Property Audit, the Debtors, Post-Restructuring Debtors, and the

> Liquidating Trustee shall turn over such unremitted Texas Unclaimed Property to the Texas Comptroller.
>
> The Texas Comptroller may file Proofs of Claim on or before the Claims Bar Date for filing governmental Claims and may amend such Proofs of Claim in these Chapter 11 Cases following the Effective Date as a result of the filing of any property reports or in the ordinary course of the Texas Unclaimed Property Audit. The Debtors, Post-Restructuring Debtors, and the Liquidating Trustee remain subject to, and nothing herein precludes the Debtors, Post-Restructuring Debtors, or the Liquidating Trustee from compliance with, continuing obligations, including reporting and remitting requirements, under the Texas Unclaimed Property Laws.

## RESERVATION OF RIGHTS

6. The Texas Comptroller further reserves all rights with respect to this issue, including, without limitation, the right to amend, modify, or supplement this Objection, and to raise additional objections, if any.

## CONCLUSION

WHEREFORE, the Texas Comptroller respectfully requests that the Court (1) include a provision in the order confirming as reflected herein, and (2) grant such other and further relief, both at law and in equity, to which the Texas Comptroller may justly be entitled.

*[Remainder of Page Intentionally Left Blank]*

Dated: September 23, 2026

Respectfully submitted,

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**WILLIAM D. WASSDORF**
Deputy Attorney General for Civil Litigation

**RACHEL R. OBALDO**
Chief for Bankruptcy & Collections Division

*<u>/s/ Sahrish K. Soleja</u>*
**SAHRISH K. SOLEJA**
Texas State Bar No. 24102522
**LAYLA D. MILLIGAN**
Texas State Bar No. 24026015
**TAYLOR WHITLOW HOANG**
Texas State Bar No. 24102646
Office of the Attorney General
Bankruptcy & Collections Division
P. O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 463-2173
Facsimile: (512) 936-1409
sahrish.soleja@oag.texas.gov
layla.milligan@oag.texas.gov
taylor.hoang@oag.texas.gov

ATTORNEYS FOR THE UNCLAIMED PROPERTY DIVISION OF THE TEXAS COMPTROLLER OF PUBLIC ACCOUNTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which automatically provided notice on all parties requesting notice in this proceeding.

*/s/ Sahrish K. Soleja*
**SAHRISH K. SOLEJA**
Assistant Attorney General