**BARNET B. SKELTON, JR.**
Barnet B. Skelton, Jr. (Tex. 18456400)
Admitted N.D. Tex.
815 Walker, Suite 1502
Houston, Texas 77002
Tel: (713) 659-8761
Email: barnetbjr@msn.com

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice* forthcoming)
Michael T. Papandrea (*pro hac vice* forthcoming)
Jake A. Rauchberg (*pro hac vice* forthcoming)
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
Email: metkin@lowenstein.com
Email: mpapandrea@lowenstein.com
Email: jrauchberg@lowenstein.com

*Bankruptcy Counsel to Lead Plaintiff*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re:<br><br>GENESIS HEALTHCARE, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-80185 (SGJ)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 3101** |

**LEAD PLAINTIFF'S LIMITED OBJECTION AND RESERVATION OF RIGHTS REGARDING CONFIRMATION OF DEBTORS' AMENDED JOINT CHAPTER 11 PLAN OF GENESIS HEALTHCARE, INC. AND ITS DEBTOR AFFILIATES**

Cindy Plumley ("**Lead Plaintiff**"), the proposed lead plaintiff in the putative class action captioned as *Cindy Plumley, Individually and as Representative of a Class of Participants and Beneficiaries on Behalf of the Genesis Healthcare Health and Welfare Plan, Plaintiff v. Nicole Garrett, Karen Halsted, Suzannah Herring, and Does 1-30, Defendants*, Case No. 26-06651 (GAM) (the "**ERISA Litigation**"), pending in the United States District Court for the Eastern

[1] The last four digits of Genesis Healthcare, Inc.'s federal tax identification number are 4755. There are 299 Debtors in these chapter 11 cases, which are being jointly administered for procedural purposes only. A complete list of the Debtors and the last four digits of their federal tax identification numbers are not provided herein. A complete list of such information may be obtained on the website of the Debtors' claims and noticing agent at https://dm.epiq11.com/Genesis. The location of Genesis Healthcare, Inc.'s corporate headquarters and the Debtors' service address is 101 East State Street, Kennett Square, PA 19348.

District of Pennsylvania (the "**District Court**"), for herself and on behalf of the members of the putative class she seeks to represent in the ERISA Litigation (the "**Putative Class**"), hereby submits this limited objection and reservation of rights (this "**Limited Objection**") to confirmation of the *Debtors' Amended Joint Chapter 11 Plan of Genesis Healthcare, Inc. and Its Debtor Affiliates* [Docket No. 3101] (as may be amended, supplemented, or modified from time to time, the "**Plan**").[2] In support of this Limited Objection, Lead Plaintiff respectfully states as follows:

## PRELIMINARY STATEMENT[3]

1. Lead Plaintiff commenced the ERISA Litigation to assert claims and causes of action arising from violations of the Employee Retirement Income Security Act of 1974 and its anti-discrimination provisions ("**ERISA**"). Particularly, as set forth in the Complaint filed against the non-Debtor defendants, the ERISA Litigation alleges that defendants breached their fiduciary duties by administering and carrying out a practice of charging a "tobacco surcharge" under the Genesis Benefits Plan that improperly forces certain employees to pay higher premiums for their health and other insurance provided by the Debtors.

2. Lead Plaintiff files this Limited Objection to ensure that all books, records, and other evidence potentially relevant to the claims asserted in the ERISA Litigation ("**Potentially Relevant Books and Records**") are preserved for the full duration of the ERISA Litigation. As currently drafted, the Books and Records provision in Article IV.N.1.b of the Plan imposes no affirmative duty on the Debtors, the Liquidation Trustee, the Wind-Down Trustee, the prospective purchaser of the Debtors' assets, or any other party to preserve Potentially Relevant Books and

---

2 Capitalized terms used but not otherwise defined in this Limited Objection shall have the meanings ascribed to them in the Plan.

3 Capitalized terms used but not otherwise defined in this Preliminary Statement shall have the meanings ascribed to them in this Limited Objection or the Plan, as applicable.

Records. Although the Plan allows the Reorganized Debtors to retain "any records that are required by applicable law or by Order of the Bankruptcy Court," following consummation of the Sale Transaction, the Debtors have no clear, affirmative duty to retain the Potentially Relevant Books and Records under the Plan as currently proposed. And, while Article IV.N.1.b of the Plan authorizes the Debtors to retain "all records relating to any Assets not being sold pursuant to the Sale Transaction," the Sale Transaction documents do not disclose whether the ERISA plan administered by Debtor Genesis Administrative Services, LLC ("**GAM**") is being assumed and assigned to the purchaser. As such, it is uncertain (at best) whether the Potentially Relevant Books and Records will be preserved.

3. The Potentially Relevant Books and Records include, without limitation, documents, electronically stored information, and tangible materials concerning the Genesis Benefits Plan and the tobacco surcharge at issue in the ERISA Litigation, including plan documents and amendments, summary plan descriptions, wellness-program materials; tobacco-attestation procedures, surcharge calculations; premium-rate and payroll-deduction data, participant communications, reasonable-alternative-standard materials; fiduciary committee minutes, vendor agreements, and communications concerning the design, administration, approval, and implementation of the tobacco surcharge.

4. Additionally, Article IV.N.1.b of the Plan further provides the Liquidation Trustee or Wind-Down Trustee, as applicable, broad authority, following a final Distribution, "to abandon, destroy, or otherwise dispose of the Books and Records in their possession in compliance with applicable non-bankruptcy law at any time on and after the Effective Date, without the need for any other or further Court Order." Notwithstanding the pending ERISA Litigation, the Liquidation

Trustee and Wind-Down Trustee would have no obligation under the Plan to provide notice to the Lead Plaintiff of any proposed destruction of Potentially Relevant Books and Records.

5. Lead Plaintiff's specific concerns are as follows:

- The Debtors, the Wind-Down Trustee, the Liquidation Trustee, and any successors or assigns must preserve all Potentially Relevant Books and Records in an accessible native format until the conclusion of the ERISA Litigation, including the resolution of any appeals.

- Lead Plaintiff must receive prior written notice and a meaningful opportunity to object before any Potentially Relevant Books and Records are destroyed, abandoned, transferred, or otherwise disposed of, with such notice to be provided no less than thirty (30) days before any proposed destruction, abandonment, transfer, or disposition.

- No Potentially Relevant Books and Records may be destroyed, abandoned, transferred, or otherwise disposed of while any objection by Lead Plaintiff is pending.

- The Plan's document retention provision must be modified to prohibit the transfer, destruction, abandonment, or other disposition of any Potentially Relevant Books and Records, absent court approval following notice to Lead Plaintiff.

- The Plan should expressly require the Debtors, the Wind-Down Trustee, the Liquidation Trustee, and/or their successors and assigns to comply with their evidence preservation requirements under ERISA (as defined herein), the Federal Rules of Civil Procedure, and all other applicable law.

6. Prior to filing this Limited Objection, the Lead Plaintiff provided the Debtors with language to include in the proposed form of the Confirmation Order to address the above concerns (substantially in the form proposed in paragraph 15 below). However, while the Debtors have acknowledged receipt of the proposed language, they have yet to substantively respond to Lead Plaintiff's proposal, thereby necessitating the filing of this Limited Objection to protect the rights of Lead Plaintiff and the Putative Class.

7. To the extent the Debtors are unwilling or unable to maintain Potentially Relevant Books and Records, the Confirmation Order should reflect that the Potentially Relevant Books and

Records shall be turned over to Lead Plaintiff's counsel, including if the Debtors, the Liquidation Trustee, or the Wind-Down Trustee determine they have insufficient funding to preserve the Potentially Relevant Books and Records.

8. As set forth in this Limited Objection, Lead Plaintiff's requests are appropriate, consistent with the Debtors' obligations under applicable law and cases with similar facts, and necessary to avoid prejudice to Lead Plaintiff and the Putative Class.

## LIMITED OBJECTION AND RESERVATION OF RIGHTS

9. The ERISA Litigation is a putative class action commenced on September 3, 2026, in the District Court alleging that certain non-debtor individual fiduciaries of the Genesis Healthcare Health and Welfare Plan (the "**Genesis Benefits Plan**"), sponsored by GAM[4] and certain John Doe non-debtor defendants, breached their fiduciary duties under the Employee Retirement Income Security Act ("**ERISA**") of 1974. The current defendants are Nicole Garrett, Karen Halsted, Suzannah Herring, and Does 1-30 (collectively, the "**Defendants**"). As set forth in more detail in the complaint (the "**Complaint**") in the ERISA Litigation, the Defendants violated ERISA by allowing the imposition of an unlawful tobacco surcharge on participants of the Genesis Benefits Plan without complying with ERISA's anti-discrimination provisions under 29 U.S.C. § 1182 or the wellness program safe harbor requirements. The District Court has not yet certified the Putative Class or appointed a lead plaintiff in the ERISA Litigation.

10. Lead Plaintiff's primary concern relates to the Plan's "Books and Records" provision at Article IV.N. While the Plan requires certain records to be "transferred to, preserved, and maintained by the Wind-Down Trust (or the Liquidation Trust following the transfer of the Wind-Down Trust Assets) for a period of seven (7) years after the Closing Date [of the Sale

---

[4] For the avoidance of doubt, GAM is not named as a defendant in the ERISA Litigation.

Transaction], or such greater amount of time required by applicable law," Article IV.N.1.b also provides that once the Liquidation Trust has made its final Distribution and fulfilled its obligations under the Plan, the Liquidation Trustee or Wind-Down Trustee "shall be free, in their discretion, to abandon, destroy, or otherwise dispose of the Books and Records [in] their possession in compliance with applicable non-bankruptcy law at any time on and after the Effective Date, ***without the need for any other or further Court Order***." Plan, Art. IV.N.1.b (emphasis added).

11. Additionally, while Article IV.N.1.b authorizes the Debtors to retain (a) all records relating to Assets not being sold pursuant to the Sale Transaction and (b) any records required by applicable law or court order, the Sale Transaction documents do not disclose whether the Genesis Benefits Plan will be assumed and assigned to the purchaser. Accordingly, the preservation of the Potentially Relevant Books and Records under the Plan is uncertain.

12. The loss, destruction, or unavailability of evidence potentially relevant to the ERISA Litigation would materially prejudice the Lead Plaintiff and the Putative Class in the prosecution of the ERISA Litigation and the related claims and causes of action.

13. GAM, as the sponsor of the Genesis Benefits Plan and custodian of related documents and records, possesses evidence central to the ERISA Litigation. As a result, the Debtors are obligated under applicable law to preserve evidence relevant to the claims asserted in the ERISA Litigation. *See, e.g.*, Fed. R. Bankr. P. 9014(c) (making Fed. R. Civ. P. 37 applicable to contested matters); Fed. R. Civ. P. 37(e) (defining remedies for failure to preserve electronically stored information that should have been preserved in anticipation of litigation); *see also Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 607 (S.D. Tex. 2010) ("Spoliation of evidence—particularly of electronically stored information—has assumed a level of importance in litigation that raises grave concerns."); *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir.

2006) ("A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were *potentially* relevant to the litigation before they were destroyed.'") (emphasis in original) (quoting *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)); *Lowtech Studios, LLC v. Kooapps Inc.*, No. 1:23-CV-01437-DAE, 2025 WL 3145882, at *2 (W.D. Tex. Oct. 9, 2025) (finding the same).[5]

14. Destruction or abandonment of the Potentially Relevant Books and Records would irreparably harm the Lead Plaintiff's ability to prosecute the ERISA claims asserted in the Complaint on behalf of over 20,000 participants of the Genesis Benefits Plan. Accordingly, to the extent the Debtors are unwilling or unable to maintain Potentially Relevant Books and Records, the Confirmation Order should reflect that the Potentially Relevant Books and Records shall be turned over to Lead Plaintiff's counsel if the Debtors, the Liquidation Trustee, or the Wind-Down Trustee determine they have insufficient funding to preserve the Potentially Relevant Books and Records.

15. To resolve this issue, Lead Plaintiff respectfully requests that the Plan's Books and Records provision be modified, or alternatively, that the Confirmation Order include the following document preservation language:

> **Document Preservation.** Notwithstanding anything to the contrary in the Plan, this Confirmation Order, or any other order entered in the Chapter 11 Cases, the Debtors (and any successors and assigns, including any Liquidation Trustee appointed under the Plan) shall preserve—in an accessible native format (to the extent currently available in such format)—all of the Debtors' books, records, documents, files, electronic data, and any tangible materials that are potentially relevant to the ERISA Litigation (collectively, the "<u>Potentially Relevant Books and Records</u>"), until the earlier of: (i) the entry of a Final Order authorizing the destruction, abandonment, or other disposition of the Potentially Relevant Books and Records

[5] But for the chapter 11 cases, under ERISA section 104(b), GAM, as sponsor of the Genesis Benefits Plan, has an obligation to provide "reports, statements, notices and other documents" upon request by plan participants.

> by the Bankruptcy Court or another court of competent jurisdiction, provided that the lead plaintiff and any class representative (hereinafter, the "ERISA Plaintiff") in the litigation pending in the United States District Court for the Eastern District of Pennsylvania under the caption, *Cindy Plumley, Individually and as Representative of a Class of Participants and Beneficiaries on Behalf of the Genesis Healthcare Health and Welfare Plan, Plaintiff v. Nicole Garrett, Karen Halsted, Suzannah Herring, and Does 1-30, Defendants*, Case No. 26-06651 (GAM) (the "ERISA Litigation"), is given notice and an opportunity to object with respect to the entry of such order, (ii) the date of entry of a final judgment (including after the final resolution of any appeal) or the effective date of any settlement in the ERISA Litigation; (iii) the date all Potentially Relevant Books and Records that were not previously produced in the ERISA Litigation in native format are provided to counsel for the ERISA Plaintiff in original or native version (to the extent such records currently exist in that format); and (iv) the receipt of the ERISA Plaintiff's affirmative written consent to any such destruction, abandonment, or other disposition of the Potentially Relevant Books and Records.

16. Substantially similar document retention provisions have been included in confirmed plans and confirmation orders in other chapter 11 cases. *See*, *e.g.*, *Order (I) Approving Debtors' Disclosure Statement and (II) Confirming The Joint Prepackaged Chapter 11 Plan of Reorganization of Cutera, Inc. and Its Affiliated Debtor*, *In re Cutera, Inc.*, No. 25-90088 (ARP) (Bankr. S.D. Tex. April 16, 2025) [Docket No. 237] at ¶ 37; *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement For, and Confirming The Amended Joint Chapter 11 Plan of Sunpower Corporation and Its Debtor Affiliates*, *In re Sunpower Corporation*, No. 24-11649 (CTG) (Bankr. D. Del. Oct. 18, 2024) [Docket No. 872] at ¶114; *Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' First Amended Joint Chapter 11 Plan of Liquidation*, *In re Zymergen Inc.*, No. 23-11661 (KBO) (Bankr. D. Del. Feb. 5, 2024) [Docket No. 372]; *Order Approving the Debtors' Disclosure Statement and Confirming the Amended Joint Plan of Liquidation of AppHarvest Products, LLC and its Debtor Affiliates*, *In re AppHarvest Products, LLC*, No. 23-90745 (CML) (Bankr. S.D. Tex. Sept. 14, 2023) [Docket No. 471] at ¶

136. The document preservation language suggested by Lead Plaintiff is reasonable, consistent with similar cases, and narrowly tailored to pertain only to the ERISA Litigation.

17. The Lead Plaintiff is hopeful that the parties will reach a consensual resolution of any remaining issues prior to the confirmation hearing on the Plan (the "**Confirmation Hearing**"). However, to the extent a resolution is not reached, the Lead Plaintiff expressly reserves all rights, claims, arguments, defenses, and remedies with respect to the Plan and proposed Confirmation Order.

18. Lead Plaintiff also reserves her right to supplement, amend, or otherwise modify this Limited Objection prior to the Confirmation Hearing, to seek discovery, and to present argument at the Confirmation Hearing, as necessary.

## CONCLUSION

19. For the foregoing reasons, Lead Plaintiff respectfully requests that the Court decline to confirm the Plan unless the Books and Records provision is modified, or the provision proposed in paragraph 15 above is included in any Confirmation Order, as set forth herein.

*[Signatures to follow]*

Dated: September 23, 2026

*/s/ Barnet B. Skelton, Jr.*

**BARNET B. SKELTON, JR.**
Barnet B. Skelton, Jr.(Tex. 18456400)
Admitted N.D. Tex.
815 Walker, Suite 1502
Houston, Texas 77002
Tel: (713) 659-8761
Email: barnetbjr@msn.com

*-and-*

**LOWENSTEIN SANDLER LLP**
Michael S. Etkin (*pro hac vice* forthcoming)
Michael T. Papandrea (*pro hac vice* forthcoming)
Jake A. Rauchberg (*pro hac vice* forthcoming)
One Lowenstein Drive
Roseland, New Jersey 07068
Tel: (973) 597-2500
Email: metkin@lowenstein.com
Email: mpapandrea@lowenstein.com
Email: jrauchberg@lowenstein.com

*Bankruptcy Counsel to Lead Plaintiff*

**CHIRINOS LAW FIRM PLLC**
Tulio D. Chirinos, Esq.
4000 Ponce de Leon Blvd., Suite 470
Coral Gables, Florida 33146
Tel: (305) 707-0457
Email: tulio@chirinoslaw.com

*-and-*

**MORGAN & MORGAN P.A.**
Scott M. Lempert, Esq.
Marc R. Edelman, Esq.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel: (813) 223-5505
Email: slempert@forthepeople.com
Email: medelman@forthepeople.com

*- and -*

**STIEGLER LAW FIRM LLC**
Charles J. Stiegler, Esq.
318 Harrison Avenue, Suite 104
New Orleans, Louisiana 70124
Tel: (504) 267-0777
Email: charles@stieglerlawfirm.com

*- and -*

**BLOOM LEGAL LLC**
Seth J. Bloom, Esq.
3636 S. I-10 Service Rd. W., Suite 400
Metairie, Louisiana 70001
Telephone: (504) 599-9997
Email: seth@bloomlegal.com

*Counsel to Lead Plaintiff in the ERISA Litigation*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all counsel of record registered in these Chapter 11 Cases through CM/ECF.

I also certify that a copy of the foregoing document was served on the following parties, by electronic mail, as set forth below:

(a) Genesis Healthcare, Inc., c/o Ankura Consulting Group, LLC, 2021 McKinney Ave., Suite 340, Dallas, Texas 75201 (Attn: Louis E. Robichaux IV (louis.robichaux@ankura.com) and Russell A. Perry (russell.perry@ankura.com));

(b) counsel to the Debtors, McDermott Will & Schulte LLP, 2801 Case 25-80185-sgj11 Doc 3099 Filed 08/04/26 Entered 08/05/26 11:45:40 Desc Main Document Page 5 of 157 6 North Harwood Street, Suite 2600, Dallas, Texas 75201 (Attn: Charles R. Gibbs (crgibbs@mcdermottlaw.com)), and 1180 Peachtree St. NE, Suite 3350, Atlanta, GA 30309 (Attn: Daniel M. Simon (dsimon@mcdermottlaw.com)), and 444 West Lake Street, Suite 4000, Chicago, Illinois 60606 (Attn: William A. Guerrieri (wguerrieri@mcdermottlaw.com) and Emily C. Keil (ekeil@mcdermottlaw.com));

(c) counsel to the Creditors' Committee, Proskauer Rose LLP, 11 Times Square, New York, New York 10036 (Attn: Ehud Barak (ebarak@proskauer.com), Brian Rosen (brosen@proskauer.com), and Daniel Desatnik (ddesatnik@proskauer.com)), and Stinson LLP, 1201 Walnut Street, Suite 2900, Kansas City, Missouri 64106 (Attn: Nicholas Zluticky (nicholas.zluticky@stinson.com) and Zachary Hemenway (zachary.hemenway@stinson.com)); and

(d) the Office of the United States Trustee for Region 6, 1100 Commerce Street, Room 976, Dallas, Texas 75242 (Attn: Meredyth Kippes (meredyth.kippes@usdoj.gov))

Dated: September 23, 2026

*<u>/s/ Barnet B. Skelton, Jr.</u>*
Barnet B. Skelton, Jr.